<u>**EXHIBIT B**</u>

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor. | ) | |

<u>**BIDDING PROCEDURES AND TERMINATION FEE**</u>

The above referenced Bankruptcy Estate, acting by and through the duly appointed Trustee Patrick J Malloy III ("Trustee"), proposes to sell the following property of the estate:

A. Real property described as BLOCK FORTY-SEVEN (47) OF THE ORIGINAL TOWN, NOW CITY OF BARTLESVILLE, OKLAHOMA located at 510 Southwest Dewey Ave., Bartlesville, Oklahoma ("Price Tower");

B. All tangible personal property located at, in or upon the Price Tower as of the date of the commencement of these proceedings (the "Personalty") (a recent inventory of Personalty allegedly obtained by the Debtor in the year prior to bankruptcy is available upon request by an interested party);

C. The Trustee acknowledges a certain Preservation and Conservation Easement, dated April 6, 2011 ("Easement") was filed of records in Washington Count, Oklahoma in favor of The *Frank Lloyd Wright Building Conservancy* ("**Conservancy**"), an Illinois not-for-profit corporation. The Trustee makes no representation of any kind with respect to the terms or enforceability of the Easement.

1. **STALKING HORSE BID—**The Trustee has entered into an **Asset Purchase Agreement ("APA")** with McFarlin Building LLC, an Oklahoma Limited Liability Company ("McFarlin"), relative to the proposed sale of the Price Tower, the Personalty, and the Recovery Rights. As noted in the APA the proposed purchase price is $1.4 million. The APA shall be referred to as the "**Stalking Horse Bid**." Pursuant to the terms of the APA, McFarlin shall, within two (2) days of Bankruptcy Court approval of these Bidding Procedures, provide the Trustee an earnest money check of $140,000 to be held pursuant to the terms and conditions stated herein.

2. **NOTICE TO SELL**

a. The Trustee will file herein his (i) Motion To Sell the Price Tower and the Personalty to McFarlin pursuant to the APA free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363(f), with the exception of the Easement, and (ii) *Notice of Proposed Sale* pursuant to 11 U.S.C. § 363(b); Fed. R. Bankr. P 2002, 6004, and 9014; and Local Rule 6004-1 to all interested and necessary parties including all creditors of the estate, the Conservancy, the U.S. Trustee, the asserted owners of either the above referenced debtor or Copper Tree Inc., a debtor in Case No 25-10084 pending in the United States Bankruptcy Court for the Northern District of Oklahoma, and potential bidders identified by professionals employed by the estate.

b. A copy of the Easement shall be attached to the Notice of Sale.

c. The Motion to Sell to McFarlin and Notice of Proposed Sale shall additionally provide that upon the Court's approval of any sale the subject Property will be transferred without warranty or representation of any kind by the Trustee with the exception of a representation that the Trustee is authorized by the Bankruptcy Court to effect such transfer.

d. The Notice of Proposed Sale will provide a deadline to object to the proposed sale to McFarlin pursuant to the APA or to submit a Qualified Bid.

e. A Qualified Bid is a written offer to purchase the specified assets that complies with the following requirements:

   i. A deadline to submit qualified bids will be set out in the Notice of Proposed Sale. A Qualified Bid must be submitted in writing prior to the deadline by mailing the bid to the Trustee at 401 South Boston suite 500, Tulsa, Oklahoma 74103 or by email to the Trustee at pjmiiim@sbcglobal.net or by hand delivery of the offer to the Trustee at the specified address.

   ii. A Qualified Bid must constitute a binding and irrevocable offer to purchase the specified assets.

   iii. A Qualified Bid must be for a sum not less than the Stalking Horse Bid plus 3% of the Stalking Horse Bid or $42,000 plus the sum of $30,286.04 (Termination fee discussed below) plus another 3% of the Stalking Horse Bid based on a realtor commission the estate will be obligated to pay plus the sum of $25,000 or a total of $1,539,286.04.

   iv. A Qualified Bid must be accompanied by an earnest money deposit in the form of a cashier's check payable to the Trustee totaling 10% of the bid submitted. Such earnest money check shall be deposited and held in the Malloy Law Firm P.C. trust account pending a closing of the sale of the Subject Property pursuant to the terms stated herein.

      v.      A Qualified Bid must contain a statement that the bidder has reviewed the terms of the Easement. Any bidder with any questions regarding the Easement may arrange to discuss such terms with the Conservancy by contacting the attorneys for the Conservancy: Mark A. Craige, mark.craige@crowedunlevy.com and Jennifer Hardy, jhardy2@willkie.com.

      vi.      A Qualified Bid must not contain any contingencies.

      vii.      A Qualified Bid must be accompanied by information sufficient, in the judgment of the Trustee, to evidence the wherewithal of the bidder to close the sale timely in the event the bidder is ultimately successful.

3. **NOTICE OF RECEIPT OF COMPETITIVE BIDS AND AUCTION PROCEDURES—** Within 24 hours after the deadline to submit a Qualified Bid the Trustee shall file herein a **REPORT OF BIDS RECEIVED** and advise the Court and all interested parties of the status of any bids. If no Qualified Bids are received by the specified deadline the Trustee shall proceed to close the sale to McFarlin pursuant to the terms and conditions of the Stalking Horse Bid and the Court's orders entered herein and the sale hearing shall be canceled and Trustee shall immediately submit an Order to the Court approving the sale free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. 363 with the exception of the easement. If Qualified Bids have been received, an auction involving only McFarlin and the Qualified Bidders shall take place in the United States Bankruptcy Court For The Northern District Of Oklahoma located at 224 So. Boulder Ave., Tulsa, Okla. The auction shall be conducted pursuant to the following terms:

   a. The date and time of the Auction shall be specified in the Trustee's Notice of Proposed Sale.

   b. Only McFarlin and the Qualified Bidder(s) shall be allowed to participate in the bidding.

   c. The starting bid shall be the highest Qualified Bid received by the Trustee.

   d. The first overbid above the starting bid and all subsequent bids must be at a minimum $25,000 over the previous bid.

   e. After conclusion of the auction, the Trustee shall immediately submit an order to the Court approving the sale free and clear of all liens, claims, and encumbrances pursuant to 11 U.S.C. § 363 with the exception of the Easement.

   f. Trustee will seek an order determining that the sale may proceed upon entry of the Order approving the sale and that the fourteen (14) day stay order be waived pursuant

    to Fed. R. Bankr. P. 6004(h). If such Order is entered, Closing shall occur no later than five (5) days after the entry of the order approving sale. In the event the Bankruptcy Court refuses to waive the fourteen (14) day stay, the successful bidder shall be obligated to close the sale no earlier than 14 days after the entry of the order approving the sale and no later than twenty (20) after the entry of such order. Payment to the Trustee shall be effected by delivering to the Trustee at the address specified a cashier's check for all sums due.

    g. Upon receipt of such funds, the Trustee shall deliver to the successful bidder a Trustee Deed relative to the Price Tower specified real estate which shall contain no warranties or representations of any kind other than a representation that the Trustee has authority to sell the specified assets.

    h. The Trustee shall likewise sign and deliver to the successful bidder a Bill of Sale transferring all of the Personalty.

    i. If the successful bidder fails to close within the time specified, he shall forfeit his earnest money deposit and the Trustee shall be free to close with the second highest bidder without further Notice or Order of the Court. The second highest bidder must close within five (5) days of being advised by the Trustee that the highest bidder failed to close. In the event the next highest bidder fails to close within the time specified, that bidder will likewise lose their earnest money deposit and the Trustee will proceed to close with the third highest bidder pursuant to the same terms and conditions. This procedure will be followed until the Trustee closes the sale. Upon the close of the sale, pursuant to the terms stated herein, all earnest money deposits shall be returned to the unsuccessful bidders.

4. **TERMINATION FEE**—If McFarlin is not in material breach of any provision of the Stalking Horse Bid and the Stalking Horse Bid has not been terminated by McFarlin and a sale of the specified assets is closed pursuant to the terms and conditions stated herein to a third party other than McFarlin, the Trustee shall pay McFarlin at the closing of the third party sale without further Notice or Court order an expense reimbursement of $30,286.04 plus $42,000 (3% of the APA purchase price) or a total of $ 72,286.04 (the "**Termination Fee**").

Respectfully Submitted By:        s/ Patrick J. Malloy III
                                                Patrick J. Malloy III, OBA #5647
                                                MALLOY LAW FIRM, P.C.
                                                401 S. Boston Ave. Suite 500
                                                Tulsa, Oklahoma  74103
                                                Telephone:   918-699-0345
                                                Fax:           918-699-0325
                                                *ATTORNEYS FOR TRUSTEE*