

EXHIBIT C

```
_011-003083    04/18/2011  2:35 pm
Book   1098    Page(s) 0238-0252
Fee:   $ 41.00    Doc:   $ 0.00
Marjorie Parrish - Washington County
State of Oklahoma
```

## PRESERVATION AND CONSERVATION EASEMENT

This Preservation and Conservation Easement is effective as of the 6TH day of April 2011, by and between Price Tower Arts Center, Inc., an Oklahoma nonprofit organization, of 510 South Dewey Avenue, Bartlesville, Oklahoma 74003 ("Grantor"), and The Frank Lloyd Wright Building Conservancy, an Illinois not-for-profit corporation, of 53 West Jackson Boulevard, Suite 1120, Chicago, Illinois 60604.

### WITNESSETH:

WHEREAS, the Grantee is organized as an Illinois not-for-profit corporation and is a qualifying recipient of qualified conservation contributions under the Internal Revenue Code (the "Code");

WHEREAS, the Grantor is organized as an Oklahoma not-for-profit corporation and is a tax exempt corporation under the Code;

WHEREAS, the Grantor owns certain real property consisting of one parcel (the "Site") and including one main structure commonly known as the Price Tower (the "Building") located at 510 Dewey Avenue, Bartlesville, Oklahoma 74003 (all sometimes collectively referred to as the "Premises"), the legal description for which is attached as Exhibit A, and which was designated a National Historic Landmark on March 29, 2007.

WHEREAS, the architect of the Building was Frank Lloyd Wright;

WHEREAS, the Grantor and Grantee recognize the historical, cultural, and aesthetic value of the Premises and have the common purpose of conserving and preserving the Premises, and related original architectural and design elements;

WHEREAS, Frank Lloyd Wright designed total environments, including architecture, furniture and decorative glass, windows and arts, so that the removal or sale of these elements diminishes the artistic and historic value of such environments;

WHEREAS, the grant of a preservation and conservation easement will assist in preserving and maintaining the Premises;

WHEREAS, Grantor desires to grant to Grantee, and Grantee desires to accept, a preservation and conservation easement on the Premises, pursuant to the following terms and conditions;

NOW, THEREFORE, in consideration of Ten Dollars ($10.00) and other good and valuable consideration, receipt of which is hereby acknowledged, Grantor hereby irrevocably grants and conveys unto the Grantee a preservation and conservation easement in gross in perpetuity (the "Easement") in and to the Premises as follows:

The Easement shall be of the nature and character hereinafter expressed, and shall constitute a binding servitude, to run in perpetuity upon said Premises, and to that end, Grantor covenants on behalf of itself, its successors and assigns, with Grantee, its successors, and assigns, that each of the following covenants and stipulations, will contribute to the public purpose and will aid significantly in the preservation of the Premises, and will help maintain and assure the present and future historic integrity of the Premises.

1. **Description of the Premises.** To more fully establish the Grantor's obligations and undertakings with reference to the Premises and in order to document the external and internal appearance and condition of the Building as of the date of this Easement, Grantor will compile a set of photographs depicting the exterior and interior surfaces of the Building and the surrounding property, text describing the Building and copies of the original architectural plans of the Building. This compilation shall be identified as the Price Tower Compilation

and attached hereto as Exhibit B. It is stipulated that the external and internal appearance and condition of the Building as shown in the Price Tower Compilation is the external and internal appearance and condition of the Building as of the date of this Easement. Grantor intends to preserve and maintain the exterior and certain historic interior features of the Premises to conform substantially to the Price Tower Compilation, and in a manner consistent with the 1995 edition (or more recent) U.S. Secretary of the Interior's Standards for the Treatment and Restoration of Historic Properties, (the "Standards"). If the Price Tower Compilation or the Standards are destroyed, lost or abandoned, the Grantor and Grantee shall agree upon reasonable alternative standards for application hereunder including, but not limited to, state or local standards for review of work affecting historically or architecturally significant structures. As used herein: "Facades" shall mean the exterior facades and elevations (including structural and decorative architectural elements and windows comprising part of such facades and elevations) and walkways and related landscaping approaching various entrances to the Building, as reflected in the Price Tower Compilation.

2. **Grantor's Permanent Covenants**. Grantor covenants and agrees, for itself, its successors and assigns, to do and to refrain from doing (as the case may be) upon the Premises, the following:

    a.  Grantor shall not demolish or remove any material portion of the Facades or the exterior of the Building except as provided herein.

    b.  Without the prior consent of the Grantee, Grantor shall not:

        i)  Increase or decrease the height of any Facade or the Building;

        ii)  Adversely affect the structural soundness of any Facade or the Building;

        iii)  Make or permit any material changes in the appearance or construction of any Facade or the exterior of the Building, except ordinary repairs or maintenance pursuant to Paragraph 2 (c) or reconstruction or restoration pursuant to Paragraph 2 (d); or

        iv)  Grantor shall not erect or place buildings or structures on the Premises, except for temporary structures for the maintenance or rehabilitation thereof, or for promotional, educational or social events.

    c.  Grantor shall at all times maintain the Premises in good condition and repair and maintain the structural soundness and safety of the Building and Site. Subject to the casualty provisions of Paragraphs 4 and 5, this obligation to maintain shall require replacement, rebuilding, repair, and reconstruction whenever necessary to have the external nature of the Building at all times appear to be the same as depicted in the Price Tower Compilation.

    d.  Grantor shall complete any reconstruction or restoration of the Facades or exterior of the Building pursuant to plans and specifications ("Plans") prepared by Grantor's architect. The Plans shall be based upon the Price Tower Compilation and the Standards. The Plans and any material alteration to them must be approved by the Grantee in advance. Grantor shall provide Grantee such Plans or alterations and Grantee shall advise Grantor whether it approves same within 30 days of receipt; if Grantee fails to so advise Grantor within such 30 days, Grantee shall be deemed to have given approval. The standard for approval will be the fidelity of the Plans to the Price Tower Compilation and the Standards. The approval of the Plans, or any alteration, by Grantee shall not be unreasonably delayed or withheld. Grantor shall undertake any reconstruction or restoration work in accordance with the Plans, and shall permit periodic review of work by the Grantee to ensure work conforms to the approved Plans. If, during the course of work Grantee determines that any work does not conform to the Plans, Grantee may so advise Grantor and Grantor shall give due consideration to Grantees advice Within thirty (30) days following completion of the work, Grantor shall provide the Grantee a full and complete set of the Plans, which

shall be deposited and retained as part of the Price Tower Compilation.

    e.   Grantor shall not accumulate unsightly or offensive materials on the Premises.

    f.   Grantor shall not subdivide, sell or develop parts of the Premises separately.

    g.   Grantor may repair, remodel, restore, alter and change any part of the interior of the Building so long as the Facades are not materially affected and so long as the interior artworks and architectural features listed on a list of Protected Historic Features, which is attached as Exhibit C, are not altered or changed. Grantor reserves the right to amend and update Exhibit C from time to time, and shall promptly deliver a dated copy of any amended or updated Exhibit C to Grantee. Grantor shall provide Grantee drawings reflecting remodeling, alterations and changes within 30 days after completion of same.

3.   **Public Access**. Grantor shall continue to make the Premises accessible to the public consistent with the purposes of this Easement.

4.   **Casualty Damage.** If the Facades are damaged by casualty, and if Grantors determine that restoration is feasible, then Grantors shall restore the Facades to the extent that they can reasonably be restored consistent with the Price Tower Compilation and the Standards, and shall consult with Grantee in connection with the restoration.

5.   **Review After Casualty Loss.** If after the Building suffers a casualty Loss, in the opinion of the Grantee and Grantor, restoration/reconstruction would not serve the purpose and intent of the Easement, the Grantor shall continue to comply with the provisions of the Easement dealing with the extinguishment of the Easement, as well as the provisions dealing with Grantor's obligations with regard to the alteration, demolition, removal or razing of the Premises, Building or Site.

6.   **Grantee's Covenants**. The Grantee hereby warrants and covenants that:

    a.   Grantee is and will remain a Qualified Organization for purposes of Sections 501 (c)(3), 170(h) and related provisions of the Code. If the Internal Revenue Service successfully challenges Grantee's status as a Qualified Organization, Grantee shall promptly select two or more Qualified Organizations to one of which Grantor agrees to transfer all rights and obligations under this Easement.

    b.   If Grantee at any time in the future becomes the owner of the Premises, Grantee for itself, its successors, and assigns, covenants and agrees, in the event of a subsequent conveyance of the same to another, to specifically continue the applicability of this Easement.

    c.   Grantee may, with the prior consent of Grantor, convey, assign, or transfer this Easement to a Qualified Organization as defined in Paragraph 6 (a) above.

    d.   Grantee shall exercise reasonable judgment and care in performing its obligations and exercising its rights under the terms of the Easement, and shall consider economic and business factors affecting Grantor.

7.   **Inspection.** Grantee or Grantee's agent shall be permitted at all reasonable times to inspect the Premises, including the Facades, the Building and Site. Grantee shall be permitted to enter and inspect the interior of the Building to ensure maintenance of structural soundness and safety; inspection of the interior will not, in the absence of evidence of deterioration, take place more often than once annually, and may involve reasonable testing of interior structural condition. Inspection of the interior will be made at a time mutually agreed upon by Grantor, and Grantor shall not unreasonably withhold its consent in determining a date and time for such

inspection. Grantee may, during such inspections, take photographs, make drawings or other representations documenting the significant historical, cultural, or architectural character and features of the Premises, provided such activities do not materially adversely interfere with Grantor's use of the Premises.

8.  **Grantee's Remedies.** Grantee has the following legal remedies to correct any violation of any covenant, stipulation, or restriction herein, in addition to any remedies now or hereinafter provided by law or in equity:

    a.  Legal relief available to Grantee shall include ex parte, temporary, preliminary, and/or permanent injunction, including prohibitory and/or mandatory injunctive relief, and to require the restoration of the Premises, Building, Site or Facades to the condition and appearance required under this instrument.

    b.  Grantee's exercise of any remedy hereunder shall not have the effect of waiving or limiting any other remedy, and the failure to exercise any remedy shall not have the effect of waiving or limiting the use of any other remedy or the use of such remedy at any other time.

9.  **Notice from Government Authorities.** Within ten (10) days of receipt by Grantor, Grantor shall deliver to Grantee copies of any notice received by Grantor from any government authority setting forth any violation of any law or regulation or building or occupancy code or permit. Upon request by Grantee, Grantor shall promptly furnish Grantee evidence of Grantor's compliance with such notice, demand, letter, or bill.

10. **Notice of Proposed Sale.** Grantor shall promptly notify Grantee in writing of any proposed sale of the Premises and provide the opportunity for Grantee to explain the terms of the Easement to potential new owners prior to sale closing.

11. **Runs with the Land.** The obligation imposed by this Easement shall be effective in perpetuity and shall be deemed to run as a binding servitude with the Premises except as provided in Paragraph 20. This Easement shall be binding upon Grantor and Grantee, their respective successors in interest, and all persons hereafter claiming under or through Grantor and Grantee, and the words "Grantor" and "Grantee" when used herein shall include all such persons. Notwithstanding anything herein to the contrary, no person shall have any obligation pursuant to this instrument following the termination of such person's right, title and interest in and to the Premises. The restrictions, stipulations, and covenants contained herein shall be inserted by Grantor, verbatim or by express reference, in any subsequent deed or other legal instrument by which Grantor divest themselves of either the fee simple title to or any lesser estate in the Premises or any part thereof.

12. **Recording.** Grantor shall cause this Easement to be recorded in the official records of the recorder of deeds for the county in which the Premises are located within ten (10) days of the execution of this Easement.

13. **Existing Liens.** Except for those matters shown in Exhibit D hereto, Grantor warrants to Grantee that no perfected lien or encumbrance exists on the Premises as of the date hereof. Grantor shall immediately cause to be satisfied, subordinated or released any perfected lien that may hereafter come to exist against the Premises, which would have priority over any of the rights, title, or interest hereunder of Grantee.

14. **Indemnification.** The Grantor hereby agrees to pay, protect, indemnify, hold harmless, and defend at its own cost and expense, the Grantee, its agents, directors, and employees, or independent contractors from and against any and all claims, liabilities, expenses, costs, damages, losses, and expenditures (including reasonable attorneys' fees and disbursements hereafter incurred) arising out of or in any way relating to the administration, performed in good faith, of this Easement, including, but not limited to, the granting or denial of consents hereunder, the reporting on or advising as to any condition on the Premises, and the execution of work on the Premises. In the event that the Grantor is required to indemnify the Grantee pursuant to the terms of this Easement, the amount of such indemnity, until discharged, shall constitute a lien on the Premises.

15. **Taxes and Charges.** Grantor shall pay immediately, when first due and owing, all general taxes, special

taxes, special assessments, water charges, sewer service charges, and other charges which may become a lien on the Premises.

16.   **Insurance.** Grantor shall keep the Premises insured by an insurance company rated "A" or better by Best's for the full replacement value against loss from the perils commonly insured under standard fire and extended coverage policies and comprehensive general liability insurance against claims for personal injury, death, and property damage of a type and in such amounts as would normally be carried on a property such as the Premises. Such insurance shall name Grantee as an additional insured and shall provide for at least thirty (30) days' notice to Grantee before cancellation and that the act or omission of one insured shall not invalidate the policy as to any other insured party. Furthermore, Grantor shall deliver to Grantee fully executed copies of such insurance policies, or certificates of insurance, evidencing the aforesaid insurance coverage at the commencement of this grant and copies of new or renewed policies at least ten (10) days prior to the expiration of such policy. Grantee shall have the right to provide insurance at Grantor's cost and expense, should Grantor fail to obtain it. In the event Grantee obtains such insurance, the cost of such insurance shall be a lien on the Premises until repaid by Grantor.

17.   **Liens.** Any lien on the Premises created pursuant to any Paragraph of this Easement may be confirmed by judgment and foreclosed by Grantee in the same manner as a mechanic's lien.

18.   **Written Notice.** Any notice, approval or consent provided for hereunder shall be in writing and shall be mailed postage prepaid by registered, or by certified mail with return receipt requested, or by hand delivery, or by telefacsimile transmission to the following addresses: (a) if to Grantor: 510 South Dewey Avenue, Bartlesville, Oklahoma 74003; and if to Grantee: The Frank Lloyd Wright Building Conservancy, 53 West Jackson Boulevard, Suite 1120, Chicago, IL 60604 (fax) 312-663-5505; or to any subsequent address as notified. Each party may change its address set forth herein by a notice to such effect to the other party. Any notice, consent, approval, agreement, or amendment permitted or required of Grantee under the Easement may be given by the Executive Director, President, or by any duly authorized representative of the Grantee.

19.   **Evidence of Compliance.** Upon request by Grantee, Grantor shall promptly furnish Grantee with reasonable evidence of Grantor's compliance with any obligation of Grantor contained herein.

20.   **Extinguishment.** Notwithstanding anything herein to the contrary, Grantor and Grantee recognize that an unexpected change in the conditions surrounding the Premises may make impossible the continued ownership or use of the Premises for preservation and conservation purposes and necessitate extinguishment of this Easement. Such a change in condition includes, but is not limited to, partial or total destruction of the Building or the Facades resulting from a casualty of such magnitude that Grantor decides in its sole judgment, and after due consideration of this Easement, to demolish the Building in whole or in part, not to reconstruct the Building.  In the event of any cessation of operations or dissolution of either party, or termination of Grantee's not-for-profit status as a Section 501(c) (3) organization, this Easement shall continue in favor of any successor or assignee designated by such party provided that such successor or assignee is an entity qualified as a Section 501 (c) (3) organization dedicated to preservation of historic structures.

21.   **Interpretation and Enforcement.** The following provisions shall govern the effectiveness interpretation, and duration of this Easement:

   a.   Any rule of strict construction designed to limit the breadth of restriction on alienation shall not apply in the construction or interpretation of this instrument, and this instrument shall be interpreted broadly to effect its preservation and conservation purposes.

   b.   This instrument shall extend to and be binding upon the parties and all persons hereafter claiming under or through them. Anything contained herein to the contrary notwithstanding, a person shall have no

BK I098PG0242

obligation pursuant to this instrument where such person shall cease to have any interest (present, partial, contingent, collateral, or future) in the premises by reason of a bona fide transfer for full value. Any right, title, or interest herein granted to Grantee also shall be deemed granted to each successor and assign of Grantee and each such following successor and assign thereof, and the word "Grantee" shall include all such successors and assigns.

c.   This instrument is made pursuant to the laws of the State of Oklahoma. The invalidity or lack of enforceability of any provision of this instrument shall not affect the validity or enforceability of any other provision of this instrument or any ancillary or supplementary agreement relating to the subject matter hereof.

d.   This instrument reflects the entire agreement of Grantor and Grantee. Any prior or simultaneous correspondence, understandings, agreements, and representations which conflict with or purport to cover the same provisions as stated in this instrument are null and void upon execution hereof, unless set out in this instrument.

e.   Each party represents and acknowledges that it has relied exclusively upon its own independent tax and/or legal advisors in evaluating the tax and/or legal considerations arising from or relating to this Easement.

EXECUTED BY:

GRANTOR:                                                    GRANTEE:
Price Tower Arts Center, Inc.                               The Frank Lloyd Wright Building Conservancy

By: _____ _Timothy Boruff_                       By: _____
Its Executive Director                                      Its Executive Director

STATE OF OKLAHOMA          )
                           ) ss
COUNTY OF _Washington_     )

On this _9_ day of _March_ 20_11_, before me, the undersigned, a Notary Public in and for said County, in said State, personally appeared, _Timothy Boruff_ to me personally known, who, being by me duly sworn, did say that he is the authorized representative of said corporation; that no seal has been procured by the said corporation; that said instrument was signed on behalf of said corporation by authority of its Board of Directors; and that the said, _____ as such officer, acknowledged the execution of said instrument to be the voluntary act and deed of said corporation, by it and by them voluntarily executed.

_Joanna Peters_
Notary Public, _09062733_ Co., _WA_
My Commission Expires: _3-25-2013_

Notary Public
State of Oklahoma
JOANNA PETERS
WASHINGTON COUNTY
COMMISSION #09002733
Comm. Exp. 03-25-2013

6

STATE OF ILLINOIS   )
                    ) ss
COUNTY OF COOK   )

On this __6th__ day of _April_ 20_11_, before me, the undersigned, a Notary Public in and for said County, in said State, personally appeared _Janet L Halstead_ , to me personally known, who, being by me duly sworn, did say that he is the authorized representative of said corporation; that no seal has been procured by the said corporation; that said instrument was signed on behalf of said corporation by authority of its Board of Directors; and that the said, as such officer, acknowledged the execution of said instrument to be the voluntary act and deed of said corporation, by it and by them voluntarily executed.


_Staci M Mohan_
Notary Public in and for Cook County, Illinois
My Commission Expires:

```
OFFICIAL SEAL
STACI M MOHAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/20/12
```

**Prepared by and when recorded return to:**
The Frank Lloyd Wright Building Conservancy
53 W. Jackson, Suite 1120
Chicago, IL 60604

X:\wp51\FLW\Advocacy\Price\Easment FINAL 11.15.10.doc

*Exhibit A*

02829

## DEED

**KNOW ALL MEN BY THESE PRESENTS:**

THAT PHILLIPS PETROLEUM COMPANY, Grantor, in consideration of the sum of Ten and No/100 Dollars ($10.00), and other valuable consideration, in hand paid, the receipt of which is hereby acknowledged, does hereby quitclaim to PRICE TOWER ARTS CENTER, INC. all of Grantor's right, title, and interest in and to the personal property located in and designed by Frank Lloyd Wright for the Price Tower and the real property situate in the County of Washington, State of Oklahoma to wit:

Block Forty-seven (47) of the Original Town,
Now City of Bartlesville, Oklahoma
*510 SE Dewey, Bartlesville, OK 74003*

to have and to hold it to Grantee and Grantee's successors, and assigns forever. Neither Grantor nor Grantor's successors, or assigns will have, claim, or demand any right or title to the Property or any part of it.

GRANTOR DOES NOT WARRANT EITHER EXPRESSLY OR IMPLIEDLY, THE CONDITION OR FITNESS OF THE PROPERTY CONVEYED HEREUNDER, ANY SUCH WARRANTY BEING HEREBY EXPRESSLY NEGATIVED. GRANTEE BY ACCEPTANCE HEREOF ACKNOWLEDGES THAT GRANTEE HAS MADE A COMPLETE INSPECTION OF THE PROPERTY AND ANY IMPROVEMENTS AND/OR EQUIPMENT LOCATED THEREON AND IS IN ALL RESPECTS SATISFIED THEREWITH AND ACCEPTS THE SAME "AS IS".

SAVE and EXCEPT, and there is hereby reserved unto Grantor, its successors and assigns all of the oil, gas and other minerals in and under and that may be produced from the above described property.

GRANTEE SHALL RELEASE, INDEMNIFY, DEFEND AND HOLD GRANTOR, ITS PARENT, SUBSIDIARIES, AFFILIATES, AND THEIR RESPECTIVE OFFICERS, DIRECTORS, EMPLOYEES, AGENTS, SUCCESSORS AND ASSIGNS (THE "INDEMNIFIED PARTIES"), HARMLESS FROM AND AGAINST ANY AND ALL CLAIMS, CAUSES OF ACTION, JUDGMENTS, COSTS AND EXPENSES (INCLUDING WITHOUT LIMITATION CLEANUP COSTS, COURT COSTS AND ATTORNEYS'

BK 1098 PG 0245

Exhibit A

FEES), GOVERNMENTAL ORDERS, PENALTIES, FINES, DAMAGES, LOSSES AND LIABILITIES, OF WHATEVER NATURE OR KIND, ARISING OUT OF, IN CONNECTION WITH, OR RESULTING FROM THE PRESENCE OF ANY PETROLEUM PRODUCTS, HYDROCARBONS, OR CONTAMINANTS (INCLUDING WITHOUT LIMITATION HAZARDOUS OR TOXIC SUBSTANCES) IN, ON OR UNDER THE PROPERTY REGARDLESS WHETHER THE SAME OCCURRED PRIOR TO OR AFTER THE DATE OF THIS DEED, AND REGARDLESS WHETHER THE SAME WAS CAUSED BY OR CONTRIBUTED TO, IN WHOLE OR IN PART, BY THE ACTIVE OR PASSIVE NEGLIGENCE OF THE INDEMNIFIED PARTIES.

TO HAVE AND TO HOLD said described premises unto the said Grantee, its successors and assigns forever, effective March 30, 2001.

WITNESSES

*Jimmie Peker*

*Elizabeth Bolling*

PHILLIPS PETROLEUM COMPANY

By *George F Patterson*
   **Attorney-in-Fact**

Doc # 2001002820
Bk 947
Pg 1718-1719
DATE 04/02/01 15:30:30
Filing Fee $10.00
Documentary Tax $0.00
State of Oklahoma
County of WASHINGTON
WASHINGTON County Clerk
M. PARRISH, WASHINGTON

THE STATE OF TEXAS          §

COUNTY OF HARRIS            §

Before me, the undersigned, a Notary Public in and for said County and State, on this 27th day of March 2001, personally appeared George F. Patterson, the duly constituted Attorney-in-Fact for PHILLIPS PETROLEUM COMPANY, to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act and deed, and as the free and voluntary act and deed of said corporation for the uses and purposes therein set forth.

GIVEN under my hand and seal the day and year last above written.

*Kathy Proske*
**Notary Public**

My Commission Expires:



KATHY PROSKE
MY COMMISSION EXPIRES
June 17, 2001

*Bonafide gift no documentary tax stamps.*

# OTC 988
Revised 11-2002

## OKLAHOMA APPLICATION FOR AD VALOREM TAX EXEMPTION CHARITABLE

**Tax Year** 2004

To: _Todd Mathes_ County Assessor

_Washington_ County, Oklahoma

### AFFIDAVIT

I, the undersigned, am personally acquainted with the use of the property hereinafter described, to wit:

(Mailing Address and Legal Description) _510 SE Dewey, Bartlesville, OK 74003_
_#8783 Lots 1-3 Block 47 incl. value of 10' vac. alley_

This property was purchased by _Price Tower Arts Center_

Date filed _3/27/2001_ Book _947_ Page _1718-1719_ County _Washington_

**To qualify, the above described property must comply with one of the following statutory requirements...**

- All property of any charitable institution organized or chartered under the laws of this state as a nonprofit or charitable institution, provided the net income from such property is used exclusively within this state for charitable purposes and no part of such income inures to the benefit of any private stockholder, including property which is not leased or rented to any person other than a governmental body, a charitable institution or a member of the general public who is authorized to be a tenant in property owned by a charitable institution under Section 501(c)(3) of the Internal Revenue Code, and which additionally satisfies the income standards set forth in Internal Revenue Service Revenue Procedure 96-32 if the property provides residential rental accommodations regardless of whether services or meal are provided, **or**
- All property used exclusively and directly for charitable purposes within the state, provided the charity using said property does not pay any rent or remuneration to the owner thereof unless the owner is a charitable institution described in Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C., Section 501(c)(3), or a veterans' organization described in Section 501(c)(19) of the Internal Revenue Code, 26 U.S.C., Section 501(c)(19).

- A charitable institution requesting an exemption pursuant to the provisions of paragraph 8 of Section 2887 of Title 68 of the Oklahoma Statutes shall be required to file an application with supporting documentation to satisfy both income and occupancy requirements of IRS Rev. Proc. 96-32. This application shall be required initially and each year thereafter, with the county assessor of the county in which the property is located. *(68 O.S. 2000 Supp. § 2887.1)*

- A continuum of care retirement community providing housing for the aged, licensed under Oklahoma law, owned by a nonprofit entity recognized by the Internal Revenue Service as a Section 501 (c) (3) tax-exempt entity and located in a county with a population of more than five hundred thousand (500,000) according to the latest Federal Decennial Census; *(68 O.S. 2001 § 2887 paragraph 8)*

- If the property provides residential rental accommodations or is subject to occupancy requirements, the owner shall submit a report to the county assessor regarding the occupancy rate for the preceding eleven months no later than December 15. A copy of the report must accompany this form.

I, _Laura V. Riley_, being first duly sworn upon oath, under the penalties of perjury, do hereby depose and say that I am _Director of Finance_ of _Price Tower Arts Center_, that as such I am acquainted with the books, accounts and affairs of said institution and know the above statements to be true, correct and complete, and that all information requested herein has been fully and completely given and I understand this is an annual affidavit that must be filed with the county assessor each year by March 15.

Please attach a certified copy of the transfer document.

**Is this property a housing program that is financed by a public trust?**

☐ Yes   ☒ No

If "yes" Section 178.6 Title 60 prohibits public trusts from financing housing or housing programs involving properties exempt from ad valorem taxation pursuant to Section 2887 of Title 68. Ref: Attorney General Opinion 01-56.

▶ _____
Applicant (or Agent)          Date

BK I 0 9 8 P G 0 2 4 7

**EXHIBIT B**

EXHIBIT B is not recorded herewith. It contains a bound set of photographs depicting the exterior and interior surfaces of the building and the surrounding property, text describing the building, and copies of the original architectural plans. Two complete copies of Exhibit B exist, signed and dated by a representative of each party to this Easement, and one copy is stored in the offices of each party. In the event of any conflict between the two copies, the copy in the offices of the Grantee shall prevail.

BK I 0 9 8 PG 0 2 4 8

PRICE TOWER ARTS CENTER
FRANK LLOYD WRIGHT ARCHITECT
510 S Dewey Avenue
Bartlesville, OK  74003
T 918 336 4949
F 918 336 7117
www.pricetower.org

Page 1 of 3

**EXHIBIT C**
**Easement Addendum – Protected Historic Features**

__Class A__
Those objects and areas deemed "irreplaceable" and of the utmost value. If object is removed, it shall be categorized as Class D.
__Class B__
Those objects deemed "valuable" but which may necessitate replacement over time due to damage or breakage. If object is removed, it shall be categorized as Class D.
__Class C__
Those items deemed "historic" but which may necessitate replacement due to mechanical upgrades or safety concerns. If object is removed, it shall be categorized as Class D.
__Class D__
Those objects and items (moveable or fixed) currently installed or removed from the historic building over time that shall be accessioned into the collections of Price Tower Arts Center. This body of objects shall change over time due to museum accession and collecting policies, and as new items are discovered or removed from use. A current list of accessioned Price Tower historical objects shall be provided with each easement review.

*General Building Exterior*
    **A** Patinated embossed copper louvers, including their aluminum hardware
    **A** Patinated embossed copper decorative tiles
    **A** Patinated embossed copper trimmings and details, including hardware
    **A** Patinated copper balcony constructions (bedroom level of apartment)
    **A** Patinated embossed copper planter boxes
    **A** Triangular and hexagonal patinated copper lighting fixtures and shades
    **A** Aluminum window and door frames
    **A** Reinforced concrete carport structures and their patinated copper supports
    **A** Reinforced concrete exterior staircase and its formed aluminum handrail
    **A** Frank Lloyd Wright "signature" tile
    **B** Peach-colored glass window and door panes
    **C** Pigmented concrete sidewalks and entryways
*General Building Interior*
    **A** Patinated embossed copper decorative tiles (SW quadrant bedroom loft parapets)
    **A** Triangular lighting fixtures and shades (historic only)
    **A** Triangular ventilation grilles
    **A** Aluminum window and door frames (historic only)
    **A** Pigmented concrete floors
    **A** Bronze logo medallions (located on all floors but 2)
    **A** Square light fixtures and shades over bronze logo medallions (all floors but 2)
    **A** Reinforced concrete interior staircases and their formed aluminum handrail
    **A** Aluminum staircase screens (vertical rods used on interiors staircases)

PRICE TOWER ARTS CENTER
FRANK LLOYD WRIGHT ARCHITECT

510 S Dewey Avenue
Bartlesville, OK  74003
T 918 336 4949
F 918 336 7117
www.pricetower.org

Page 2 of 3

    **A** Wooden doors (historic only)
    **A** Laminate countertops (historic kitchens and bathrooms on floors 9 and 17 only)
    **A** Painted steel cabinets (historic kitchens on floors 9 and 17 only)
    **A** Appliances and rubbish chute cover (historic kitchens on floors 9 and 17 only)
    **A** Built-in wood furniture, shelving, cabinetry, and wall paneling including any metal trim or hardware (historic only)
    **A** Bathroom and powder room mirrors and sconce lighting (historic only)
    **A** Ceramic tiles (historic bathrooms only)
    **B** Paint color, walls in public areas and historic interiors
    **B** Paint color, walls in public areas and historic interiors
    **B** Peach-colored glass window and door panes (historic only)
    **C** Elevator cabs (one currently in collections, three in current use)
    **C** Boiler system (pair, in current use)
    **C** Sinks, toilets, and bath fixtures and hardware (historic only)

*First Floor Lobby and Loggia*
    All items listed under "General Building Interior" above
    **A** Painted text mural (Whitman Quote)
    **A** Lobby and loggia built-in wood banquette seating
    **D** Building directory board

*First Floor "Taliesin Room"*
    All items listed under "General Building Interior" above
    **A** *Willows and Reflections* copper and cloisonné mural, with accompanying hexagonal wood table with cloisonné and copper insert and trio of triangular wood pull-up tables
    **A** Built-in wood furniture, banquette, cabinetry, and wall paneling
    **A** Triangular lighting diffusers
    **D** Copper mesh window treatments

*First Floor Gallery*
    All items listed under "General Building Interior" above

*Second Floor Gallery and Lobby Mezzanine*
    All items listed under "General Building Interior" above
    **B** Wooden partition wall system

*Third Floor*
    All items listed under "General Building Interior" above
    **B** Wooden partition wall system in SE quadrant office

*Fourth Floor*
    All items listed under "General Building Interior" above

*Fifth Floor*
    All items listed under "General Building Interior" above

*Sixth Floor*
    All items listed under "General Building Interior" above

*Seventh Floor*
    All items listed under "General Building Interior" above

*Eighth Floor*

PRICE TOWER ARTS CENTER
FRANK LLOYD WRIGHT ARCHITECT

510 S Dewey Avenue
Bartlesville, OK  74003
T 918 336 4949
F 918 336 7117
www.pricetower.org

Page 3 of 3

        All items listed under "General Building Interior" above

*Ninth Floor*
        All items listed under "General Building Interior" above
        **B** Patinated embossed copper fireplace hood

*Tenth Floor*
        All items listed under "General Building Interior" above

*Eleventh Floor*
        All items listed under "General Building Interior" above

*Twelfth Floor*
        All items listed under "General Building Interior" above

*Thirteenth Floor*
        All items listed under "General Building Interior" above

*Fourteenth Floor*
        All items listed under "General Building Interior" above

*Fifteenth Floor*
        All items listed under "General Building Interior" above

*Sixteenth Floor*
        All items listed under "General Building Interior" above

*Seventeenth Floor*
        All items listed under "General Building Interior" above
        **A** Patinated embossed copper fireplace and ceramic heating element
        **A** Painted mural with inscription block

*Eighteenth Floor*
        All items listed under "General Building Interior" above
        **A** Decorative perforated wood border (lobby)
        **A** Triangular linen closet
        **B** Wooden shutters (bedroom loft, floors 10 and 18 only)

*Nineteenth Floor*
        All items listed under "General Building Interior" above
        **A** Stained embossed copper fireplace, grille, and screen
        **A** Stained embossed copper pendant light fixture
        **A** Painted glass mural
        **B** Period globe and mounting hardware

*Museum Collection Items*
        **D** Itemized annual listing of collection holdings from all categories

PRICE TOWER ARTS CENTER
FRANK LLOYD WRIGHT ARCHITECT

510 Dewey Avenue
Bartlesville, OK 74003
T 918 336 4949
F 918 336 7117
www.pricetower.org

Page 1 of 1

**EXHIBIT D**
**Easement Addendum – Existing Liens**

There are no existing liens on this property.

BK I 098 PG 0252