# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GREEN COPPER HOLDINGS, LLC ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 ) | Chapter 7 |
| ) | |
| ) | |
| **Debtor.** ) | |

## TRUSTEE'S NOTICE OF OBJECTION EMAILED TO THE TRUSTEE AND REQUEST FOR ORDER

Comes now the Trustee and states:

1. The Trustee filed herein his *Trustee's Notice and Motion for Order Authorizing Bidding Procedures and Termination Fee and Notice of Opportunity for Hearing* (Doc. No. 50) ("Motion").

2. This Court entered an order shortening the Notice period to 10 days (Doc. No. 49).

3. The Trustee provided timely and proper notice of the Motion to all Necessary and Interested parties as evidenced by his Certificate of Service filed herein (Doc. No 52).

4. No objections were filed within the time prescribed in the Notice.

5. The Trustee is in receipt of an objection filed herein by Pictorious Studios USA, Inc.; Taktik Enterprises Inc.; Mystic Enterprises Inc.; Dale Douglas Takio and Katalin Nagy-Takio, JTWROS; Michael J. Moran and Erinne Moran, JTWROS and Craig Brand and Adriana Soto (the "Objectors"). Attached as **Ex A** is a copy of the objection. **The Trustee does not assert that the objection is untimely or that the Court should not consider it.**

6. It should be noted at the outset that the corporations listed are not permitted to pursue this objection on a pro se basis.

7. In part, the Objectors complain they did not receive adequate notice and assert that the Trustee's Motion was not mailed out until March 18, 2025. The Trustee asserts that the Motion was mailed out on March 14, 2025.

8. The Objectors additionally complain that the Trustee is attempting to sell the described assets to McFarlin Buildings for $1.4 million—and that the assets are worth far more money than $1.4 million. The Trustee vehemently denies the alleged values set forth in the objection and asserts on information and belief that the Price Tower requires millions of dollars in renovations and improvements. More importantly, t**he pending Motion is not a motion to sell.** The pending Motion merely seeks approval for Bidding Procedures and payment of a Termination Fee in the event the stalking Horse bidder is not successful. The Objectors are essentially complaining about matters **that are not the subject of the Motion.** As a result, the objection should be summarily denied without prejudice to the Objectors filing an objection to the Trustee's eventual motion to sell and related notice once those pleadings have been filed. The Bidding Procedures are intended to maximize the value of the assets and preserve the opportunity for submitting competitive bids.

9. As previously argued herein, time is of the essence. The subject assets are uninsured and selling the assets is in the best interests of this estate. The objection attached hereto does not even address the Bidding Procedures.

10. Simultaneous with the filing of this pleading, the Trustee has submitted a proposed order to the Court. In the event the Court determines that a hearing should be scheduled to consider the objection, the Trustee requests that the hearing be scheduled on an expedited basis.

Respectfully Submitted By:  s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:	918-699-0345
Fax:		918-699-0325
*ATTORNEYS FOR TRUSTEE*