## EXHIBIT A

## AMENDED ASSET PURCHASE AGREEMENT

THIS AMENDED AGREEMENT is entered into this 14th day of March 2025, between Patrick J. Malloy, III, Trustee ("Trustee") appointed in the Chapter 7 Bankruptcy Case *In Re: Green Copper Holdings, Inc.* ("Estate"), filed in the Northern District of Oklahoma, Case No. 25-10088, and McFarlin Building, LLC, an Oklahoma limited liability company, hereafter referred to as ("Buyer").

## RECITALS

WHEREAS, the Bankruptcy Estate is the owner of all interest in the real estate assets known as PRICE TOWER, located at 510 SE Dewey Ave., Bartlesville, OK, 74003, including but not limited to the real estate, fixtures and all personal property located in the premises; and

WHEREAS, the Trustee wishes to sell all of Estate's interest in the following assets described as:

A. BLOCK FORTY-SEVEN (47) OF THE ORIGINAL TOWN, NOW CITY OF BARLESVILLE, OKLAHOMA, together with all fixtures, equipment, easements and appurtenances thereto, located at 510 Southwest Dewey Ave., Bartlesville, Oklahoma ("Price Tower");

B.  all tangible personal property located at, in or upon the Price Tower as of the date of the commencement of these proceedings including but not limited to the personal property described in **Ex A** attached hereto (the "Personalty"), and the right to use of the name "Price Tower";

C.  The Frank Lloyd Wright Building Conservancy ("Conservancy"), an Illinois not-for-profit corporation, caused to be recorded in the Washington County Clerk's Office on April 18, 2011, in Book 1098 at Pages 238,252, a Preservation and Conservation Easement dated April 6, 2011 ("Easement"). The Trustee makes no representation of any kind regarding the terms and enforceability of the Easement.

D. Collectively the assets described above shall be called "Price Tower Assets".

IT IS THEREFORE MUTUALLY AGREED AS FOLLOWS:

1

1. Trustee will sell to the Buyer and the Buyer will purchase from Trustee the Price Tower Assets from the Estate.

2. The Trustee's sale to the Buyer of all of the Price Tower Assets shall be pursuant to a motion and related notice to sell free and clear of all liens and encumbrances at the time, pursuant to 11 U.S.C. § 363(f), and pursuant to Bankruptcy Court Order.

3. The parties agree that the purchase price to be paid by the Buyer to the Trustee for the Price Tower Assets shall be the sum of $1,400,000.00.

4. Within two (2) days of the approval of the Bidding Procedures by the Bankruptcy Court, Buyer shall deliver to Trustee an escrow deposit in the amount of $140,000.

5. The remaining full purchase price shall be paid at the time of Closing.

6. Trustee will transfer the Price Tower more fully described above by Trustee's Deed, and the Personalty to be conveyed by Bill of Sale, all pursuant to 11 U.S.C. § 363 and the Bankruptcy Court Order approving the sale.

7. This Agreement is subject to approval by the Bankruptcy Court pursuant to 11 U.S.C. § 363 and to approval by the Bankruptcy Court of the Bidding Procedures. The sale shall be free and clear of all liens, claims or encumbrances, and shall be binding upon the parties, their personal representatives, successors and assigns.

8. Trustee has agreed, as provided in the Bidding Procedures, that if another purchaser acquires the Price Tower Assets, in such event Buyer shall be entitled to the benefits of certain break up fee provisions established therein, as the Stalking Horse Bidder.

9. Trustee will seek an order determining that the sale may proceed upon entry of the Order approving the sale and that the fourteen (14) day stay order be waived pursuant to Fed. R. Bankr. P. 6004(h). If such Order is entered, Closing shall occur no later than five (5) days after

the entry of the order approving sale.  In the event the Bankruptcy Court does not waive the fourteen (14) day stay, the successful bidder shall be obligated to close the sale no earlier than fourteen (14) days after the entry of the Order approving the sale, and no later than twenty (20) after the entry of such order.  Payment to the Trustee shall be effected by delivering to the Trustee at the address specified a cashier's check for all sums due.

IN WITNESS WHEREOF the parties have executed this Asset Purchase Agreement on the date and year first above written.

PATRICK J. MALLOY, III, Trustee for
GREEN COPPER HOLDINGS, LLC,
Debtor

_____
 Patrick J. Malloy III, Trustee

MCFARLIN BUILDING, LLC

By:     _____
John Snyder, Manager