IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S NOTICE PURSUANT TO FED. R. BANKR. PRO. 6004 AND 2002(a)(2) AND LOCAL RULE 6004-1 OF SALE OF SUBTANTIALLY ALL ASSETS OF THIS ESTATE CONSISTING OF REAL PROPERTY AND PERSONALTY FREE AND CLEAR OF ALL LIENS CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(f).**

Comes now the Trustee and states:

1. Among the assets of this estate are the following:

   a. real property described as BLOCK FORTY-SEVEN (47) OF THE ORIGINAL TOWN, NOW CITY OF BARTLESVILLE, OKLAHOMA located at 510 Southwest Dewey Ave., Bartlesville, Oklahoma ("Price Tower");

   b. all tangible personal property located at, in, or upon the Price Tower as of the date of the commencement of these proceedings; and.

   c. the right to use the name Price Tower.

   These assets are collectively referred to as the *Price Tower Assets*.

2. The Trustee has filed herein his TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF REAL ESTATE AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS; CLAIMS: ENCUMBRANCES; AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f) AND FOR ORDER AUTHORIZING PAYMENT OF REALTOR COMMISSION AT TIME OF CLOSING WITHOUT FURTHER NOTICE ("Motion").

3. The Motion seeks authority to sell the Price Tower Assets to McFarlin Building LLC ("McFarlin") for the sum of $1.4 million subject to the terms and conditions stated herein and subject to the Bidding Procedures specified herein free and clear of all liens, claims, and other interests pursuant to 11 U.S.C. § 363(f) with the exception of a Conservation Easement. The Trustee acknowledges that the Price Tower Assets are subject to that certain Preservation and Conservation Easement, dated April 6, 2011 ("Easement") in favor of The Frank Lloyd Wright Building Conservancy ("Conservancy"), an Illinois not-for-profit corporation. The proposed sale of the specified assets shall be subject to the Easement. The Trustee makes no representations with respect to the terms or enforceability of the Easement.

4. The Motion additionally provides that title shall be transferred by the Trustee without warranty or representation of any kind.

5. Any interested or necessary party must object to the Motion or submit a "Qualified Bid" as defined herein on or before the 28th day April 2025.

6. **Qualified Bid:** Any interested party may submit a Qualified Bid pursuant to the following terms and conditions:

    a. A Qualified Bid must be submitted in writing to the Trustee, Patrick J Malloy III ("Trustee") on or before the 28th day of April 2025. The Qualified Bid may be submitted by mailing the Qualified Bid to the Trustee at 401 South Boston Suite 500, Tulsa, Oklahoma 74103; by emailing the Qualified Bid to pjmiiim@sbcglobal.net; or by hand delivery to the Trustee at the specified address.

b. A Qualified Bid must constitute a binding and irrevocable offer to purchase the specified assets.

c. A Qualified Bid must be for a sum not less than $1.4 million plus 3% of $1.4 million or $42,000 plus $30,286.04 plus another 3% of $1.4 million based on a realtor commission the estate will be obligated to pay plus the sum of $25,000 or a total of $1,589,000.

d. A Qualified Bid must be accompanied by an earnest money deposit in the form of a cashier's check payable to the Trustee totaling 10% of the bid submitted. Such earnest money will be deposited in the Malloy Law Firm P.C. Trust account pending a closing of the sale of the specified assets pursuant to the terms stated herein and a Court order.

e. A Qualified Bid must contain a statement that the bidder has reviewed the terms of the Easement. A copy of the Easement is attached hereto as **Ex A.** Any bidder with any questions regarding the Easement may arrange to discuss such terms with the Conservancy by contacting the attorneys for the Conservancy: Mark A. Craige, mark.craige@crowedunlevy.com and Jennifer Hardy, jhrdy2@willkie.com.

f. A Qualified Bid must not contain any contingencies

g. A Qualified Bid must be accompanied by information sufficient, in the judgment of the Trustee, to evidence the wherewithal of the bidder to close the sale timely in the event the bidder is ultimately successful.

7. **Auction Procedure**

a. In the event one or more Qualified Bids are submitted to the Trustee on or before the 28th day of April 2025, pursuant to the terms stated herein the Bankruptcy Court shall

conduct an auction in the Bankruptcy Courtroom 224 S. Boulder Ave. Suite 105, Tulsa, Oklahoma on the 6th day of May 2025 at 9:00 a.m.

b. Only McFarlin and the qualified Bidder(s) shall be allowed to participate in the bidding.

c. The starting bid shall be the highest Qualified Bid received by the Trustee.

d. The first overbid above the starting bid and all subsequent bids must be at a minimum $50,000 over the previous bid.

e. After conclusion of the auction, the Trustee shall immediately submit an order to the Court approving the sale to the highest bidder free and clear of all liens, claims and interests pursuant to 11 U.S.C. § 363 with the exception of the Easement.

f. At the time the Trustee submits the order approving sale, he shall request an order waiving the 14-day stay pursuant to Fed. R. Bankr. P. 6004(h). In the event the Court grants a waiver of the stay, the successful bidder shall be obligated to close the sale within five (5) days after the entry of the order approving the sale. Payment to the Trustee shall be effected by delivering to the Trustee a cashier's checks for the total sums due. Upon receipt of such funds, the Trustee shall deliver to the successful bidder a Trustee's Deed transferring the Price Tower which shall contain no warranties or representations of any kind other than a representation that the Trustee has authority to transfer the Price Tower, and a Bill of Sale or other assignment acceptable document transferring the Personalty, and the right to use the name Price Tower to the successful bidder. In the event the Court denies the request to waive the 14-day stay, the successful bidder shall close the sale no earlier than 15 days after the entry of the order approving sale and no later than 21 days after the filing of such order.

g. If the successful bidder fails to close the sale within the time specified, he shall forfeit his earnest money deposit, and the Trustee shall be free to close with the second highest bidder without further Notice or Order of the Court. The second highest bidder must close within five (5) days of being advised by the Trustee that the highest bidder failed to close. In the event the second highest bidder fails to close within the specified time, that bidder will likewise lose their earnest money, and the Trustee will proceed to close with the third highest bidder pursuant to the same terms and conditions. This procedure shall be followed until the Trustee closes a sale. Upon the close of the sale pursuant to the terms stated herein all earnest money deposits shall be returned to the unsuccessful bidder(s).

8. **Termination Fee**—If McFarlin is not in material breach of any provision of the Motion and the sale of the specified assets is closed pursuant to the terms and conditions stated herein to a third party other than McFarlin, the Trustee shall pay McFarlin at time of closing from proceeds of sale and without further notice or court order a termination fee of **$72,286.04**

Respectfully Submitted By:

s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma 74103
Telephone: 918-699-0345
Fax: 918-699-0325
*ATTORNEYS FOR TRUSTEE*