IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor. | ) | |

**AMENDED MOTION FOR ORDER AUTHORIZING SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE ESTATE OUTSIDE NORMAL COURSE OF BUSINESS CONSISTING OF REAL ESTATE AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES OR INTERESTS PURSUANT TO 11 U.S.C. § 363(f) AND FOR ORDER AUTHORIZING PAYMENT OF REALTOR COMMISSION AT TIME OF CLOSING WITHOUT FURTHER NOTICE**

Comes now the Trustee and states:

1. Among the assets of this estate are the following:

    a. Real Estate more particularly described as BLOCK FORTY-SEVEN (47) OF THE ORIGINAL TOWN, NOW CITY OF BARTLESVILLE, OKLAHOMA, together with all fixtures, equipment, easements and appurtenances thereto, located at 510 Southwest Dewey Ave., Bartlesville, Oklahoma ("Price Tower"); and

    b. all tangible personal property located at, in or upon the Price Tower as of the date of the commencement of these proceedings ("Personalty");

    c. the right to use the name "Price Tower."

    d. The described assets shall be collectively known as the "Price Tower Assets."

2. The Price Tower Assets are subject to a certain *Preservation and Conservation Easement* dated April 6, 2011 ("Easement") in favor of the Frank Lloyd Wright Building Conservancy ("Conservancy"), an Illinois not-for-profit corporation, which was recorded in Washington

County on April 18, 2011, Book 1098 at Pages 238-252. The Trustee makes no representations with respect to the terms and conditions or enforceability of the Easement.

3. The Trustee seeks an order of the Bankruptcy Court approving the sale of the Price Tower Assets to McFarlin Building LLC, an Oklahoma limited liability company ("McFarlin') for the sum of $1.4 million pursuant to the terms and conditions set forth in the ASSET PURCHASE AGREEMENT ("APA"), a copy of which is attached hereto as **Ex A.**

4. As noted, the terms and conditions of the proposed sale are:

   a. Within two (2) days of the approval of the Bidding Procedures by the Bankruptcy Court, McFarlin shall deliver to the Trustee an earnest money deposit of $140,000. The Court entered its order approving those procedures on the 26th day of March 2025, and the Trustee acknowledges receipt of the earnest money deposit of $140,000. The remaining sums due shall be paid at the time of closing as set forth herein.

   b. The Trustee shall convey title to the Price Tower by Trustee Deed which shall contain no warranties or representations of any kind other than the Trustee's authority to transfer title. The Trustee shall convey title to the Personalty and the right to use the name Price Tower by Bill of Sale or other acceptable method of assignment which likewise shall contain no representations or warranties with the exception of his authority to effect such transfer.

   c. The sale shall be free and clear of all liens, claims, encumbrances or interests pursuant to 11 U.S.C. § 363(f) with the exception of the Easement. The sale shall be free and clear of all liens, claims, encumbrances and interests pursuant to 11 U.S. C. § 363(f) including but not limited to the alleged secured claim of Scott R. Helton PPLC d/b/a Helton Law Firm which asserts a mortgage interest in and to the Price Tower Assets and Enterprise Global

Logistics which may assert a secured interest in and to certain Personalty. Such liens, claims, encumbrances, and interests, if any, will attach to the sale proceeds. The sale shall likewise be free and clear of a certain lis pendens filed of record by McFarlin. Movant is unaware of any other lienholders or interests.

d. The proposed sale is subject to the *Bidding Procedures* and the *Termination Fee* previously approved by the Court. The Bidding Procedures and Termination Fee are set forth in the Trustee's Notice of Sale which shall be included in the mailing of this Motion.

5. **Closing**—In the event no objections to the proposed sale are filed and no competitive bids are submitted within the time set forth in the Trustee's Notice, the Trustee will request an order from the Bankruptcy Court waiving the 14-day stay pursuant to Fed. R. Bankr. P. 6004(h). If the Court grants the request, McFarlin shall be obligated to close the sale and pay all remaining sums due within five (5) days after the entry of the Court's order waiving the stay. In the event McFarlin fails to close within that time frame, it shall forfeit its interest and the Trustee shall be free to market the property for sale free of any interest of McFarlin. In the event the Court refuses to waive the 14-day stay, McFarlin shall be obligated to close the sale no earlier than 14 days and no later than 21 days after the entry of the order approving sale. In the event McFarlin fails to close within that time frame, the same forfeiture penalties as described above shall apply.

6. **Competitive Bids:** Pursuant to the terms of the Bidding Procedures, in the event competitive bids are submitted within the time specified, a private auction involving only McFarlin and the competitive bidder(s) shall be conducted in the Bankruptcy Courtroom on the date and time specified in the Trustee's Notice of Sale filed herein. The Trustee's Notice of Sale is included in the mailing of this Motion.

7. **Termination Fee:** As also set forth in the Bidding Procedures**,** in the event the sale to a bidder other than McFarlin is approved and closes, McFarlin shall be entitled to a Termination Fee of **$72,286.04** to be paid at the time of closing without further notice or court order.

8. **Realtor Commission:** Pursuant to this court's prior order, the Trustee employed Scott Schlotfelt of Cushman & Wakefield as a realtor to market and sell the specified assets pursuant to a listing agreement approved by the court. In the event Schlotfelt is entitled to a commission based on the listing agreement, the Trustee prays for an order authorizing payment of the commission at the time of closing without further notice or court order.

Wherefore the Trustee prays for an order authorizing:

a. the sale of the Price Tower Assets pursuant to the terms and conditions of the APA set forth in Ex A attached hereto free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363;

b. payment to Schlotfelt of any commission due at time of closing without further notice or court order.

Respectfully Submitted By:   s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:   918-699-0345
Fax:   918-699-0325
*ATTORNEYS FOR TRUSTEE*