UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Apr 01, 2025

IN RE:

GREEN COPPER HOLDINGS, LLC,

    Debtor.

Case No. 25-10088-T
Chapter 7

### ORDER TO SHOW CAUSE WHY PENDING MOTIONS SHOULD NOT BE DENIED FOR LACK OF STANDING

THIS MATTER comes before the Court pursuant to the 1) Motion for Judicial Notice of Public Statements Attributed to Attorney Craig Alan Brand by US Public Media Company Gannett (GCI) and Related Matters Demonstrating Prima Facie Evidence of Fraudulent Misappropriation Via Premeditated Intent,[1] filed on March 24, 2025, by Michael Eric Nelson ("Nelson"); 2) Emergency Instanter Motion to Stay Imminent Disposition of National Historic Landmark and Cultural Assets Pending Appeal to the Tenth Circuit and Emergency Application Under U.S. Supreme Court Rule 22 Due to Fraudulent Misrepresentations by Trustee and Ongoing Risk to National Historic Heritage of the American People,[2] filed on March 27, 2025, by Nelson; 3) Motion to Disqualify Trustee Due to Conflict of Interest in the Administration of the National Historic Landmark and National Historic Heritage of the American People and Other and Further Relief as Mandated by Law,[3] filed on March 31, 2025, by Nelson; and 4) Motion To Compel Disclosure of Corporate Documents and Information Pertaining to the Frank Lloyd Wright Building Conservancy in response to Docket Number 60,[4] filed on March 31, 2025, by Nelson (collectively, the "Nelson Motions"). For the reasons explained below, Nelson is ORDERED TO

---

[1] ECF No. 55.
[2] ECF No. 62.
[3] ECF No. 66.
[4] ECF NO. 67.

SHOW CAUSE why the United States Bankruptcy Court for the Northern District of Oklahoma should not deny the Nelson Motions for lack of standing. Nelson must file a written response, to this Order to Show Cause, not to exceed five pages, by April 15, 2025.

1. **Background**

Proceeding without an attorney, Nelson purports to be a "party in interest" in this case and requests the Court grant him various forms of relief, including the issuance of an "immediate stay of any and all actions pertaining to the disposition of real estate and associated real property assets, including furniture, museum exhibits, art collections, National Historic Heritage artifacts of the bankruptcy estate, inclusive of the National Historic Landmark" on an emergency basis.[5] Throughout the Nelson Motions, Nelson makes various allegations of misconduct against numerous parties associated with this case.

2. **Legal Standards**

Federal courts, including bankruptcy courts, are courts of limited jurisdiction.[6] The judicial power of the United States must be exercised within the confines of "Cases" or "Controversies."[7] The Article III case-or-controversy limitation that constrains the jurisdiction of both district courts and bankruptcy courts limits the courts to adjudicating disputes between or among parties that have Article III standing.[8] In order to establish standing, a party must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[9] "To establish injury in fact, a plaintiff must

---

[5] *Id.* at 1.
[6] *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), as revised (May 24, 2016).
[7] U.S. Constitution, Art. III § 2.
[8] *In re Pettine*, 655 B.R. 196, 210 (10th Cir. BAP 2023).
[9] *Spokeo*, 578 U.S. at 338 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[10] An injury is "particularized" if it affects the plaintiff in a personal and individual way.[11] An injury is "concrete" if it is real rather than abstract, although for the injury to be concrete it need not be tangible.[12] The party seeking to invoke federal jurisdiction bears the burden of establishing these elements.[13]

3. Discussion

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[14] The Court, however, cannot be a pro se litigant's advocate.[15] Although the nature of the relief sought by Nelson is not entirely clear, he appears to be asking this Court to stay the present proceedings so that the Court or some governmental department or agency might investigate his various allegations of malfeasance committed by the case trustee, representatives of the Debtor, and/or other non-Debtor affiliates. In the absence of constitutional standing, the Court does not have jurisdiction to reach the merits of any relief sought by Nelson. The Court can find no indication that Nelson is a creditor or other interest holder with any relationship to this case. For example, Nelson's name does not appear in the Debtor's Schedules or statements; nor does he appear to be a claimant in this case.

4. Conclusion

Because Nelson's standing is not apparent based on the record in this case, he will be given an opportunity to respond to this Order to Show Cause, and allege facts which demonstrate that he

---

[10] *Id*. at 339 (citing *Lujan*, 504 U.S. at 560).
[11] *Id.*
[12] *Id.* at 340.
[13] *Id*. at 338.
[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[15] *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

has standing to raise the matters set out in the Nelson Motions and to participate in this case. Nelson must file a written response to this Order to Show Cause by April 15, 2025. If no response is timely filed, or if the declaration does not show sufficient reason why Nelson has standing to participate in this case, the Court may deny the Nelson Motions, or set the matters for further hearing.

IT IS THEREFORE ORDERED that **on or before April 15, 2025,** Michael Eric Nelson shall file a written response to this Order to Show Cause, not to exceed five pages, addressing his standing to appear and be heard before this Court and why the Nelson Motions should not be denied for lack of standing.

IT IS FURTHER ORDERED that Clerk of Court shall direct a copy of this Order to Show Cause to Michael Eric Nelson at michaelericnelson@ilcoud.com, the email address provided under his signature in each of the Nelson Motions.[16] Such service shall be documented on the docket sheet maintained for this case in CM/ECF.

Dated this 1st day of April, 2025.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY

8025.2

---

[16] The Court notes that Nelson has not provided the Clerk with an address or other means to contact him through traditional service by the U.S. Postal Service. Under his signature in each of the Nelson Motions, Nelson provides an email address with the notation that "Email only to be used after pre-notification as to email address sending documents from in order to have the address authorized to receive said notices." Nelson does not indicate how such pre-notification is to be achieved.