MOTION FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201 AND REQUEST FOR RELIEF REGARDING THE "SHIN'EN KAN GATE" AND ARTIFACTS ATTRIBUTED TO BRUCE GOFF & SHIN'EN KAN; FOR PROTECTION OF HISTORICALLY SIGNIFICANT PROPERTY HELD IN PUBLIC TRUST AND REPORTEDLY FUNDED IN PART THROUGH FEDERAL PROGRAMS

# EXHIBIT

# "A"

## To Follow . . .

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| RE: GREEN COPPER HOLDINGS, LLC (EIN # xx-xxx9708 ) CASE NO. 25-10088-T Chapter 7 | Case No.: 25-10088-T |
|---|---|

**LAWSUIT Friends of Shin'enkan Inc. v.s Charles D. Holland Jr. etAl**

**Discovered in Internet Archives:**

https://archive.org/details/shinenkan-artifact-ownership-cj-1997-00291-1066049910

Dec 19  3 39 PM '97

ROSALIE COWAN
COURT CLERK
by [signature] DEPUTY

# IN THE DISTRICT COURT IN AND FOR WASHINGTON COUNTY, STATE OF OKLAHOMA.

| | |
|---|---|
| FRIENDS OF SHIN'ENKAN, INC., ) <br> AN OKLAHOMA NON-PROFIT ) <br> CORPORATION, ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHARLES D. HOLLAND, JR., ) <br> CHARLES D. HOLLAND, JR. ) <br> AND ROBIN R. HOLLAND, ) <br> TRUSTEES OF THE CHARLES ) <br> D. HOLLAND, JR. 1994 REVOCABLE ) <br> TRUST AND THE CHARLES D. HOLLAND,) <br> JR. 1994 REVOCABLE TRUST, ) <br> Defendant. ) | No. CJ-97-291 |

DISTRICT COURT
WASHINGTON COUNTY, OK

FILED

Dec 19   3 39 PM '97

ROSALIE COWAN
COURT CLERK

_____ DEPUTY

# IN THE DISTRICT COURT IN AND FOR WASHINGTON COUNTY, STATE OF OKLAHOMA.

FRIENDS OF SHIN'ENKAN, INC., )
AN OKLAHOMA NON-PROFIT )
CORPORATION, )
                Plaintiff, )
)
vs. ) No. CJ-97-291
)
CHARLES D. HOLLAND, JR., )
CHARLES D. HOLLAND, JR. )
AND ROBIN R. HOLLAND, )
TRUSTEES OF THE CHARLES )
D. HOLLAND, JR. 1994 REVOCABLE )
TRUST AND THE CHARLES D. HOLLAND,)
JR. 1994 REVOCABLE TRUST, )
                Defendant. )

JM 1-2-98

Instr 11   Pg 365

**FINDINGS OF FACT**
**AND**
**CONCLUSIONS OF LAW**

**FINDINGS OF FACT**

1. On or about June 19, 1996, The Board of Regents of the University of Oklahoma, Pat M. Murphy and Charles D. Holland Jr., M.D., entered into the Agreement identified as Exhibit Number 26. The Agreement was signed by each of the contracting parties and endorsed by FRIENDS OF SHIN'ENKAN and CITY OF BARTLESVILLE, OKLAHOMA.

2. Under the precise terms of the Agreement, ... "Holland shall, within thirteen (13) months from the receipt of said Warranty Deed by Holland from the Regents, transfer to Friends of Shin'enKan as a charitable donation Tract No. 3 reflected on Exhibit "B" attached hereto; provided, however, in the event Friends of Shin'enKan has not at that time qualified as a charitable organization under Section 501 (C) (3) of the Internal Revenue Code, such transfer by Holland to Friends of Shin'enKan shall be delayed until such qualification as a charitable organization has occurred. At the same time, Holland will grant to Friends of Shin'enKan a perpetual easement along, over and across Tract No. 1 (the "Shin'enKan Road") reflected on Exhibit "B" attached hereto for the purpose of providing Friends of Shin'enKan ingress and egress to and from Price Road. Such easement shall provide that the Friends of Shin'enKan will have no responsibility for maintenance of Shin'enKan Road so long as Friends of Shin'enKan uses the road only for passenger vehicles. Neither Holland nor Friends of Shin'enKan shall place any gate or other barrier across Shin'enKan Road which would prevent access from Price Road to Tract No. 3 reflected on Exhibit "B".

"Following the acquisition of title by Holland and prior to the time the deed is delivered by Holland to the Friends of Shin'enKan, Holland will lease Tract No. 3 reflected on Exhibit "B" to Friends of Shin'enKan in exchange for the sum of One Dollar ($1.00) and a commitment by the Friends of Shin'enKan to (*liability*) insure and maintain said Tract No. 3 and the improvements thereon...."

3. On March 4, 1996, The Friends of Shin'enKan, Inc. was incorporated under

JM 1·2·98                           Pg. 366

the laws of the State of Oklahoma.

4. On August 20, 1996, The Friends of Shin'enKan, Inc., was notified by the District Director, Internal Revenue Service, that during the Advance Ruling Period, beginning March 4, 1996, it would be treated as a Section 509 (a) (1) or 509 (a) (2) organization. The determination by the Internal Revenue Service satisfied the requirement that Friends of Shin'enKan qualify as a charitable organization.

5. The Special Warranty Deed conveying all the interest of the Grantor, the Board of Regents of the University of Oklahoma, to Charles D. Holland, Jr., in and to all of the property that is the subject of the Agreement, was dated October 30, 1996. The defendant, Charles D. Holland, Jr., admits delivery of the deed to him on that date.

6. A lease form covering the subject property containing the provisions set out in the Agreement was never presented to The Friends of Shin'enKan, Inc., nor was any lease of the property ever executed by Holland and The Friends of Shin'enKan, Inc.

7. On December 4, 1996, Charles D. Holland, Jr., conveyed to Charles D. Holland Jr. and Robin R. Holland, Trustees of the Charles D. Holland, Jr., 1994 Revocable Trust Under Agreement dated the 2nd day of March, 1994, all of the property and interest therein that is the subject of this suit.

8. On December 26, 1996, a part of the improvements situate on Tract 3., (the structure known as the Shin'enKan Home) was destroyed by fire.

9. Plaintiff made due demand upon the defendants to comply with the terms of the Agreement by leasing the property to it for the balance of the defendants' thirteen (13) month holding period.

10. At the time of trial, more than thirteen (13) months had elapsed since the date of the Special Warranty Deed from The Board of Regents of the University of Oklahoma, to Charles D. Holland, Jr

11. Plaintiff asserts that it is entitled to a conveyance from the defendants of all of the property and interest therein that is the subject of this suit.

12. The defendants contend that because a part of the property to be conveyed to the plaintiffs under the terms of the Agreement between the Board of Regents of the University of Oklahoma, and Murphy and Holland has been destroyed, they are

JM 1-2-98

PS 367

relieved of the contractual obligation to convey to the plaintiffs, the balance of the property and interest therein that is the subject of this lawsuit.

### CONCLUSIONS OF LAW

1. The Agreement between the parties, the Board of Regents of the University of Oklahoma and Pat M. Murphy and Charles D. Holland, Jr., M.D., was completed upon the delivery of the Special Warranty Deed to Charles D. Holland, Jr., thus requiring Charles D. Holland, Jr., M.D., to convey to The Friends of Shin'enKan all of the property and interest therein that is the subject of this lawsuit within thirteen (13) months from the date of delivery of the Special Warranty Deed.

2. The failure of the defendants to submit to plaintiff, within the thirteen (13) months after the delivery of the Special Warranty Deed to the defendant, Charles D. Holland, Jr., a lease containing the provisions for lease set out in the Agreement, was the defendants' election and thereby negated defendant's requirement for a lease during the thirteen (13) month holding period.

3. The continued existence of any or all of the improvements on any portion of the subject property immediately after the delivery of the Special Warranty Deed to Charles D. Holland, Jr., became immaterial with respect to the obligation of the defendant, Charles D. Holland, Jr., M.D., to convey to the Friends of Shin'enKan. Dominion and control of the property was vested in Charles D. Holland, Jr., as the owner thereof.

4. The existence of the improvement known as the "Shin'enKan Home" is not essential to the performance of the Agreement as to the remainder of the subject property for the reason that the defendant, Charles D. Holland, Jr., M.D., has assumed by his contract the risk of the existence of that part of the property that was destroyed.

JM 1-2-98

PS 368

The court finds that the plaintiff, The Friends of Shin'enKan, Inc., is entitled to and should be granted a decree for specific performance as against the defendant, Charles D. Holland, Jr., and all of the named defendants claiming by through and under him.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that the plaintiff, The Friends of Shin'enKan, Inc., be and it is hereby granted judgment over and against the defendants and each and all of them and all persons claiming by through and under them, that the defendants convey to the plaintiff, The Friends of Shin'enKan, Inc., by Special Warranty Deed, all of their interest in and to the surface of the following described real estate situated in the County of Washington, State of Oklahoma, to-wit:

A TRACT OF LAND IN THE WEST HALF OF THE WEST HALF OF THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER (W/2 W/2 SW/4 NE/4) AND THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF THE NORTHWEST QUARTER (NE/4 SE/4 NW/4) OF SECTION 29, TOWNSHIP 26 NORTH, RANGE 13 EAST, WASHINGTON COUNTY, OKLAHOMA, DESCRIBED AS FOLLOWS:
BEGINNING AT A POINT ON THE NE CORNER OF THE NE/4 SE/4 NW/4; THENCE WEST 20 FEET; THENCE SOUTH 1713 FEET; THENCE N 60° 32' 15" W 67.05 FEET; THENCE S 1° 15' W 104.05 FEET; THENCE S 62° 04' 20" W 47.22 FEET; THENCE S 53° 12' 20" W 433 FEET; THENCE S 17° 01' 40" E 114.48 FEET; THENCE S 51° 45' 10" E 62.9 FEET; THENCE S 28° 07' 40" E 132.49 FEET; THENCE N 81° 33' 20" E 5.66 FEET TO THE WEST LINE OF SAID W/2 W/2 SW/4 NE/4; THENCE SOUTH ALONG SAID WEST LINE 107.63 FEET TO TEH SOUTH LINE OF THE NW/4 SW/4 NE/4; THENCE EAST 330.00 FEET MORE OR LESS TO THE EAST LINE OF SAID W/2 W/2 SW/4 NE/4; THENCE NORTH ALONG SAID EAST LINE 286.94 FEET; THENCE WEST 165.48 FEET; THENCE N 17° 02' 40" W 75.86 FEET; THENCE N 39° 16' 40" W 71.05 FEET; THENCE N 60° 32' 15" W 108.23 FEET TO THE WEST LINE OF SAID W/2 W/2 SW/4 NE/4; THENCE N 0° 03' 51" E 182.33 FEET MORE OR LESS TO THE POINT OF BEGINNING;

together with a perpetual easement along over and across the East 50 feet of the Northeast Quarter of the Northwest Quarter (E/ 50' NE/4 NW/4) Less the North 50 foot right-of-way, in Section 29, Township 26 North, Range 13 East, Washington County, Oklahoma, for the purpose of providing Friends of Shin'enKan ingress and egress to and from Price Road and providing that the Friends of Shin'enKan will have no responsibility for maintenance of Shin'enKan Road so long as Friends of Shin'enKan use the road only for passenger vehicles and further providing that neither Holland nor Friends of Shin'enKan shall place any gate or other barrier across Shin'enKan Road which would prevent access from Price Road to all that property above described.

JM 1-2-98

Pg 369

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if the defendants fail to convey the real property and easement to the plaintiff, The Friends of Shin'enKan, Inc., within five (5) days from the date hereof, this judgment shall operate as such conveyance.

Dated this 19th day of December, 1997.

*James L. Sontag*
Judge of the District Court.

JM 1-2-98

Pg 370