IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **In re:**<br><br>**Green Copper Holdings, LLC**<br><br>*Debtor*. | Case No. 25-10088-T<br><br>Chapter 7 |

**Objection to Motion To Compel Disclosure Of Corporate
Documents And Information Pertaining To The Frank
<u>Lloyd Wright Building Conservancy</u>**
(This Objection relates to Doc. 67)

Frank Lloyd Wright Building Conservancy, an Illinois not-for-profit corporation, (the "Conservancy") for its objection to the Motion To Compel Disclosure Of Corporate Documents And Information Pertaining To The Frank Lloyd Wright Building Conservancy [Doc. 67] filed March 31, 2025 (the "Motion") by Michael Eric Nelson ("Nelson") as follows:

1.  The Motion purports to be filed in response to the corporate ownership statement filed March 26, 2025 [Doc. 60] by Conservancy. The corporate ownership statement seeks no relief and therefore, requires no responsive pleading. There is no contested matter pending between the Conservancy and Nelson.

2.  The Conservancy denies the allegations in Paragraphs 1, 2, 3, 4, & 5 of the Motion and further denies the same allege any legal or factual basis for the relief requested in the Motion.

3.  The Motion cites Federal Rule of Civil Procedure 37(a)(3)(B)[1], made applicable to these proceedings by Rules 7037 and 9014, as the legal basis for the Motion. "Rule 37 is the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure. References to "LBR" are to the Local Rules of Bankruptcy Practice of the United States District Court for the Northern District of Oklahoma

means by which the courts enforce compliance with the discovery scheme in the Rules." Robison v. Transamerica Ins. Co., 368 F.2d 37, 39 (10th Cir. 1966). The enforcement of compliance requires there first be service of a discovery request and since there was no such request made by Nelson, the Motion is fatally defective and must be denied.

4. Civil Rule 37(a)(3)(B)(iv) authorizes the Court to compel production of documents discovery ONLY when "a party fails to produce documents or fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34." The Motion fails to allege Nelson propounded any request for production of documents to Conservancy because no such request was ever made. The absence of such allegation is not surprising because Nelson never served any discovery upon Conservancy. In O'Brien v. Murphy, No. 1:20-CV-00153-SEP, 2022 WL 741858, at *1 (E.D. Mo. Mar. 11, 2022) a motion to compel discovery was denied "Because propounding a discovery request upon the other party is a prerequisite to filing a motion to compel, *see* Fed. R. Civ. P. 37(a)(3)(B)." There is no discovery dispute and no basis to compel the Conservancy to produce documents. This alone is sufficient basis to deny the Motion.

5. An individual must have standing to obtain relief from this Court and a lack of standing is fatal to any effort to obtain relief. Nelson is not a creditor nor equity holder of the Debtor and therefore has no standing in this case obtain any relief from this Court. Creditors have standing because they have "an identifiable stake in their specific status in bankruptcy, and in the identity of remedies available to creditors through that status; such matters directly affect the recovery and the result it would have from these cases. This tangible, personal, pecuniary interest in the outcome of a legal issue or proceeding is the classic prerequisite to standing under federal jurisprudence. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 112 S.Ct. 2130, 119

L.Ed.2d 351 (1992)." In re Coleman Enters., Inc., 266 B.R. 423, 436 (Bankr. D. Minn. 2001), aff'd, 275 B.R. 533 (B.A.P. 8th Cir. 2002).  Nelson does not allege he has any tangible, personal, or pecuniary interest in the production of the records identified in the Motion, therefore the same must be denied.

6. Civil Rule 37(a)(5)(B) provides in relevant part that if a motion to compel under Civil Rule 35(a)(3) is denied, the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. Conservancy requests this Court order Nelson to pay its attorney's fees for responding to the Motion because the same is not substantially justified. The Court should find the Conservancy is entitled to its fees and set a deadline for filing a motion to determine the amount thereof.

Wherefore, Conservancy prays this Court deny the Motion, order Nelson to pay its attorney fees, and set a deadline for filing a motion to determine the amount thereof.

DATED this 16th day of April, 2025.

Respectfully submitted,

*s/Mark A. Craige*
Mark A. Craige, OBA #1992
CROWE & DUNLEVY
222 N. Detroit Avenue
Suite 600
Tulsa, OK 74120
Telephone: (918) 592-9800
Fax: (918) 592-9801
E-mail: mark.craige@crowedunlevy.com

*ATTORNEYS FOR FRANK LLOYD WRIGHT BUILDING CONSERVANCY, AN ILLINOIS NOT-FOR-PROFIT CORPORATION*

Attorneys

## **CERTIFICATE OF SERVICE**

The record herein reflects that on the same day this pleading was electronically filed, (i) a copy was electronically served upon counsel of record and other parties as shown in the record herein and (ii) emailed a copy to Michael Eric Nelson to his email address of record michaelericnelson@icloud.com. Mr. Nelson has not provided a mailing address, therefore email is the only means of providing notice to this individual.

*s/Mark A. Craige*
Mark A. Craige