UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Apr 18, 2025

IN RE:

GREEN COPPER HOLDINGS, LLC,

Debtor.

Case No. 25-10088-T
Chapter 7

## ORDER DENYING MOTIONS FOR LACK OF STANDING

THIS MATTER comes before the Court pursuant to the 1) Motion for Judicial Notice of Public Statements Attributed to Attorney Craig Alan Brand by US Public Media Company Gannett (GCI) and Related Matters Demonstrating Prima Facie Evidence of Fraudulent Misappropriation Via Premeditated Intent,[1] filed on March 24, 2025, by Michael Eric Nelson ("Nelson"); 2) Emergency Instanter Motion to Stay Imminent Disposition of National Historic Landmark and Cultural Assets Pending Appeal to the Tenth Circuit and Emergency Application Under U.S. Supreme Court Rule 22 Due to Fraudulent Misrepresentations by Trustee and Ongoing Risk to National Historic Heritage of the American People,[2] filed on March 27, 2025, by Nelson; 3) Motion to Disqualify Trustee Due to Conflict of Interest in the Administration of the National Historic Landmark and National Historic Heritage of the American People and Other and Further Relief as Mandated by Law,[3] filed on March 31, 2025, by Nelson; and 4) Motion To Compel Disclosure of Corporate Documents and Information Pertaining to the Frank Lloyd Wright Building Conservancy in response to Docket Number 60,[4] filed on March 31, 2025, by Nelson (collectively, the "Nelson Motions"). On April 1, 2025, the Court issued an Order to Show Cause

---

[1] ECF No. 55.
[2] ECF No. 62.
[3] ECF No. 66.
[4] ECF No. 67.

Why Pending Motions Should Not be Denied for Lack of Standing ("Show Cause Order").[5] Upon consideration of the record, the applicable law, and the lack of response to the Show Cause Order, the Court hereby finds and orders as follows:

I.   **Jurisdiction**

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this bankruptcy case is proper pursuant to 28 U.S.C. § 157(a). Matters concerning the administration of the estate are core proceedings as defined by 28 U.S.C. § 157(b)(2)(A).

II.   **Background**

On January 22, 2025, Green Copper Holdings, LLC ("Debtor") filed a voluntary petition under chapter 7 of the Bankruptcy Code. Proceeding without an attorney, Nelson purports to be a "party in interest" in this case and requests the Court grant him various forms of relief, including the issuance of an "immediate stay of any and all actions pertaining to the disposition of real estate and associated real property assets, including furniture, museum exhibits, art collections, National Historic Heritage artifacts of the bankruptcy estate, inclusive of the National Historic Landmark" on an emergency basis.[6] Throughout the Nelson Motions, Nelson makes various allegations of misconduct against numerous parties associated with this case.

Pursuant to the Show Cause Order, Nelson was given an opportunity to address the concerns of the Court and to present facts to demonstrate that he has standing to raise the matters set out in the Nelson Motions and to appear and be heard in this case.[7] Notice was provided to

---

[5] ECF No. 71.
[6] ECF No. 67, at 1.
[7] ECF No. 71.

Nelson at the email address provided in the Nelson Motions.[8] Nelson subsequently alerted the Court to a "scrivener's error" regarding his email address,[9] and the Court once again provided notice to Nelson at the email address he provided.[10] The Show Cause Order informed Nelson that on or before April 15, 2025, he must file a written response addressing 1) his standing to appear and be heard before this Court, and 2) why the Nelson Motions should not be denied. As of the date of this Order, no response has been filed or received by the Clerk for filing.[11]

### III. Legal Standards

Federal courts, including bankruptcy courts, are courts of limited jurisdiction.[12] The judicial power of the United States must be exercised within the confines of "Cases" or "Controversies."[13] The Article III case-or-controversy limitation that constrains the jurisdiction of both district courts and bankruptcy courts limits the courts to adjudicating disputes between or among parties that have Article III standing.[14] In order to establish standing, a party must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant,

---

[8] ECF No. 72.
[9] ECF No. 88.
[10] ECF No. 89. Nelson provided an email address of: michaelericnelson@icloud.com. *See* ECF No. 88.
[11] After sending various Court orders to Nelson by email as noted in the Court docket, on April 14, 2025, the Clerk of Court received an email message titled "NOTICE OF RESTRICTED COMMUNICATION CHANNEL & ENFORCEMENT OF CLASSIFIED INFORMATION PROTOCOLS" (the "Restriction Notice"). Each of the Nelson Motions and the Restriction Notice sets out a requirement that the Clerk of Court acquire prior written or voice authorization before submitting messages to the stated address. The Clerk is under no such obligation. If Nelson wishes to receive notice of docket activity from the Clerk of Court, he must provide the Court with an email or physical mailing address that can receive communication without restriction.
[12] *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), as revised (May 24, 2016).
[13] U.S. Constitution, Art. III § 2.
[14] *In re Pettine*, 655 B.R. 196, 210 (10th Cir. BAP 2023).

and (3) that is likely to be redressed by a favorable judicial decision."[15] "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[16] An injury is "particularized" if it affects the plaintiff in a personal and individual way.[17] An injury is "concrete" if it is real rather than abstract, although for the injury to be concrete it need not be tangible.[18] The party seeking to invoke federal jurisdiction bears the burden of establishing these elements.[19]

The Supreme Court of the United States recently articulated the significance of the first requirement of standing, that a person has suffered an injury in fact:

> By requiring the plaintiff to show an injury in fact, Article III standing screens out plaintiffs who might have only a general legal, moral, ideological, or policy objection to a particular government action. For example, a citizen does not have standing to challenge a government regulation simply because the plaintiff believes that the government is acting illegally. A citizen may not sue based only on an "asserted right to have the Government act in accordance with law." Nor may citizens sue merely because their legal objection is accompanied by a strong moral, ideological, or policy objection to a government action.
> The injury in fact requirement prevents the federal courts from becoming a "vehicle for the vindication of the value interests of concerned bystanders." An Article III court is not a legislative assembly, a town square, or a faculty lounge. Article III does not contemplate a system where 330 million citizens can come to federal court whenever they believe that the government is acting contrary to the Constitution or other federal law. Vindicating "the *public* interest (including the public interest in Government observance of the Constitution and laws) is the function of Congress and the Chief Executive."[20]

The Court will apply these standards to the Nelson Motions.

---

[15] *Spokeo*, 578 U.S. at 338 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).
[16] *Id*. at 339 (citing *Lujan*, 504 U.S. at 560).
[17] *Id.*
[18] *Id.* at 340.
[19] *Id.* at 338.
[20] *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381–82 (2024) (citations omitted).

IV.     **Discussion**

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[21] The Court, however, cannot be a pro se litigant's advocate.[22] Although the nature of the relief sought by Nelson is not entirely clear, he appears to be asking this Court to stay the present proceedings so that the Court or some governmental department or agency might investigate his various allegations of malfeasance committed by the case trustee, representatives of the Debtor, and/or other non-Debtor affiliates. In the absence of constitutional standing, the Court does not have jurisdiction to reach the merits of any relief sought by Nelson. The Court can find no indication that Nelson is a creditor or other interest holder with any relationship to this case. For example, Nelson's name does not appear in the Debtor's schedules or statements; nor does he appear to be a claimant in this case.

Nelson asserts standing based on his membership in the "sovereign body politic referred to in the Constitution's Preamble as 'We the People.'"[23] As such, he seeks "protection of the public trust, the integrity of judicial proceedings, and the inviolable rights of the citizenry."[24] At most, Nelson raises a generalized grievance on behalf of the American public. He has not articulated any particularized injury that affects him in a "personal and individual way"[25] related to the actions of the Debtor, the trustee, the government, or any other party associated with this case.

---

[21] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[22] *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).
[23] *See, e.g.*, ECF No. 90, at 1. Although no direct response to the Show Cause Order has been received to date, Nelson appears to be aware of the Court's concern and has begun to address the issue of standing in later filed motions.
[24] *Id.*
[25] *Lujan*, 504 U.S. at 561 n.1.

Based on the above, the Court finds Nelson has failed to meet his burden to establish standing to seek any relief in this case. Therefore, the Court finds that each of the Nelson Motions must be denied.[26]

IT IS THEREFORE ORDERED that the 1) Motion for Judicial Notice of Public Statements Attributed to Attorney Craig Alan Brand by US Public Media Company Gannett (GCI) and Related Matters Demonstrating Prima Facie Evidence of Fraudulent Misappropriation Via Premeditated Intent, *at Docket No. 55*; 2) Emergency Instanter Motion to Stay Imminent Disposition of National Historic Landmark and Cultural Assets Pending Appeal to the Tenth Circuit and Emergency Application Under U.S. Supreme Court Rule 22 Due to Fraudulent Misrepresentations by Trustee and Ongoing Risk to National Historic Heritage of the American People, *at Docket No. 62*; 3) Motion to Disqualify Trustee Due to Conflict of Interest in the Administration of the National Historic Landmark and National Historic Heritage of the American People and Other and Further Relief as Mandated by Law, *at Docket No. 66*; and 4) Motion To Compel Disclosure of Corporate Documents and Information Pertaining to the Frank Lloyd Wright Building Conservancy in response to Docket Number 60, *at Docket No. 67*, all filed by Michael Eric Nelson, are DENIED for lack of standing.

IT IS FURTHER ORDERED that the Clerk of Court shall direct a copy of this Order Denying Motions for Lack of Standing to Michael Eric Nelson at michaelericnelson@icloud.com, the email address provided under his signature in the "Notice of Scrivener's Error in Prior Filings

---

[26] The Show Cause Order provided notice to Nelson of this result. *See* ECF No. 71, at 4. The Court will not impose filing restrictions on Nelson at this time, but may consider such sanctions in the future if conditions warrant such action.

and Motion for Nunc Pro Tunc Correction of Docket."[27] Such service shall be documented on the docket sheet maintained for this case in CM/ECF.

        Dated this 18th day of April, 2025.

8025.5

<div style="text-align:right">
BY THE COURT:

_____
PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY
</div>

---

[27] ECF No. 88.