IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **GREEN COPPER HOLDINGS, LLC** | ) | **CASE NO. 25-10088-T** |
| EIN # xx-xxx9708 | ) | **Chapter 7** |
| | ) | |
| | ) | |
| **Debtor.** | ) | |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING PAYMENT OF SPECIAL COUNSEL FEES AND NOTICE OF OPPORTUNITY FOR HEARING**

Comes now the Trustee and states:

1. This Court previously authorized the employment of Mark D. G. Sanders and Sidney K. Swinson of GableGotwals ("Special Counsel") as special counsel for the Trustee (Doc. No. 20).

2. Attached as Exhibit "A" of this Application is a statement covering the time period from January 28, 2025 through May 20, 2025, indicating the date each service was performed, the person performing the service, a description of the service, the time spent, and the amount charged, as well as an itemization of the expenses incurred.

   The notation of "SKS" on Exhibit "A" reflects legal services rendered by Sidney K. Swinson, Shareholder, whose services are billed at the rate of $465 per hour; the notation "MDS" reflects legal services rendered by Mark D.G. Sanders, Shareholder, whose services are billed at the rate of $445 per hour; and the notation "RJG" reflects the services rendered by Robert J. Getchell, Shareholder, whose services are billed at the rate of $430 per hour.

3. **Narrative In Support Of Attorney Fees:** The types of legal services performed by GableGotwals have included, generally, (a) research and analysis of implicated statutory and case law, (b) analysis of documents filed in the case, (c) preparation of memoranda of law, (d) preparation and editing of Trustee pleadings, (e) strategic consultation, and (f) correspondence with the Trustee and other parties-in-interest and their counsel; and have been rendered in connection with the following areas of interest and concern, among others, of the Trustee in this case:

   1. The organizational status and capital structure of the Debtor, and the relation of it to various affiliated entities;
   2. The litigation history of the Debtor, its principals, affiliates and related parties;
   3. The legal title status of various potential estate assets, and completeness of the Schedules of Assets and Liabilities, and Statement of Financial Affairs in this case;
   4. Potential insurance strategies in bankruptcy pending sale of estate assets;
   5. The executory nature of a pre-petition-date real estate sales contract by and between the Debtor and McFarlin Building (the "Contract");
   6. The legal effect in bankruptcy of an Oklahoma District Court Order of specific performance with respect to the Contract;
   7. The enforceability and extent of a conservation easement held by the Frank Lloyd Wright Conservancy;
   8. The suitability of various potential sale processes and merits of filed objections thereto;
   9. The appropriateness of particular bidding procedures;
   10. The necessary extent of a sale free and clear of interests;
   11. Demands for return of transferred property, and potential avoidance actions with respect to that property;
   12. The best and most effective approach to deal with the unfounded and harassing claims and conduct of Mr. Nelson directed toward the Trustee;
   13. The income tax incidence of a sale of estate assets;
   14. The viability and timeliness of a protest of *ad valorem* tax assessments; and
   15. The enforceability and allowability of certain secured and unsecured claims against the estate.

4. Special Counsel seeks an order in these proceedings authorizing payment of attorney fees in the amount of **$28,336.50** and expenses of **$16.50**. The fees and expenses prayed for are

reasonable and necessary, and payment of such fees and expenses is in the best interests of the estate.

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 24 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 24-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

Respectfully Submitted by:

/s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:     918-699-0345
Fax:                918-699-0325
*ATTORNEYS FOR TRUSTEE*