IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S OBJECTION TO PROOF OF CLAIM NO. 4 FILED HEREIN BY DALE TAKIO ("TAKIO") FOR AND ON BEHALF OF HIMSELF "PERSONALLY AND INDIVIDUALLY, AS TAKITIK ENTERPRISES INC. ("TAKITIK")" AND NOTICE OF OPPORTUNITY FOR HEARING**

Comes now the Trustee and states:

1. Claim No. 4 was filed in the Green Copper Holdings, LLC case by Takio for and on behalf of himself "personally and individually", as Takitik for the sum of **$472,818.65.**

2. The basis for Claim No. 4 appears to be related to one or more consulting agreements (individually or collectively, the "Agreement") allegedly entered into with the Debtor prior to the commencement of these proceedings.

3. The Agreement does not represent a legitimate contract between Takio and the Debtor. The alleged Agreement was a disguised attempt to pay Takio for sums allegedly owed by a non-Debtor entity. As a result, any obligations set forth in the Agreement were illusory and the Agreement was void ab initio.

4. In the alternative, the Agreement, if any, was terminated under its terms by the Debtor on or about September 25, 2023.

5. In the alternative, neither Takio or Takitik substantially performed his/its purported obligations and duties under the Agreement. As a result, the Agreement is unenforceable against the Debtor.  Hence, Claim No. 4 should be disallowed pursuant to 11 U.S.C. § 502(b)(1).

6. In the alternative, the Trustee additionally asserts that at all material times, Takio and Takitik were insiders of the Debtor, and the asserted claim exceeds the reasonable value of services provided to the Debtor. As a result, Claim No. 4 should be denied to the extent the amount exceeds the value of any services pursuant to 11 U.S.C. § 502(b)(4).

7. Claims of multiple entities may not be presented by a single Proof of Claim. As a result, Claim No. 4 should be disallowed in its entirety as to Takio or Taktik, as the equities may appear.

8. Claim No. 4 also purports to assert and recover, at least in part, the value of an equity interest in the Debtor. Such assertion does not constitute a "claim" against the Debtor's estate and thus should be denied.  An equity security interest in the Debtor may ultimately be recognized and allowed only upon presentation of a timely Proof of Interest once all claims are allowed in this case.

9. The Trustee intends to seek an order disallowing Claim 4 in its entirety or, in the alternative, allowing such Claim in a limited equitable sum under *quantum meruit* principles.

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of**

**this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 33 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 33-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

Respectfully Submitted by:

/s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma 74103
Telephone:     918-699-0345
Fax:                918-699-0325
*ATTORNEYS FOR TRUSTEE*