IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **GREEN COPPER HOLDINGS, LLC** | ) | **CASE NO. 25-10088-T** |
| EIN # xx-xxx9708 | ) | **Chapter 7** |
| | ) | |
| **COPPER TREE, INC.** | ) | **Substantively Consolidated** |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| **Debtors.** | ) | |

## TRUSTEE'S OBJECTION TO CLAIM 7-2 FILED HEREIN BY HELM VENTURES LLC ("HELM") FOR THE SUM OF $89,018.06 AND NOTICE OF OPPORTUNITY FOR HEARING

Comes now the Trustee and states:

1. Claim No. 7 was filed in the Green Copper Holdings, LLC case by Helm for the sum of **$89,018.06.**

2. Claim No. 7 appears to be based on an alleged February 27, 2023, *Memorandum of Understanding for Development Consulting Services* between Helm and Copper Tree, Inc. (the "MOU").

3. The Trustee asserts that any fee compensation due under the MOU was contingent upon the Debtor accomplishing one or more of the following: securing a bridge and construction financing, commencement of property improvements, and substantial project completion. None of these contingencies were ever realized. As a result, no fees are due and owing to Helms.

4. On information and belief, prior to the commencement of these proceedings, Helms acknowledged that no fees were due but asserted entitlement to reimbursement of expenses totaling $2,162.12.

5. Claim No. 7 appears to assert a 2% equity interest in the Debtor. Such assertion does not constitute a "claim" against the Debtor's estate and thus should be denied. An equity security interest in the Debtor may ultimately be recognized and allowed only upon presentation of a timely Proof of Interest once all claims are allowed in this case.

6. The Trustee intends to seek an order of the Court disallowing Claim No. 7 as filed, and instead, allowing the claim for $2,162.12

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 33 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 33-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

Respectfully Submitted by:    /s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:    918-699-0345
Fax:          918-699-0325
*ATTORNEYS FOR TRUSTEE*