IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S OBJECTION TO CLAIM 18 FILED HEREIN BY UBAC LLC ("UBAC") FOR THE SUM OF $597,579.00 AND NOTICE OF OPPORTUNITY FOR HEARING**

Comes now the Trustee and states:

1. Claim No. 18 was filed by UBAC in the Green Copper Holdings, LLC case for the sum of **$597,579.00** for alleged "services rendered".

2. Upon information and belief, UBAC's Managing Member is Anthem Blanchard, who is married to Cynthia Blanchard -- who is identified in the Debtors' pleadings as the President of, and owner of the majority of equity security interests in, the Debtors. In addition, Cynthia Blanchard has previously certified that she *and* Anthem Blanchard own 89.075% of Debtor Copper Tree, Inc. either "personally or by designees".  As a result, UBAC is an "insider" in this case.

3. The basis for Claim No. 18 appears to be a certain *Agreement for CFO, COO, and CxO Services* (the "Agreement") allegedly entered into with the Debtor prior to the commencement of these proceedings.

4. The Agreement is not a legitimate debt of this Debtor.  The obligations set forth in the Agreement are and were illusory, and the Agreement was void ab initio. It is an

unenforceable and/or voidable obligation because it was incurred for less than reasonably equivalent value and without adequate consideration.

5. The Debtors' filings in this case confirm that there is no legitimate obligation owed to UBAC. According to the Schedule of creditors filed herein and signed under oath by Cynthia Blanchard, UBAC was not a creditor of the Debtor and was not owed any sums as of the date of bankruptcy.

6. In the alternative, the Trustee asserts that UBAC did not substantially perform its purported obligations and duties under the Agreement. Upon information and belief, the alleged services were not provided. Moreover, the proof of claim fails to provide sufficient documentation to support the claim. As a result, the Agreement is unenforceable against the Debtor. Hence, Claim No. 18 should be disallowed pursuant to 11 U.S.C. § 502(b)(1).

7. In the alternative, the Trustee asserts that the amount of Claim No. 18 exceeds the value of the alleged services and pursuant to 11 U.S.C.§ 502(b)(4) should be denied to the extent of such excess.

8. The Trustee intends to seek an order disallowing Claim 18 in its entirety.

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 33 days from the date of filing of**

**this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 33-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

|  |  |
|---|---|
| Respectfully Submitted by: | /s/ Patrick J. Malloy III |
|  | Patrick J. Malloy III, OBA #5647 |
|  | MALLOY LAW FIRM, P.C. |
|  | 401 S. Boston Ave. Suite 500 |
|  | Tulsa, Oklahoma  74103 |
|  | Telephone:     918-699-0345 |
|  | Fax:               918-699-0325 |
|  | *ATTORNEYS FOR TRUSTEE* |