IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S NOTICE AND MOTION TO SUBSTANIVELY CONSOLIDATE THE INN AT PRICE TOWER INC. ("Price Tower") AND NOTICE OF OPPORTUNITY FOR HEARING**

Comes now the Trustee and states:

1. The Price Tower is a wholly owned subsidiary of Copper Tree Inc., a Debtor in this substantively consolidated estate.

2. Prior to the commencement of these proceedings, the control persons of the Debtor entities and Price Tower were one and the same.

3. This Motion seeks an order from the Court substantively consolidating Price Tower with this estate pursuant to 11 U.S.C. § 105.

4. In the matter of *In re Limited Gaming of Am* 228 B.R. 275, 286 (Bankr. N.D. Okla. 1988), the court provided the following:

    "The equitable power of a bankruptcy court to order the substantive consolidation of two or more bankruptcy estates has long been recognized. *See Holywell Corp. v. Bank of New York (In re Holywell)* 59 B.R. 340, 346 (S.D. Fla. 1986) (citations omitted)."

    At 287 the court provided:

"Under this standard, the proponent of substantive consolidation must show that (1) there is substantial identity between the entities to be consolidated; and (2) consolidation is necessary to avoid harm or to realize some benefit. When this showing is made, a presumption rise that 'creditors have not relied solely on the credit of one of the entities involved.'"

*See also AHF Development* 426 B.R. 186, 195-96 (Bankr. N.D. Tex. 2011) (citing 1 Collier On Bankruptcy § 105.09[2][a] (16th ed. 2010); *Union Sav. Bank v. Augie/Restivo Baking Ltd (In Re Augie/Restivo Baking Co. Ltd)* 860 F.2d 515, 519 (2d Cir. 1988).

5. As applied to the proposed substantive consolidation of Price Tower, there is substantial identity between Price Tower and the Debtor entities:

   a. the control persons are the same;
   b. prior to the commencement of these proceedings there had been substantial comingling of assets and monies between the two entities without regard to the separateness of the entities and without regard to formalities;
   c. most of the creditors scheduled in these proceedings are creditors of Price Tower.

6. Substantive consolidation of Price Tower will provide a benefit to this estate. The Trustee has recovered to date two tax refunds payable to Price Tower totaling $68,676.15 in one instance and $60,357.00 in another.

7. Substantive consolidation will likewise avoid harm. Attached as **Ex A** is a list of creditors of Price Tower who were not listed on the schedules of either Debtor entity and who, as a result of the substantial identity of these entities, should be permitted the opportunity to file claims herein and participate in any distribution.

8. The Trustee intends to seek an order of the Court substantively consolidating Price Tower with this estate.

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 24 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 24-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

Respectfully Submitted by:

/s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:    918-699-0345
Fax:          918-699-0325
*ATTORNEYS FOR TRUSTEE*