**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **GREEN COPPER HOLDINGS, LLC** | ) | **CASE NO. 25-10088-T** |
| **EIN # xx-xxx9708** | ) | **Chapter 7** |
| | ) | |
| **COPPER TREE, INC.** | ) | **Substantively Consolidated** |
| **EIN # xx-xxx6608** | ) | |
| | ) | |
| **Debtors.** | ) | |

**TRUSTEE'S OBJECTION TO (i) CLAIM NO. 3-1 FILED IN COPPER TREE INC., AND (ii) CLAIM NO. 2-1 FILED IN GREEN COPPER HOLDINGS, LLC, BY PAUL AUBERT ("AUBERT"), EACH IN THE AMOUNT OF $212,500.00, WITH NOTICE OF OPPORTUNITY FOR HEARING**

Comes now the Trustee and states:

1.  Aubert has filed Proofs of Claim against both of the substantively consolidated bankruptcy estates as follows: (i) Proof of Claim No. 3-1 filed against the Copper Tree Inc. ("Copper Tree") estate in the amount of $212,500.00, and (ii) Claim No. 2-1 filed against the Green Copper Holdings, LLC ("Green Copper") estate in the amount of $212,500.00. Collectively, these Proofs of Claim shall hereafter be referred to as the "Claim".

2.  The Claim is based on an alleged "[p]rovision of legal services and services as a director [of Copper Tree]."

3.  Aubert represents that he has been a Director of Copper Tree since September of 2023.[1] He also appears to hold, or have held at times relevant to this matter, an equity interest in Copper Tree.

---

[1] The Proofs of Claim include as an attachment a *Written Consent of All Members of the Board of Directors*, reciting that Aubert's appointment as Director – to replace Anthem Blanchard – was "ratified" on October 7, 2023.

4.  The Claim does not provide a calculation or accounting of its total amount. Nor does it provide an allocation of its amount between "legal services" and "services as a director." Further, the Claim is not accompanied by any contemporaneous time records.

5.  The alleged legal services appear to be premised upon an engagement letter dated September 1, 2022, from Paul Aubert, PLLC (a/k/a Paul Aubert Law Firm) (hereafter, the "Firm") to Copper Tree ("Engagement Letter").  By its terms, the Engagement Letter contemplates legal services only for "general corporate and securities matters."

6.  The Engagement Letter is not signed by a representative of Copper Tree, Inc., and thus does not constitute a valid legal obligation of the Debtor.

7.  Aubert asserts the Claim as an individual.  The Engagement Letter purports to form an agreement between Copper Tree and *the Firm*.  Thus, the Engagement Letter does not even purport to memorialize an obligation to Aubert and is therefore unenforceable by him as an individual.

8.  Among other things, the Engagement Letter states that –

> "the Company [Copper Tree] agrees to pay the Firm's invoices for legal services and expenses. Until such time as the parties agree, all legal fees will be charged on a monthly basis, which is listed on the Standard Terms of Engagement. *The Company and the Firm may come to an agreement for alternative methods of payment, such as equity in lieu of cash.*

(emphasis supplied).  In addition, the "Standard Terms of Engagement" of the Engagement Letter recite that "[w]e may agree to accept equity in lieu of cash payments."

9.  In light of Aubert's present equity interest in Copper Tree, it appears that the Firm (or Aubert) agreed with the Debtor to be compensated by "equity in lieu of cash."  An equity

interest does not form the basis of a "claim" against the Debtors' estate.  An equity security

interest in the Debtor may ultimately be recognized and allowed only upon presentation of

a timely Proof of Interest once all claims are allowed in this case.

10. The "Standard Terms of Engagement" of the Engagement Letter also recite that –

> "Initially, we [the Firm] will provide monthly services to you for a flat fee comprised of the following: $2,500.00 in cash per month, payable on the 1st of each calendar month, beginning with September 1, 2022. Upon the consummation of your acquisition of the property known as Price Tower in Bartlesville, Oklahoma, the flat fee due under this letter will increase to $5,000.00 per month beginning with the calendar month immediately following such consummation. *Notwithstanding the above, the amounts set forth above shall accrue and only become payable upon the consummation by you of a financing of at least $1 million in the aggregate.*

> (emphasis supplied).

11. Upon information and belief, Copper Tree never consummated "a financing of at least $1

million in the aggregate."  Thus, even if the Engagement Letter forms a valid contract

between Aubert and Copper Tree, its fee compensation provisions are unenforceable for

failure of its financing contingency.

12. The subject Proofs of Claim include as an attachment a *Statement Regarding Amount Due

as Creditor* ("Statement of Claim") created on or about March 5, 2025.  In the Statement

of Claim, Aubert states, among other things, that in September of 2023 –

> "it was orally agreed that the amount I was being paid would increase from $5,000 per month for legal services to $10,000 per month to continue providing legal services and to serve on the board of directors. It was also agreed that the amount accrued under my engagement letter with the company would become due and payable at any time that the Company would be financially able to do so."

13. By its terms, no oral modification of the Engagement Letter was permitted. Thus, any modification of the Letter Agreement's terms governing the provision for legal services is not enforceable against the Debtor.[2]

14. Upon information and belief, prior to his alleged engagement by the Debtors, Aubert served as a principal of, and provided legal services to, one or more non-Debtor entities controlled by Anthem Blanchard ("Blanchard Entities")

15. The Engagement Agreement does not represent a legitimate contract between Aubert and the Debtor. The Engagement Agreement appears to be a disguised attempt to compensate Aubert for obligations originally owed to him by other Blanchard Entities. As a result, any obligations set forth in the Engagement Letter were illusory and were void ab initio.

16. In the alternative, the Trustee asserts that at all material times, Aubert was an insider of the Debtor, and the asserted Claim exceeds the reasonable value of services provided to the Debtor.  As a result, the Claim should be disallowed to the extent the amount exceeds the value of any services pursuant to 11 U.S.C. § 502(b)(4).

17. At most, Aubert is entitled to allowance of only *one* of his filed Proofs of Claim in this substantively consolidated case.

18. The Trustee intends to seek an order of the Court disallowing the Claim in its entirety, or allowing such Claim in a limited equitable sum under *quantum meruit* principles.

---

[2] The "Standard Terms of Engagement" state that its terms could only be "modified *in writing* by mutual agreement". (emphasis supplied).

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 33 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 33-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

Respectfully Submitted by:

/s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:     918-699-0345
Fax:             918-699-0325
*ATTORNEYS FOR TRUSTEE*