IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **GREEN COPPER HOLDINGS, LLC** | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| **COPPER TREE, INC.** | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| Debtors. | ) | |

## TRUSTEE'S NOTICE AND MOTION TO SETTLE DISPUTED MATTER AND NOTICE OF OPPORTUNITY FOR HEARING

Comes now the Trustee and states:

1. Prior to the commencement of these proceedings, the consolidated Debtors commenced a state court action against the **Frank Lloyd Wright Building Conservancy,** an Illinois not-for-profit corporation ("Conservancy"), Case No. CJ-2024-237, in the District Court for Washington County, Oklahoma. The consolidated Debtors asserted in that matter that a certain Preservation and Conservation Easement ("Easement") held by the Conservancy and filed of record on April 18, 2011, did not apply to certain assets of the Debtor Green Copper Holdings LLC. The Conservancy disputed and continues to dispute these claims. The claims asserted by the consolidated Debtors constitute property of the estate.

2. Subsequent to the commencement of these proceedings, the Conservancy filed a Proof of Claim No. 16 for the sum of $170,000 relative to legal fees incurred in enforcing the terms of the Easement.

3. Prior to the commencement of these proceedings, the Debtor transferred certain personal property formerly located at the Price Tower to an entity called 20C for the sum of

$150,000. The Trustee has reviewed the facts and circumstances of the transfers and has considered possible claims to avoid the transfers pursuant to applicable Bankruptcy and/or Oklahoma State law. The Conservancy is in the process of acquiring the transferred assets from 20C with the intent to return the assets to the Price Tower and to preserve the assets in accordance with the Conservancy's mission and pursuant to the terms of the Easement.

4. The Trustee and the Conservancy have entered into a Settlement Agreement regarding the referenced claims and any potential avoidance claims. Attached as **Ex A** is a copy of the executed and proposed agreement. As set forth in the proposed Settlement Agreement, and upon the Court's approval of the proposed settlement:

   a. The Trustee will release any and all claims against the Conservancy arising out of or related to the above referenced state court proceeding and shall cause to be filed in the state court matter a dismissal of all claims.

   b. The Conservancy shall withdraw its Proof of Claim and shall release any and all claims against this estate.

   c. The Trustee shall release any and all avoidance claims with respect to the pre-petition transfers of property to 20C.

5. The Trustee recommends the proposed Settlement for various reasons including but not limited to:

   a. Litigating the referenced state court matter would be time consuming and costly.

   b. There is merit to the Conservancy's claims.

   c. The issues have been largely rendered moot by virtue of the sale of the assets of the consolidated Debtors.

   d. The withdrawal of the Conservancy's claim will result in a substantial benefit to the estate and an increased distribution for the benefit of the allowed claims of this estate.

   e. Pursuit of any avoidance claims will likewise be time-consuming and costly with no guarantee of recovery. Without conceding any defenses, the potential claim involves complicated issues related to consideration for the assets transferred; the insolvency of the Debtor at the time of the transfer; and the effect of the Easement relative to the claim.

6. The Trustee intends to seek Court approval for the proposed Settlement unless an interested and necessary party objects and requests a hearing on the matter within 24 days of the filing of this pleading.

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 24 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 24-**

**day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

Respectfully Submitted by:         /s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:    918-699-0345
Fax:              918-699-0325
*ATTORNEYS FOR TRUSTEE*