FILED

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OKLAHOMA

2025 JUL 21  PM 2:43

REBECCA ...........
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLA

**IN RE:**
COPPER TREE, INC.,
EIN # xx-xxx6608

CASE NO. 25-10088-T Chapter 7

Substantively Consolidated

GREEN COPPER HOLDINGS, LLC,
EIN # xx-xxx9708;
Debtors.
Case No.: 24-10021-M
 Chapter: 7

---

## CLAIMANT TAKITIK ENTERPRISES, INC. (CLAIM NO. 4),  COMPOSITE EXHIBITS
## IN SUPPORT OF CLAIMANT'S
## OBJECTION TO TRUSTEE'S NOTICE AND MOTION TO SETTLE DISPUTED MATTER AND NOTICE OF OPPORTUNITY FOR HEARING [ECF 156]

COMPOSITE EXHIBITS IN SUPPORT OF CLAIMANT'S OBJECTION TO ECF 156-156-1

### CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of this foregoing OBJECTION to Trustee's motion ECF 156 was served by first class US Mail on this 18th day of July 2025 with the Clerk of Court.

By: _____

 Dale Takio, President
 Takitik Enterprises, Inc.
11222 Oakshore Ln.,
Clermont, Florida 34711
Tel. (407) 232-5951
Claimant No. 4



**THE BRAND LAW FIRM, P.A.**
*"Protecting The Innocent"*
Craig A. Brand, Esq.
Florida Bar No. 896111
Tel: 305-878-1477
Craig@TheBrandLawFirm.com

The Brand Law Firm, P.A.
www.TheBrandLawFirm.com
Craig A. Brand, Esq.

April 27, 2024

**Mussleman Abstract:** *(Title Company)*
Andrew "Drew" Ihrig, Esq. (and Jordan Ihrig)
    **Drew** - drew@ihriglaw.com, dihrig@musselmanabs.com
    **Jordan** - Jlhrig@MusselmanAbs.com
    **Company General Email** - Orders@musselmanabs.com
216 E 4th St, Bartlesville, OK 74003  (Physical Address)
PO Box 1072, Bartlesville, OK 74003 (Mailing Address)
(p) - 918-336-6410
(m) 405-323-4200
(o) 580-363-4300

Re:    President Cynthia Blanchard Copper Tree, Inc
       501 SE Frank Phillips Blvd. Suite 102
       Bartlesville, OK  74003

Re:    The Price Tower
       501 S. Dewey Ave.,
       Bartlesville, OK

       Re:    My Clients:
            Pictoria Studios, Inc.
            Taktik Enterprises, Inc.
            Mystic Enterprises, Inc.
            John Doe 1 - 10

Re:    **NOTICE OF FORTHCOMING LITIGATION AND INTEREST IN PROPERTY/EVIDENCE OF AND CONCERNING THE PRICE TOWER**

Dear Musselman Abstract, and Mrrs. Andrew Ihrig and Jordan Ihrig,

Please be advised that the undersigned represents numerous minority shareholders and creditors against Copper Tree Inc. Copper Tree Inc is the parent or holding company who owns, possibly "controls", ("controls": as the CAP table is an item in dispute), and is charge with fiduciary duties and responsibilities towards not only all of its shareholders but to the preservation of the Price Tower located in Bartlesville, OK.

It has come to our attention that you, your company or an ancillary thereof are interested in purchasing, transferring, clouding title to, or encumbering The Price Tower/Copper Tree, Inc.,

Orlando Office:
11222 Oakshore Ln.
Clermont, Florida 34711
*Live Each Day With Courage*
*Always Finish What You Start*
*Know Where To Draw The Line*

Colorado Mail:
4650 Indian Creek Rd.
Loveland, Colorado 80538
*Take Pride In Your Work*
*Be Tough, But Fair*
*Do What Has To Be Done*

PHONE: (305) 878-1477
E-MAIL: Craig@thebrandlawfirm.com
ONLINE: www.TheBrandLawFirm.com
*Ride For The Brand*
*Remember Somethings Are Not For Sale*



**THE BRAND LAW FIRM, P.A.**
*"Protecting The Innocent"*
Craig A. Brand, Esq.
Florida Bar No. 896111
Tel: 305-878-1477
Craig@TheBrandLawFirm.com

Green Copper Holdings, LLC., or any part or sub-part thereof. If not directly, then possibly indirectly through your business as a title company.

Please be advised that my clients believe to have material claims against Copper Tree, Inc., Green Copper Holdings, LLC., The Price Tower and Cynthia Blanchard and any underling personnel placed in her stead as alleged "officers or directors". Evidence Preservation Notices and Notices of Potential Causes of Action with Statutory Compliance notices have properly been served. These evidence preservation notices as well as shareholder pre-litigation notices inform the entity, in summary, that they are forbidden in any way, shape or form to manipulate, maneuver, delete, tamper with, lose, destroy, etc., evidence, and any digital or hard form of document or communication which might lead to the discovery of admissible evidence, documents, emails, text messages, company information and documents from 2021 onwards. This would include but not be limited to any and all art work, structures, fixtures, and parts of the asset(s) owned or should be owned by the parent entity.

In the event that you or your entity(s) or affiliate(s) are interested or have already encumbered such property(s), in part of whole, you do so at your own peril as my clients will be looking to lawfully claw-back any such assets, damages, and engage in any legal entitlements that might be availed. It would be advised to consult with your attorney as to the allegations made within this Notice as to whatever steps you next take. If you have an attorney and if they would like to speak, we would welcome the opportunity if in fact your interest in any purchase, sale, encumbrance, transfer or cloud of title in or for Copper Tree, Inc., and/or The Price Tower exists.

In the event that you have or did have interest in Copper Tree, Inc., and/or The Price Tower, please contact me for further discussion and possible resolution. For now, please be advised that you are on Notice that claims and interests (property, equity, in contract) arise and stem from Copper Tree, Inc., and The Price Tower, Bartlesville, OK.

Sincerely,

*/s/ Craig A. Brand, Esq.*

Orlando Office:
11222 Oakshore Ln.
Clermont, Florida 34711
*Live Each Day With Courage*
*Always Finish What You Start*
*Know Where To Draw The Line*

Colorado Mail:
4650 Indian Creek Rd.
Loveland, Colorado 80538
*Take Pride In Your Work*
*Be Tough, But Fair*
*Do What Has To Be Done*

PHONE: (305) 878-1477
E-MAIL: Craig@thebrandlawfirm.com
ONLINE: www.TheBrandLawFirm.com
*Ride For The Brand*
*Remember Somethings Are Not For Sale*



**THE BRAND LAW FIRM, P.A.**

*"Protecting The Innocent"*

Craig A. Brand, Esq.
Florida Bar No. 896111
Tel: 305-878-1477
Craig@TheBrandLawFirm.com

April 27, 2024

**Barry Gream**
1430 N. Riverfront Blvd
Dallas, Tx 75207
Emails: bbarry@20cdesign.com, info@20cdesign.com
(m) 214-674-5717
(p) 214-939-1430

**Ryan Rucker**
1430 N. Riverfront Blvd
Dallas, Tx 75207
Emails: ryan@20cdesign.com, cashmoneymodern@yahoo.com, info@20cdesign.com
(m) 214-228-6264
(p) 214-939-1430
(h) 214-374-2824

**1st Dibbs**
David Rosenblatt, CEO
(m) 646-454-4940
(p) 305-310-1457
156 5th Avenue, Suite 200
NY, NY 10010
Emails: david@1stdibs.com, drosenblatt@gmail.com, d.rosenblatt@yahoo.com, drosenblatt18
@gmail.com

Re:    President Cynthia Blanchard Copper Tree, Inc
       501 SE Frank Phillips Blvd. Suite 102
       Bartlesville, OK  74003

Re:    The Price Tower
       501 S. Dewey Ave.,
       Bartlesville, OK

Re:    My Clients:
       Pictoria Studios, Inc.
       Taktik Enterprises, Inc.
       Mystic Enterprises, Inc.
       John Doc 1 – 10

Orlando Office:              Colorado Mail:               PHONE: (305) 878-1477
11222 Oakshore Ln.          4650 Indian Creek Rd.        E-MAIL: Craig@thebrandlawfirm.com
Clermont, Florida 34711     Loveland, Colorado 80538     ONLINE: www.TheBrandLawFirm.com
*Live Each Day With Courage*  *Take Pride In Your Work*    *Ride For The Brand*
*Always Finish What You Start* *Be Tough, But Fair*        *Remember Somethings Are Not For Sale*
*Know Where To Draw The Line*  *Do What Has To Be Done*



**THE BRAND LAW FIRM, P.A.**
*"Protecting The Innocent"*
Craig A. Brand, Esq.
Florida Bar No. 896111
Tel: 305-878-1477
Craig@TheBrandLawFirm.com

Re:    Items at Issue
Identified Asset removed from the Price Tower on the evening Wednesday April 24, 2024 :
1.  Shin'enKan Gate
2.  Information plaque for the Shin'enKan Gate
3.  Diamond shaped ashtray from Shin'enKan and designed by Bruce Goff
4.  Large light removed from the Price Tower storage was loaded onto the same truck

Re:    **NOTICE OF FORTHCOMING LITIGATION AND INTEREST IN PROPERTY/EVIDENCE OF AND CONCERNING THE PRICE TOWER**

Dear Mr. Gream, Mr. Rucker, 20cdesign, 1st Dibbs, Mr. Rosenblatt:

Please be advised that the undersigned represents numerous minority shareholders and creditors against Copper Tree Inc.  Copper Tree Inc is the parent or holding company who owns, possibly "controls", ("controls": as the CAP table is an item in dispute), and is charge with  fiduciary duties and responsibilities towards not only all of its shareholders but to the preservation of the Price Tower located in Bartlesville, OK.

It has come to our attention that you, your company or an ancillary thereof are interested in purchasing, transferring, clouding title to, or encumbering The Price Tower/Copper Tree, Inc., Green Copper Holdings, LLC., or any part or sub-part thereof. We would  consider the removal of the Shin'enKan Gate and parts thereof to fit within the assets to have been held by Copper Tree or its subsidiaries.

Please be advised that my clients believe to have material claims against Copper Tree, Inc., Green Copper Holdings, LLC., The Price Tower and Cynthia Blanchard and any underling personnel placed in her stead as alleged "officers or directors".  Evidence Preservation Notices and Notices of Potential Causes of Action with Statutory Compliance notices have properly been served.  These evidence preservation notices as well as shareholder pre-litigation notices inform the entity, in summary, that they are forbidden in any way, shape or form to manipulate, maneuver, delete, tamper with, lose, destroy, etc., evidence, and any digital or hard form of document or communication which might lead to the discovery of admissible evidence, documents, emails, text messages, company information and documents from 2021 onwards. This would include but not be limited to any and all art work, structures, fixtures, and parts of the asset(s) owned or should be owned by the parent entity.

In the event that you or your entity(s) or affiliate(s) are interested or have already encumbered such property(s), in part of whole, you do so at your own peril as my clients will be looking to lawfully claw-back any such assets, damages, and engage in any legal entitlements that might

Orlando Office:                        Colorado Mail:                      PHONE: (305) 878-1477
11222 Oakshore Ln.                 4650 Indian Creek Rd.           E-MAIL: Craig@thebrandlawfirm.com
Clermont, Florida 34711          Loveland, Colorado 80538      ONLINE: www.TheBrandLawFirm.com
*Live Each Day With Courage*    *Take Pride In Your Work*       *Ride For The Brand*
*Always Finish What You Start*   *Be Tough, But Fair*               *Remember Somethings Are Not For Sale*
*Know Where To Draw The Line*  *Do What Has To Be Done*

TAKIO - 000004



# THE BRAND LAW FIRM, P.A.

*"Protecting The Innocent"*

Craig A. Brand, Esq.
Florida Bar No. 896111
Tel: 305-878-1477
Craig@TheBrandLawFirm.com

be availed. It would be advised to consult with your attorney as to the allegations made within this Notice as to whatever steps you next take. If you have an attorney and if they would like to speak, we would welcome the opportunity if in fact your interest in any purchase, sale, encumbrance, transfer or cloud of title in or for Copper Tree, Inc., and/or The Price Tower exists.

In the event that you have or did have interest in Copper Tree, Inc., and/or The Price Tower, please contact me for further discussion and possible resolution. For now, please be advised that you are on Notice that claims and interests (property, equity, in contract) arise and stem from Copper Tree, Inc., Green Copper Holdings, LLC., and The Price Tower, Bartlesville, OK.

Sincerely,

*/s/ Craig A. Brand, Esq.*

Orlando Office:
11222 Oakshore Ln.
Clermont, Florida 34711
*Live Each Day With Courage*
*Always Finish What You Start*
*Know Where To Draw The Line*

Colorado Mail:
4650 Indian Creek Rd.
Loveland, Colorado 80538
*Take Pride In Your Work*
*Be Tough, But Fair*
*Do What Has To Be Done*

PHONE: (305) 878-1477
E-MAIL: Craig@thebrandlawfirm.com
ONLINE: www.TheBrandLawFirm.com
*Ride For The Brand*
*Remember Somethings Are Not For Sale*



# THE BRAND LAW FIRM, P.A.

*"Protecting The Innocent"*

Craig A. Brand, Esq.
Tel: 305-878-1477
Tel. 877-407-BRAND
Craig@TheBrandLawFirm.com

September 15, 2023

cynthia@thepricetower.com

President Cynthia Blanchard Copper Tree, Inc
501 SE Frank Phillips Blvd. Suite 102
Bartlesville, OK  74003

      Re:   My Clients:
              Pictoria Studios, Inc.
              Taktik Enterprises, Inc.
              Mystic Enterprises, Inc.

      Re:    Demand Letter for Final Payment

Dear Cynthia,

This writing has been scaled down as none of us desire adversities or escalations between ourselves, just solutions. We are at a crossroads where the continued breaches by Copper Tree and the failings of judgements such as with Anthony Fischler, Wright Steak and Love 66 Bistro and their lack of making payments @$25,000!, wrapped up with the improper use and utilization of intellectual property being allowed by Copper Tree to be taken from Pictoria Studios by Mr. Fischler is overwhelming. Furthermore, the continued system disruption and interferences with the Consulting Agreements belonging to Pictoria Studios and Taktik Enterprises, Inc. can no longer be accepted or tolerated. Mystic Enterprises is and has been owed monies for far too long and from appearances, everyone subsequent has been getting paid but those that have and want to help ease some of your pressures and burdens. The bell has rung and payment is now expected.

For preservation and pre-litigation purposes, please be advised that we are concluding the drafting of a lawsuit or Arbitration Claim being circulated for verification of facts purposes. You had asked Dale Takio to reserve some additional time and that extension has also run; now by two weeks. This lawsuit or Arbitration demand shall be filed with the American Arbitrators Association or Middle District of Florida (to be determined based upon the final decisions of the claims brought), where you will have to come to defend it. As you are aware, Copper Tree agreed to such jurisdiction within the Consulting Agreements which reads:

*Jursidiction:*

*(a) Arbitration Rules of Engagement. The arbitration shall be conducted by a single arbitrator acting under*

Orlando Office:
11222 Oakshore Ln.
Clermont, Florida 34711
*Live Each Day With Courage*
*Always Finish What You Start*
*Know Where To Draw The Line*

Colorado Mail:
4650 Indian Creek Rd.
Loveland, Colorado 80538
*Take Pride In Your Work*
*Be Tough, But Fair*
*Do What Has To Be Done*

PHONE: (305) 878-1477
PHONE: (877) 407-447-BRAND
E-MAIL: Craig@thebrandtlawfirm.com
ONLINE: www.TheBrandLawFirm.com
*Ride For The Brand*
*Remember Somethings Are Not For Sale*



**THE BRAND LAW FIRM, P.A.**
*"Protecting The Innocent"*
Craig A. Brand, Esq.
Tel: 305-878-1477
Tel. 877-407-BRAND
Craig@TheBrandLawFirm.com

the then current "Commercial Rules of AAA. The arbitration shall be held in either Lake County, Orange County or Miami-Dade County, Florida, or in Washington County, Oklahoma (to be based on the selection of the party initiating such arbitration) unless otherwise agreed by both parties. Each party to this Agreement will be responsible for the payment of one half (1/2) of the fees plus costs for the arbitration. In the event a dispute is submitted to arbitration, the parties will be responsible for their own legal fees unless otherwise agreed in writing by the parties. Judgement on this binding AAA arbitration shall be entered by any branch of the Miami-Dade Circuit Court with Jurisdiction on the amount at issue. The Parties further agree that any arbitrator must be one with at least 7 years of judicial experience and at least 6 years of private practice experience.



Orlando Office:
11222 Oakshore Ln.
Clermont, Florida 34711
*Live Each Day With Courage*
*Always Finish What You Start*
*Know Where To Draw The Line*

Colorado Mail:
4650 Indian Creek Rd.
Loveland, Colorado 80538
*Take Pride In Your Work*
*Be Tough, But Fair*
*Do What Has To Be Done*

PHONE: (305) 878-1477
PHONE: (877) 407-BRAND
E-MAIL: Craig@thebrandlawfirm.com
ONLINE: www.TheBrandLawFirm.com
*Ride For The Brand*
*Remember Somethings Are Not For Sale*



# THE BRAND LAW FIRM, P.A.
## *"Protecting The Innocent"*
Craig A. Brand, Esq.
Tel: 305-878-1477
Tel. 877-407-BRAND
Craig@TheBrandLawFirm.com



Please have the payment made by wire transfer as expressed herein.  If not, we shall be forced to take legal recourse and protect our interests.  You are on notice that this is a pre-litigation demand and I shouldn't have to tell you that you are forbidden in any way, shape or form to manipulate, maneuver, delete, tamper with, lose, destroy, etc., evidence, and any digital or hard form of document or communication which might lead to the discovery of admissible evidence, documents, emails, text messages, company information and documents from 2021 onwards.

Sincerely,

*Craig A. Brand, Esq.*

Orlando Office:
11222 Oakshore Ln.
Clermont, Florida 34711
*Live Each Day With Courage*
*Always Finish What You Start*
*Know Where To Draw The Line*

Colorado Mail:
4650 Indian Creek Rd.
Loveland, Colorado 80538
*Take Pride In Your Work*
*Be Tough, But Fair*
*Do What Has To Be Done*

PHONE:  (305) 878-1477
PHONE:  (877) 407-BRAND
E-MAIL:  Craig@thebrandlawfirm.com
ONLINE: www.TheBrandLawFirm.com
*Ride For The Brand*
*Remember Somethings Are Not For Sale*



# THE BRAND LAW FIRM, P.A.
## *"Protecting The Innocent"*
Craig A. Brand, Esq.
Florida Bar No. 896111
Tel: 305-878-1477
Craig@TheBrandLawFirm.com

April 27, 2024

<u>**Archway Properties:**</u>
Dallas Hindman, Owner
info@archway-properties.com
27255 N 3979
Ochelata, OK, 74051

Re:    President Cynthia Blanchard Copper Tree, Inc
      501 SE Frank Phillips Blvd. Suite 102
      Bartlesville, OK  74003

Re:    The Price Tower
      501 S. Dewey Ave.,
      Bartlesville, OK

      Re:    My Clients:
               Pictoria Studios, Inc.
               Taktik Enterprises, Inc.
               Mystic Enterprises, Inc.
               John Doe 1 - 10

      Re:  <u>**NOTICE OF FORTHCOMING LITIGATION AND INTEREST IN PROPERTY/EVIDENCE OF AND CONCERNING THE PRICE TOWER**</u>

Dear Archway Properties and Mr. Dallas Hindman,

Please be advised that the undersigned represents numerous minority shareholders and creditors against Copper Tree Inc.  Copper Tree Inc is the parent or holding company who owns, possibly "controls", ("controls": as the CAP table is an item in dispute), and is charge with  fiduciary duties and responsibilities towards not only all of its shareholders but to the preservation of the Price Tower located in Bartlesville, OK.

It has come to our attention that you, your company or an ancillary thereof are interested in purchasing, transferring, clouding title to, or encumbering The Price Tower/Copper Tree, Inc., Green Copper Holdings, LLC., or any part or sub-part thereof.

Please be advised that my clients believe to have material claims against Copper Tree, Inc., Green Copper Holdings, LLC., The Price Tower and Cynthia Blanchard and any underling personnel placed in her stead as alleged "officers or directors".  Evidence Preservation Notices and Notices of Potential Causes of Action with Statutory Compliance notices have properly

Orlando Office:
11222 Oakshore Ln.
Clermont, Florida 34711
*Live Each Day With Courage*
*Always Finish What You Start*
*Know Where To Draw The Line*

Colorado Mail:
4650 Indian Creek Rd.
Loveland, Colorado 80538
*Take Pride In Your Work*
*Be Tough, But Fair*
*Do What Has To Be Done*

PHONE: (305) 878-1477
E-MAIL: Craig@thebrandlawfirm.com
ONLINE: www.TheBrandLawFirm.com
*Ride For The Brand*
*Remember Somethings Are Not For Sale*



**THE BRAND LAW FIRM, P.A.**
*"Protecting The Innocent"*
Craig A. Brand, Esq.
Florida Bar No. 896111
Tel: 305-878-1477
Craig@TheBrandLawFirm.com

been served. These evidence preservation notices as well as shareholder pre-litigation notices inform the entity, in summary, that they are forbidden in any way, shape or form to manipulate, maneuver, delete, tamper with, lose, destroy, etc., evidence, and any digital or hard form of document or communication which might lead to the discovery of admissible evidence, documents, emails, text messages, company information and documents from 2021 onwards. This would include but not be limited to any and all art work, structures, fixtures, and parts of the asset(s) owned or should be owned by the parent entity.

In the event that you or your entity(s) or affiliate(s) are interested or have already encumbered such property(s), in part of whole, you do so at your own peril as my clients will be looking to lawfully claw-back any such assets, damages, and engage in any legal entitlements that might be availed. It would be advised to consult with your attorney as to the allegations made within this Notice as to whatever steps you next take. If you have an attorney and if they would like to speak, we would welcome the opportunity if in fact your interest in any purchase, sale, encumbrance, transfer or cloud of title in or for Copper Tree, Inc., and/or The Price Tower exists.

In the event that you have or did have interest in Copper Tree, Inc., and/or The Price Tower, please contact me for further discussion and possible resolution. For now, please be advised that you are on Notice that claims and interests (property, equity, in contract) arise and stem from Copper Tree, Inc., and The Price Tower, Bartlesville, OK.

Sincerely,

*/s/ Craig A. Brand, Esq.*

Orlando Office:
11222 Oakshore Ln.
Clermont, Florida 34711
*Live Each Day With Courage*
*Always Finish What You Start*
*Know Where To Draw The Line*

Colorado Mail:
4650 Indian Creek Rd.
Loveland, Colorado 80538
*Take Pride In Your Work*
*Be Tough, But Fair*
*Do What Has To Be Done*

PHONE: (305) 878-1477
E-MAIL: Craig@thebrandlawfirm.com
ONLINE: www.TheBrandLawFirm.com
*Ride For The Brand*
*Remember Somethings Are Not For Sale*



*From the desk of:*
*Craig M. Oberweger, Esq.*
*Direct tele: 561.859.2561*

January 23, 2024

Certified Mail No.: 7022 2410 000 5491 4566

PAUL AUBERT, Esq.
403 Corporate Woods Dr., Suite 4
Magnolia, TX 77354

ALT/ Via email: paul@herasoft.com ; paul@anthemvault.com

**Re:** **LITIGATION HOLD AND DOCUMENT AND DATA PRESERVATION DEMAND**

MYSTIC LAW, P.A., a Florida Corporation, et. al.

v.

COPPER TREE, INC., A Delaware corporation, and
PAUL D. AUBERT, ESQ., ANTHEM HOLDING CORPORATION,
A DELAWARE COMPANY, A/K/A HERASOFT
DEVELOPMENT, and Unknown Defendants 1-5

Dear Sir:

This firm represents MYSTIC LAW, P.A.

Under federal and state law, each addressee is obligated to retain, and refrain from altering, deleting, or destroying, any and all objects, documents, and/or data, in any form, that may be relevant to the litigation. To avoid a problem with record retention regarding the litigation, we request each addressee immediately implement a **"litigation hold"** which requires each addressee to preserve all the information and evidence that is or may be relevant to the litigation. This obligation attaches upon constructive notice of the potential for litigation. *See* e.g., *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273 (S.D. Fla. 1999) (citing *Telectron v. Overhead Door Corp.*, 116 F.R.D. 107, 126 (S.D. Fla. 1987).

This litigation hold should override any document or data destruction procedure or policy each addressee may currently have in place. This litigation hold is a continuing obligation. New documents, as they are created, must also be preserved.

2101 NW Corporate Blvd., Suite 410 | Boca Raton, FL 33431  Tel: 800.520.2052 Fax: 561.405.3158

Please ensure that each addressee agents, accountants, auditors, computer systems personnel, employees and any other relevant and applicable persons, departments and/or entities are informed that a litigation hold is in place regarding all matters related, or foreseeably related, to the above referenced litigation and individuals and/or entities involved therein.

Please be certain to provide a copy of this instruction to all relevant and applicable persons/entities who/which might possibly have possession, custody and/or control of such documents and information, including, but not limited to, the person(s)/entities whose responsibilities cover the matters involved in the above-referenced litigation (as well as the discovery and preservation of such documents and information). Please take a moment to look at the list of individuals to whom this notice is addressed to see if there are other people each addressee believes should receive this notice as well. If there are additional persons that may have unique, non-cumulative, potentially relevant documents, please provide their names to us at each addressee's earliest convenience.

Each addressee should review their duties to preserve and protect electronic and non-electronic discovery. This letter details some, but by no means all, of these duties.

The Florida Rules of Civil Procedure (and the Federal Rules) and related state and federal case law, generally broadly define the term, "document," to include information in any tangible format. As a result, in addition to relevant paper and other "hard copy" documents, it is each addressee's obligation to preserve, in its original condition, any and all electronic data that may be relevant to the litigation. *Such data includes, but is not limited to*: e-mail and other electronic communications, word processing documents, spreadsheets, databases, calendars, telephone logs, text files, text messages, HTML files, notes in digital format, instant messages, SMS messages, customer lists, contact manager information, Internet usage files, and network access information that are stored in the following platforms: cloud-based storage, databases, networks, computer systems, including legacy systems (hardware and software), servers, archives, backup or disaster recovery systems, tapes, discs, drives, cartridges and other storage media, laptops, personal computers, Internet data, personal digital assistants, tablets, handheld wireless devices, mobile telephones, paging devices, and audio systems, including voicemail as well as on any social media website or application, whether locally or Internet based. This includes information that is in each addressee's possession, custody, or control, including items in the possession of third parties under each addressee's control. Any hard copies of the above-referenced information must be retained in addition to the electronic versions.

The preservation obligation also extends to any deleted data that was not overwritten at the time each addressee started considering the potential for litigation. *See Thompson v. United States Dept. of Housing and Urban Dev.*, 219 F.R.D. 93, 97 (D. Md. 2003).

All information identified in this letter should be preserved covering the time frame referenced in the above, **but in no event less than the period from June 1, 2022, through the present, and ongoing** (the "Effective Date").

Each addressee has a legal obligation to follow these requirements to retain records and information about electronic data. Florida recognizes the tort of spoliation of evidence, and destruction of potentially relevant documents or data with knowledge of potential suit, even before service of process, may be subject to severe sanctions by the court, including the entry of default

judgment. *See Banco Latino, S.A.C.A. v. Gomez Lopez,* 53 F. Supp. 2d 1273 (S.D. Fla. 1999); 18 U.S.C. § 1512(b)(2); *Telectron v. Overhead Door Corp.,* 116 F.R.D. 107, 126 (S.D. Fla. 1987).

Please ensure that each addressee retains all documents, including "electronic data compilations," as required by the law.

We consider electronic data to be a valuable and irreplaceable source of discovery and/or evidence in this matter. The laws and rules prohibiting the destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Printouts to paper form of text from an electronic file do not preserve the totality of information, which is in the electronic file, and therefore do not suffice to fully preserve evidence. Due to its format, electronic information is easily deleted, modified, or corrupted.

Accordingly, demand is hereby made that each addressee take every reasonable step to preserve this information until the final resolution of this matter.

This includes, but is not limited to, an obligation to:
- Discontinue all data destruction and backup tape recycling policies;
- Preserve and not dispose of relevant hardware, unless an exact replica of the file (a mirror image) is made;
- Preserve and not destroy passwords, decryption procedures (and accompanying software), network access codes, ID names, manuals, tutorials, written instructions, decompression, or reconstruction software, and/or logs;
- Maintain all other pertinent information and tools needed to access, review, view, and/or reconstruct all requested or potentially relevant electronic data.

Below is a further breakdown of the information and evidence that is subject to this litigation hold.

    1.    **Electronic data to be preserved:** The following types of electronic data should be preserved, in accordance with the steps set forth in paragraphs below:

        a.    All electronic mail and information about electronic mail (including message contents, header information and logs of electronic mail system usage) sent or received by any of each addressee employees, officers, directors, or shareholders concerning the litigation from the Effective Date.

        b.    All other electronic mail and information (including message contents, header information and logs of electronic mail system usage) containing information related to the litigation.

        c.    All databases (including all records and fields and structural information in such databases), containing any reference to and/or information related to the Litigation that each addressee maintains or has maintained from the Effective Date.

        d.    Any and all documents and other sources of information that are necessary in order to interpret all coded fields within each database referred to in the

2101 NW Corporate Blvd., Suite 410 | Boca Raton, FL 33431   Tel: 800.520.2052 Fax: 561.405.3158

previous item. (A coded field contains an abbreviated entry representing other information and cannot be used or understood without a key to the transaction or meaning of the entry.

e.    All logs of activity on computer systems, which may have been used to process or store electronic data containing information about the matters described in items a - d, *infra.*

f.    All files and file fragments created by any application program (e.g., word processing programs, calendaring programs, messaging programs, case management programs, billing programs, payroll programs, accounts payable programs, etc.) containing information about any matters pertaining to the Litigation during the Effective Date.

2.    **Hardware and Systems**. We will need a thorough understanding of the following, and therefore, request that each addressee keep an accurate record of same as of the date of each addressee's initial preservation efforts:

a.    types of computers (e.g. mainframe, workstations, laptops) used by each addressee's employees; types and versions of all operating systems (e.g., Windows, Linux, UNIX), including dates of major changes or upgrades;

b.    number/types of servers (e.g., Exchange servers) and the current locations of servers (i.e., physical locations and addresses), including the status of any previous server;

c.    employees' use of laptops to conduct business and how the laptops are connected to the network servers (e.g., remote access programs, synchronization procedures);

d.    employees' use of home computers to conduct business and how those computers are connected to the company's network (e.g., remote access, Web access);

e.    employees' use of handheld devices (e.g., Blackberries, iPads, iPhones, Droids, smartphones, tablets, and other hand-held devices) to conduct business; and

f.    any data storage locations outside of the United States.

3.    **Online data storage on servers, workstations, mainframes, desktops, laptops, micro-PCs, or other computers ("Computers"):** With regard to online storage and/or direct access storage devices attached to each addressee's computers, do not modify or delete any electronic data files existing at the time of this letter's delivery, which meet the criteria set forth in paragraph 1, infra, unless a true and correct copy of each such electronic data file has been made and steps have been taken to assure that such a copy will be preserved and accessible for purposes of this litigation. "Computers" is to be construed broadly, regardless of whether a particular computer type may have been specifically mentioned as an example of Computers.

4.      **Off-line data storage, cloud-based storage, backups and archives, diskettes, tapes, USB/flash drives, CDs, DVDs, tapes and any other removable or Internet based electronic media ("Backup Media"):** With regard to all Backup Media used for storage, which, at the time of this letter's delivery, contained any electronic data meeting the criteria listed in paragraph 1 above: stop any activity which may result in the loss of such electronic data, including rotation, destruction, overwriting and/or erasure of such media in whole or in part.  This request is intended to cover all removable electronic media used for data storage in connection with each addressee's computer systems, regardless of whether it may have been specifically mentioned as an example of Backup Media, regardless of which Computers it may be attached to or used with, and whether containing backup and/or archive data sets and other electronic data, for all of each addressee's Computers.  We will need a thorough understanding of the following, and therefore, request that each addressee keep an accurate record of same as of the date of each addressee's initial preservation efforts:

      a.      the types of backups that each addressee perform (e.g. full backups, incremental backups);

      b.      the types of data backed up by each addressee (e.g. e-mails, word processing documents);

      c.      each addressee's backup schedule (e.g., each business day, weekly and monthly);

      d.      when the backup media, such as tapes, are recycled for reuse (and thus overwritten);

      e.      whether the backup media are individually labeled by type of data stored on the tape or by employees whose data is stored on the tape;

      f.      whether backup media are indexed and/or logged by backup software;

      g.      the type of media on which the backup data are stored, and any prior types of backup media used;

      h.      whether each addressee has restored backup tapes during the relevant period, for any purpose, including for other litigation or to retrieve data inadvertently deleted from each addressee's computer systems;

      i.      whether each addressee currently and/or in the past has used a remote, online backup service to maintain and store the tapes;

      j.      the location of any and all backup media, whether on- or off-site; and

      k.      the maintenance and location of any disaster recovery tapes.

5.      **Personal Files:**  For purposes of this litigation hold, there is no distinction between "official" company files and each addressee's "personal" files.  All potentially relevant documents each addressee wrote, compiled, or received must be preserved, including any copies each

TAKIO - 000015

addressee has saved separately from any "official" or "company" file. This includes records and documents that may be stored on each addressee's employee's home computer, laptop, or other personal electronic device.

6.     **Archival Data:** We will need a thorough understanding of the following, and therefore, request that each addressee keep an accurate record of same as of the date of each addressee's initial preservation efforts:

     a.     what types of data each addressee archives;

     b.     how archived media are labeled, indexed and/or logged;

     c.     the type of media on which the archived data is stored;

     d.     whether each addressee has restored archived tapes during the relevant time period; and

     e.     the location of the archived media.

7.     **Replacement of Data Storage Devices:** Do not dispose of any electronic data storage devices and/or media which may be replaced due to failure and/or upgrade and/or other reasons that may contain electronic data meeting the criteria listed in paragraph 1 infra.

8.     **Fixed Drives on Computers:** With regard to electronic data meeting the criteria listed in paragraph 1 above, which existed on fixed drives attached to or inside of Computers at the time of this letter's delivery, do not alter or erase such electronic data, and do not perform other procedures (such as data compression and disk de-fragmentation or optimization routines) which may impact such data, unless a true and correct copy has been made of such active files and file fragments, copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files, and arrangements have been made to preserve copies during the pendency of this litigation.

9.     **Programs and utilities:** Preserve copies of all application programs and utilities which may be used to process electronic data covered by this letter. We need to identify the brand/version of each software program currently and formerly used by each addressee, including:

     a.     e-mail programs used by the company (e.g., Microsoft Outlook); when the current e-mail system was implemented; whether any other e-mail systems were in use during the relevant period; the company's policy on employee e-mail storage (e.g., on a network server or their local drives); whether employees can access their e-mails remotely from outside the office; whether employees' e-mail folders are automatically archived on the network server; whether any "janitorial" programs are run to periodically purge old e-mails; whether any other policy limits are enforced on employees' e-mail accounts; and which personnel are responsible for administering each addressee's e-mail system;

     b.     electronic calendaring software programs;

2101 NW Corporate Blvd., Suite 410 | Boca Raton, FL 33431   Tel: 800.520.2052 Fax: 561.405.3158

  c.  word processing and spreadsheet software programs;

  d.  voicemail programs and the period for which deleted and undeleted voicemail messages are retained;

  e.  internal Instant Messaging ("IM") programs and the period for which IM text messages are retained by each addressee;

  f.  financial and accounting programs;

  g.  document management programs; and

  h.  any customized software programs used by each addressee to create or maintain data.

10. **Log of system modifications:** Maintain an activity log to document modifications made to any electronic data processing system that may affect the system's capability to process any electronic data meeting the criteria listed in paragraph 1 infra, regardless of whether such modifications were made by employees, contractors, vendors and/or any other third parties. Include a log of access to such systems, regardless of changes having been made.

11. **Evidence created subsequent to this letter:** With regard to electronic data created subsequent to the date of delivery of this letter, relevant evidence should not be destroyed, and each addressee should take whatever steps are appropriate to avoid destruction of evidence.

12. **Information for Employees:** All data that contains the information described below for any and all employees reasonably expected to have any knowledge whatsoever regarding the litigation:

  a.  Basic employee information, including name, date of birth, Social Security number, employee identification number, race, date hired (or re-hired) and educational background;

  b.  Employment performance evaluations, reviews;

  c.  All information, including W-2s forms, relating to compensation (including salary, bonuses, merit increases, stock options or other forms of compensation);

  d.  For each position held by the employee during the time-period, the job title/position, salary level, function or description, location, division, department, subsidiary, time in position, job status, whether the employee was full-time, part-time, or temporary, and what region/territory the employee was responsible for serving;

  e.  Any disciplinary action or employment contract violations.

TAKIO - 000017

13.   **Keep Documents in the Ordinary Course of Business:**   Please preserve all documents in the form in which they were created and maintained in the normal course of business. Paper documents must be preserved in their present form.  For example, if a document is paperclipped, leave the paperclip in place, or if the document includes post-it notes, leave the notes in place.  In addition, documents should not be reorganized solely in response to this litigation hold. Instead, documents should continue to be filed as each addressee normally maintains them.  If each addressee needs to handle a potentially relevant document in the ordinary course of business, each addressee may do so as long as each addressee does not alter or lose it.

Please understand that we consider the litigation creates a legal duty on each addressee's part to preserve the evidence listed above and any other evidence of which each addressee may be aware. *See Coleman (Parent) Holdings Inc. v. Morgan Stanley, Inc.,* 2005 WL 674885, at *9 (Fla. Cir. Ct. 2005) (entering a default judgment on liability against a defendant for failing to preserve evidence, including back-up tapes); *Omega Patents, LLC v. Fortin Auto Radio, Inc.,* 2006 WL 2038534 (M.D. Fla. July 19, 2006); *Quantum Comm. Corp. v. Star Broad., Inc.,* 2007 WL 445307 (S.D. Fla. Feb. 9, 2007); *Zubulake v. UBS Warburg,* 2004 WL 1620866 (S.D.N.Y. July 20, 2004) (court granted sanctions against the employer for failing to produce backup tapes containing relevant emails and for failing to produce other relevant documents in a timely manner.); *Zubulake v. UBS Warburg,* 220 F.R.D. 212 (S.D.N.Y. 2003) (determining that the employer had willfully deleted relevant emails, the court granted motion for sanctions and also ordered the employer to pay costs.  The court noted: counsel must take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched; attorneys are obligated to ensure all relevant documents are discovered, retained, and produced, and must guarantee that identified relevant documents are preserved by placing a "litigation hold" on the documents, communicating the need to preserve them, and arranging for safeguarding of relevant archival media.).

Please also understand this notice gives rise to a legal duty on each addressee's part to preserve the evidence listed above, and any other evidence which each addressee may be aware.  It includes an obligation to forward a copy of this letter to all individuals and organizations that are responsible for any of the items referenced in this letter.

Nothing contained in, or omitted from, this letter constitutes a waiver of any rights, or other legal action permissible under the law, nor does it constitute an admission of any kind.  All rights are reserved.

**PLEASE GOVERN YOURSELVES ACCORDINGLY.**

/s/ *Craig Oberweger*

Craig M. Oberweger
PALM LAW PARTNERS, P.A.
*for* **Plaintiffs**

as/CMO
cc: Client

# MILES LAW, PLLC

Eric Miles, Esq. Florida Bar No. 0105391

551 Copperdale Ave. Winter Garden, FL. 34787 | ██████ | ██████████████

**McFarlin Building, LLC**
John Snyder and Macy Snyder-Amatucci
11 E 5TH ST STE 500
Tulsa, OK 74103
Mr. John Snyder
Email: ████████████████
Ms. Macy Snyder-Amatucci
Email: ██████████████

**LEVINSON, SMITH & HUFFMAN, P.C.**
John M. Thetford, OBA #12892
Evan M. McLemore, OBA #30417
Grant B. Thetford, OBA #33624
1743 East 71st Street
Tulsa, Oklahoma 74136-5108
████████████ -Tel.
████████████ - Fax

g.thetford@levinsonlawtulsa.com

Jess M. Kane, OBA# 22418
Stephanie J. Clifton, OBA #35083
P.O. Box 1066
Bartlesville, Oklahoma 7 4005
████████████ -Tel.

Date: January 9, 2025

**RE: NOTICE OF FORTHCOMING LITIGATION AND INTEREST IN PROPERTY/EVIDENCE OF AND CONCERNING THE PRICE TOWER**

Dear Mr. Snyder and Ms. Snyder-Amatucci,

I have included your attorneys' of record predicated upon the Court filing of November 12, 2024 Case No. CV-2024-158 IN THE DISTRICT COURT AND FOR WASHINGTON COUNTY STATE OF OKLAHOMA between The McFarlin Building, LLC (Plaintiff) v. Copper Tree Inc. and Green Copper Holdings, LLC. Our clients are related to and mentioned within this Court Action but are not currently a party to the action. Because our clients are not a party to this action, we are not receiving the latest updates to this action and if you are no longer represented by these attorneys, we sincerely apologize for copying them on this letter, which is also why we are also sending this letter of Notice to you personally. Please be advised that our firm represents several minority shareholders and creditors (Michael Moran individually, Pictoria Studios, Inc., Taktik Enterprises, Inc. and Dale Takio individually) against Copper Tree, Inc. the parent or holding company that owns and potentially "controls" the Price Tower located in Bartlesville, OK. This control, including the company's cap table, is currently under dispute and is central

1

# MILES LAW, PLLC

to our forthcoming litigation.

It has come to our attention that McFarlin Building, LLC, or one of its affiliates, may have an interest in purchasing, transferring, clouding title to, or encumbering the Price Tower or related assets owned by Copper Tree, Inc. If you or your company are involved in such actions, please be aware that my clients have material equity claims against Copper Tree, Inc., its holdings, and its representatives, including Cynthia Blanchard in addition to owed payments and delinquent charges in an amount over $500,000.00 dollars.

Preservation notices have already been served on Copper Tree, Inc., informing the company and its representatives of their duty to preserve evidence. This notice also applies to any potential purchasers or encumbrancers of the Price Tower or related assets. My clients will pursue all lawful means to recover any such assets and damages, should any transactions or encumbrances occur in violation of these legal claims.

We advise you to consult with your attorney regarding this notice and any future actions you may take concerning the Price Tower. Should McFarlin Building, LLC have an existing or potential interest in the Price Tower or its associated assets, we welcome the opportunity to discuss this further. Our clients have informed us that they are interested in negotiations to settle this amicably between all parties prior to filing additional claims, liens or injunctions concerning this issue. Please be aware you are now formally on notice that claims and interests in the Price Tower arise and stem from Copper Tree, Inc.

Sincerely,

Eric Miles, Esq.



# PALM LAW
### PARTNERS, P.A.

[]

January 23, 2024

*From the desk of:*
*Craig M. Oberweger, Esq.*
*Direct tele: 561.859.2561*

PAUL AUBERT, Esq.
403 Corporate Woods Dr., Suite 4
Magnolia, TX 77354
ALT/Viaemail:paul@herasoft.com;
paul@anthemvault.com
Cert Mail 7022 2410 0000 5491 4573

> **Re:** COPPER TREE, INC., A Delaware corporation, and
> PAUL D. AUBERT, ESQ., ANTHEM HOLDING
> COROPORATION, A DELAWARE COMPANY, A/K/A
> HERASOFT DEVELOPMENT, and Unknown Defendants 1-5

**NOTICE AND DEMAND FOR INSURANCE**
**INFORMATION PURSUANT TO FLORIDA STATUTES**
**627.4137**

Dear Sirs:

Please be advised that the undersigned has been retained by MYSTIC LAW, P.A and others. as counsel, to investigate and take legal action, if warranted, against COPPER TREE, INC., A Delaware corporation, and PAUL D. AUBERT, ESQ., ANTHEM HOLDING CORPORATION, A DELAWARE COMPANY, A/K/A HERASOFT DEVELOPMENT, and Unknown Defendants 1-5, for Fraud, selective and self-serving actions, and possible breaches of fiduciary duties.

Pursuant to Florida Statutes §627.4137, demand is hereby made that within thirty (30) days you forward to the undersigned a statement, under oath, of a corporate officer or your claims manager or superintendent, setting forth the following information with regard to each known policy of insurance, including excess or umbrella insurance in place covering you during the period of January 1, 2022, through the present date or which may otherwise provide liability insurance coverage for our client's claims:

 a) The name of the insurer;
 b) The name of each insured;
 c) The limits of liability coverage;
 d) A statement of any policy or coverage defense which any such insurer reasonably
   believes is available to such insurer at the time of filing such statement;
 e) A copy of the policy;
 f) Coverage documentation requested includes primary, secondary, and all umbrella
   and or excess coverage.

2101 NW Corporate Drive, Suite 410 I Boca Raton, FL 33431   Tel: 800.520.2052 Fax: 561.405.3158

*MYSTIC et. al. v. COPPER TREE, INC, et. al.*
Notice & Insurance Demand
Page 2

In addition to the preceding, we hereby request that each of you disclose the name and coverage of each known insurer, including any excess or umbrella insurer, and forward this request for information to each and every insurer (including any excess or umbrella insurer) requesting each and every entity to supply the requested information directly to this office within thirty (30) days.

Please keep in mind that this request is being made pursuant to Florida Statute and that it shall be your responsibility to comply with the request within the thirty (30) day period. You will further have the responsibility to update the statement provided immediately upon the discovery of any fact calling for an amendment.

Should you have any questions or comments regarding this request, please feel free to contact the undersigned. Please contact this office to coordinate a mutually convenient date and time should any inspection need to take place.

**PLEASE GOVERN YOURSELVES ACCORDINGLY.**

Respectfully,

/s/
Craig M. Oberweger, Esq.
PALM LAW PARTNERS, P.A.

lb/CMO
cc: Client

2101 NW Corporate Blvd. Suite 410, Boca Raton FL 33431   Tel: 800.520.2052 Fax: 561.405.3158



# PALM LAW
### PARTNERS, P.A.

January 23, 2024

Certified Mail No.: 7022 2410 000 5491 4566

PAUL AUBERT, Esq.
403 Corporate Woods Dr., Suite 4
Magnolia, TX 77354

ALT/ Via email: paul@herasoft.com ; paul@anthemvault.com

      **Re: <u>LITIGATION HOLD AND DOCUMENT AND DATA PRESERVATION DEMAND</u>**

          MYSTIC LAW, P.A., a Florida Corporation, et. al.

          v.

          COPPER TREE, INC., A Delaware corporation, and
          PAUL D. AUBERT, ESQ., ANTHEM HOLDING CORPORATION,
          A DELAWARE COMPANY, A/K/A HERASOFT
          DEVELOPMENT, and Unknown Defendants 1-5

Dear Sir:

This firm represents MYSTIC LAW, P.A.

Under federal and state law, <u>each addressee</u> is obligated to retain, and refrain from altering, deleting, or destroying, any and all objects, documents, and/or data, in any form, that may be relevant to the litigation. To avoid a problem with record retention regarding the litigation, we request each addressee immediately implement a **<u>"litigation hold"</u>** which requires each addressee to preserve all the information and evidence that is or may be relevant to the litigation. This obligation attaches upon constructive notice of the potential for litigation. *See* e.g., *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273 (S.D. Fla. 1999) (citing *Telectron v. Overhead Door Corp.*, 116 F.R.D. 107, 126 (S.D. Fla. 1987).

This litigation hold should override any document or data destruction procedure or policy each addressee may currently have in place. This litigation hold is a continuing obligation. New documents, as they are created, must also be preserved.

2101 NW Corporate Blvd., Suite 410 | Boca Raton, FL 33431   Tel: 800.520.2052 Fax: 561.405.3158

TAKIO - 000023

Please ensure that each addressee agents, accountants, auditors, computer systems personnel, employees and any other relevant and applicable persons, departments and/or entities are informed that a litigation hold is in place regarding all matters related, or foreseeably related, to the above referenced litigation and individuals and/or entities involved therein.

Please be certain to provide a copy of this instruction to all relevant and applicable persons/entities who/which might possibly have possession, custody and/or control of such documents and information, including, but not limited to, the person(s)/entities whose responsibilities cover the matters involved in the above-referenced litigation (as well as the discovery and preservation of such documents and information). Please take a moment to look at the list of individuals to whom this notice is addressed to see if there are other people each addressee believes should receive this notice as well. If there are additional persons that may have unique, non-cumulative, potentially relevant documents, please provide their names to us at each addressee's earliest convenience.

Each addressee should review their duties to preserve and protect electronic and non-electronic discovery. This letter details some, but by no means all, of these duties.

The Florida Rules of Civil Procedure (and the Federal Rules), and related state and federal case law, generally broadly define the term, "document," to include information in any tangible format. As a result, in addition to relevant paper and other "hard copy" documents, it is each addressee's obligation to preserve, in its original condition, any and all electronic data that may be relevant to the litigation. *Such data includes, but is not limited to:* e-mail and other electronic communications, word processing documents, spreadsheets, databases, calendars, telephone logs, text files, text messages, HTML files, notes in digital format, instant messages, SMS messages, customer lists, contact manager information, Internet usage files, and network access information that are stored in the following platforms: cloud-based storage, databases, networks, computer systems, including legacy systems (hardware and software), servers, archives, backup or disaster recovery systems, tapes, discs, drives, cartridges and other storage media, laptops, personal computers, Internet data, personal digital assistants, tablets, handheld wireless devices, mobile telephones, paging devices, and audio systems, including voicemail as well as on any social media website or application, whether locally or Internet based. This includes information that is in each addressee's possession, custody, or control, including items in the possession of third parties under each addressee's control. Any hard copies of the above-referenced information must be retained in addition to the electronic versions.

The preservation obligation also extends to any deleted data that was not overwritten at the time each addressee started considering the potential for litigation. *See Thompson v. United States Dept. of Housing and Urban Dev.*, 219 F.R.D. 93, 97 (D. Md. 2003).

All information identified in this letter should be preserved covering the time frame referenced in the above, **but in no event less than the period from June 1, 2022, through the present, and ongoing** (the "Effective Date").

Each addressee has a legal obligation to follow these requirements to retain records and information about electronic data. Florida recognizes the tort of spoliation of evidence, and destruction of potentially relevant documents or data with knowledge of potential suit, even before service of process, may be subject to severe sanctions by the court, including the entry of default

2101 NW Corporate Blvd., Suite 410 I Boca Raton, FL 33431   Tel: 800.520.2052 Fax: 561.405.8158

TAKIO - 000024

judgment. *See Banco Latino, S.A.C.A. v. Gomez Lopez,* 53 F. Supp. 2d 1273 (S.D. Fla. 1999); 18 U.S.C. § 1512(b)(2); *Telectron v. Overhead Door Corp.,* 116 F.R.D. 107, 126 (S.D. Fla. 1987).

Please ensure that each addressee retains all documents, including "electronic data compilations," as required by the law.

We consider electronic data to be a valuable and irreplaceable source of discovery and/or evidence in this matter. The laws and rules prohibiting the destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Printouts to paper form of text from an electronic file do not preserve the totality of information, which is in the electronic file, and therefore do not suffice to fully preserve evidence. Due to its format, electronic information is easily deleted, modified, or corrupted.

Accordingly, demand is hereby made that each addressee take every reasonable step to preserve this information until the final resolution of this matter.

This includes, but is not limited to, an obligation to:
- Discontinue all data destruction and backup tape recycling policies;
- Preserve and not dispose of relevant hardware, unless an exact replica of the file (a mirror image) is made;
- Preserve and not destroy passwords, decryption procedures (and accompanying software), network access codes, ID names, manuals, tutorials, written instructions, decompression, or reconstruction software, and/or logs;
- Maintain all other pertinent information and tools needed to access, review, view, and/or reconstruct all requested or potentially relevant electronic data.

Below is a further breakdown of the information and evidence that is subject to this litigation hold.

    1.   **Electronic data to be preserved**: The following types of electronic data should be preserved, in accordance with the steps set forth in paragraphs below:

        a.    All electronic mail and information about electronic mail (including message contents, header information and logs of electronic mail system usage) sent or received by any of each addressee employees, officers, directors, or shareholders concerning the litigation from the Effective Date.

        b.    All other electronic mail and information (including message contents, header information and logs of electronic mail system usage) containing information related to the litigation.

        c.    All databases (including all records and fields and structural information in such databases), containing any reference to and/or information related to the Litigation that each addressee maintains or has maintained from the Effective Date.

        d.    Any and all documents and other sources of information that are necessary in order to interpret all coded fields within each database referred to in the

2101 NW Corporate Blvd., Suite 410 I Boca Raton, FL 83431  Tel: 800.520.2052 Fax: 561.405.3158

TAKIO - 000025

previous item. (A coded field contains an abbreviated entry representing other information and cannot be used or understood without a key to the transaction or meaning of the entry.

e.    All logs of activity on computer systems, which may have been used to process or store electronic data containing information about the matters described in items a - d, *infra*.

f.    All files and file fragments created by any application program (e.g., word processing programs, calendaring programs, messaging programs, case management programs, billing programs, payroll programs, accounts payable programs, etc.) containing information about any matters pertaining to the Litigation during the Effective Date.

2.    **Hardware and Systems**. We will need a thorough understanding of the following, and therefore, request that each addressee keep an accurate record of same as of the date of each addressee's initial preservation efforts:

a.    types of computers (e.g. mainframe, workstations, laptops) used by each addressee's employees; types and versions of all operating systems (e.g., Windows, Linux, UNIX), including dates of major changes or upgrades;

b.    number/types of servers (e.g., Exchange servers) and the current locations of servers (i.e., physical locations and addresses), including the status of any previous server;

c.    employees' use of laptops to conduct business and how the laptops are connected to the network servers (e.g., remote access programs, synchronization procedures;

d.    employees' use of home computers to conduct business and how those computers are connected to the company's network (e.g., remote access, Web access);

e.    employees' use of handheld devices (e.g., Blackberries, iPads, iPhones, Droids, smartphones, tablets, and other hand-held devices) to conduct business; and

f.    any data storage locations outside of the United States.

3.    **Online data storage on servers, workstations, mainframes, desktops, laptops, micro-PCs, or other computers ("Computers"):** With regard to online storage and/or direct access storage devices attached to each addressee's computers, do not modify or delete any electronic data files existing at the time of this letter's delivery, which meet the criteria set forth in paragraph 1, infra, unless a true and correct copy of each such electronic data file has been made and steps have been taken to assure that such a copy will be preserved and accessible for purposes of this litigation. "Computers" is to be construed broadly, regardless of whether a particular computer type may have been specifically mentioned as an example of Computers.

2101 NW Corporate Blvd., Suite 410 I Boca Raton, FL 33431   Tel: 800.520.2052 Fax: 561.405.3158

    4.    **Off-line data storage, cloud-based storage, backups and archives, diskettes, tapes, USB/flash drives, CDs, DVDs, tapes and any other removable or Internet based electronic media ("Backup Media"):** With regard to all Backup Media used for storage, which, at the time of this letter's delivery, contained any electronic data meeting the criteria listed in paragraph 1 above: stop any activity which may result in the loss of such electronic data, including rotation, destruction, overwriting and/or erasure of such media in whole or in part. This request is intended to cover all removable electronic media used for data storage in connection with each addressee's computer systems, regardless of whether it may have been specifically mentioned as an example of Backup Media, regardless of which Computers it may be attached to or used with, and whether containing backup and/or archive data sets and other electronic data, for all of each addressee's Computers. We will need a thorough understanding of the following, and therefore, request that each addressee keep an accurate record of same as of the date of each addressee's initial preservation efforts:

        a.    the types of backups that each addressee perform (e.g. full backups, incremental backups);

        b.    the types of data backed up by each addressee (e.g. e-mails, word processing documents);

        c.    each addressee's backup schedule (e.g., each business day, weekly and monthly);

        d.    when the backup media, such as tapes, are recycled for reuse (and thus overwritten);

        e.    whether the backup media are individually labeled by type of data stored on the tape or by employees whose data is stored on the tape;

        f.    whether backup media are indexed and/or logged by backup software;

        g.    the type of media on which the backup data are stored, and any prior types of backup media used;

        h.    whether each addressee has restored backup tapes during the relevant period, for any purpose, including for other litigation or to retrieve data inadvertently deleted from each addressee's computer systems;

        i.    whether each addressee currently and/or in the past has used a remote, online backup service to maintain and store the tapes;

        j.    the location of any and all backup media, whether on- or off-site; and

        k.    the maintenance and location of any disaster recovery tapes.

    5.    **Personal Files:** For purposes of this litigation hold, there is no distinction between "official" company files and each addressee's "personal" files. All potentially relevant documents each addressee wrote, compiled, or received must be preserved, including any copies each

TAKIO - 000027

addressee has saved separately from any "official" or "company" file. This includes records and documents that may be stored on each addressee's employee's home computer, laptop, or other personal electronic device.

6.   **Archival Data:** We will need a thorough understanding of the following, and therefore, request that each addressee keep an accurate record of same as of the date of each addressee's initial preservation efforts:

     a.     what types of data each addressee archives;

     b.     how archived media are labeled, indexed and/or logged;

     c.     the type of media on which the archived data is stored;

     d.     whether each addressee has restored archived tapes during the relevant time period; and

     e.     the location of the archived media.

7.   **Replacement of Data Storage Devices:** Do not dispose of any electronic data storage devices and/or media which may be replaced due to failure and/or upgrade and/or other reasons that may contain electronic data meeting the criteria listed in paragraph 1 infra.

8.   **Fixed Drives on Computers:** With regard to electronic data meeting the criteria listed in paragraph 1 above, which existed on fixed drives attached to or inside of Computers at the time of this letter's delivery, do not alter or erase such electronic data, and do not perform other procedures (such as data compression and disk de-fragmentation or optimization routines) which may impact such data, unless a true and correct copy has been made of such active files and file fragments, copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files, and arrangements have been made to preserve copies during the pendency of this litigation.

9.   **Programs and utilities:** Preserve copies of all application programs and utilities which may be used to process electronic data covered by this letter. We need to identify the brand/version of each software program currently and formerly used by each addressee, including:

     a.     e-mail programs used by the company (e.g., Microsoft Outlook); when the current e-mail system was implemented; whether any other e-mail systems were in use during the relevant period; the company's policy on employee e-mail storage (e.g., on a network server or their local drives); whether employees can access their e-mails remotely from outside the office; whether employees' e-mail folders are automatically archived on the network server; whether any "janitorial" programs are run to periodically purge old e-mails; whether any other policy limits are enforced on employees' e-mail accounts; and which personnel are responsible for administering each addressee's e-mail system;

     b.     electronic calendaring software programs;

TAKIO - 000028

    c.    word processing and spreadsheet software programs;

    d.    voicemail programs and the period for which deleted and undeleted voicemail messages are retained;

    e.    internal Instant Messaging ("IM") programs and the period for which IM text messages are retained by each addressee;

    f.    financial and accounting programs;

    g.    document management programs; and

    h.    any customized software programs used by each addressee to create or maintain data.

10.    **Log of system modifications:** Maintain an activity log to document modifications made to any electronic data processing system that may affect the system's capability to process any electronic data meeting the criteria listed in paragraph 1 infra, regardless of whether such modifications were made by employees, contractors, vendors and/or any other third parties. Include a log of access to such systems, regardless of changes having been made.

11.    **Evidence created subsequent to this letter:** With regard to electronic data created subsequent to the date of delivery of this letter, relevant evidence should not be destroyed, and each addressee should take whatever steps are appropriate to avoid destruction of evidence.

12.    **Information for Employees:** All data that contains the information described below for any and all employees reasonably expected to have any knowledge whatsoever regarding the litigation:

    a.    Basic employee information, including name, date of birth, Social Security number, employee identification number, race, date hired (or re-hired) and educational background;

    b.    Employment performance evaluations, reviews;

    c.    All information, including W-2s forms, relating to compensation (including salary, bonuses, merit increases, stock options or other forms of compensation);

    d.    For each position held by the employee during the time-period, the job title/position, salary level, function or description, location, division, department, subsidiary, time in position, job status, whether the employee was full-time, part-time, or temporary, and what region/territory the employee was responsible for serving;

    e.    Any disciplinary action or employment contract violations.

TAKIO - 000029

13.   **Keep Documents in the Ordinary Course of Business:**  Please preserve all documents in the form in which they were created and maintained in the normal course of business. Paper documents must be preserved in their present form.  For example, if a document is paper-clipped, leave the paperclip in place, or if the document includes post-it notes, leave the notes in place.  In addition, documents should not be reorganized solely in response to this litigation hold. Instead, documents should continue to be filed as each addressee normally maintains them.  If each addressee needs to handle a potentially relevant document in the ordinary course of business, each addressee may do so as long as each addressee does not alter or lose it.

Please understand that we consider the litigation creates a legal duty on each addressee's part to preserve the evidence listed above and any other evidence of which each addressee may be aware. *See Coleman (Parent) Holdings Inc. v. Morgan Stanley, Inc.*, 2005 WL 674885, at *9 (Fla. Cir. Ct. 2005) (entering a default judgment on liability against a defendant for failing to preserve evidence, including back-up tapes); *Omega Patents, LLC v. Fortin Auto Radio, Inc.*, 2006 WL 2038534 (M.D. Fla. July 19, 2006); *Quantum Comm. Corp. v. Star Broad., Inc.*, 2007 WL 445307 (S.D. Fla. Feb. 9, 2007); *Zubulake v. UBS Warburg*, 2004 WL 1620866 (S.D.N.Y. July 20, 2004) (court granted sanctions against the employer for failing to produce backup tapes containing relevant emails and for failing to produce other relevant documents in a timely manner.); *Zubulake v. UBS Warburg*, 220 F.R.D. 212 (S.D.N.Y. 2003) (determining that the employer had willfully deleted relevant emails, the court granted motion for sanctions and also ordered the employer to pay costs.  The court noted: counsel must take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched; attorneys are obligated to ensure all relevant documents are discovered, retained, and produced, and must guarantee that identified relevant documents are preserved by placing a "litigation hold" on the documents, communicating the need to preserve them, and arranging for safeguarding of relevant archival media.).

Please also understand this notice gives rise to a legal duty on each addressee's part to preserve the evidence listed above, and any other evidence which each addressee may be aware.  It includes an obligation to forward a copy of this letter to all individuals and organizations that are responsible for any of the items referenced in this letter.

Nothing contained in, or omitted from, this letter constitutes a waiver of any rights, or other legal action permissible under the law, nor does it constitute an admission of any kind.  All rights are reserved.

**PLEASE GOVERN YOURSELVES ACCORDINGLY.**

/s/ _____
Craig M. Oberweger
PALM LAW PARTNERS, P.A.
*for* **Plaintiffs**

as/CMO
cc: Client

2101 NW Corporate Blvd., Suite 440 | Boca Raton, FL 33431   Tel: 800.520.2052 Fax: 561.405.3158

Craig

P.S., Anthem text'ed me today about my house.  If he has a different idea as to how to pay off the debt owed to me, I am willing to listen, however, please put the idea in writing.

Begin forwarded message:

**From:** Craig Brand <craig@thebrandlawfirm.com>
**Subject: Re: NOTICE OF EMINENT LITIGATION AND EVIDENCE PRESERVATION AGAINST COPPER TREE AND BLANCHARDS**
**Date:** October 31, 2023 at 1:12:05 PM CST
**To:** Paul Aubert <paul@herasoft.com>

Wow, okay, am I insulted. I sent you an itemized list of approx 17,000 items and your client sent me back approx. 20 pieces of garbage. You had me wait a month for that. Truly disturbing and in such bad faith.

Paul, I want to discuss and come to an agreement regarding which venue to be used in the lawsuit's filing. By contract, I have the right to file in Florida and looking to see whether your client will allow you to accept service on their behalf which will include the Blanchard's personally.

Paul, please advise your clients that they are not to sell, transfer, barter, cloud title, encumber any of the assets belonging to Copper Tree or Green Copper Tree, including but not limited to the Price Tower and all of its inclusions. As litigation is now eminent and they are on notice and are further bound with knowledge that they should preserve all potential evidence and not to tamper with, conceal, destroy, delete any potential evidence, including but not limited to all electronic data. In fact, all such electronic data, including messaging and emails, must be back up and kept safe as such information is part of evidence in potential litigation. All corporate records must be properly stored and copied.

Any attempt to tamper with potential evidence or encumber them shall be met with the full weight of the law.

Again, lets discuss the venue and forum for filing.

Thank you,

Craig

On Oct 31, 2023, at 12:43 PM, Paul Aubert <paul@herasoft.com> wrote:

Craig,

Here is a dropbox link with the assets proposed for you and Dale

https://www.dropbox.com/scl/fo/tmgqspxhg5cgnj2ll6av8/h?rlkey=fbf8ldigvthutwzj5dgfww6kk&dl=0

Confidentiality Statement
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient, you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.
Anthem Holdings Company and Hera Software Development, Inc. (D/B/A HeraSoft)

Confidentiality Statement
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient, you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.
Anthem Holdings Company and Hera Software Development, Inc. (D/B/A HeraSoft)

Confidentiality Statement
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient, you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this