IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 APPLIED TO BANKRUPTCY BY FED. R. BANK. P. 7056 AND PURSUANT TO LOCAL RULE 7056-1**

**I.   Preliminary Statement**

A. Craig Brand and Adriana Soto JTRWOS ("Brand") filed Proof of Claim No. 8 for a dollar amount of $0.

B. The Trustee filed an objection to the Claim based on the fact that the Claim did not support a monetary claim against the estate and/or the Claim represented a premature claim of an equity interest in the Debtor.

C. The Trustee's objection created a disputed matter pursuant to Fed. R. Bank. P. 9014. *See In re Sherman* 639 B.R. 618 (Bankr. New Mexico 2022). Pursuant to Fed. R. Bank. P. 9014(c), Fed. R. Bank. P 7056 applies to contested matters. This motion is being filed pursuant to Fed. R. Bank. P 7056 and Local Rule 7056-1. The basis for the Trustee's objection is that under the uncontroverted facts Brand's claim should be denied.

**II.   Statement Of Uncontroverted Facts**

A. Brand's Proof of Claim specifies a claim amount of $0 dollars. Attached to the claim is a document entitled *OFFICER'S CERTIFICATE COPPER TREE INC.* It purports to show

Brand has a 2.5% interest in the Debtor Copper Tree Inc. Attached as an additional exhibit is a *Consulting Agreement* by and between Mystic Law P.A. on the one hand and Anthem Holdings Company and Herra Software Development Inc. on the other hand. Craig Brand apparently signed the agreement on behalf of Mystic Law P.A. The Debtor was neither a signatory to the agreement or even referenced in the document. Attached hereto as **Ex A** is a copy of the subject Proof of Claim.

B. Brand filed herein *CREDITORS CRAIG AND ADRIANA SOTO JTRWOS ("BRAND") RESPONSE TO DEBTORS' OBJECTION* [Doc. 160). Attached hereto as **Ex B** is a copy of that pleading for the Court's convenience. On page 3, section I, Brand states:

"Additionally, Trustee further knows that the Claimant placed on the claim form a dollar of $0 as the clerk's form would not allow a written response in that field, however, the Claimant did expand the reasoning within the same form by stating that the dollar amount was to be determined as the claimants did not know the value of the assets, the valuation of the debtor, the extent of the assets, (as all have been hidden from the Creditors), and **therefore the correct dollar figure to place within the field is presently unknown.** In this instance due to form filing limitations, 0 does not mean 0, but no other explanation than a dollar figure is offered on the form to insert in that location." (emphasis added)

C. On page 4 of **Ex B,** Brand refers to alleged terms of "Agreements, Promissory Notes and/or other forms of contracts…" which among other matters allegedly contain the following language:

"It is agreed that Company, as part of the inducement for **the Investor** to enter into this agreement, affirmatively represents that they shall not move to discharge the Investor with respect to this Note. Company further agrees to reaffirm the debt represented by the Note to the Investor." (emphasis added)

Brand failed to attach any documents to either his proof of Claim or the referenced response that contain the quoted language.

D.  On page 5 of Ex B, Brand asserts:

"In short, the Claimant certainly, and without doubt, is equitably entitled to receive any and all of Debtor's estate or the assets thereof, **by way of Claimants equity** for services and/or for the approximate $100,000+ of actual billing which was billed and debtor never paid but was responsible for paying either directly or through its alter ego." (emphasis added)

**ARGUMENT**

1. **Brand's Proof of Claim Fails To Establish Any Monetary Claim Against This Estate**

The subject proof of claim was filed by Brand under oath subject to penalty of perjury and it stated $0 dollars are owed. Equally important are the documents attached to the proof of claim. One of the documents is an alleged shareholder list. Not only does that document not support a monetary claim, it is a document that at best relates to an equity claim or a proof of interest. Finally, Brand attached a copy of an alleged Consulting agreement. The Debtor was not a party or a signatory to the agreement and the document cannot conceivably support a monetary claim against this estate.

In his rambling response to the Trustee's objection, Brand attempts to excuse the specification of a $0 dollar due based on the form itself; that he allegedly explained in the proof of claim why he specified $0; the sums due were not known at the time the claim was filed; and that the sums due were not known given the lack of knowledge re what the value of the Debtor's assets were. To begin with, there is no explanation in the proof of claim regarding the specification of $0 dollars. Secondly, claims against any estate are based on monies owed—not on what the value of the assets are.

On page 5 of the response, Brand refers to alleged notes and other documents that allegedly support the claim. No such documents were attached to the proof of claim or for that matter

to the response. However, what is noteworthy is the assertion that he is entitled to monies as a result of his "equity." Again, it is the Trustee's position that this claim is more accurately defined as a claim of an interest in the Debtor and not a monetary claim against this estate.

**Conclusion:** Brand expends a substantial portion of his response engaging in unwarranted and unfounded attacks on the Trustee. In part he has accused the Trustee of favoritism in his pursuit of objection to claims. That allegation is impossible to comprehend given the numerous objections filed against various parties in this matter who do not share a common interest. Moreover, the Trustee continues to review all remaining claims and is in the process of reviewing relevant documents related to those claims. More importantly, Brand's unfounded claims against the Trustee provide this Court no basis or support for his alleged claims against this estate.

Wherefore the trustee prays for an order denying Brand's claim without prejudice to asserting a proof of interest when and if it is ultimately determined that this is an excess case and proper notice has been issued to interested parties of a deadline to file a proof of interest.

Respectfully Submitted by:

/s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:    918-699-0345
Fax:             918-699-0325
*ATTORNEYS FOR TRUSTEE*