# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IN RE:** | |
| COPPER TREE, INC., | CASE NO. 25-10088-T Chapter 7 |
| EIN # xx-xxx6608 | |
| | Substantively Consolidated With |
| GREEN COPPER HOLDINGS, LLC, | Case No.: 24-10021-M Chapter: 7 |
| EIN # xx-xxx9708; | |
| Debtors. | |

## CREDITORS CRAIG BRAND AND ADRIANA SOTO JTRWOS ("BRAND"), RESPONSE TO DEBTORS' OBJECTION [Doc. 136]

COME NOW, **CRAIG BRAND AND ADRIANA SOTO JTRWOS ("BRAND")**, ("Claimant"), and file this Response to the Trustee's Objection [Doc. 136], and state as follows:

**I. TRUSTEE'S OBJECTION [DOC. 136] IS KNOWINGLY FRIVILOUS.**

A. On June 25, 2025, Trustee filed an Objection to Claimant's claim knowing from the filings and the exhibits, as well as directly from communications with Brand, claimant Takio and claimant Moran, et.al., that the recitation of alleged facts or claims within Trustee's Objections are false assertions and groundless.

B. With all due respect to the Trustee, Claimants Brand, Takio and Moran are far more deserving of the Debtor's assets and their value than any services and omissions performed or ignored by the Trustee.

C. Upon information and belief, it appears that the Trustee and his obligations have tracked a pattern of bias and friendship with those who actually should have their claims stricken; however, the Trustee has not gone there, and there is certainly to be a showing of the Trustee not properly seeking known assets, nor recovering the proper value for them. While this is a big

1

allegation to make, Claimant is in favor of an evidentiary hearing against the Trustee and the Debtor on the issues, and a future motion shall be made.

D. Trustee has had several phone calls with Claimant Craig Brand and knows most of the back story which goes against the Trustee's false allegations made in his Motions to Dismiss the claims of Brand, Takio and Moran, et.al. It was Brand's work and debt first absorbed by the Debtor via a duly executed Consulting Agreement approved by Cynthia Blanchard and her husband and the Debtor's general counsel (all board members of the debtor). Claimant can show the intermixing and alter ego relationship between Mrs. Blanchard's company, Debtor herein, and Herasoft (a company owned by Mrs. Blanchard's husband who also sat on the board of the Debtor).

E. It was Brand's continued work with the Debtor and the claimants, Takio and Moran, who helped the debtor obtain the Price Tower as well as keep the work on proper channels when the Debtor's Board was looking for alternative moves. Claimant Brand believes that he was defrauded by the Debtor and its agents, representatives and certain employees/contractors as well as the victim of what he would consider as theft. The trustee is aware of this and that the claimant's claim is not finalized as the discovery has not begun or been shared with the creditor class to determine just how far the fraud and/or theft has gone and what other claims the Claimant is entitled to make.

F. It was Brand who, time and again, agreed to delay enforcement of the Promissory Notes and merged Consulting Agreements in order to help the Debtor with solvency issues and attempt to save the Price Tower. <u>Neither</u> the Trustee, the Debtor, the Blanchards, their General Counsel as well as their representatives, affiliates, subsidiaries, Board and contractors undertook as much social responsibility and help towards the Price Tower as Claimant. Now, apparently, the

2

Trustee would like to add only injury to insult and claim that his fee is more worthy then the claimant's money owed.

G. Additionally, as the documents filed in this case demonstrate, as well as at any evidentiary hearing held, the claimant was provided equity in the Debtor for lawful, valid, justifiable work and services performed. Trustee cannot point to one document, not one email, not one text message where the Debtor, its Board or its General Counsel have challenged the legitimacy of Claimant's equity. In fact, opposite, as Brand can point to documents, emails, text messages, etc., from the Debtor and/or its representatives confirming the Claimant's equity, the worth of the services rendered and the validity thereof. *See*, exhibits filed in support hereof.

H. At all times material hereto, the equity was a payment for continued services; services that could not be readily quantified by a fixed dollar amount nor a billable hour. *See*, Exhibits filed herein.

I. Additionally, Trustee further knows that the Claimant placed on the claim form a dollar amount of $0 as the clerk's form would not allow a written response in that field, however, the Claimant did expand the reasoning within the same form by stating that the dollar amount was to be determined as the claimants did not know the value of the assets, the valuation of the Debtor, the extent of the assets, (as all have been hidden from the Creditors), and therefore the correct dollar figure to place within the field in presently unknown. In this instance due to form filling limitations, 0 does not mean 0, but no other explanation than a dollar figure is offered on the form to insert in that location.

J. The Trustee has also been disingenuous in that the Claimant has provided information to the Trustee about what is believed to be other assets of material value which have not been included as part of the estate. *See*, exhibits filed herein. Possibly, it will take an

evidentiary hearing or discovery from the Trustee to determine why he did not follow up with this material information about assets to be fought for and added to the estate of the Debtor for the benefit of the creditors, including but not limited to the Debtor's shareholders. <u>See</u>, attached exhibits. Also issues as to why the Trustee has not stricken other claims when such claims scream for scrutiny.

  K. Per these same telephonic communications with the Trustee, **the Trustee was informed that Agreements, Promissory Notes and/or other forms of contracts arose from and/or arise out of certain mutually executed legal documents that the Debtor affirmed it would NOT take any action to discharge the Claimant and that the Debtor would reaffirm the debt owed**. Such affirmations were a direct material inducement in order to receive the legal consideration obtained. <u>The Debtor adopted, by resolution of their Board and with the blessing of their General Counsel, certain Promissory Notes and/or Consulting Agreements that became part of the subsequent Agreements entered into and binding the Debtor</u>. This incorporated language representing as follows:

> *Voluntary Proceeding. The Company files any petition or action for relief under any bankruptcy, reorganization, insolvency or moratorium law or any other law for the relief of, or relating to, debtors, now or hereafter in effect, or makes any assignment for the benefit of creditors or takes any corporate action in furtherance of any of the foregoing. **It is agreed that Company, as part of the inducement for the Investor to enter into this agreement, affirmatively represents that they shall not move to discharge the Investor with respect to this Note. Company further agrees to reaffirm the debt represented by this Note to the Investor, , in the event a bankruptcy is filed on their behalf. This provision is non-negotiable and a material inducement for the Investor to enter into this Note. [Emphasis added].***
>
> *; or*
>
> *Involuntary Proceeding. An involuntary petition is filed against the Company (unless such petition is dismissed or discharged within 60 days under any bankruptcy statute now or hereafter in effect), or a custodian, receiver, trustee, assignee for the benefit of creditors (or other similar official) is appointed to take possession, custody or control of any*

4

*property of the Company. It is agreed that Company, as part of the inducement for the Investor to enter into this agreement, affirmatively represents that they shall not move to discharge the Investor with respect to this Note. Company further agrees to reaffirm the debt represented by this Note, , in the event a bankruptcy is filed on their behalf. This provision is non-negotiable and a material inducement for the Investor to enter into this Note.* **[Emphasis Added].**

L. These same promissory notes acknowledge the legitimacy, authenticity and value of the debts owed and arising from Brand's services. *See* exhibits attached hereto.

M. The Trustee fails or refuses to properly tell this Honorable Court the full story, but prays upon the victimized Claimant by having the Court look at the Ocean through a fishbowl.

N. In short, the Claimant certainly, and without doubt, is equitably entitled to receive any and all of Debtor's estate or the assets thereof, by way of Claimant's equity for services and/or for the approximate $100,000+ of actual billing, which was billed and Debtor never paid, but was responsible for paying either directly or through its alter ego.

WHEREFORE, Claimant respectfully requests this Honorable Court:

    a. DENY Trustee/Debtors' Objections in its entirety;

    b. Allow all of Claimant's claims including that of the hard and soft debt which would include the equity within the Debtor whose value is unknown but was paid for by proper services and work provided;

    c. Rule that the Trustee's Objections were/are baseless, frivolous and warrant sanctions in favor of the Claimant;

    d. Alternatively, set the matter for evidentiary hearing and permit Claimant to first conduct timely and appropriate discovery, including the taking of depositions; and

    e. Grant such other and further relief as the Court deem

**CERTIFICATE OF SERVICE:**

# BRANDS RESPONSE TO DEBTORS' OBJECTION TO CLAIM.v2

Final Audit Report 2025-07-14

| | |
|---|---|
| Created: | 2025-07-14 |
| By: | Michael Moran (rainturtle@msn.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAZUIYl1_oVVPzmlEUq7pdh1i_W48225YZ |

## "BRANDS RESPONSE TO DEBTORS' OBJECTION TO CLAIM. v2" History

📄 Document created by Michael Moran (rainturtle@msn.com)
2025-07-14 - 9:15:55 PM GMT- IP address: 104.136.113.178

📤 Document emailed to Craig A. Brand, Esq. (craig@thebrandlawfirm.com) for signature
2025-07-14 - 9:15:58 PM GMT

📄 Email viewed by Craig A. Brand, Esq. (craig@thebrandlawfirm.com)
2025-07-14 - 10:04:52 PM GMT- IP address: 172.225.173.161

✍️ Document e-signed by Craig A. Brand, Esq. (craig@thebrandlawfirm.com)
Signature Date: 2025-07-14 - 10:05:23 PM GMT - Time Source: server- IP address: 186.177.151.240

✅ Agreement completed.
2025-07-14 - 10:05:23 PM GMT

Adobe Acrobat Sign

I hereby certify that a true and correct copy of this foregoing Reponse to Trustee's Objections [Doc. 136] was ECF filed with the Clerk of Court as well as a hard copy served by US Mail to those listed.

By: *Craig A. Brand*
**Craig A. Brand**

**On behalf of and for:**

Craig A. Brand, Individually, and/or CRAIG BRAND AND ADRIANA SOTO JTRWOS ("BRAND")

Claim No. 8

6