**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

FILED
2025 JUL 24 AM 11:54
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLA

In re:
**GREEN COPPER HOLDINGS, LLC**, Case No. 25-10088-T
**COPPER TREE, INC.**, Substantively Consolidated
Debtors

# RESPONSE TO TRUSTEE'S OBJECTION TO CLAIMS FILED BY CREDITOR CYNTHIA DIANE BLANCHARD

Creditor Cynthia Diane Blanchard, pro se, hereby submits this response to the Trustee's Objection to (i) Claim No. 2-2 filed in Copper Tree, Inc., and (ii) Claim No. 1-2 filed in Green Copper Holdings, LLC, and respectfully states as follows:

## I. INTRODUCTION

The Trustee objects to my claims on three grounds: (1) that they are duplicative across consolidated estates, (2) that the loans I made to the Debtors should be recharacterized as equity, and (3) that he should retain the right to object to specific advances at a later time.

I filed an amendment clarifying that I do not seek double recovery, and the Trustee has acknowledged this amendment and withdrawn the duplication concern. However, the remaining objections are unsupported by the record and should be denied.

My claims are supported by QuickBooks records, bank statements, and internal accounting documents that show real, traceable cash transfers. I have not received any compensation of any kind for my work. The Trustee has had access to all relevant financial documentation for months,

and there is no justification for recharacterizing the loans or reserving the right to challenge them again later.

## II. BACKGROUND

I am the founder and majority shareholder of Copper Tree, Inc. Over a period of nearly two years, I worked full-time without receiving any salary, management fee, or other compensation. This labor constituted my equity investment in the company.

Separately, between September 30, 2022, and January 22, 2025, I personally loaned the Debtors a total of $285,107.88. These loans were made incrementally and on an as-needed basis to cover essential operating expenses, including payroll, utilities, vendor obligations, and legal costs—particularly those arising from the surprise lawsuit filed by the McFarlin Group on September 27, 2024.

I did not request, receive, or direct any monetary compensation for my work through any affiliated or third-party entity. My contributions of labor and time were wholly separate from the loans. My Proof of Claim reflects only personal, out-of-pocket cash advances made directly to the Debtors and does not include or relate to any services rendered. These were bridge loans structured with arm's-length characteristics and made with the expectation of repayment.

The final loan on January 21, 2025—made just hours before the bankruptcy filing—was made to cover urgent obligations during an operational crisis and bears all the hallmarks of a commercial loan, not an equity contribution. Each advance is recorded in the company's QuickBooks ledger and corroborated by corresponding bank records, all of which have been provided to the Trustee.

## III. RESPONSE TO CLAIM OF DUPLICATION

I filed parallel claims in both estates in light of early uncertainty about how the bankruptcies would be administered. Upon clarification, I filed an amendment on June 7, 2025, (Exhibit A) which stated:

"The creditor does not seek double recovery and defers to the Trustee's discretion as to which estate is ultimately responsible."

The Trustee has since amended his objection to acknowledge this amendment and withdraw the duplication concern. I appreciate the correction and believe this resolves the issue of dual filings.

## IV. RESPONSE TO RECHARACTERIZATION ARGUMENT

The Trustee seeks to recharacterize my loan as an equity contribution based primarily on the absence of a fixed maturity date and my ownership interest. However, this interpretation misapplies the governing legal standards and is not supported by the factual record.

The loans were structured as bridge financing, made incrementally as needed to preserve the Price Tower and sustain daily operations during a period of ongoing financial distress. They were made in good faith, with the clear intent and expectation of repayment. While a future sale or refinancing—such as the anticipated October 2024 Ten-X auction—was expected to provide the likely source of repayment, repayment was not contingent on any specific event or outcome. The advances were consistently treated as debt, properly recorded in the company's financial records, and supported by contemporaneous documentation.

After the McFarlin lawsuit derailed the auction on September 27, 2024, I continued to advance funds to cover urgent legal and operational expenses. During this period of heightened instability, there was no practical opportunity to impose a fixed maturity date on each incremental loan. Nevertheless, each advance was made with the expectation of repayment, in accordance with a continuing loan relationship.

This type of emergency insider financing is not unusual in bankruptcy. In *In re SubMicron Systems Corp.*, 432 F.3d 448 (3d Cir. 2006), the court emphasized that recharacterization turns on the parties' intent—not the presence or absence of formal terms such as a maturity date—particularly where funds are advanced to meet critical operating needs. Similarly, in *In re AutoStyle Plastics, Inc.*, 269 F.3d 726 (6th Cir. 2001), the court found that an insider's ownership interest alone does not transform a loan into equity, especially when surrounding facts demonstrate a bona fide lending relationship and commercially reasonable terms.

My decision not to demand repayment prepetition was intended to protect the company's fragile financial position—not evidence of an equity contribution.

This loan is supported by a written loan agreement (Exhibit B) and a detailed transaction history from QuickBooks Online (Exhibit C). The Trustee also has access to corresponding bank records confirming each deposit. I am prepared to provide any additional documentation the Court may require.

## V. OBJECTION TO TRUSTEE'S "RESERVATION OF RIGHTS"

The Trustee now seeks to reserve the right to object in the future to unspecified "advances" even if the Court sustains the validity of my overall claim. I respectfully object to this reservation.

Allowing a future objection would undermine the principle of finality and efficiency in bankruptcy proceedings. While Rule 3007 establishes the procedure for objecting to claims, it does not support the Trustee's attempt to reserve rights for future, unspecified objections. Similarly, 11 U.S.C. § 502, which governs the allowance of claims, emphasizes the importance of prompt and efficient claim resolution.

If the Court determines that the loan is valid debt, the entire claim should be allowed without further reservation. Piecemeal objections at a later stage would be both unnecessary and counterproductive, especially given the transparency and completeness of the documentation already provided. Such a approach would delay the administration of the estate and increase costs, contradicting the goals of judicial efficiency and finality.

## VI. REQUESTED RELIEF

I respectfully request that the Court:

- Deny the Trustee's objection in full;
- Reject the Trustee's request to recharacterize the loans as equity; and
- Reject the Trustee's reservation of rights to object to specific advances at a later time.

## VII. REQUEST FOR CONSIDERATION WITHOUT HEARING AND CLARIFICATION OF INTENT

I respectfully submit this response to clarify and support the validity of my claim, which was filed in good faith and is supported by contemporaneous documentation, including the executed loan agreement and transaction logs submitted here as exhibits. Corresponding bank records have already been provided to the Trustee and are not re-submitted in this filing in order to preserve confidentiality.

I recognize the importance of minimizing administrative costs to the estate and do not wish to create unnecessary burden for the Court or the Trustee. Accordingly, I am not requesting a hearing at this time and respectfully request that the Court consider this response on the written record, consistent with standard practice in claims resolution where no material factual dispute exists. However, I expressly reserve all rights to request a hearing should it become necessary to protect my interests or clarify any contested matters.

I maintain that the loan was valid, legally binding, and beneficial to the estate, and I submit this response to ensure the record reflects the full factual and legal context surrounding the claim.

Respectfully submitted,

**Cynthia Diane.Blanchard**

**Pro Se Creditor**
**414 SE Washington Blvd. Ste. 205**
**Bartlesville, OK. 74006**
**310-435-5707**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2025, I caused a true and correct copy of the foregoing Response to Trustee's Objection to Claim No. 1-2, along with all attached exhibits, to be served by U.S. Mail, postage prepaid, to the following:

Patrick J. Malloy III
Chapter 7 Trustee
401 South Boston Avenue, Suite 500
Tulsa, OK 74103

Karen Walsh
Office of the United States Trustee
224 South Boulder Avenue, Suite 225
Tulsa, OK 74103

**Dated:** July 24 2025
Respectfully submitted,

*Cynthia Diane Blanchard*
Pro Se Creditor
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
310-435-5707

# EXHIBIT INDEX

Filed in Support of Response to Trustee's Objection to Claims Filed by Creditor Cynthia Diane Blanchard

| **Exhibit** | **Description** |
|---|---|
| A | Amended Proof of Claim filed June 7, 2025 |
| B | Executed Loan Agreement |
| C | QuickBooks Online (QBO) Transaction Log |

# EXHIBIT A

Amended Claim Filing (Filed June 7, 2025)

**Amendment to Proof of Claim - Copper Tree, Inc. (Case No. 25-10084-T)**

Creditor: Cynthia D. Blanchard

Claim Amount: $269,554.69

This claim was originally submitted based on internal accounting that allocated $269,554.69 of the total $285,000 loan amount to Copper Tree, Inc. Following further review and based on the Trustee's initial representation that the bankruptcies of Copper Tree and Green Copper Holdings, LLC were being jointly administered, the full loan amount was submitted and supported with documentation in Case No. 25-10088 (Green Copper Holdings, LLC).

This Copper Tree claim is retained solely to preserve creditor rights in the event that the Trustee or the Court reallocates liability for any portion of the loan to Copper Tree, Inc. The creditor does not seek double recovery and defers to the Trustee's discretion as to which estate is ultimately responsible.

Date: June 07, 2025

Signature: /s/ Cynthia D. Blanchard

# EXHIBIT B

Loan Agreement

## Loan Agreement

This Loan Agreement (the "Agreement") is made and entered into as of September 30th, 2022, by and between Cynthia Blanchard, an individual residing in the State of Oklahoma (the "Lender"), and Copper Tree Inc., a Delaware corporation (the "Borrower"). Lender and Borrower are collectively referred to herein as the "Parties."

**Recitals**

- WHEREAS, Borrower desires to borrow funds from Lender for purposes of operating capital;
- WHEREAS, Lender agrees to lend funds to Borrower on the terms and conditions set forth herein.

**Agreement**

**1. Loan Terms**

1.1 **Loan Amount.** This Agreement establishes an open-ended loan facility under which Borrower may borrow and repay funds from time to time. The total outstanding principal shall not exceed an aggregate amount determined and recorded in the Parties' bookkeeping software, reconciled with the Parties' bank account records.

1.2 **Disbursement.** Loan disbursements shall be made by Lender to Borrower upon mutual agreement of the Parties and recorded in the Parties' bookkeeping software.

1.3 **Interest Rate.** The Loan shall bear interest at the rate of 5% per annum, calculated on the basis of a 365-day year and the actual number of days elapsed.

1.4 **Repayment Terms.**
(a) **Lump-Sum Repayment.** Borrower shall repay the full outstanding principal and all accrued interest in a single lump sum upon mutual agreement or on demand, provided that Lender gives Borrower at least 30 days written notice of the repayment date.
(b) **Loan Reconciliation.** Loan balances and accrued interest shall be reconciled periodically based on records maintained in the Parties' bookkeeping software and corresponding bank account statements.

cb

1.5 **Prepayment.** Borrower may prepay all or part of the outstanding Loan balance at any time without penalty, provided that any prepayment is accompanied by all accrued interest as of the prepayment date.

**2. Representations and Warranties**

2.1 Borrower represents and warrants to Lender that:
(a) **Organization and Authority:** Borrower is duly organized, validly existing, and in good standing under the laws of Delaware.
(b) **No Conflicts:** The execution and delivery of this Agreement do not conflict with any agreements or laws applicable to Borrower.

**3. Default and Remedies**

3.1 **Events of Default.** The following constitute events of default:
(a) Failure to make any payment when due under this Agreement.
(b) Breach of any representation, warranty, or covenant in this Agreement.
(c) Insolvency, bankruptcy, or liquidation of Borrower.

3.2 **Remedies.** Upon the occurrence of an event of default, Lender may:
(a) Declare the entire outstanding Loan amount, including accrued interest, immediately due and payable.

**4. Miscellaneous**

4.1 **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware.

4.2 **Notices.** All notices required or permitted under this Agreement shall be in writing and delivered to the addresses specified below or as updated by written notice.

4.3 **Amendments.** Any amendments or modifications to this Agreement must be in writing and signed by both Parties.

4.4 **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties regarding the Loan and supersedes all prior agreements or understandings, whether written or oral.

**IN WITNESS WHEREOF**, the Parties have executed this Loan Agreement as of the Effective Date.

ch

**Cynthia Blanchard (Lender)**

By: [signature]

**Copper Tree Inc. (Borrower)**

By: [signature]

Name: Cynthia Blanchard

Title: CEO

# EXHIBIT C

QuickBooks Online Transaction Log

| Date | Company | Transaction Type | Memo/Description | Account |
|---|---|---|---|---|
| 02/27/2023 | Green Copper | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-ter loans from shareholders:28100 Loans from Cynthia Blanchard |
| 03/03/2023 | Copper Tree | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| 03/07/2023 | IPT | Journal Entry | Forked Pine Consulting - Cheryl Denney / Tax Credits | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| 03/07/2023 | IPT | Journal Entry | Feb Expenses paid by Cynthia with personal funds | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| 03/07/2023 | Copper Tree | Journal Entry | Cynthia paid invoices from personal funds | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| 03/07/2023 | Green Copper | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-ter loans from shareholders:28100 Loans from Cynthia Blanchard |
| 03/08/2023 | Copper Tree | Journal Entry | | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| 03/13/2023 | Copper Tree | Journal Entry | | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| 03/13/2023 | Green Copper | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-ter loans from shareholders:28100 Loans from Cynthia Blanchard |
| 03/14/2023 | Copper Tree | Journal Entry | | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| 03/21/2023 | Copper Tree | Journal Entry | | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| 03/27/2023 | Copper Tree | Journal Entry | | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| 03/31/2023 | IPT | Journal Entry | March Expenses paid by Cynthia | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |

| | | | | |
|---|---|---|---|---|
| | 04/05/2023 Copper Tree | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| | 04/19/2023 Copper Tree | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| | 04/27/2023 CT Ops | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| 04/30/2023 | IPT | Journal Entry | Business expenses paid by Cynthia with personal funds | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| 04/30/2023 | IPT | Journal Entry | April Expenses paid by Cynthia | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| | 05/03/2023 Copper Tree | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| | 05/03/2023 Copper Tree | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| | 05/18/2023 Copper Tree | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| | 05/18/2023 Copper Tree | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| 05/19/2023 | IPT | Transfer | FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| | 05/19/2023 Green Copper | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-ter loans from shareholders:28100 Loans from Cynthia Blanchard |
| 05/31/2023 | IPT | Journal Entry | May Expenses paid by Cynthia | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| 06/01/2023 | IPT | Transfer | FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| 06/30/2023 | IPT | Journal Entry | June Expenses paid by Cynthia | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |

| | | | | |
|---|---|---|---|---|
| 07/26/2023 | IPT | Transfer | TRANSFER TO BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| | 08/03/2023 Copper Tree | Transfer | DRAFT 1048 TRACER 861600000043329 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| | 10/06/2023 Green Copper | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-ter loans from shareholders:28100 Loans from Cynthia Blanchard |
| | 11/17/2023 Copper Tree | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| | 11/20/2023 Copper Tree | Transfer | WITHDRAWAL TRANSFER TO BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| 12/12/2023 | IPT | Transfer | TRANSFER TO BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| | 12/31/2023 Copper Tree | Journal Entry | Interest for full loan @ 5% | |
| 01/02/2024 | IPT | Transfer | TRANSFER TO BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| | 03/28/2024 Copper Tree | Transfer | WITHDRAWAL TRANSFER TO BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| 04/17/2024 | IPT | Transfer | FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| 04/17/2024 | IPT | Transfer | FROM BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| | 04/22/2024 Copper Tree | Transfer | WITHDRAWAL TRANSFER TO BLANCHARD,CYNTHI XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| 07/11/2024 | IPT | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 LOAN TO THE COMPANY- CYNTHIA BLANCHARD DEPOSIT TRANSFER FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 LOAN TO THE COMPANY- CYNTHIA BLANCHARD | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |

| | | | | |
|---|---|---|---|---|
| | | | DEPOSIT TRANSFER FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 PERSONAL LOAN TO COMPANY | |
| 07/15/2024 | Copper Tree | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 PERSONAL LOAN | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| | | | DEPOSIT TRANSFER FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 BLANCHARD LOAN TO THE COMPANY | |
| 07/18/2024 | IPT | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 BLANCHARD LOAN TO THE COMPANY | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| | | | DEPOSIT TRANSFER FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 LOAN TO THE COMPANY DEPOSIT TRANSFER FROM | |
| 07/25/2024 | IPT | Transfer | BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 LOAN TO THE COMPANY | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| | | | FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 DEPOSIT TRANSFER FROM | |
| 07/30/2024 | IPT | Transfer | BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| | | | FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 DEPOSIT TRANSFER FROM | |
| 08/01/2024 | IPT | Transfer | BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| | | | FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 DEPOSIT TRANSFER FROM | |
| 08/08/2024 | IPT | Transfer | BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| | | | FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 DEPOSIT TRANSFER FROM | |
| 08/12/2024 | Copper Tree | Transfer | BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |

| Date | Name | Type | Memo | Account |
|---|---|---|---|---|
| 08/12/2024 | Copper Tree | Transfer | FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 DEPOSIT TRANSFER FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| 08/23/2024 | IPT | Transfer | FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 DEPOSIT TRANSFER FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| 08/29/2024 | IPT | Transfer | FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 DEPOSIT TRANSFER FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| 09/13/2024 | IPT | Transfer | TRANSFER TO BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 WITHDRAWAL TRANSFER TO BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| 10/01/2024 | Copper Tree | Transfer | FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 DEPOSIT TRANSFER FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| 10/09/2024 | Copper Tree | Transfer | FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 DEPOSIT TRANSFER FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| 10/16/2024 | IPT | Transfer | FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 DEPOSIT TRANSFER FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| 10/24/2024 | IPT | Transfer | DEPOSIT BY CHECK RECEIVED 1,500.00 - Cynthia | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |

| | | | | |
|---|---|---|---|---|
| | 11/01/2024 Copper Tree | Transfer | FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 DEPOSIT TRANSFER FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| | 11/15/2024 Copper Tree | Transfer | FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 DEPOSIT TRANSFER FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| | 12/16/2024 Copper Tree | Transfer | DEPOSIT TRANSFER FROM BLANCHARD,CYNTH XXXXXXXXXX SHARE 40 | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| | 12/16/2024 Green Copper | Journal Entry | Strbe lights and business license renewal fee | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |
| | 12/31/2024 Copper Tree | Journal Entry | Interest for full loan @ 5% | |
| 01/15/2025 | IPT | Journal Entry | Copper Tree regulatory fee paid by Cynthia | 28100 Long-term loans from shareholders:Loans from Cynthia Blanchard |
| | 01/21/2025 Copper Tree | Transfer | Funds loaned for Ron Brown Law | 28000 Long-term loans from shareholders:28100 Loans from Cynthia Blanchard |

| Split | Amount | Balance |
|---|---|---|
| 0001 SAVINGS - 1 | 125.00 | 125.00 |
| Truity x7431 - 01 | 125.00 | 250.00 |
| -Split- | 10,000.00 | 10,250.00 |
| -Split- | 3,276.95 | 13,526.95 |
| | 23,333.36 | 36,860.31 |
| 0040 CHECKING - 1 | 250.00 | 37,110.31 |
| | 12,336.54 | 49,446.85 |
| | 200.00 | 49,646.85 |
| 0040 CHECKING - 1 | 200.00 | 49,846.85 |
| | 8,393.80 | 58,240.65 |
| | 12,308.70 | 70,549.35 |
| | 12,300.00 | 82,849.35 |
| -Split- | 10,917.73 | 93,767.08 |

| | | |
|---|---|---|
| Truity x7431 - 40 | 18,337.12 | 112,104.20 |
| Truity x7431 - 40 | 17,834.47 | 129,938.67 |
| 0040 CHECKING - 1 | 5,826.60 | 135,765.27 |
| -Split- | 2,037.11 | 137,802.38 |
| -Split- | 205.32 | 138,007.70 |
| Truity x7431 - 40 | 7,500.00 | 145,507.70 |
| Truity x7431 - 40 | 1,600.00 | 147,107.70 |
| Truity x7431 - 40 | 7,000.00 | 154,107.70 |
| Truity x7431 - 40 | 4,834.47 | 158,942.17 |
| 10013 Cash:Truity x1262 - 40 | 4,952.22 | 163,894.39 |
| 0040 CHECKING - 1 | 13,332.19 | 177,226.58 |
| -Split- | 3,698.84 | 180,925.42 |
| 10013 Cash:Truity x1262 - 40 | 8,673.09 | 189,598.51 |
| -Split- | -60.00 | 189,538.51 |

| | | |
|---|---|---|
| 10013 Cash:Truity x1262 - 40 | -2,500.00 | 187,038.51 |
| Truity x7431 - 40 | -2,865.00 | 184,173.51 |
| 0040 CHECKING - 1 | 1,500.00 | 185,673.51 |
| Truity x7431 - 40 | 5,000.00 | 190,673.51 |
| Truity x7431 - 40 | -6,000.00 | 184,673.51 |
| 10013 Cash:Truity x1262 - 40 | -200.00 | 184,473.51 |
| | 7,135.18 | 191,608.69 |
| 10013 Cash:Truity x1262 - 40 | -300.00 | 191,308.69 |
| Truity x7431 - 40 | -25,000.00 | 166,308.69 |
| 10023 Cash:Truity x9278-40 (Hotel) | 8,800.00 | 175,108.69 |
| 10023 Cash:Truity x9278-40 (Hotel) | 1,000.00 | 176,108.69 |
| Truity x7431 - 40 | -10,000.00 | 166,108.69 |
| 10023 Cash:Truity x9278-40 (Hotel) | 3,500.00 | 169,608.69 |

| | | |
|---|---|---|
| Truity x7431 - 40 | 6,862.00 | 176,470.69 |
| 10023 Cash:Truity x9278-40 (Hotel) | 1,500.00 | 177,970.69 |
| 10023 Cash:Truity x9278-40 (Hotel) | 5,400.00 | 183,370.69 |
| 10013 Cash:Truity x1262 - 40 | 1,000.00 | 184,370.69 |
| 10023 Cash:Truity x9278-40 (Hotel) | 8,200.00 | 192,570.69 |
| 10023 Cash:Truity x9278-40 (Hotel) | 13,000.00 | 205,570.69 |
| Truity x7431 - 40 | 2,390.00 | 207,960.69 |

| | | |
|---|---|---|
| Truity x7431 - 40 | 1,000.00 | 208,960.69 |
| 10023 Cash:Truity x9278-40 (Hotel) | 800.00 | 209,760.69 |
| 10023 Cash:Truity x9278-40 (Hotel) | 15,000.00 | 224,760.69 |
| 10023 Cash:Truity x9278-40 (Hotel) | -124.00 | 224,636.69 |
| Truity x7431 - 40 | 5,000.00 | 229,636.69 |
| Truity x7431 - 40 | 24,500.00 | 254,136.69 |
| 10013 Cash:Truity x1262 - 40 | 182.00 | 254,318.69 |
| 10023 Cash:Truity x9278-40 (Hotel) | 1,500.00 | 255,818.69 |

| | | |
|---|---|---|
| Truity x7431 - 40 | 273.00 | 256,091.69 |
| Truity x7431 - 40 | 6,381.00 | 262,472.69 |
| Truity x7431 - 40 | 5,017.00 | 267,489.69 |
| | 146.00 | 267,635.69 |
| | 9,922.19 | 277,557.88 |
| -Split- | 50.00 | 277,607.88 |
| | 7,500.00 | 285,107.88 |