UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

IN RE:
COPPER TREE, INC.,
EIN # xx-xxx6608

GREEN COPPER HOLDINGS, LLC,
EIN # xx-xxx9708;
Debtors.
Case No.: 24-10021-M
 Chapter: 7

CASE NO. 25-10088-T Chapter 7

Substantively Consolidated

## AMENDED[1] RESPONSE TO DEBTORS' OBJECTION [Doc. 135] TO CLAIM NO. 14 OF PICTORIA STUDIOS USA INC.

COMES NOW, **Pictoria Studios USA Inc.** ("Claimant"), by and through undersigned representative, and files this Amended Response to the Objection [Doc. 135] filed by the Trustee to Claim No. 14, belonging to the Creditor Pictoria Studios USA, Inc., and states as follows:

### I.   TRUSTEE'S OBJECTION [DOC. 135] IS KNOWINGLY FRIVOLOUS.

A.     Trustee on June 26, 2025, filed an Objection to Claimant's claim knowing from the filings and the exhibits and all of the information and documentation taken from the debtor, that the recitation of alleged facts or claims within his motion are false and groundless.  It appears that Trustee is attempting to squeeze his fees from victims, such as claimant, as opposed to going after claimants that have deeper pockets to fight, as we are all innocent until we run out of money; or, Trustee simply wants to take the shortest path to closing this matter as opposed to going after additional assets or selling off assets for greater values.

---

[1] Amended to Comply with attorney representation

1

B. At all times material hereto claimants claims are justified, verifiable, based upon work done and agreed upon, approved by the debtor's officers, directors, general counsel and/or board, and prior to the Debtor filing bankruptcy part of settlement negotiations. See, Exhibits filed in this case.

C. The Trustee either reviewed these written materials ahead of its Objection for which Claimant then challenges the truth, veracity and legitimacy of Trustee's representations to the Court; or, the Trustee did not review the documents and writings he has or should have and as such filed a Motion to Dismiss Claimant's claim without the benefit of knowing the evidence before him. The documents and writings that should be in the possession of the Trustee, and of which are now filed within this case by Claimants' Brand, Takio and Moran, et.al., vitiate the Trustee's allegations and representations.

D. Trustee falsely represents to this Court the following mis-statements which were either made intentionally or Trustee did not review the documents and writings that should be within his possession or control, nor did he meet and confer with the Claimant to learn just how frivolous his allegations are:

> [3] "*The Agreement does not represent a legitimate contract between Pictoria and the Debtor. The alleged Agreement was a disguised attempt to pay Pictoria for sums allegedly owed by a non-Debtor entity. As a result, any obligations set forth in the Agreement were illusory and the Agreement was void ab initio*".
>
> [5] "*The Trustee asserts that Pictoria did not substantially perform its obligations and duties under the alleged Agreement. As a result, the Agreement is unenforceable against the Debtor. Hence, Claim No. 14 should be denied pursuant to 11 U.S.C. § 502(b)(1)*".

> [6] "*In the alternative, the Trustee asserts that at all material times, Pictoria was an insider of the Debtor, and the asserted claim exceeds the reasonable value of services provided to the Debtor. As a result, Claim No. 14 should be disallowed to the extent the amount exceeds the value of any services pursuant to 11 U.S.C. § 502(b)(4).*
>
> [7] *Claim No. 14 may also purport to assert and recover the value of an equity interest in the Debtor. Such assertion does not constitute a "claim" against the Debtor's estate, and it should be denied on that basis. An equity security interest in the Debtor may ultimately be recognized and allowed only upon presentation of a timely Proof of Interest once all claims are allowed in this case*".

E. Creditor shall address each of the above stated points, separately below. Claimant does not seek to recover the value of any equity interest through this Proof of Claim, which is limited to unpaid cash obligations for services. Equity was separate and already received. Any equity security interest will be addressed via a timely Proof of Interest if appropriate, after claims allowance.

## II. BACKGROUND

1. On or about March 7, 2023, Claimant entered into a written Consulting Agreement with Debtors for branding, marketing, digital production, and related consulting services in connection with the Price Tower project. See, Exhibits filed hereto. This was the first of a series of continuing service agreements as well as Promissory Notes that the Debtor executed with Creditor. (These documents are all within the Creditor's Exhibits filed along with and in support of Claimants' Brand, Takio and Moran, et.al.'s claims).

2. From May 2023 through December 2023, Claimant properly performed services pursuant to the Agreement(s) and issued monthly invoices totaling $217,975.00, all of which remain unpaid. A detailed Statement of Account was submitted with the Proof of Claim.

3. At no time did the debtor, the debtor's general counsel, officers, directors or board ever challenge the claimant's fees for services or equity due and owing. In fact, Debtor had been attempting to negotiate and settle with claimant for the great work and services provided. See, exhibits filed herein this case.

4. On November 3, 2023, Debtors issued a Termination Letter acknowledging the Agreement and providing 45 days' notice, making the effective termination date December 17, 2023. Claimant continued to provide and properly perform its services through that period. See, exhibits filed herein this case.

5. The Agreement states that termination requires payment of all outstanding invoices. These invoices remain unpaid. Claimant does not contest the termination date but maintains that services rendered during the term remain fully compensable with no defense available to the Creditor. See, exhibits filed herein this case.

6. The contract explicitly applies to Copper Tree, Inc. and its wholly owned subsidiary, Green Copper Holdings, LLC. See, exhibits filed herein.

## II. RESPONSE TO OBJECTION

7. Trustee falsely represents that the contract was invalid or that no services were rendered. Trustee continues to falsely state that these claims are unsupported. RESPONSE: In fact, the Claimant has dozens of emails and text messages from the Debtor and the Debtor's representatives raving about the Creditor, the Creditor's work and that but for the Claimant's excellence the Debtor would not have secured the assets in issue. See, exhibits filed herein. Trustee is also or should be

on notice that the Debtor has tried to settle with the Claimant on multiple occasions to not only pay a certain amount towards the debt due to claimant, stating that they only have so much money to settle, but tried to continue working with Claimant as they were so impressed by the services and work performed. See, Exhibits.

8. The contract was lawfully executed, reviewed and edited by Debtor's own corporate counsel, Mr. Paul Aubert, and fully approved by all board members including Mr. Anthem Blanchard and Mrs. Cynthia Blanchard. See, exhibit filed herein of contract. The contract contains a valid, time-stamped electronic signature from the Debtors' authorized representative. For the Trustee to represent that this was not a legitimate contract is a false statement made to the Court and this statement as well as others should be sanctioned.

9. For the Trustee to further falsely represent to the Court that "*The alleged Agreement was a disguised attempt to pay Pictoria for sums allegedly owed by a non-Debtor entity*" is defamatory and a breach of the Trustee's ethics. Notice how the Trustee does not even attempt to substantiate his claim of "disguised attempt"; no specifics or examples included and the Trustee has no support for his frivolous representation. Notice how the Trustee intentionally omits to the Court any showing that the Contract was … "*for sums allegedly owed by a non-Debtor entity*". Again, Trustee is making a false claim to the Court. See, Exhibits filed herein supporting Claimant's services to the actual debtor.

10. The Trustee's Objections are frivolous, false, defamatory and possibly a breach of legal ethics. Claimant looks forward to an evidentiary hearing whereby the Trustee can explain to the Court why such false statements have been made against the Claimant.

11. Claimant rendered substantial, reasonable and fair valued services during the contract period and has documentation and witnesses to support performance. See, exhibits filed

herein. Again, the Claimant has emails, text and testimony from the Debtor and the Debtor's agents, representatives, officers, shareholders, employees and/or those who the Debtor did business with, including those who were present for the securing of the Debtor's only asset, i.e., the Price Tower and its inclusions. The Trustee's assertions are categorically false and the Trustee is or should be in possession or control of the same documents which inure to the benefit of the Claimant not the Trustee or Debtor. See, Exhibits filed herein.

12. While the Trustee brings up the termination date, the Trustee fails to inform the Court that the termination was due to inability to pay not due to work performance. See, Exhibits filed herein. Trustee would know this not only from the production of documents he should already have, but upon review of the same email he reviewed to learn of the subject termination. See, exhibits filed herein including such email. However, the Trustee only informs the Court regarding half the email as the other half, written by General Counsel, Mr. Paul Aubert, states that Cynthia Blanchard wished to continue working with the Claimant. See, Exhibits filed herein showing the full email and that the Trustee's allegation is only a partial truth disguised as being a whole truth.

13. Cynthia Blanchard has also made public statements in press articles acknowledging Claimant's partnership and the consulting agreement. See, Exhibits filed herein and all such public statements should be within the possession of the Trustee if he is properly performing his function. These public statements support the validity and mutual understanding of the contract terms and are all openly available to the Trustee before the Trustee brought such false and defaming Objections to the Court.

14. Throughout the acquisition and development process, the Debtors publicly introduced Michael J. Moran and Pictoria Studios USA Inc. as integral members of the team,

reinforcing their credibility by associating with Claimant's reputation and experience. See, Exhibits filed herein. Mr. Moran's professional network and longstanding public profile were leveraged to support Copper Tree's acquisition of the Price Tower. It is highly likely that the transaction would not have been completed without the strategic and branding contributions made by Mr. Moran and Pictoria Studios as Mrs. Cynthia Blanchard's curriculum vitae would not have gotten her alone the Price Tower or any of the ancillary assets that the Trustee hasn't even moved to gain. See, exhibits filed herein. Claimant also made introductions to trusted industry professionals and extended its reputation to the benefit of the Debtors. See, Exhibits filed herein. These contributions were rendered in reliance on the agreed-upon compensation structure and ongoing relationship as defined by the contract. See, Exhibits filed herein.

15. In accordance with the terms of the Consulting Agreement, Claimant provided formal notices of breach and legal demand letters to the Debtors following non-payment of invoices. See, Exhibits filed herein. These notices were delivered in the manner and form specified by the contract, and placed the Debtors on notice of their default and the outstanding obligation. See, Exhibits filed herein. Debtors failed to cure the breach within the time allowed under the Agreement, further supporting the validity and enforceability of Claim No. 14. See, Exhibits filed herein.

16. Trustee also knows that the equity position received was also part of the consideration and payment for Claimants services, work performed, and monies owed. Trustee knows by review or should he have met and conferred with Claimant that nothing comes for free and that a lot of the Claimant's good-will and work could not be billed by the hour and therefore paid with equity. See, Exhibits filed herein including but not limited messages from general counsel and the Debtor's CAP table and Equity Contract terms.

7

For clarity, Claimant's Proof of Claim No. 14 is purely for unpaid cash invoices and services rendered under the Consulting Agreement, totaling $205,750.00 plus accrued interest and penalties as detailed in the attached Statement of Account. The equity interests (e.g., 1.875% already received and additional 1% vested) were separate consideration granted for services and have already been issued and received, as evidenced by the Debtor's cap table and stock records (see Exhibit Y). To the extent any recovery of equity value is sought, Claimant will file a separate Proof of Interest pursuant to Bankruptcy Rule 3003 once all claims are allowed. This claim is enforceable against the Debtor under 11 U.S.C. § 502(b)(1), as the Agreement is a valid contract supported by substantial performance, Debtor approvals, and no valid defenses (as detailed in Exhibits hereto), rendering the Trustee's assertions of illusoriness unfounded.**III. REQUEST FOR RELIEF**

WHEREFORE, Claimant respectfully requests that this Honorable Court:

    c.    **DENY** Debtors'/Trustee's Objections in its entirety;

b. Allow all of Claimant's claims for unpaid cash invoices and services, in the full amount of $217,975.00 as filed in Proof of Claim No. 14, pursuant to 11 U.S.C. § 502(b)(1), as the obligations are enforceable under the Consulting Agreement due to Claimant's substantial performance and the Debtor's acknowledgments and approvals (see Exhibits filed hereto). Equity interests were separate consideration already received and are not part of this claim; to the extent necessary, Claimant will pursue any equity-related recovery via a separate Proof of Interest Rule that the Trustee's Objections were/are baseless, frivolous and warrant sanctions in favor of the Claimant;

    d. <u>Alternatively, set the matter for a hearing or evidentiary hearing and permit Claimant to first conduct timely and appropriate discovery, including the taking of depositions;</u> and

    e. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted by:

/s/ Craig Alan Brand, Esq.
_____
Craig Alan Brand, Esq.
The Brand Law Firm, P.A.
Florida Bar No. (FBN): 896111
6462 S. Jamaica Circle
Englewood, CO 80111
Tel. (305) 878-1477
Craig@thebrandlawfirm.com

Attorney for: Pictoria Studios USA Inc., and
Michael Moran and Erinne Moran, JTRWOS, and
Mike Moran a/k/a Michael J. Moran

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 24, 2025, a true and correct copy of the foregoing Response to Response to Trustee's Objections [Doc. 135], was served electronically on participants in the CM/ECF system according to local procedures.

/s/ Craig Alan Brand, Esq.
_____
Craig Alan Brand, Esq.
Florida Bar No. (FBN): 896111

Attorney For: Pictoria Studios USA Inc., and
Michael Moran and Erinne Moran, JTRWOS, and
Mike Moran a/k/a Michael J. Moran