## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | | |
| **GREEN COPPER HOLDINGS, LLC** | ) | **CASE NO. 25-10088-T** |
| EIN # xx-xxx9708 | ) | **Chapter 7** |
| | ) | |
| **COPPER TREE, INC.** | ) | **Substantively Consolidated** |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| **THE INN AT PRICE TOWER INC.** | ) | |
| Debtors. | ) | |
| | / | |

**CLAIMANT PICTORIA STUDIOS USA, INC., (Claim No. 14),  AND CLAIMANT TAKTIK ENTERPRISES, INC. (Claim No. 4) OBJECTION TO CLAIMANT LINDA JONES (NO. 19), AND NOTICE OF OPPORTUNITY TO BE HEARD**

COMES NOW **PICTORIA STUDIOS USA, INC., (CLAIM NO. 14)**, and, Claimant **TAKTIK ENTERPRISES, INC. (Claim No. 4), ("Pictoria and Takio" collectively shall be referred to as Movants),** by and through their undersigned counsel and hereby files this **Objection to Claimant No. 19, Linda Jones**, filed on July 1, 2025 and Notice of Opportunity to be heard, and as grounds thereof states as follows:

1.      On July 1, 2025 Claimant Linda Jones filed Claim No. 19 alleging back wages owed as well as penalties under Oklahoma Law (40 O.S. § 165.3).  Movants contest this claim and its legitimacy.  (See, Claim filed: Case 25-10088-T      Claim 19-2      Filed 07/01/25      Main Document).

2.      In order to obtain penalties under Oklahoma Law (40 O.S. § 165.3), the Claimant would have first had to be an actual and true "employee", as opposed to an independent contractor of the actual Debtor. 40 O.S. § 165.3 (Oklahoma wage law, for employees only).  Movants allege that Ms. Jones was not an actual employee of the Debtors.

3.      Upon information and belief, Claimant was never an employee of the Debtors and if so, the amounts alleged to be owed would not align with the claim.  Furthermore, movants would represent that Claimant is an in-sider of PTAC as well as within the Debtor Entities and her claim should be barred as such as well as for neglect of duties, breach of fiduciary obligations, and breach of Consulting Agreement which was filed as part of Claimant's claim, Attachment 1, 19-2, Part 2.

4.    The evidence that Claimant files in support of her Claim that $97,161.30 is due and owing is found in the following filings:

   a.   Case 25-10088-T    Claim 19-2 Part 2    Filed 07/01/25    Attachment 1    Pg 1 of 5, an unsigned **Consulting** Agreement;

   b.   Case 25-10088-T Claim 19-2 Part 4 Filed 07/01/25 Attachment 3, a single page, typed up statement claiming that monies were due for the period of <u>April 1, 2023 to August 6, 2024</u> in the amount of $97,161.30;

   c.   Case 25-10088-T    Claim 19-2 Part 3    Filed 07/01/25    Attachment 2, which is an alleged letter (no letter head or official corporate recognition as to the company submitting it), from Donna Keefer to Claimant terminating Claimant's employment as of August 6, 2024.

5.      Claimant is one of three Claimants represented by Maxfield J. Malone of Pray Walker, P.C.  Normally this would be of no consequence, however, in this instance, it appears that the three Claimants' Linda Jones (19), Donna Keffer (20), and Mark Haskell (21, 22, 23) might have material conflicts of interests.

6.      Movants were material components of the Debtor and Movants representatives are also shareholders of Copper Tree Inc., having no personal knowledge that Copper Tree, Inc., or any other related Debtor hereto, had ever hired Linda Jones as an actual employee, no knowledge of

Federal withholdings for Claimant, no knowledge of worker's compensation paid on behalf of Claimant, no knowledge of an employee (W2) agreement for the Claimant with Copper Tree, no knowledge of health care being paid on behalf of Claimant and no knowledge of Claimant holding herself out as an actual employee of Copper Tree as defined by the IRS.  Movants represent that within their capacity and scope with the Debtors had the Claimant been an actual employee, she should have made them aware of this status.   Inside the company, Linda Jones (#19) did not identify herself to the Movants as a W2 employee, but that of an administrative consultant, i.e., a part time book-keeper. It has not escaped the Movants that Claimant did not attach her tax returns, W2, nor pay stubs as actual supporting evidence of her claim.

7.      Claim 19-2 Part 4 Filed 07/01/25 Attachment 3 Pg 1 of 1, states that she is entitled to back wages and penalties "Wage Claimants under 40 O.S. § 165.3(B) (OSCN 2025) are entitled to Liquidated Damages (capped at 100% of unpaid wages) that accrue at 2% daily interest. Ms. Linda Jones' Liquidated Damages reached the cap on September 25, 2024".

8.      Movants strenuously challenge and disagree that Claimant was an actual employee of Debtor(s) and that she is entitled to any claim under 40 O.S. § 165.3(B) (OSCN 2025).  In fact, pursuant to the exhibits Claimant has filed in support of her claim, Movants would argue that this claim is fraudulently made and her own exhibits help demonstrate this.

9.      Movants who were also contractors and material componentry to the Debtors had no knowledge of Linda Jones as an actual W2 employee and if so, she failed to inform them as would have been necessary and failed in the performance of her work.

10.     Claimant attaches Claim 19-2 Part 2    Filed 07/01/25    Attachment 1    Pg 1 of 5, an unsigned **Consulting** Agreement in support.  Claimant is representing by this filing that the unsigned agreement is a valid contract.  This agreement, however, is a "Consulting Agreement"

and clause 4, specifically spells out that Linda Jones is an Independent Contractor and not an employee.  Furthermore, This Consulting Agreement is by and between Linda Jones and the Inn at Price Tower Inc., dated April 1, 2023.  On April 1, 2023, the Inn at Price Tower Inc was owned and operated by PTAC for which both Donna Keffer and Mark Haskell were employees and officers of.   Donna Keffer is believed to be the PTAC officer paying off loans taken out by Mark Haskell for PTAC's benefit and now attempting to transfer liability to the Debtors herein.

11.     Next, Claimant filed Claim 19-2 Part 3    Filed 07/01/25    Attachment 2.  This exhibit is an alleged letter from Donna Keefer to Claimant terminating Claimant's employment as of August 6, 2024 from an entity known as Copper Tree, LLC. Wherefore, this Exhibit (10-2, Part 3) contradicts Claim 19-2 Part 2, Attachment 1. Complete contradiction and it appears that Claimant doesn't know who she was even employed by if employed as an employee at all.

12.     Of further importance with Claim 19-2 Part 3    Filed 07/01/25    Attachment 2, is that this purported termination letter was allegedly drafted by Mrs. Keffer, whose credibility is already being questioned by the Movants. (See, Movants Objection, August 17, 2025, to Mrs. Keffer's claim 20). This alleged letter, being challenged as to authenticity and validity, was not written on any of the Debtor's letter head and lists Mrs. Keffer as Executive Director but fails to state of which company she is acting for.  We know Mrs. Keffer to have been the Executive Director of PTAC, but PTAC is not a Debtor herein and PTAC would have been responsible for any back payment obligations. The letter shows no proof of delivery and was not signed by Linda Jones. Proof of delivery of a termination would have been expected along with a termination agreement.

13.     Given the above stated, Movants allege that Claimant was not an employee of the Debtor. Wherefore, Exhibit Claim 19-2 Part 4 Filed 07/01/25 Attachment 3, sets forth fraudulently requested claims which warrant the dismissal of this claim in its entirety.

14.     We know from another filing, by the same attorney as this Claimant is using, i.e., Case 25-10088-T    Claim 23    Filed 08/11/25    Attachment 2    Pg 41 of 43, that the Inn at Price Tower was purchased by an entity known as CT Operations, LLC.  We know that according to this filing, CT Operations purchased shares of the Inn at Price Tower.  CT Operations is not a Debtor in this case. Wherefore, again, the Claimant's Exhibits appear to be irrelevant to support for their Claim. There is no agreement by and between CT Operations and PTAC or the Inn at Price Tower creating a legal duty upon CT Operations for past employee debts or debts to independent contractors.

15. The exhibits filed by this Claimant as support of her position fail and dismissal is warranted. These exhibits neither show the claimant as an employee, as per the IRS, of the Debtors, nor do they demonstrate that the Debtors owe them any money or the monies claimed.

16. Claimant attaches no Employment Agreement establishing Linda Jones as a true W2 employee, no texts or emails that would confirm an employment status, no tax return filings, no W2, no paystub validation, no writing from either Debtor hiring or firing or modifying the Claimant's employment status or remarking it as an "employee".  Nothing produced by any of the Debtors herein this case and all the filings, demonstrate this Claimant as an actual employee or shareholder thereof.  Nothing in this bankruptcy action show that the Debtor entities took any employment actions with the Federal or State Governmental authorities supporting Claimant's position that she was an employee of Debtor.

17. Additionally, pursuant to 11 U.S.C. § 502(b)(1), § 502(b)(1): PTAC insider, and § 507(a)(4) warrants the dismissal of this Claim as well as denial as to any representation that these claim(s) have priority status.

WHEREFORE, the Claimant hereby prays that this Court grant the relief sought herein, including but not limited to:

a.  A denial of claim 19, belonging to Claimant Linda Jones, in full or in part;

b.  Limiting any recovery to only those instances allowed pursuant to the Federal Bankruptcy Code and Federal Statute.

c.  Financial Values limited to value pursuant to 11 U.S.C. § 502(b)(4).

d.  Any and all other relief the Court finds prudent, including but not limited to in light of the above, the preemptive denial of Claim 19, the denial of Claim 19, findings of wrongful insider use and utilization, claim fraud, overstated amounts allegedly due, mis-use of inside positions and breaches of fiduciary duties.

RESPECTFULLY SUBMITTED ON THIS 18TH DAY OF AUGUST, 2025.

/s/ *Craig A. Brand, Esq.*

By: _____
    Craig Alan Brand, Esq.
    FBN: 896111
    Tel. (305) 878-1477
    6462 S. Jamaica Circle
    Englewood, Colorado 80111

    **On behalf of and for:**
    PICTORIA STUDIOS USA, INC. (Claim No. 14), and
    TAKTIK ENTERPRISES, INC. (Claim No. 4).

### NOTICE OF OPPORTUNITY FOR HEARING

Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 33 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your

response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 33 day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f). *The moving party shall calculate the appropriate response time. If a response time is prescribed by applicable statute, rule, or order, the moving party shall add to the prescribed response time unless service is accomplished by hand delivery, the three (3) days required for mailing under Bankruptcy Rule 9006(f). If a response time is not prescribed by applicable statute, rule, or order, the response time shall be fourteen (33) days, which includes the three (3) days required for mailing under Bankruptcy Rule 9006(f).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this foregoing Motion to Compel Trustee

for a Proper Accounting was ECF filed with the Clerk of Court on this 18th day of August, 2025.


/s/ *Craig A. Brand, Esq.*

By: _____

Craig Alan Brand, Esq.
FBN: 896111
Tel. (305) 878-1477
6462 S. Jamaica Circle
Englewood, Colorado 80111

**On behalf of and for:**
PICTORIA STUDIOS USA, INC. (Claim No. 14), and
TAKTIK ENTERPRISES, INC. (Claim No. 4).