## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| GREEN COPPER HOLDINGS, LLC, ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 ) | Chapter 7 |
| ) | |
| COPPER TREE, INC. ) | Substantively Consolidated |
| EIN # xx-xxx6608 ) | |
| ) | |
| Debtors. ) | |

### RESPONSE TO TRUSTEE'S OBJECTION TO AMENDED PROOF OF CLAIM #3-2 FILED BY NOLA RENEE NICHOLS

COMES NOW Nola Renee Nichols ("Nichols") and for her response and objection to the Trustee's objection to Amended Proof of Claim #3-2 alleges and states as follows:

### PROCEDURAL HISTORY REGARDING CLAIM OF NICHOLS

1. Nichols originally filed her Proof of Claim #3 for the sum of $396,975.00.

2. The Trustee objected to the claim (Doc 133).

3. Nichols filed an Amended Proof of Claim #3-2 for the sum of $246,975.00.

4. Trustee objected to the Amended Proof of Claim (Doc 171).

### NICHOLS INVOLVEMENT WITH GREEN COPPER HOLDINGS, LLC

5. On or about the 6th of March, 2023, Nichols was hired by Copper Tree, Inc., the parent company of Green Copper Holdings, LLC, as the lead accountant/bookkeeper. There was no written employment agreement executed by the Debtor and Nichols. The consideration for the services rendered by Nichols was a monthly payment of $8,000 plus bonus and adjustments as approved by Debtor during employment. Nichols received minimal compensation from the Debtor from the inception of the hiring until the filing of bankruptcy. Nichols' claim for $246,975.00 is based upon services rendered to the Debtor prior to bankruptcy.

### ARGUMENT

6. Trustee asserts that Nichols is an insider of the debtor. 11 U.S.C. § 101.31(D) defines "Insider" if the debtor is a corporation.

   I. Director of the Debtor;

  II. Officer of the Debtor;

  III. Person in control of the Debtor;

  IV. Partnership in which Debtor is general partner;

  V. General partner of the Debtor;

  VI. Relative of a general partner, director, officer, or person in control of the Debtor.

7. Nichols is none of the above. Her role for the Debtor was accountant and book keeper. Therefore, the insider argument of the Trustee fails and should be disregarded by the court.

8. The Trustee objected to the Amended Proof of Claim of Nichols. Title 11 U.S.C. § 502 pertains to an objection to a claim. There are nine (9) enumerated instances where a claim will be disallowed. A copy of 11 U.S.C. § 502(B) is attached hereto and made a part hereof as Exhibit 1.

9. None of the nine (9) reasons set forth in § 502(B) are applicable to the Amended Proof of Claim of Nichols. In particular, the Trustee references 11 U.S.C. § 502(B)(4). As stated earlier, Nichols was not an insider of the Debtor, and therefore § 502 (B)(4) is not a sustainable argument by the Trustee.

## **CONCLUSION**

10. Nichols provided valuable services to the Debtor prior to the filing of bankruptcy. Nichols received minimal compensation of $3,000.00 by the Debtor for her services. At the hearing on the Objection to Claim and Nichols Response, Nichols will provide evidence to the court to prove that she rendered services, the value of her services was reasonable, and that the claim should be allowed in full. To rule otherwise would be an injustice, both at law and at equity to Nichols for the services performed by her prior to bankruptcy.

Respectfully submitted,

*/s/ Jerome S. Sepkowitz*
Jerome S. Sepkowitz, OBA No. 8081
4800 North Lincoln Boulevard
Oklahoma City, Oklahoma 73105-3321
Telephone: (405) 528- 6569
Fax: (405) 528- 6462
jsepkowitz@derryberrylaw.com
ATTORNEY FOR CREDITOR

## CERTIFICATE OF MAILING

This is to certify that a true and correct copy of the foregoing instrument was mailed by U.S. First Class mail, postage prepaid, 21st day of August, 2025, to the following:

Patrick J. Mallow, III
401 S Boston Ave., Ste 500
Tulsa, OK 74103
*ATTORNEY FOR TRUSTEE*

                                                   */s/Jerome S. Sepkowitz*
                                                  Jerome S. Sepkowitz