# 11 U.S. Code § 502 - Allowance of claims or interests

**(a)** A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

**(b)** Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such

EXHIBIT
"1"

amount, except to the extent that—

 **(1)** such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

 **(2)** such claim is for unmatured interest;

 **(3)** if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property;

 **(4)** if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services;

 **(5)** such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title;

 **(6)** if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—

  **(A)** the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—

   **(i)** the date of the filing of the petition; and

   **(ii)** the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus

  **(B)** any unpaid rent due under such lease, without acceleration, on the earlier of such dates;

 **(7)** if such claim is the claim of an employee for damages resulting from the termination of an employment contract, such claim exceeds—

  **(A)** the compensation provided by such contract, without acceleration, for one year following the earlier of—

   **(i)** the date of the filing of the petition; or

   **(ii)** the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus

    **(B)** any unpaid compensation due under such contract, without acceleration, on the earlier of such dates;

**(8)** such claim results from a reduction, due to late payment, in the amount of an otherwise applicable credit available to the debtor in connection with an employment tax on wages, salaries, or commissions earned from the debtor; or

**(9)** proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) or under the Federal Rules of Bankruptcy Procedure, except that—

    **(A)** a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide; and

    **(B)** in a case under chapter 13, a claim of a governmental unit for a tax with respect to a return filed under section 1308 shall be timely if the claim is filed on or before the date that is 60 days after the date on which such return was filed as required.

**(c)** There shall be estimated for purpose of allowance under this section—

    **(1)** any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case; or

    **(2)** any right to payment arising from a right to an equitable remedy for breach of performance.

**(d)** Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

**(e)**

    **(1)** Notwithstanding subsections (a), (b), and (c) of this section and paragraph (2) of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on

or has secured the claim of a creditor, to the extent that—

> **(A)** such creditor's claim against the estate is disallowed;
>
> **(B)** such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution; or
>
> **(C)** such entity asserts a right of subrogation to the rights of such creditor under section 509 of this title.

**(2)** A claim for reimbursement or contribution of such an entity that becomes fixed after the commencement of the case shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) of this section, the same as if such claim had become fixed before the date of the filing of the petition.

**(f)** In an involuntary case, a claim arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee and the order for relief shall be determined as of the date such claim arises, and shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

**(g)**

> **(1)** A claim arising from the rejection, under section 365 of this title or under a plan under chapter 9, 11, 12, or 13 of this title, of an executory contract or unexpired lease of the debtor that has not been assumed shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.
>
> **(2)** A claim for damages calculated in accordance with section 562 shall be allowed under subsection (a), (b), or (c), or disallowed under subsection (d) or (e), as if such claim had arisen before the date of the filing of the petition.