**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: | | |
| **GREEN COPPER HOLDINGS, LLC** | ) | **CASE NO. 25-10088-T** |
| **EIN # xx-xxx9708** | ) | **Chapter 7** |
| | ) | |
| **COPPER TREE, INC.** | ) | **Substantively Consolidated** |
| **EIN # xx-xxx6608** | ) | |
| | ) | |
| **THE INN AT PRICE TOWER INC.** | ) | |
| **Debtors.** | ) | |
| | / | |

**CLAIMANT PICTORIA STUDIOS USA, INC., (Claim No. 14),  AND CLAIMANT TAKTIK ENTERPRISES, INC. (Claim No. 4) <mark>OBJECTION TO CLAIM NO. 13</mark>, CLAIMANT ENTERPRISE GLOBAL LOGISTICS LLC, AND NOTICE OF OPPORTUNITY TO BE HEARD**

COMES NOW **PICTORIA STUDIOS USA, INC., (CLAIM NO. 14)**, and, Claimant

**TAKTIK ENTERPRISES, INC. (Claim No. 4)** by and through their undersigned counsel and

**hereby files this Objection to Claim No. 13, 13-1, filed on June 6, 2025, and Notice of**

**Opportunity to be Heard**, and as grounds thereof states as follows:

1.      On June 3, 2025, Claimant Enterprise Global Logistics*, LLC* filed Claim No. 13 in

the amount of $65,100. (*See*, Case 25-10088-T Claim 13-1 Filed 06/03/25 Main Document).

2.      Claim No. 13, is filed against the bankruptcy debtor: Green Copper Holding, LLC.

3.      Claim No. 21, attaches only one document as support for its claim.  (*See*, Case 25-

10088-T Claim 21-1 Filed 06/06/25 Part 2, Attachment 1).

4.      Claim 13 is a single filing #13-1, including the claim and its supporting

attachments.

5.      Claim 13-1 has the following attached exhibits:

   a.  A self-serving Claim Balance Itemization;

      b.  A November 17, 2023 Promissory Note with the principle being $60,000 and the borrower being: <u>Copper Tree, Inc</u>.

6.  No other attachment, exhibit or proof of debt is attached.

7.  The Promissory Note states conditions precedent for any transference of the debt obligation from the Debtor: Copper Tree, Inc., to another party for which Green Copper Holdings, LLC would be.  These are two separate and distinct legal entities.  The condition precedent is contained within paragraph 4 of the Promissory Note which states:

> 4. Miscellaneous.
> (a) Assignment and Transfer. The rights and obligations of Borrower and Lender shall be
> binding upon and benefit the successors, assigns, heirs, administrators and transferees of the parties. This
> Note may be transferred only upon its surrender to Borrower for registration of transfer, duly endorsed, or
> accompanied by a duly executed written instrument of transfer in form reasonably satisfactory to
> Borrower. Thereupon, this Note shall be reissued to, and registered in the name of, the transferee, or a
> new Note for like principal amount and interest shall be issued to, and registered in the name of, the
> transferee. Interest and principal shall be paid solely to the registered holder of this Note. Such payment
> shall constitute full discharge of Borrower's obligation to pay such interest and principal.

8.  At no time did these conditions precedent, supra, paragraph 4 of the Promissory Note, occur.

9.  Furthermore, Movants contest Cynthia Blanchard being able to enter into this Promissory Note in the first place and contend that she was not permitted to lawfully enter into this debt as it was outside of her permitted duties and responsibilities at the time of making.

    WHEREFORE, the Movants hereby pray that this Court grant the relief sought herein, including but not limited to:

       a.   A denial of claim 13 in full;

       b.   Limiting any recovery to only those instances allowed pursuant to the Federal

           Bankruptcy Code and Federal Statute.

       c.   Values limited to value pursuant to 11 U.S.C. § 502(b)(4).

       d.   Any and all other relief the Court finds prudent, including in light of the above, the

           preemptive denial of Claim 13.

RESPECTFULLY SUBMITTED ON THIS 22nd DAY OF AUGUST, 2025.


/s/ *Craig A. Brand, Esq.*

By: _____

    Craig Alan Brand, Esq.
    FBN: 896111
    Tel. (305) 878-1477
    6462 S. Jamaica Circle
    Englewood, Colorado 80111

    **On behalf of and for:**
    PICTORIA STUDIOS USA, INC. (Claim No. 14), and
    TAKTIK ENTERPRISES, INC. (Claim No. 4).


### NOTICE OF OPPORTUNITY FOR HEARING

Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 33 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 33 day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).

*The moving party shall calculate the appropriate response time. If a response time is prescribed by applicable statute, rule, or order, the moving party shall add to the prescribed response time unless service is accomplished by hand delivery, the three (3) days required for mailing under Bankruptcy Rule 9006(f). If a response time is not prescribed by applicable statute, rule, or order, the response time shall be fourteen (33) days, which includes the three (3) days required for mailing under Bankruptcy Rule 9006(f).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this foregoing Motion to Compel Trustee

for a Proper Accounting was ECF filed with the Clerk of Court on this 22nd   day of August, 2025.

/s/ *Craig A. Brand, Esq.*

By: _____

Craig Alan Brand, Esq.
FBN: 896111
Tel. (305) 878-1477
6462 S. Jamaica Circle
Englewood, Colorado 80111

**On behalf of and for:**
PICTORIA STUDIOS USA, INC. (Claim No. 14), and
TAKTIK ENTERPRISES, INC. (Claim No. 4).