IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| THE INN AT PRICE TOWER INC. | ) | |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S MOTION FOR ORDER APPLYING FED. R. BANK. P. 7012(b) TO PENDING CONTESTED MATTER.**

Comes now the Trustee and states:

1. Pictoria Studios USA Inc. ("Pictoria") and Taktik Enterprises Inc. ("Taktik") have filed herein CLAIMANT PICTORIA STUDIOS USA, INC., (Claim No. 14), AND CLAIMANT TAKTIK ENTERPRISES INC. (Claim No. 4) MOTION TO COMPEL TRUSTEE FOR PROPER ACCOUNTING OF DEBTOR'S ASSETS, COMPEL TRUSTEE TO FOLLOW THROUGH AND ADD ASSETS TO THE ESTATE, AND NOTICE OF OPPORTUNITY TO BE HEARD (Doc. No. 249) (the "Motion").

2. In large part, the Motion addresses matters that are already the subject of a pending motion filed by the Trustee seeking authority to settle various claims involving this estate and the Frank Lloyd Wright Conservancy (the "Conservancy") (Doc. No. 156). In addition, the Motion seeks an order compelling the Trustee to account for personal assets of this estate sold to the "Snyder family" despite prior orders of this Court approving the sale of all of the assets of this estate to McFarlin Buildings LLC (A Snyder controlled entity)—after Notice to all

parties including Pictoria and Taktik without objection from either party. As a result, the Motion is redundant, immaterial and impertinent and subject to being stricken pursuant to Fed. R. Civ. P. 12(b) as applied to bankruptcy by Fed. R. Bankr. Pro. 7012(f) or, in the alternative is subject to an order of dismissal pursuant to Fed. R. Bank. Pro 7012(b).

3. Fed. R. Bankr. Pro 9014 specifically applies certain portions of Part VII of the bankruptcy rules to "Contested Matters." Rule 7012 is not one of them. However, the Rule does provide in relevant part:

"The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply."

4. To the extent the Motion represents yet another attack on the proposed settlement with the Conservancy, the Motion is redundant and will require the Trustee to litigate these issues on two different fronts—unnecessarily increasing the costs to administer this estate. To the extent the Motion seeks to attack prior and final orders of this Court, which were entered with full Notice to both Pictoria and Taktik without objection, the Motion should likewise be stricken pursuant to Fed. R. Bankr. P. 7012(f). In the alternative, the Motion should be dismissed pursuant to Fed. R. Bankr. P 7012(b)(6).

5. Attached hereto as **Ex A** is a copy of the Trustee's proposed motion to strike or, in the alternative, to dismiss the Motion.

Wherefore the Trustee prays for an order applying Fed. R. Bankr. P. 7012 to this Contested Matter and authorizing the Trustee's filing of his proposed motion to strike or, in the alternative, to dismiss the Motion.

Respectfully Submitted By:

<u>s/ Patrick J. Malloy III</u>
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:	918-699-0345
Fax:	918-699-0325
*ATTORNEYS FOR TRUSTEE*