<u>**EXHIBIT A**</u>

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **GREEN COPPER HOLDINGS, LLC** | ) | **CASE NO. 25-10088-T** |
| EIN # xx-xxx9708 | ) | **Chapter 7** |
| | ) | |
| **COPPER TREE, INC.** | ) | **Substantively Consolidated** |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| **THE INN AT PRICE TOWER INC.** | ) | |
| | ) | |
| Debtors. | ) | |

<u>**TRUSTEE'S MOTION TO STRIKE AND/OR DISMISS *CLAIMANT PICTORIA STUDIOS USA, INC.* (Claim No. 14), AND CLAIMANT TAKTIK ENTERPRISES INC. (Claim No. 4), MOTION TO COMPEL TRUSTEE FOR PROPER ACCOUNTING OF DEBTOR'S ASSETS, COMPEL TRUSTEE TO FOLLOW THROUGH AND ADD ASSETS TO THE ESTATE, AND NOTICE OF OPPORTUNITY TO BE HEARD**</u> ("Motion")

**I.   Preliminary Statement**

1. The Motion was filed by Craig Alan Brand ("Brand") on behalf of Taktik Enterpirses Inc. ("Taktik") and Pictoria Studios Inc. ("Pictoria"). The Motion contains a *Wherefore* section that requests various relief but does not specify against whom any order for relief should apply. To the extent the Motion seeks an order from this Court directing the Trustee to do anything, the Motion should be stricken based on Fed. R Civ P. 12(f) made applicable to this Court pursuant to Fed. R. Bankr. Pro 7012(f) on the basis that the Motion is redundant and duplicative of matters already pending before this Court and/or are the subject of final and non-appealable orders of this Court  In addition, portions of the Motion seek orders compelling the Trustee do certain things without any factual or legal basis and, therefore, should either be stricken or dismissed based pursuant to Fed. R Bankr. P. 7012(b)(6).

2. The Motion complains mostly about facts which are relevant to the Trustee's pending motion to settle various claims or potential claims by and between this estate and the Frank Lloyd Wright Conservancy (the "Conservancy") (Doc. No. 156). Both Taktik and Pictoria have objected to that motion and the matter is presently set for a status conference in September. All issues related to that matter are already before the Court. The Motion appears to be yet another redundant attack on the proposed settlement which will necessarily increase the costs to this estate and the Conservancy.

3. The Motion additionally seeks an accounting from the Trustee relative to assets of this estate and, in particular, artwork "transferred to the Snyder family…" and "an accounting of what assets are within the Trustee's possession and control…" The Trustee previously filed herein pleadings related to the proposed sale of all of the assets of this estate to a Snyder controlled entity, including specified real estate and all personal property located on such real estate as of the date of bankruptcy. Notice of the proposed sale and Court approved bidding procedures were provided to Brand, Taktik, and Pictoria. The Trustee additionally filed herein his *TRUSTEE'S SUPPLEMENT TO MOTION AND NOTICE OF SALE* which included as an exhibit the only inventory of personal property that was ever provided to the Trustee and an additional exhibit specifying certain Japanese artwork which would be included in the proposed sale.  At no time prior to this Court's order approving the sale did Brand, Taktik, or Pictoria object to the proposed sale of all of the Debtor's assets, including real estate and personal property. At no time prior to the entry of this Court's order approving the sale did any of these parties request the opportunity to inspect the property and all personal property, including artwork, that would be the subject of the sale. At no time prior to this Court's

approval of the sale did any of these parties submit a competitive bid with respect to these properties.

4. Subsequent to the entry of the order approving the sale, the Trustee did, in fact, close the sale. Thereafter, the Trustee filed his Report of Sale advising all necessary and interested parties, including these parties, that the sale had closed and the requisite consideration had been paid. At no time did any of these parties object to or complain about the specified Report of Sale (Doc. No. 102).

5. As a result of the sale, all of the assets of this estate were sold and, as is well known to these parties, there are no additional assets in the possession of the Trustee. The Trustee has, in fact, accounted for all assets of this estate without prior and timely objection by Brand, Taktik, or Pictoria.

## II. Argument

### 1. The Motion Should Be Stricken Based on Fed. R. Civ. P. 12(f)

#### a. Allegations Related to the Trustee's Pending Motion to Settle

The Trustee previously filed herein a motion to settle various claims by and between the estate and the Conservancy (Doc. No.156). Taktik and Pictoria filed objections to that motion (Doc. Nos. 207, 208). The Trustee filed his response in support of the motion to settle (Doc. No. 230). The Court has scheduled that matter for status conference on the 2nd day of September 2025 at 10:30 AM.  In the Motion, which the Trustee must assume seeks relief against the Trustee, the movants raise facts and issues that are already pending before this Court. Pages 2-13; page 16 section 17; and page 17 of the Motion contain allegations that relate to the pre-bankruptcy transfer of

personal property to an entity called 20C. In the Trustee's motion to settle, the Trustee proposes to waive any avoidance claim relative to these transfers as part of an agreement that additionally recognizes that the transferred assets have been acquired from 20C by the Conservancy with the intent to return the assets to Price Tower for preservation; involves the Trustee's dismissal of pre-bankruptcy claims against the Conservancy; and the Conservancy's withdrawal of claims against this estate for $170,000 in attorney fees. As a result, and at a minimum, these pages of the Motion are redundant and should be stricken pursuant to Fed. R. Civ P. 12(f). Neither the Trustee nor the Conservancy should be required to fight this battle on two fronts.

b. **Claim For "An accounting as to what artwork was transferred to the Snyder family upon their Court approved purchase of the Price Tower"**

The above referenced claim can be found on page 18 of the Motion in section e. The Trustee previously filed herein his *TRUSTEE'S AMENDED MOTION FOR ORDER AUTHORIZING SALE OF REAL ESTATE AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS; CLAIMS ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f) AND FOR ORDER AUTHORIZING PAYMENT OF REALTOR COMMISSION AT TIME OF CLSOING WITHOUT FURTHER NOTICE* (Doc. No. 69). The motion clearly proposed to sell the Debtor's real estate and **all personal property located on the premises as of the date of bankruptcy including any art to McFarlan Buildings LLC ("McFarlin").** McFarlin is an entity owned by the "Snyder Family." The Trustee can only assume that this is the transfer of assets to the "Snyder Family" referred to by Pictoria and Taktik in their Motion. In connection with the motion to sell, the Trustee filed herein his Amended Notice of the proposed sale which set forth the Court's approved bidding procedures **and deadlines**

**for submitting competitive bids and/or objections to the proposed sale**. The Trustee additionally filed herein his TRUSTEE'S SUPPLEMENT TO MOTION AND NOTICE OF SALE (Doc. No. 75). Attached to that Supplement was an inventory provided to the Trustee which included a list of "Fragile Japanese Wood Print Collection" which were indeed included in the proposed sale. It should be noted that the real property at issue in this case included a 19-story iconic structure. The estate did not have the resources to inventory all of the personal property and art located on the 19-story edifice. The inventory attached to the Supplement was the only inventory made available to the Trustee. The Trustee afforded any interested party the opportunity to review and inspect the Property (including the Japanese art) at any time prior to closing of the sale of the assets. Copies of the Motion to Sell, the Notice of Sale, and the Supplement were provided to Brand, Pictoria, and Taktik. See Certificate of Mailings (Doc. Nos. 70 and 79). At no time did any of these parties object to the sale; submit competitive bids; or request an opportunity to inspect the art and other personal property that was the subject of the sale --the Japanese Wood-Cuts. After full Notice of the proposed sale of all of the Debtor's assets, **including Notice to these parties,** this Court entered an order approving the sale (Doc. No. 98). Thereafter, the Trustee closed the sale and filed his Report of Sale. Again, none of these parties objected to the sale or appealed the order approving the sale. The Trustee has not only accounted for all assets in his possession as of the date of bankruptcy, he sold all of those assets pursuant to prior orders of this Court. Moreover, he has fully accounted for all assets transferred to the 'Snyder Family." Under these facts, and to the extent the Motion addresses personal property of this estate sold pursuant to prior orders of the Court, the

Motion is redundant, immaterial and impertinent. Bankruptcy Courts may strike any pleading that is barred by prior orders of the Court pursuant to Fed. R. Bankr. P 2012(f). See Fed. R. Civ. P. 12(f). *See Makeen v. Woodstream Falls* Condo. Ass'n (In re Makeen) LEXIS 2345 (BAP 10th Cir. 2020). The purpose of Rule 7012(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *See Whittlestone Inc. v. Handi-Craft Co.* 618 F.3d 970, 973 (9th Cir. 2010) [*quoting Fantasy Inc. Fogerty* 984 F.2d 1524, 527 (9th Cir. 1993)].

c. **Allegations Related to "Japanese Wood-Cuts"**

On page 15 of the Motion, section 13 contains the following allegation: "The Trustee has failed to account for the Japanese Wood-Cuts and other artifacts associated with the Bruce Goff Collection, acquired by the Debtor on March 7, 2023." **This allegation is utterly false**. On page 16, section 14, the Motion additionally states: "The claimants are entitled to a complete inventory list along with photographs and/or video of the items that the Trustee had placed into a bonded warehouse prior to the sale to the Snyder family of the Price Tower and would not be 'on the premises' so as to be included within the purchase and sale." First, the Trustee never placed any inventory in a bonded warehouse. Cynthia Blanchard removed the "Japanese Wood-Cuts" from the Debtor's real estate after the commencement of these proceedings and delivered the Japanese Wood-Cuts to the Trustee's bonded agent to protect the art from the winter weather. Clearly, the described art was on the Debtor's premises as of the date of bankruptcy—and, therefore, included in the sale as discussed below. More importantly, and as noted above, the Trustee filed herein his *TRUSTEE'S SUPPLEMENT TO*

*MOTION AND NOTICE OF SALE (Doc. No. 75)* which included as an exhibit a specific reference to the "Fragile Japanese Wood Print Collection". Those assets were **indeed included in the proposed sale**—with full Notice to Brand, Pictoria and Taktik and without objection by either Pictoria or Taktik. Under these facts, the Motion is not only redundant as it relates to the Japanese Wood-cuts **it is knowingly false**.

d. **"An updated inventory list of all debtor's assets, an accounting or investigation into assets which should belong to the estate or might belong to the estate that are in the possession or control of third parties such as 20C design, the Blanchard's and 1st Dibbs."**

   This claim is set forth on page 18 of the Motion under section d. As already discussed, any assets transferred to 20C are the subject of a pending motion to settle. Secondly, the Motion fails to specify what assets "should belong" or "might belong" to the estate that the Trustee must inventory. The Trustee is not aware of such assets— and the motion fails to identify any such assets—other than the 20C assets. As a result, this particular request for relief should be stricken pursuant to Fed. R. Bankr. P 7012(f) or dismissed pursuant to Rule 7012(b)(6) for failure to state a claim.

e. **An accounting of monies certain officers or directors of the debtor, including Cynthia Blanchard and/or Anthem Blanchard might have received from sources such as 20C Design and 1st Dibbs.**

   This claim is set forth on page 18 of the Motion under section f. The claim fails to state any facts to support the claim for relief. It is impossible to discern from the Motion what monies **"might have been paid"**—nor the significance any such payment for the administration of this estate. As a result, the claim should be dismissed pursuant to Rule 7012(b)(6).

f. **"Full disclosure from the Trustee as to what the Trustee has done in order to obtain, uncover, investigate and bring back into the purview of the estate all assets that should be within the Trustee's possession and control"**

As already noted, the only assets the Trustee is aware of that might conceivably be the subject of an avoidance claim are the assets transferred to 20C which are, in part, the subject of the motion to settle. The Motion fails to specify what additional assets "should be" assets of this estate. More importantly, the Trustee has broad discretion in determining what claims, including avoidance claims, should be pursued. *See McCord v. Agard (In re Bean)* 251 B.R. 196, 204 (E.D.N.Y. 2000) ("A trustee is under no mandatory duty to pursue and recover every transfer that might be avoidable under one of the Bankruptcy Code's avoidance sections. The relevant empowering sections 544, 545, 547, 548, 549 and 550 give the trustee discretion to utilize the remedies set forth but do not force him to do so"). Based on the complete lack of specificity regarding what "should be" property of this estate and the broad discretion afforded the Trustee, this claim should be dismissed based on Rule 7012(b)(6).

g. **"A full accounting and reading of any and all insurance policies which might inure to the benefit of the Debtor's estate and an inclusion of these policies as assets of the Estate."**

This claim is set forth on page 18 of the Motion section h. The only insurance policies referenced in the Motion relate to theft. The Trustee is unaware of any alleged theft of assets and the motion fails to specify any such thefts that might be covered by such policies. As a result, this request for relief should be dismissed on the basis of a failure to state a claim pursuant to Rule 7012(b)(6).

h. **"An accounting of what assets are within the Trustee's possession and control."**

The Trustee has not only provided an accounting of the assets under his control as of the date of bankruptcy he has also provided Notice of the sale of all such assets pursuant to the prior orders of this Court—with full Notice to Pictoria and Taktik. There

are no other assets in his possession or control at this time. As a result, this prayer for relief should be stricken pursuant to rule 7012(f) or dismissed based on 7012(b)(6).

i. **Robert Indiana 66 Sculpture**

The Motion complains about this particular piece of art. See sections 7, 8 and 9 of the Motion. The Trustee has determined that this item was indeed located on the Debtor's premises as of the date of bankruptcy and was included among the assets sold to McFarlin pursuant to this Court's final and non-appealable orders. The Wherefore portion of the Motion does not specifically address this piece, but to the extent the Motion represents any claim related to this piece, the claim should be stricken based on 7012(f) or dismissed pursuant to 7012(b)(6).

j. **Shin'enkan Gate**

The Motion complains about this asset. *See* Section 5 l, m and n pages 9 and 10 of the Motion. The Trustee has determined that this asset was included in the sale of assets to 20C. However, this asset is not part of the pending motion to settle with the Conservancy; was not subject to the Conservancy easement at the time of the sale to 20C; and any possible avoidance claim **will not be waived as part of the settlement with the Conservancy**. However, the problems associated with the pursuit of any claims relative to this asset include:

--How do you value the consideration paid for this asset that was included in the sale of assets that were subject to the easement?

--What effect does the apparent need for restoration of the asset have on the value at the time of the transfer?

--What are the anticipated costs of litigation including the employment of expert witnesses?

--Was the Debtor insolvent at the time of the transfer—particularly given the Trustee's objection to over $ 1million in insider claims?

The Trustee would point out that there is no statute of limitation issue that requires immediate action on the Trustee's part. If the Motion seeks an order directing the Trustee to pursue any immediate action, there is no authority for such an order; and, as noted above, the decision to pursue such claims lies within the broad discretion of the Trustee. To the extent the Motion can be construed to be a request that this Court order the Trustee to pursue any claim related to this piece, it should be dismissed pursuant to Rule 7012(b)(6).

### III. Conclusion

The Motion, for the most part, attempts either to raise issues that are already subject to a separate and pending disputed matter or have been resolved by final and non-appealable orders of this Court. As a result, the Trustee prays for an order striking the Motion or, in the alternative, dismissing the Motion pursuant to Rule 7012(f) and/or Rule 7012(b)(6). With respect to any claims seeking orders compelling the Trustee to take some action or pursue claims the Motion should be dismissed based on Rule 7012(b)(6).

Respectfully Submitted By:

s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:   918-699-0345
Fax:              918-699-0325
*ATTORNEYS FOR TRUSTEE*