IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| THE INN AT PRICE TOWER INC. | ) | |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S MOTION TO SETTLE PROOF OF CLAIM 20-2 FILED HEREIN BY DONNA KEFFER ("Keffer") PURSUANT TO FED. R BANK P. 9019 ; FOR ORDER AUTHORIZING INTERIM DISTRIBUTION OF PRIORITY WAGE CLAIM; FOR ORDER DENYING OBJECTION TO CLAIM AND NOTICE OF OPPORTUNITY FOR HEARING**

Comes now the Trustee and states:

1.  Keffer filed herein Claim 20-2 for $111,180.40. The claim is based on alleged unpaid wages totaling $56,842.98 and penalties for the same amount for failure to pay unpaid wages pursuant to 40 Okla. Stat. § 165.3 (B).

2.  Keffer's claim is based on services provided as the Executive Director of the Inn At Price Tower Inc., a Debtor that has been substantively consolidated with these proceedings.

3.  The Trustee objects to the penalty portion of the claim on the basis that the applicable Oklahoma statute applies only when the failure to pay unpaid wages is willful. The Trustee asserts that the failure to pay in this instance was the result of the Debtor's financial condition at all times relevant. Keffer asserts that the penalty provision is applicable and willful regardless of debtor's financial condition.

4. With respect to the wage claim, Keffer entered into a Settlement Agreement dated April 16, 2024 whereby Keffer agreed to reduce a then unpaid wage claim by $10,822.60 to **$3,831.76.** Keffer asserts that this agreement may be rescinded on the basis of misrepresentation, duress, coercion, or lack of consideration. The Trustee asserts that the agreement is enforceable and not subject to rescission.

5. Keffer additionally asserts claims for unpaid wages for the period after April 16, 2024, through the date of bankruptcy totaling **$46,020.48.** Of this sum, **$15,150** represents unpaid wages incurred within 180 days of the commencement of these proceedings and is thus entitled to priority treatment pursuant to 11 U.S.C. § 507(a)(4). The Trustee does not dispute this portion of the claim or the priority portion of the claim.

6. An objection to the claim was filed by Pictoria Studios USA Inc. ("Pictoria") and Taktik Enterprises Inc. ("Taktik") ("Objection") (Doc. No. 251). In the event the Court approves the proposed settlement, the Trustee intends to seek an order denying the Objection based on mootness pursuant to *Hamon v. DVR LLC (In re DVR LLC)* 606 B.R. 80 (D. Col. 2019).

7. The Trustee proposes to settle Keffer's claim on the following basis:
    a. The penalty portion of the claim will be disallowed.
    b. Keffer would have an allowed general unsecured claim for the sum of $50,000.
    c. $15,150 of the allowed claim would constitute a priority wage claim pursuant to 11 U.S.C. § 507(a)(4).

    d. Subject to the Court's approval, the Trustee will effect an interim distribution of the priority wage claim totaling $15,150.

    e. Upon approval of the proposed settlement, the Trustee will request that the Court enter an order denying the Objection filed by Pictoria and Taktik on the basis of mootness.

8.    Keffer reserves the right to file a proof of claim based on the Oklahoma Tax Commission's Claim 27 filed herein on August 28, 2025.

9.    The Trustee asserts that the proposed settlement is fair and equitable and in the best interests of the estate. Settlements are favored in bankruptcy. *Korngold v. Loyd (In re S. Med. Arts Cos. Inc.)* 343 B.R. 250, 255 (10th Circuit B.A.P. 2006). Courts in this District have repeatedly recognized the following four factors listed in *Kopp v. All Amer. Life Ins. Co. (In re Kopexa Realty Venture Co.)* 213 B.R. 1020 (10th Cir. BAP 1997) for the following reasons:

    a. the probable success of the underlying litigation on the merits;

    b. possible problems in collecting judgment;

    c. the expense and complexity of the underlying litigation; and

    d. the interests of creditors in deference to their reasonable views. *See Liberty bank F.S.B. v. D.J. Christie Inc*. 681 Fed. Appx 664, 668 (10th Cir. 2017); *In re S. Med Arts Cos Inc.* 343 B.R. at 256.

The principal factor warranting the proposed settlement is both the time and expense of litigation. The possible litigation at issue in this matter relates to the claim to rescind the above referenced settlement agreement and the entitlement to penalties. Leaving aside for a moment the penalties issue, if the estate were 100% successful in defeating any claims to rescind the

settlement, the benefit to this estate would be a reduced claim of approximately $5,000 less than the proposed $50,000 claim. The costs to achieve that result would exceed the benefit to the estate. In addition, the litigation would further delay the administration of this estate. Finally, the proposed settlement involves the denial of any penalty claim. While the penalty, if allowed, would be relegated to a priority behind the general unsecured creditors pursuant to 11 U.S.C. § 507, the Trustee would nevertheless be required to litigate the claim—to protect equity in the event of an excess case. There is no valid dispute that Keffer is entitled to unpaid wages. The proposed settlement avoids unnecessary time and expense which in the end would result in less monies to pay creditors.

10. The Trustee intends to seek an order of the Court:

    a. authorizing a general unsecured claim in favor of Keffer for the sum of $50,000;

    b. authorizing $15,150 of the allowed claim as a priority wage claim pursuant to 11 U.S.C. § 507(a)(4);

    c. disallowing any claim for penalty based on the above referenced state statute;

    d. authorizing an interim distribution to Keffer of the allowed priority claim totaling $15,150;

    e. denying the Objection to the claim filed herein by Pictoria and Taktik based on mootness.

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the**

**requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 24 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 24-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

Respectfully Submitted by:

/s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:     918-699-0345
Fax:                918-699-0325
*ATTORNEYS FOR TRUSTEE*