IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| THE INN AT PRICE TOWER INC. | ) | |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S MOTION TO SETTLE PROOF OF CLAIM NO. 19-2 FILED HEREIN BY LINDA JONES ("Jones") PURSUANT TO FED. R BANK P. 9019; FOR ORDER AUTHORIZING INTERIM DISTRIBUTION OF PRIORITY WAGE CLAIM; FOR ORDER DENYING OBJECTION TO CLAIM AND NOTICE OF OPPORTUNITY FOR HEARING**

Comes now the Trustee and states:

1. Jones filed herein Claim No. 19-2 for the sum of $97,161.30. The claim is based on alleged unpaid wages totaling $48,580.65 and penalties for the same amount for failure to pay unpaid wages pursuant to 40 Okla. Stat. § 165.3(B).

2. Jones' claim is based on services provided as a bookkeeper for the Inn At Price Tower Inc. ("Price Tower") for the period April 1, 2023 until August 6, 2024.

3. The Trustee objects to the penalty portion of the claim on the basis that the applicable Oklahoma statute applies only when the failure to pay unpaid wages is willful. The Trustee asserts that the failure to pay in this instance was the result of the Debtor's financial condition at all times relevant. Jones asserts that the penalty provision is applicable and willful regardless of debtor's financial condition.

4. With respect to the wage claim, Jones entered into a Settlement Agreement dated April 16, 2024 whereby Jones agreed to reduce her then unpaid wage claim by $5,800 to $30,200. Jones asserts that this agreement may be rescinded on the basis of misrepresentation, duress, coercion or lack of consideration. The Trustee asserts that the agreement is enforceable and not subject to rescission.

5. Jones additionally asserts claims for unpaid wages for the period after April 16, 2024, until her termination on August 6, 2024, of $12,580. Jones' total unpaid wage claim assuming the settlement agreement applies is **$42,780.65.** Her total claim assuming the settlement agreement can be rescinded is the above referenced **$48,580.65.** Finally, Jones asserts entitlement to a priority claim totaling $1,161.29 based on wages earned within 180 days of bankruptcy pursuant to 11 U.S.C. § 507(a)(4).

6. An objection to the claim was filed by Pictoria Studios USA Inc. ("Pictoria") and Taktik Enterprises Inc. (Taktik") ("Objection") (Doc. No. 253). In the event the Court approves the proposed settlement, the Trustee intends to seek an order denying the objection based on mootness pursuant to *Hamon v. DVR LLC (In re DVR LLC)* 606 B.R. 80 (D. Col. 2019).

7. The Trustee proposes to settle Jones' claim on the following basis:

   a. The penalty portion of the claim will be disallowed.

   b. Jones would have an allowed general unsecured claim for the sum of $45,000.

        c.        $1,161.29 of the allowed claim would constitute a priority wage claim pursuant to 11 U.S.C. § 507(a)(4).

        d.        Subject to the Court's approval, the Trustee will effect an interim distribution of the priority wage claim totaling $1,161.29.

        e.        Upon approval of the proposed settlement the Trustee will request that the Court enter an order denying the Objection filed by Pictoria and Taktik on the basis of mootness.

8.        The Trustee asserts that the proposed settlement is fair and equitable and in the best interests of the estate. Settlements are favored in bankruptcy. See *Korngold v. Loyd (In re S. Med. Arts Cos. Inc.)* 343 B.R. 250, 255 (10th Circuit B.A.P. 2006). Courts in the 10th Circuit have recognized four factors when analyzing the reasonableness of proposed settlements. See *Kopp v. All Amer. Life Ins. Co. (In re Kopexa Realty Venture Co.)* 213 B.R. 1020 (10th Cir. BAP 1997):

        a.        the probable success of the underlying litigation on the merits;

        b.        possible problems in collecting judgment;

        c.        the expense and complexity of the underlying litigation; and

        d.        The interests of creditors in deference to their reasonable views. *See also Liberty bank F.S.B. v. D.J. Christie Inc.* 681 Fed. Appx 664, 668 (10th Cir. 2017); *In re S. Med Arts Cos Inc.* 343 B.R. at 256.

The principal factor warranting the proposed settlement is both the time and expense of litigation. The possible litigation at issue in this matter is related to the claim to rescind the above referenced settlement agreement and the entitlement to penalties. Leaving aside for a

moment the penalties issue, if the estate were 100% successful in defeating any claims to rescind the settlement, the benefit to this estate would be a reduced claim of approximately $3,000 less than the proposed $45,000 claim. The costs to achieve that result would exceed the benefit to the estate. In addition, the litigation would result in further delay in the administration of this estate. Finally, the proposed settlement involves the denial of any penalty claim. While the penalty, if allowed, would be relegated to a priority behind the general unsecured creditors pursuant to 11 U.S.C. § 507, the Trustee would nevertheless be required to litigate the claim— to protect equity in the event of an excess case. There is no valid dispute that Jones is entitled to unpaid wages. The proposed settlement avoids unnecessary time and expense which in the end will result in less monies to pay creditors.

9. The Trustee intends to seek an order of the Court:

    a. authorizing a general unsecured claim in favor of Jones for the sum of $45,000;

    b. authorizing $1,169.29 of the allowed claim as a priority wage claim pursuant to 11 U.S.C. § 507(a)(4);

    c. disallowing any claim for penalty;

    d. authorizing an interim distribution to Jones of the sums of $1,169.29 in satisfaction of the allowed priority claim;;

    e. denying the Objection to the claim filed herein by Pictoria and Taktik based on mootness.

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the**

**effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 24 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 24-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

Respectfully Submitted by:    /s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:    918-699-0345
Fax:               918-699-0325
*ATTORNEYS FOR TRUSTEE*