IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **GREEN COPPER HOLDINGS, LLC** | ) | **CASE NO. 25-10088-T** |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| **COPPER TREE, INC.** | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| **THE INN AT PRICE TOWER INC.** | ) | |
| | ) | |
| **Debtors.** | ) | |

**TRUSTEE'S MOTION TO SETTLE PROOF OF CLAIM NOS 21-2, 22-2, and 23-2 FILED HEREIN BY MARK HASKELL ("Haskell") AND MOTION FOR ORDER DENYING OBJECTION TO THESE CLAIMS AND NOTICE OF OPPORTUNITY FOR HEARING**

Comes now the Trustee and states:

1.  Haskell filed Proof of Claim No. 21-2 for the sum of **$163,000.** The basis of this claim is Haskell's payment of the specified sum for the purpose of paying off debt owed by the Price Tower Arts Center ("PTAC") relative to a COVID-19 Economic Disaster Loan ("EDL") which was owed at the time of the sale of subject real estate and personal property to the Debtor. The loan was subject to a UCC lien in favor of U.S. Small Business Administration at the time of the sale of the assets to the Debtor. Haskell asserts that the sale of assets was subject to the lien. Haskell additionally asserts that the Debtor requested that he payoff the debt and obtain a release of the lien in order that the Debtor could more easily secure funding for the operating the properties acquired. Haskell did, in fact, advance the specified sums to PTAC and the debt and related lien were paid in full. Haskell asserts that the payment of the Debtor constituted a "loan" to the Debtor and thus constitutes a valid general unsecured claim against this estate. Haskell additionally asserts that the payment resulted in a release of the subject lien

and thus benefited the Debtor. The Trustee asserts that there are no loan documents; no written loan agreement; no written obligation signed by the Debtor to repay the specified sum; the debt was not assumed by the Debtor at the time of the sale of assets to the Debtor and thus the claim should be disallowed.

2. Haskell filed Proof of Claim No. 22-2 for the sum of **$176,107.55.** The basis for this claim is a series of loans to the Debtor over a period of time. The Trustee does not dispute the amount of the loans effected. However, Haskell entered into a Settlement and Release Agreement dated April 6, 2024. Pursuant to that agreement, Haskell agreed to reduce his claim based on these "loans" to the sum of **$96,107.55.** Haskell asserts that he is entitled to seek rescission of this agreement based on misrepresentation, duress, coercion, and lack of consideration. The Trustee disputes the claim of rescission and asserts the agreement is enforceable.

3. Haskell filed Proof of Claim No. 23-2 for the sum of **$576,489.28.** The basis of this claim is a debt specifically assumed by the Debtor at the time of the sale of the specified assets to the Debtor. Essentially, Haskell borrowed $591,009.18 from Truity Credit Union for the purpose of paying off debt owed by the PTAC to Arvest Bank. In written documents signed by the Debtor at the time of its purchase of assets from PTAC, the Debtor agreed to make all of the payments related to this debt and ultimately to pay the loan in full. However, a subsequent agreement was entered into by and between Haskell and the Debtor dated May 28, 2024 whereby Haskell allegedly agreed to reduce the sums owed to $400,000. Haskell asserts that the agreement to reduce the sums owed was contingent upon the sale of the Debtor's assets to McFarland Building LLC—and the sale did not occur prior to the commencement of these

proceedings. The Trustee asserts that the agreement to reduce the sums owed does not appear to be contingent upon a specific event.

4. The total amount of the three claims is **$915,596.83**.

5. Objections to all three claims were filed by Pictoria Studios USA Inc. ("Pictoria") and Taktik Enterprises Inc. ("Taktik") (Doc. Nos. 250, 254, 256). In the event the Court approves the settlement, the Trustee intends to request an order denying the objections. *See Hamon v. DVR LLC (In e DVR LLC)* 606 B.R. 80 (D. Col. 2019).

6. The Trustee and Haskell have agreed to settle the specified claims on the following basis:

   a. Haskell will have an allowed general unsecured claim of $570,000.

   b. Claims 21, 22, and 23 would be withdrawn or substituted by the agree upon claim.

7. The Trustee asserts that the proposed settlement is fair and equitable and in the best interests of the estate. Settlements are favored in bankruptcy. *See Korngold v. Loyd (In re S. Med. Arts Cos Inc.)* 343 B.R. 250, 255 (10th Circuit B.A.P. 2006). Courts in the 10th Circuit have recognized four factors when analyzing the reasonableness of settlements:

   a. probable success of the underlying litigation on the merits;

   b. possible problems in collecting judgment;

   c. expense and complexity of the underlying litigation; and

   d. interests of creditors in deference to their reasonable views.

*See also Kopp v. All Amer. Life Ins. Co. (In re Kopexa Realty Venture Co.)* 213 B.R. 1020 (10th Cir. B.A.P. 1997); *In re S. Med Arts Cos Inc*. 343 B.R. at 256 (10th Cir. B.A.P. 2006).

8. Absent a settlement there would be three major contested matters to be litigated:

 a. whether or not the referenced settlement agreement could be rescinded;

 b. whether or not the payment of the EDL lien represents an enforceable claim against the estate;

 c. whether or not the agreement to reduce the valid note claim of $576,489.28 was contingent on a transaction that did not happen.

The administrative costs to litigate these matters would be substantial. There are facts issues relative to all three matters—including the interpretation of two separate agreements and determining the intent of the parties as to such agreements. Finally, the time required to litigate these matters will result in further delay in the administration of this estate. It should be noted that the proposed settlement represents approximately a 40% reduction in the original claim.

9. The Trustee intends to seek an order of this Court approving the proposed settlement and an additional order denying the above refenced objection.

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern**

**District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 24 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 24-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

Respectfully Submitted by:

/s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:    918-699-0345
Fax:          918-699-0325
*ATTORNEYS FOR TRUSTEE*