UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| **GREEN COPPER HOLDINGS, LLC** | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| **COPPER TREE, INC.** | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| **THE INN AT PRICE TOWER INC.** | ) | |
| Debtors. | ) | |
| | / | |

**CLAIMANT PICTORIA STUDIOS USA, INC., (Claim No. 14), AND CLAIMANT TAKTIK ENTERPRISES, INC. (Claim No. 4) RESPONSE AND OBJECTION TO TRUSTEES MOTION TO SETTLE DOCUMENT (ECF) 264; AND NOTICE OF OPPORTUNITY TO BE HEARD**

COMES NOW **PICTORIA STUDIOS USA, INC., (CLAIM NO. 14)**, and, Claimant **TAKTIK ENTERPRISES, INC. (Claim No. 4), ("Pictoria and Takio" collectively shall be referred to as "Movants"),** by and through their undersigned counsel and hereby files this **Response/Objection to** Trustee's Motions to Settle **Document (ECF) 263, 264, 265 on behalf of Claim Nos. 19, 20, 21, 22, & 23, in whole and in part,** and Notice of Opportunity to be heard, and as grounds thereof states as follows:

1. Trustee filed ECF No. 264 as a Motion to Settle the claim #19 of Linda Jones. And, Trustee filed to settle ECF # 263 on behalf of Donna Keffer, Claim #20. And on behalf of Mark Haskell Claims #21,22, 23, et.al., Trustee filed to settle ECF # 265. (Herein after from time to time Keffer, Jones and Haskell shall be referred to from time to time as "Claimants").

2. Given the Claimants' claims, as filed, Movants' Objected. These Objections and allegations are hereby incorporated herein by reference. These Objections are referred to by the following ECF#s:

    a. Donna Keffer (Claim No. 20).  <u>Objection:</u> See, ECF Document 251, et.al.

    b. Linda Jones (Claim No. 19). <u>Objection:</u> See, ECF Document 253.

    c. Mark Haskell (Claim Nos. 21, 22, 23, et.al.).  <u>Objection:</u> See, ECF Document 254, 256, 250, et.al., respectfully.

    d. Price Tower Art Center, Inc. (Claim No. 17, et.al.).  See, ECF Document 255.

3. Movants allege that each of these cast of claimants are co-conspirators, insiders, have mis-stated, mis-used their alleged authority, acted outside of their authority, were not employees of the Debtor(s) or improperly situated due to improper favoritism, as well as whose conduct was inside or self-motivated for improper gain at the expense of the creditors and shareholders. (<u>See</u>, Movant's Objections previously filed and referred to above in paragraph No. 2).

4. Movants allege that each of the above stated cast of Claimants have material, potential conflicts of interests against each other.  These conflicts were pointed out to the Trustee by Movants Objections, above, and it was expected that matters of material conflict of interests especially involving the types of misbehavior alleged would have caused the Trustee to publicly address these issues with the Movants and with Creditors not look to settle with them. As these cast of Claimants are all represented by a single attorney and a single law firm, there exists heightened rationale for greater transparency, communication with the Creditor and Shareholder classes, and enhanced scrutiny.

5. This single attorney represents Linda Jones (Claim 19), Mark Haskell (Claim Nos. 21, 22, 23), and the Price Tower Art Center, Inc. (Claim No. 17, et.al.).  Movants have also Objected to the Price Tower Art Center, Inc's claim.  Movants are of the opinion that Claimants must produce proper waivers of conflict of interest and voire dire especially with the contentions

and beliefs held against these Claimants, including the Price Tower Art Center, Inc. which is intricately webbed to each of these cast of Claimants.

6. Many of the payments Mr. Haskell has received, derive from, involve self-written payments, or payments from Donna Keffer through entities such as the Price Tower Art Center, Inc. or Debtor(s) are believed to be in issue and conflicted. Donna Keffer and Mark Haskell both insiders who used the debtor(s) as tools to self-profit, self-gain, self-promote at the expense of the shareholders and other creditors not associated with this cast. Ms. Jones, in her filings admits to not being a W2 employee of the debtor whose claim is filed against, yet the Trustee refuses to acknowledge this legal element to her fraudulent or mis-placed claim pursuant to 40 Okla. Stat. § 165.3(B). While the Trustee's proposed settlement waives this priority wage claim pursuant to 40 Okla. Stat. § 165.3(B), he seeks to reward her with a $1,161.29 priority wage claim pursuant to 11 U.S.C. §507(a)(4). This is contended as being unacceptable and improper. If the Trustee is looking to simply and easily dispense with monies from a small pool, then the Trustee can distribute to actual deserving creditors who have filed valid and legitimate claims and actually performed the work now being asked to have paid.

7. Movants in ECF 249, has placed the Trustee on Notice that there are other assets existing for which the Trustee should file adverse claims, seek claw backs, or litigate so that these assets be brought back into the coffers of the Estate for proper distribution. Trustee has failed or refuses to seek out and reclaim external assets for the benefit of the Creditors and interested parties and instead seeks to reward certain claimants, such as stated *supra*, who the movants would allege were part of the Debtor's problems to begin with and whose claims only detract from creditors truly worthy of being satisfied.

8. Movants contend that any attempt to settle with the Frank Lloyd Wright Conservancy (Claim 16), Linda Jones, Donna Keffer, and Mark Haskell begs for enhanced and

public transparency, an explanation of rationality, discovery as to misdeeds or mis-doings and a need to address material conflicts of interests between this cast of claimants as discussed more within Movant's Objections to their independent claims.

9. Given Movants' positions and work done for the Debtors, it can be respectfully argued that Movants are in the best position to speak to these matters and have first hand knowledge since the on-set.

10. Movants would also contend that Trustee's Motion to Settle is misplaced in representing that a settlement would be approved prior to a hearing and ruling on Movant's Objections. Movants request an Opportunity to Seek Discovery and To Be Heard.

WHEREFORE, the Movants hereby pray that this Court grant the relief sought herein, including but not limited to:

a. A denial in whole or in part of the Trustee's Motions to Settle the claims of claimants: Linda Jones, Donna Keffer, and Mark Haskell.

b. Discovery on the issues.

c. Opportunity to be heard, including an evidentiary hearing.

d. Any and all other relief the Court finds prudent, including but not limited to in light of the above, the preemptive denial of ECF 19, 20, 21, 22, 23 based upon the readily apparent findings of wrongful insider use and utilization, claim fraud, overstated amounts allegedly due, mis-use of inside positions and breaches of fiduciary duties.

RESPECTFULLY SUBMITTED ON THIS 30TH DAY OF AUGUST, 2025.

/s/ *Craig A. Brand, Esq.*
By: _____
Craig Alan Brand, Esq.
FBN: 896111

Tel. (305) 878-1477
6462 S. Jamaica Circle
Englewood, Colorado 80111

**On behalf of and for:**
PICTORIA STUDIOS USA, INC. (Claim No. 14), and
TAKTIK ENTERPRISES, INC. (Claim No. 4).

### NOTICE OF OPPORTUNITY FOR HEARING

Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 33 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The time period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f). *The moving party shall calculate the appropriate response time. If a response time is prescribed by applicable statute, rule, or order, the moving party shall add to the prescribed response time unless service is accomplished by hand delivery, the three (3) days required for mailing under Bankruptcy Rule 9006(f). If a response time is not prescribed by applicable statute, rule, or order, the response time shall be within the time allotted by the Bankruptcy Rules of Procedure, which includes the three (3) days required for mailing under Bankruptcy Rule 9006(f).

### **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this foregoing Motion to Compel Trustee for a Proper Accounting was ECF filed with the Clerk of Court on this 30th day of August, 2025.

/s/ *Craig A. Brand, Esq.*
By: _____
Craig Alan Brand, Esq.
FBN: 896111
Tel. (305) 878-1477
6462 S. Jamaica Circle

Englewood, Colorado 80111

**On behalf of and for:**
PICTORIA STUDIOS USA, INC. (Claim No. 14), and
TAKTIK ENTERPRISES, INC. (Claim No. 4).