## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| THE INN AT PRICE TOWER INC. | ) | |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S OBJECTION TO *CLAIMANT PICTORIA STUDIOS USA, INC. (Claim No. 14), AND CLAIMANT TAKTIK ENTERPRISES INC. (Claim No. 4), MOTION TO COMPEL TRUSTEE FOR PROPER ACCOUNTING OF DEBTOR'S ASSETS, COMPEL TRUSTEE TO FOLLOW THROUGH AND ADD ASSETS TO THE ESTATE, AND NOTICE OF OPPORTUNITY TO BE HEARD* ("Motion") (Doc. No. 249)**

I.  Preliminary Statement

1. The Motion was filed by Craig Alan Brand ("Brand") on behalf of Taktik Enterprises Inc. ("Taktik") and Pictoria Studios Inc. ("Pictoria"). The Motion contains a *Wherefore* section that requests various relief but does not specify against whom any order for relief should apply. To the extent the Motion seeks an order from this Court directing the Trustee to do anything, the Motion should be denied. In large part the Motion is redundant and duplicative of matters already pending before this Court relative to the Trustee's motion to settle certain matters by and between the estate and the Frank Lloyd Wright Conservancy ("Conservancy"). Other parts of the Motion address matters that are the subject of final and non-appealable orders of the Court. Finally, the Motion seek orders compelling the Trustee to do certain things without any factual or legal basis.

.

## II. Argument

### 1. Allegations Related To The Trustee's Pending Motion To Settle

The Trustee previously filed herein a motion to settle various claims by and between the estate and the Conservancy (Doc. No.156). Taktik and Pictoria filed objections to that motion (Doc. Nos. 207, 208). The Trustee filed his response in support of the motion to settle (Doc. No. 230). The Court recently conducted a scheduling conference with respect to this contested matter and entered a scheduling order. In the Motion, which the Trustee must assume seeks relief against the Trustee, the movants raise facts and issues that are already pending before this Court relative to the proposed settlement with the Conservancy. Pages 2-13, page 16 section 17, and page 17 of the Motion contain allegations that relate to the pre-bankruptcy transfer of personal property to an entity called 20C. In the Trustee's motion to settle, the Trustee proposes:

a. the estate's waiver of any avoidance claim relative to these transfers as part of an agreement that additionally recognizes that the transferred assets have been acquired from 20C by the Conservancy with the intent to return the assets to Price Tower for preservation;

b. the dismissal of the Debtors' pre-bankruptcy claims filed against the Conservancy; and

c. the Conservancy's withdrawal of claims against this estate for $170,000 in attorney fees.

Taktik and Pictoria objected to the proposed settlement. To the extent the Motion raises the same allegations relative to the transfers to 20C, the Motion is duplicative of pleadings and issues already pending before the Court.

2. **Claim For "An accounting as to what artwork was transferred to the Snyder family upon their Court approved purchase of the Price Tower"**

The Trustee previously filed herein his *TRUSTEE'S AMENDED MOTION FOR ORDER AUTHORIZING SALE OF REAL ESTATE AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS; CLAIMS ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f) AND FOR ORDER AUTHORIZING PAYMENT OF REALTOR COMMISSION AT TIME OF CLSOING WITHOUT FURTHER NOTICE* (Doc. No. 69). The motion clearly proposed to sell the Debtor's real estate and **all personal property located on the premises as of the date of bankruptcy including any art to McFarlan Buildings LLC ("McFarlin").** McFarlin is an entity owned by the "Snyder Family." The Trustee can only assume that this is the transfer of assets to the "Snyder Family" referred to by Pictoria and Taktik in their Motion. In connection with the motion to sell, the Trustee filed herein his Amended Notice of the proposed sale which set forth the Court's approved bidding procedures **and deadlines for submitting competitive bids and/or objections to the proposed sale**. The Trustee additionally filed herein his *TRUSTEE'S SUPPLEMENT TO MOTION TO AND NOTICE OF SALE* (Doc. No. 75) ("Supplement"). Attached to that Supplement was a copy of the only inventory ever provided to the Trustee. Also attached to the Supplement was a list of "Fragile Japanese Wood Print Collection" which were indeed included in the proposed sale. It should be noted that the real property at issue in this case included a 19-story iconic structure. The estate did not have the resources to inventory all of the personal property and art located on the 19-story edifice. The inventories attached to the Supplement were the only inventories made available to the Trustee. The Trustee afforded any interested party the opportunity to review and inspect the Property (including the Japanese art) at any time prior to closing of the sale of the assets. Copies of the Motion to Sell, the Notice of Sale, and the Supplement were

provided to Brand, Pictoria, and Taktik. See Certificate of Mailings (Doc. Nos. 70 and 79). At no time did any of these parties object to the sale; submit competitive bids; or request an opportunity to inspect the art and other personal property that was the subject of the sale – including the Japanese Wood-Cuts. After full Notice of the proposed sale of all of the Debtor's assets, **including Notice to these parties,** this Court entered an order approving the sale (Doc. No. 98). Thereafter, the Trustee closed the sale and filed his Report of Sale. Again, none of these parties objected to the sale or appealed the order approving the sale. The Trustee has not only accounted for all assets in his possession as of the date of bankruptcy, he sold all of those assets pursuant to prior orders of this Court. Moreover, he has fully accounted for all assets transferred to the 'Snyder Family." Under these facts, and to the extent the Motion addresses personal property of this estate sold pursuant to prior orders of the Court, the Motion is both redundant, immaterial and impertinent, and barred by final and non-appealable orders of this Court.

3. **Allegations Related To "Japanese Wood-Cuts"**

On page 15 of the Motion, section 13 contains the following allegation: "The Trustee has failed to account for the Japanese Wood-Cuts and other artifacts associated with the Bruce Goff Collection, acquired by the debtor on March 7, 2023." **This allegation is utterly false**. On page 16, section 14, the Motion additionally states: "The claimants are entitled to a complete inventory list along with photographs and/or video of the items that the Trustee had placed into a bonded warehouse prior to the sale to the Snyder family of the Price Tower and would not be 'on the premises' so as to be included within the purchase and sale." First, the Trustee never placed any inventory in a bonded warehouse. Cynthia Blanchard removed the "Japanese Wood-Cuts" from the Debtor's real estate after the commencement of these

proceedings and delivered the Japanese Wood-Cuts to the Trustee's bonded agent to protect the art from the winter weather. Clearly, the described art was on the Debtor's premises as of the date of bankruptcy—and, therefore, included in the sale as discussed below. More importantly, and as noted above, the Trustee filed herein his *TRUSTEE'S SUPPLEMENT TO MOTION AND NOTICE OF SALE* (Doc. No. 75) which included as an exhibit a specific reference to the "Fragile Japanese Wood Print Collection." Those assets were **indeed included in the proposed sale**—with full Notice to Brand, Pictoria and Taktik and without objection by either Pictoria or Taktik. Under these facts the Motion is not only redundant but barred by the final and non-appealable orders of this Court.

4. **"An updated inventory list of all debtor's assets, an accounting or investigation into assets which should belong to the estate or might belong to the estate that are in the possession or control of third parties such as 20C design, the Blanchard's and 1st Dibbs."**

This claim is set forth on page 18 of the Motion under section d. As already discussed, any assets transferred to 20c are the subject of a pending motion to settle. Secondly, the Motion fails to specify what assets "should belong" or "might belong" to the estate that the Trustee must inventory. The Trustee is not aware of such assets—and the motion fails to identify any such assets—other than the 20C assets.

5. **An accounting of monies certain officers or directors of the debtor, including Cynthia Blanchard and/or Anthem Blanchard might have received from sources such as 20C Design and 1st Dibbs.**

This claim is set forth on page 18 of the Motion under section f. The claim fails to state any facts to support the claim for relief. It is impossible to discern from the Motion what monies "**might have been paid**"—nor the significance any such payment for the administration of this estate.

6. **"Full disclosure from the Trustee as to what the Trustee has done in order to obtain, uncover, investigate and bring back into the purview of the estate all assets that should be within the Trustee's possession and control"**

   As already noted, the only assets the Trustee is aware of that might conceivably be the subject of an avoidance claim are the assets transferred to 20C which are, in part, the subject of the motion to settle. The Motion fails to specify what additional assets "should be" assets of this estate. More importantly, the Trustee has broad discretion in determining what claims, including avoidance claims, that should be pursued. *See McCord v. Agard (In re Bean)* 251 B.R. 196, 204 (E.D.N.Y. 2000) ("A trustee is under no mandatory duty to pursue and recover every transfer that might be avoidable under one of the Bankruptcy Code's avoidance sections. The relevant empowering sections 544, 545, 547, 548, 549 and 550 give the trustee discretion to utilize the remedies set forth but do not force him to do so"). Based on the complete lack of specificity regarding what "should be" property of this estate and the broad discretion afforded the Trustee, this claim should be denied.

7. **"A full accounting and reading of any and all insurance policies which might inure to the benefit of the Debtor's estate and an inclusion of these policies as assets of the Estate."**

   This claim is set forth on page 18 of the Motion section h. The only insurance policies referenced in the Motion relate to theft. The Trustee is unaware of any alleged theft of assets and the motion fails to specify any such thefts that might be covered by such policies. As a result, this claim should be denied.

8. **"An accounting of what assets are within the Trustee's possession and control."**

   The Trustee has not only provided an accounting of the assets under his control as of the date of bankruptcy, he has also provided Notice of the sale of all such assets pursuant to

the prior orders of this Court—with full Notice to Pictoria and Taktik. There are no other assets in his possession or control at this time.  As a result, this claim should be denied.

9. **Robert Indiana 66 Sculpture**

The Motion complains about this particular piece of art in sections 7, 8 and 9 of the Motion. The Trustee previously believed this asset was located on the Debtor's premises at the time these proceedings were commenced. However, the Trustee now believes the asset was transferred from the premises by the Price Tower Arts Center ("PTAC") to City property near or adjacent to the Debtors' property prior to the sale of assets to the Debtors. The Trustee is now investigating the facts and circumstances surrounding that transfer in order to determine whether or not the asset was included in PTAC's sale of assets to the Debtors.

10. **Shin'enkan Gate**

The Motion complains about this asset in Section 5 l, m and n pages 9 and 10 of the Motion. The Trustee has determined that this asset was included in the sale of assets to 20C. However, this asset is not part of the pending motion to settle with the Conservancy; was not subject to the Conservancy easement at the time of the sale to 20C; and any possible avoidance claim **will not be waived as part of the settlement with the Conservancy**. However, the problems associated with the pursuit of any claim relative to this asset include:

   --difficulty in valuing the consideration paid for this asset that was included in the sale of other assets that were subject to the easement?

   --the apparent need for restoration of the asset (both representatives of the Debtors and 20C have advised the asset is in need to substantial restoration);

--the anticipated costs of litigation including the employment of expert witnesses particularly in light of the Trustee's ability to effect a substantial distribution to allowed claims without resorting to additional litigation;

--the Debtors' insolvency at the time of the transfer given the Trustee's objection to over $1 million in insider claims?

The Trustee would point out that there is no statute of limitation issue that requires immediate action on the Trustee's part. If the Motion seeks an order directing the Trustee to pursue any immediate action, there is no authority for such an order, and, as noted above, the decision to pursue such claims lies within the broad discretion of the Trustee. To the extent the Motion can be construed to be a request that this Court order the Trustee to pursue any claim related to this piece it should be denied.

## 11. Conclusion

The Motion, for the most part, attempts either to raise issues that are already subject to a separate and pending disputed matter or have been resolved by final and non-appealable orders of this Court. As a result, the Trustee prays for an order denying the relief prayed for in the Motion.

Respectfully Submitted By:

s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:   918-699-0345
Fax:              918-699-0325
*ATTORNEYS FOR TRUSTEE*