UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

In re:
GREEN COPPER HOLDINGS, LLC   Case No. 25-10088-T
COPPER TREE, INC..
INN AT PRICE TOWER, INC., Substantively Consolidated

## RENEWED MOTION FOR PROTECTIVE ORDER

Cynthia Diane Blanchard ("Movant"), pro se, respectfully moves this Court for entry of a protective order pursuant to Fed. R. Civ. P. 26(c), made applicable by Fed. R. Bankr..P. 7026 and 9014(c). In support, Movant states as follows:

## I. INTRODUCTION

On September 5, 2025, the Court denied Movant's prior Motion for Protective Order without prejudice for lack of certification under Rule 26(c)(1). Movant now renews her request, having attempted in good faith to confer with opposing counsel, Mr. Craig Brand, regarding the discovery sought.

Despite that attempt, the parties remain unable to resolve the dispute. Movant seeks protection from being subjected to a deposition by Mr. Brand. Such a deposition would impose undue burden, risk of intimidation, and invite questioning far outside the scope of the settlement at issue.

## II. RULE 26(c) CERTIFICATION

On September 8, 2025, Movant emailed Mr. Brand, with Trustee Patrick J. Malloy III copied, in a good-faith effort to confer regarding discovery directed to her. Movant requested that Mr.

Brand identify in writing the discovery issues he wished to pursue. Mr. Brand responded almost immediately that "the Conferral Process does not work that way" and declined to confer directly with Movant. See Exhibit A. Based on this response, Movant confirmed the parties were unable to resolve the dispute, as she maintains that any deposition of her by Mr. Brand would be improper and unnecessary.

Attached hereto as **Exhibit A** are copies of this correspondence, demonstrating Movant's good-faith attempt to confer.

## III. ARGUMENT

### A. Legal Standard

Rule 26(c)(1) authorizes the Court, for good cause, to issue an order protecting a party from "annoyance, embarrassment, oppression, or undue burden or expense." Relief may include forbidding discovery, limiting its scope, or prescribing alternative means.

### B. The Scope of the FLWC Claim and Settlement

1. **FLWC's Proof of Claim.** FLWC's proof of claim (Claim No. 8) sought approximately $170,000 in attorneys' fees and costs, based solely on the indemnification clause in the easement. It did not reference property insurance, artifacts, or other unrelated matters.

2. **Settlement Agreement.** The Trustee–FLWC Settlement Agreement provides that FLWC will withdraw its $170,000 claim and that related estate litigation over the disputed claim and clawback threats will be deemed moot. The settlement is limited to resolution of Claim No. 8 and the estate's corresponding causes of action.

### C. Mr. Brand's Improper Expansion of Issues

Mr. Brand's objection to the settlement references matters wholly outside the proof of claim and the settlement, including:

- Alleged insurance obligations;

- The Shin'en Kan Gate;

- The "66" Sculpture;

- The 20C Design artifact sale.

None of these appear in FLWC's proof of claim or in the settlement. They are therefore irrelevant to the Rule 9019 reasonableness determination and outside the proper scope of discovery. Permitting a deposition would create an open forum for Mr. Brand to pursue these collateral issues.

### D. Good Cause Exists for Protection

1. **Risk of Harassment and Intimidation.** Movant has experienced intimidation from Mr. Brand in prior proceedings. A deposition conducted by him presents a foreseeable risk of harassment and undue burden.

2. **Movant Is Not a Party to the Settlement.** Movant is not a party to the Trustee–FLWC Settlement Agreement. The Trustee negotiated the settlement and possesses the relevant documents and information regarding its reasonableness. Any attempt to depose Movant would therefore impose an undue burden, as she has no unique knowledge to contribute beyond what the Trustee already holds.

3. **Trustee Possesses Relevant Information.** The Trustee negotiated the settlement and possesses all documents bearing on its reasonableness. Any relevant discovery can be obtained from him directly.

4. **Proportionality.** The only issue before the Court is whether the Trustee reasonably settled FLWC's $170,000 claim. That determination does not require deposing Movant.

This relief not only protects Movant from undue burden but also ensures that the Trustee can present the settlement on its merits without distraction into collateral issues.

## IV. REQUESTED RELIEF

For the reasons stated, Movant respectfully requests that the Court grant the following relief:

**Primary Relief (Plan A):**

1. Mr. Brand shall not take the deposition of Movant; and

2. Any discovery sought from Movant shall be obtained through written questions with the Trustee included, or through the Trustee directly.

**Alternative Relief (Plan B):**

If the Court permits a deposition, then it shall be subject to the following conditions:

1. Scope strictly limited to FLWC's $170,000 proof of claim and the settlement agreement;

2. The Trustee must be present and may object to improper questioning;

3. Deposition conducted by Zoom or in a neutral setting approved by the Court;

4. Deposition limited to two (2) hours;

5. Conducted with civility, without harassment, intimidation, or repetitive questioning.

## V. CONCLUSION

For the foregoing reasons, good cause exists under Rule 26(c) to protect Movant from deposition by Mr. Brand. Movant respectfully requests entry of a protective order granting the relief described above.

Dated: September 8, 2025

Respectfully submitted,

*/s/ Cynthia Diane Blanchard*

Cynthia Diane Blanchard, pro se
414 SE Washington Blvd. Ste. 205
Bartlesville, OK 74006
310-435-5707

# EXHIBIT A

From: **Cynthia French blanchard** cdfblanchard@gmail.com
Subject: Re: Rule 26(c) Meet-and-Confer Notice
Date: September 8, 2025 at 10:17 AM
To: The Brand Law Firm, P.A. Craig@thebrandlawfirm.com
Cc: Patrick Malloy pjmiiim@sbcglobal.net



Mr. Brand,

Thank you for your response. For purposes of Rule 26(c), this email will confirm that I made a good-faith effort to confer regarding your request to depose me. Based on your reply, it appears we are unable to resolve this dispute without Court intervention.

Respectfully,

Cynthia Diane Blanchard

cc. Trustee Patrick J. Malloy III


On Mon, Sep 8, 2025 at 9:47AM The Brand Law Firm, P.A. <Craig@thebrandlawfirm.com> wrote:
> Sorry Mrs. Blanchard but the Conferral Process does not work that way. If you would like to meet and confer there needs to be an issue for which you are objecting to or an issue in which you would like to prosecute upon. Simply asking me to provide you discovery on your time line does not work nor within the Rules. I dont know if you have an attorney but if so, please have them contact me not yourself.
>
> Sincerely,
>
> Craig A. Brand, Esq.
>
>> On Sep 8, 2025, at 8:38AM, Cynthia French blanchard <cdfblanchard@gmail.com> wrote:
>>
>> Mr. Brand,
>>
>> Pursuant to Fed. R. Civ. P. 26(c), made applicable through the Bankruptcy Rules, I am making a good-faith attempt to confer regarding discovery directed to me. Please provide in writing any

discovery issues you wish to address within two business days of this email. I will respond in writing, with the Trustee included, within two business days of receiving your list.

Respectfully,
Cynthia Diane Blanchard

cc: Trustee Patrick J. Malloy III