**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: | | |
| **GREEN COPPER HOLDINGS, LLC** | ) | **CASE NO. 25-10088-T** |
| **EIN # xx-xxx9708** | ) | **Chapter 7** |
| | ) | |
| **COPPER TREE, INC.** | ) | **Substantively Consolidated** |
| **EIN # xx-xxx6608** | ) | |
| | ) | |
| **THE INN AT PRICE TOWER INC.** | ) | |
|     **Debtors.** | ) | |
| | / | |

**CLAIMANT PICTORIA STUDIOS USA, INC., (Claim No. 14), AND CLAIMANT TAKTIK ENTERPRISES, INC. (Claim No. 4) REPLY TO TRUSTEE'S RESPONSE ECF ECF 282, AND NOTICE OF OPPORTUNITY TO BE HEARD**

COMES NOW **PICTORIA STUDIOS USA, INC., (CLAIM NO. 14)**, and, **TAKTIK ENTERPRISES, INC. (Claim No. 4),** (herein after Pictoria Studios USA and Taktik Enterprises shall from time to time be referred to as "Movants" or by their first name), by and through their undersigned counsel and hereby files this Response to Trustee's Motion to Strike, ECF 261 & 261-1, And to Trustee's Response ECF 282, and Notice of Opportunity to be heard, and as grounds thereof states as follows:

    I.     **GENERALIZED RESPONSE**.

    1.     This Reply encompasses the Trustee's ECF 261 & 261-1 first filed against Movants' Motion to Compel Trustee ECF 249, and the Trustee's newly filed Response ECF 282. Movants' motives to Reply to both of the Trustee's filings is because of the Trustee's own contradictions contained within ECF 261-1 and ECF 282.

    2.     On August 14, 2025, Movants filed ECF 249. The gest of ECF 249 is simple: A Motion Compelling the Trustee to stop making deals with those who play in the shadows and look

to benefit the estate and those claimants actually deserving of recovery. Movants are questioning whether the Trustee has been and is complying with his statutory and fiduciary duties and is moving to compel that these duties are complied with and that transparency is provided within the process.

3.      Movants are alleging that the Trustee is failing in the performance of his position. The core federal bankruptcy code sections that apply to a trustee's duty to maximize the debtor's estate are **11 U.S.C. § 704** and **11 U.S.C. § 541**, along with the trustee's avoidance powers found in Chapter 5 of the Bankruptcy Code. 11 U.S.C. § 704: Duties of the trustee: This statute directly outlines the trustee's primary duty in a Chapter 7 liquidation. It explicitly requires the trustee to "collect and reduce to money the property of the estate for which such trustee serves".  This is the central directive that guides the trustee's actions toward maximization for the benefit of creditors. 11 U.S.C. § 541: Property of the estate.  Section 541 defines what constitutes the "property of the estate," which is the pool of assets that the trustee is responsible for gathering and liquidating. This definition is interpreted broadly by the courts to include:

- All legal and equitable interests of the debtor at the time the bankruptcy case is filed.
- Proceeds, profits, and rents from property of the estate.
- Any assets that the trustee recovers through other provisions of the Bankruptcy Code, such as avoidance actions.

4.      Movant's are alleging that Trustee in the spirit of playing "Lets Make A Deal" is not acting in the best interests of the Estate or the rightful Claimants deserving of maximum recovery.  ECF 249 is claiming that the Trustee is not maximizing the Estate's assets, not properly moving to recover assets, not looking for assets that continue to exist outside the sale to the McFarlin Group, hold accountable the Debtor for false disclosures, hold accountable claimants for

incorrect, defective or false claims, and to discontinue reaching settlements with claimants whose claims are improper, false, misrepresented, or inequitable.

5.      The Trustee's ECF 282 literally is taking a position that his actions are within his sole and subjective discretion.  There is not many sentences within ECF 282 that the Movants cannot cross the Trustee on, however, in the exercise of time, the Movant's simply deny the allegations made within the Trustee's Response.  More concerning, is why the Trustee challenges ECF 249 as opposed to taking a position that he doesn't understand the Movant's Motion, the need to adhere to his duties and responsibilities, or not cut deals with those undeserving thus taking away from the others.  If this is the Trustee's true intent, then Movant's believe the Trustee should be removed as his duty pursuant to Section 324 of the U.S. Bankruptcy Code

6.      Unconscionably, the Trustee has attacked the claims filed by the Movants without having any knowledge of the work the Movants have performed.  The denials of these claims is categorically bad faith, especially when compared to many of the other claims, which are defective and overreaching and the Trustee has not filed an objection to or has not raised all the reasons for such an objection.   The Trustee has just recently confirmed this statement by the serving Interrogatories and Requests for Production uoon the Movants asking for information, of which the vast majority of which, the  Movants have already filed as Exhibits to their respective claims or should be on the servers of the Debtors and therefore in the possession of the Trustee.  Movants are now of the belief that the Requests and Interrogatories served are demonstrative as to showing the Trustee has not bothered to first review the Exhibits to the claims nor go through the Debtor's computers to learn what already exists and what he is already in possession of prior to serving discovery.  Movants can only opinionate that the Trustee's objections and continued prosecution

against them are retaliatory for the efforts Movants have taken towards their best interests, or that

the Trustee would like the Movants to do his job for him.

       7.      Here we have a Trustee that within ECF 282, literally is stating that he has done

nothing but sell off an appraised $40,000,000 asset, not including the subject artwork and

collectables, for approximately $1,400,000!  On page 3 of ECF 282, the Trustee finally represents

that, "The estate did not have the resources to inventory all of the personal property and art located

on the 19-story edifice". Thus, in truth, the Trustee has NO idea what assets exist outside of the 19

story building because he simply didn't look.  The undersigned was able to find all of the assets

within ECF 249 without the power of the U.S. Trustee's office by simple Google searches and

talking to a few people. Wherefore, Movant's see the Trustee's Response, ECF 282, as an excuse

not a legal defense.

       8.      The Trustee's Response, ECF 282, is predicated upon 4 defenses:

       a.   Trustee doesn't like the Wherefore Clause of Movant's Motion to Compel;

       b.   Movant's motion is redundant and duplicative to the Trustee's motion to settle

           certain matters with the FLWC;

       c.   Other parts of the Motion address matters that are the subject of final and non-

           appealable orders; and,

       d.   The Motion seek orders compelling the Trustee to do certain things without any

           factual or legal basis.

       9.      The Trustee's Response COMPLETELY MISSES THE POINT.  (a) the Wherefore

Clause speaks for itself and it explained throughout the content of the Motion; (b) The Motion has

little to do with the motion to settle with the FLWC except as an example of how the Trustee is not

properly performing his job as per 11 U.S.C. § 704 and 11 U.S.C. § 541, along with the trustee's

avoidance powers  as well as within 11 U.S.C. § 704: Duties of the trustee; (c) the Motion to

Compel has nothing to do with the Trustee's smoke screen argument that the sale has already

occurred and no one objected.  It has to do with the fact that the Trustee has no idea what exists

outside of the property at the time of the sale despite the Movant's showing him that valuables do

in fact exist, that it is probable the Blanchards and others have improperly profited from the estate,

that many of the Claimants and their claims are defective or non-deserving, that many insiders

have gained from their wrongdoing and the Trustee has not taken appropriate action. The Price

Tower's sale and  inventory search was the fiduciary responsibility of the Trustee not the Movants.

It is the Trustee who should know what assets exist and what assets are missing from the estate

not wrongfully asserting that this burden falls on a creditor who has no inside information and

tools as the Trustee.  (d) The Trustee's fiduciary and legal duties are defined herein above, par. 3

and discussed throughout the Movant's Motion.

       10.     It is not that the Trustee made a quick sale of the Price Tower to put some money

into the coffers, and filed an asset list showing  no specifics as to what was on premise being sold.

Movant's understand this position and find it irrelevant.  The Trustee seems not to understand that

the Movant's acknowledge the building was sold, but are questioning why the Trustee cannot

identify what assets of the Debtor are in third party hands, warehouses, premises, auction sites.

This task was as simple as the Trustee checking off of a list that he held from the Debtor as to a

loose inventory and if not there, marking as so.  Movants have made a material and substantial

showing that assets presently exist off site and belonging to the Estate.  <u>It is asked that the Trustee</u>

<u>be compelled to reasonably identify these assets and maximize the Estate's recovery</u>. <u>See</u>, attached

Affidavits herein and incorporated hereto.  <u>See</u>, attached Letters of Preservation attached.  <u>See</u>,

attached Claim of the Frank Lloyd Wright Conservatory where they admit to the theft of items.

See, links set forth within ECF 249.  Just the 66 sign can bring in another $300,000+ and if the other pre-dating batches of the same sign are recovered, the Trustee can add in excess of one million dollars to the Estate.  Hence, the Trustee's desire to fight the motion as opposed to fulfilling his role, for which he would get paid for, is troubling.

11.     The Motion, ECF 249, compels transparency.  Every argument contained within ECF 282 is a smoke screen.

12.     The Motion (ECF 249) actually goes into details of where some of these items are, photos, web links, affidavit(s), news sources….  **It is disingenuous for the Trustee to say in ECF 261 and 261-1 and ECF 282 that he doesn't know what the Movants Motion ECF 249 is requesting.  In fact, the Trustee admitted to the undersigned counsel, during a recent telephone call, that he could not click on any of the links in the Movant's Motion (ECF 249) and therefore DID NOT LOOK AT ANY OF WHAT THE MOVANT'S WERE ALLEGING AS ASSETS EXISTING AND THE ESTATE ENTITLED TO CLAIM!**  Just with this statement, the Trustee's Response is disingenuous.

13.     ECF 249 identifies, as only a starting point, lots of money in assets that the inactions of the Trustee demonstrate he is not moving upon in order to incorporate back into the Debtor's Estate. Such flagrant inaction ignores his fiduciary duties of maximizing the estate (§ 704(a)(1)) of the US Bankruptcy code and following up on a trail of evidence.  Movants have already demonstrated through motions, affidavits, exhibits, objections to claims, and links the existence of other assets, outside of any sale to the McFarlin Group or within an alleged easement,  to collect upon.  Movants have further demonstrated that officers of the Debtors might have absconded with monies or Bitcoin from the wrongful removal, sale or distribution of assets.  The Trustee's Response, ECF 282, continues to make matters worse.  In section 3, page 4 of ECF 282, he talks

about "Japanese Wood-Cuts", however, refuses to state, as he does not know, which of the artist are in issue, the quantity moved by Cynthia Blanchard, the fact that he has been informed by the Movants, by the Debtor's asset list itself, and by the affidavits filed in this case as well as the FLWC's claim, that artwork, including very specific Japanese Wood-Cuts from a specific artist have been improperly taken by Cynthia Blanchard and were off site at the time of the bankruptcy. The Trustee within this same paragraph admits to knowing that Cynthia Blanchard had removed precious artwork from the premise, but has no idea if she returned everything as he also admits to never cataloging the valuable artwork and Debtor property. Trustee is accepting that Cynthia Blanchard supposedly removed the valuable artwork given forthcoming winter weather. Meanwhile, that same artwork has been supposedly sitting within the Price Tower's art room for more than a decade with no problems from this winter weather.

14.    The Trustee also seems to fail to recognize that this case and the cast of various claimants is plagued with insider fraud, and that Cynthia Blanchard and her ever changing board, including that of her insider and conflicted General Counsel, Paul Aubert, and her insider, completely conflicted, husband, are deserving of adversary actions on behalf of the estate but instead the Trustee is seeking to actually reward them with a settlement and dilute the deserving claimants.

15.    The Trustee's Response is the definition of frivolousness.

II.    **MOVING INTO SPECIFICS**.

16.    Trustee's Response states that he doesn't know who the Snyder Family is referred to within the Motion. How misleading as the Motion states: "**Sale of Price Tower and the Court Ordered Assets of the Debtors to the McFarlin Group (owned by the Snyder Family)**"

A.        **Example of TRUSTEE'S FALSE REPRESENTATIONS TO THE COURT**:  ECF 261

states in letter II(1)(i): "i. Robert Indiana 66 Sculpture.  "… The Trustee has determined that this

item was indeed located on the Debtor's premises as of the date of bankruptcy and was included

among the assets sold to McFarlin pursuant to this Court's final and non-appealable orders…."

       1.        **RESPONSE: Robert Indiana 66 Sculpture**.    We   know   the   Trustee's
Representation to the Court simply is not true.  Already placed into evidence by the Movant's is
the Robert Indiana 66 Sculpture's appraisal report, belonging to Green Copper Holdings LLC.
This sculpture has an appraised value of $350,000 and the Movant's have informed the Trustee
and still have a soft offer to purchase this sculpture for the appraised amount. The Trustee, failing
to fulfill his responsibility and protect the estate and maximize the estate's potential has refused to
follow through with this asset and in ECF 261 states in letter II(1)(i), misrepresents the reason for
his failure.

       2.        Around the timeframe of 2003, the Price Tower Art Center, Inc., (former owner of
the Price Tower prior to the Debtor), commissioned Robert Indiana to create the 66 sculpture and
making PTAC the original rightful owner of the 66 Sculpture.  The 66 Sculpture by Robert Indiana
was acquired acquired by Green Copper Holding, LLC on March 7, 2023, when it acquired PTAC.

       3.        At all times material hereto, the 66 sign was relocated by PTAC to a pedestal placed
in Unity   Square   Park.   (see,   https://www.google.com/maps/place/Unity+Square/@36.7472614,-
95.9758591,3a,75y,90t/data=!3m8!1e2!3m6!1sCIHM0ogKEICAgICZgaSKnwE!2e10!3e12!6shttps:%2F%2Flh3.go
ogleusercontent.com%2Fgps-cs-s%2FAC9h4npTbSApQtuDRlMdFR6r-
CyZgDoNZkERyGJNtCrMd_RoenIWZn7wsU1jljY7th_A9FqSH6o4sjqE1_EYM0huuQHb1VUNwiHCwhmhTP67
Jn977kc7j9wI31ZMY5mn244FPNajMT_seA%3Dw203-h270-k-
no!7i3024!8i4032!4m7!3m6!1s0x87b713b57ab82d53:0xe7e052367cf66eba!8m2!3d36.7472614!4d-
95.9758591!10e5!16s%2Fg%2F11j91yfz12?entry=ttu&g_ep=EgoyMDI1MDgyNS4wIKXMDSoASAFQAw%3D%
3D).  This large sculpture did not, does not and never did reside on or in the premises of the Price
Tower.

       4.        In all fairness the Trustee in ECF 282, after talking to the undersigned and receiving
documentation from the undersigned, now says that he is investigating the sign.  See, No. 9, page
7 of ECF 282.

B.        2002 Ford ECONLINE.  Pursuant to a Travelers Insurance policy which the Debtor had

taken out, there is supposedly existing a  Ford Ecoline.  Where is it and why has neither Cynthia

Blanchard or the Trustee disclosed it and brought in back into the estate.

C.        Movants have also identified assets which the Trustee has not moved upon and is seeking

an Order compelling him to do so.  Movant's Motion provides web and Facebook links that the

Trustee can follow evidencing the missing collectables that should be clawed back into the Estate so as to maximize it and pay off the claimants.

D.      There are also insurance policies that are assets of the Estate. The Trustee has not located these policies although he is in control and possession of the Estate. The policy belonging to claimant Paul Aubert might be relevant as well.

WHEREFORE, the Claimant hereby prays that this Court grant the relief sought herein, including but not limited to the Granting of ECF 249 in that:

   a.   An updated inventory list of all debtor's assets, an accounting or investigation into assets which should belong to the estate or might belong to the estate that are within the possession or control of third parties including but not limited to: 20C Design, the Blanchard's (directly and in-directly), Sotheby's, Christie's, and 1st Dibbs.

   b.   An accounting as to what artwork was transferred to the McFarlin upon their Court Approved purchase of the Price Tower within this bankruptcy proceedings.

   c.   An accounting of monies certain officers or directors of the Debtor, including Cynthia Blanchard and/or Anthem Blanchard might have received from sources such as 20C Design, Sotheby's, Christie's and 1st Dibbs.

   d.   Full disclosure from the Trustee as to what the Trustee has done in order to obtain, uncover, investigate and bring back into the purview of the estate all assets that should be within the Trustee's possession or control and are not.

   e.   A full accounting and reading of any and all insurance policies which might inure to the benefit of the Debtor's estate and an inclusion of these policies as assets of the Estate.

   f.   An accounting of what assets are still within the Trustee's possession and control.

g.  An accounting of what assets, settlements, exchanges the Trustee has already made

out of the Estate.

And/or,

h.  Any and all other relief the Court finds prudent, including in light of the above, the

preemptive denial of ECF 156 and ECF 156-1.

## NOTICE OF OPPORTUNITY FOR HEARING

Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 0 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 0 day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f). *The moving party shall calculate the appropriate response time. If a response time is prescribed by applicable statute, rule, or order, the moving party shall add to the prescribed response time unless service is accomplished by hand delivery, the three (3) days required for mailing under Bankruptcy Rule 9006(f). If a response time is not prescribed by applicable statute, rule, or order, the response time shall be 0 days, which includes the three (3) days required for mailing under Bankruptcy Rule 9006(f).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this foregoing Motion to Compel Trustee for

a Proper Accounting was ECF filed with the Clerk of Court on this 9th day of September, 2025.

/s/ *Craig A. Brand, Esq.*

By: _____
    Craig Alan Brand, Esq.
    FBN: 896111

Tel. (305) 878-1477
6462 S. Jamaica Circle
Englewood, Colorado 80111

**On behalf of and for:**
PICTORIA STUDIOS USA, INC. (Claim No. 14), and
TAKTIK ENTERPRISES, INC. (Claim No. 4).