**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: | | |
| **GREEN COPPER HOLDINGS, LLC** | ) | **CASE NO. 25-10088-T** |
| EIN # xx-xxx9708 | ) | **Chapter 7** |
| | ) | |
| **COPPER TREE, INC.** | ) | **Substantively Consolidated** |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| **THE INN AT PRICE TOWER INC.** | ) | |
| Debtors. | ) | |
| | / | |

**CLAIMANT PICTORIA STUDIOS USA, INC., (Claim No. 14),  AND CLAIMANT TAKTIK ENTERPRISES, INC. (Claim No. 4) RESPONSE/OBJECTION TO MOTION FOR PROTECTIVE ORDER ECF 283 & 284, AND NOTICE OF OPPORTUNITY TO BE HEARD**

COMES NOW **PICTORIA STUDIOS USA, INC., (CLAIM NO. 14)**, and, Claimant **TAKTIK ENTERPRISES, INC. (Claim No. 4), (together "Movants"),** by and through their undersigned counsel and hereby files this Objection/Response to Cynthia Blanchards Renewed Motion for Protective Order, ECF 283 & 284, and Notice of Opportunity to be heard, and as grounds thereof states as follows:

I.    **Back Ground And Yet Another Defective Attempt At Conferral**:

a.    On September 4, 2025, Mrs. Blanchard filed ECF 279.  This filing was a Motion for Protective Order against some possible future, undefined discovery events that might or might not happen.

b.    On September 5, 2025, The Court, Sui Sponte, ECF 280, issued a Denial of ECF 279 as the Court noted that Mrs. Blanchard failed to meet and confer regarding the relief she was requesting.

c.      On September 8, 2025, Mrs. Blanchard emails the undersigned attorney the following:

> Mr. Brand,
>
> Pursuant to Fed. R. Civ. P. 26(c), made applicable through the Bankruptcy Rules, I am making a good-faith attempt to confer regarding discovery directed to me. Please provide in writing any discovery issues you wish to address within two business days of this email. I will respond in writing, with the Trustee included, within two business days of receiving your list.
>
> Respectfully,
> Cynthia Diane Blanchard
>
> cc: Trustee Patrick J. Malloy III

d.      Mrs. Blanchard's above stated email does not represent a Meet and Conferral as Fed. R. Civ. P. 26(c)(1); Fed. R. Bankr. P. 7026, 9014(c), hold that the representation "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

e.      Mrs. Blanchard's September 8, 2025 Email:

   i.   Is not a meet and conferral as contemplated under the rules.  <u>It is a demand that the undersigned attorney, within two days, provide her in writing with discovery issues I want to present</u>.  This demand holds very little relation to her motion which is to try and prevent the taking of her depositon.

   ii.   Nothing within this email talks about or discusses any issue concerning any deposition as suggested by her Renewed Motion for Protective Order.

   iii.   There is no showing that the undersigned must forecast his discovery or deposition questions to a deponent in advance; defeating some of the purposes and objectives of taking a deposition or merely putting the witness on the stand so as to avoid any pre-tells.

   iv.   Wherefore, this email attempt at conferral is fatally defective.

f.      On September 8, 2025, Mrs. Blanchard files ECF 283 & 284 which appear to be the same Renewed Motion for Protective Order only in ECF 284 a Certificate of Service is added which takes the document to the next page.

II.    **ECF 283 & 284 Should Be Denied**.

**1.**

a.      On Page 1, "Introduction" section, Mrs. Blanchard states that a deposition of herself would, "… impose undue burden, risk of intimidation, and invite questions far outside the scope of the settlement at issue".  There is no showing, no specifics, nothing but fear of her answers under oath which would support or justify these conclusory statements.

b.      "The lady doth protest too much, me thinks," from William Shakespeare's Hamlet.

c.      On September 4, 2025, a hearing was held and two Orders issued.  The first Order, ECF 276 pertains to the Trustees Motion for Approval of a Settlement with the Frank Lloyd Write Conservancy, ECF 156.  Movants filed Objections to the Trustee's proposed settlement, ECF 208, 208-1 & 207, 207-1.

**As stated within the Movant's Objections (ECF 207 & 208), the:**

(2)      **Relevant Portions Of The Trustee's Motion [ECF 156] Are As Follows**:

a. Par. 1: The debtor herein filed a civil action against the **Frank Lloyd Wright Building Conservancy,** an Illinois not-for- profit corporation ("Conservancy"), Case No. CJ-2024-237, in the District Court for Washington County, Oklahoma. "The claims asserted by the consolidated Debtors constitute property of the estate."

b.   Par. 2: "Subsequent to the commencement of these proceedings, the Conservancy filed a Proof of Claim No. 16 for the sum of $170,000 relative to legal fees incurred ==in enforcing the terms of the Easement==."

c.   Par. 3: ==The Debtor transferred personal property belonging to the estate to a Third Party, i.e., 20C, for $150,000.  The Trustee motion represents to the Court that this transfer possibly is against applicable Bankruptcy and/or Oklahoma State law.   The paragraph further goes on to read that the Conservancy is in the process of reacquiring these (improperly transferred items) and returning them to the Price Tower and its new owners, i.e., the McFarlin and Mayo Group. As per Case No. CJ-2024-237, in the District Court for Washington County, Oklahoma, the Debtor did not believe so.==

d. Par. 4: "The Trustee and the Conservancy have entered into a Settlement Agreement regarding the referenced claims and any potential avoidance claims."  Paragraph 4, continues by stating that the Trustee will further:

a. The Trustee will release any and all claims against the Conservancy arising out of or related to the above referenced ==state court proceeding and shall cause to be filed in the state court matter a dismissal of all claims.==

b. The Conservancy shall withdraw its Proof of Claim and shall ==release any and all claims against this estate.==

b. The ==Trustee shall release any and all avoidance claims with respect to the pre-petition transfers of property to 20C.==

II (2).  As seen from the above highlights, supra, the Trustee's Motion to Settle centers around (1) a district court action that the Debtor, through its representative Cynthia Blanchard, rightfully filed against the FLWC as it relates to an easement that the Trustee believes applies and the debtor.

Obviously through her legal filings, on behalf of the Debtor Mrs. Blanchard did not placing the case and the issues therein which overlap with the Trustee's proposed settlement at issue.  The Movants, are also shareholders within the Debtor, agree with the legal position Mrs. Blanchard took in the Oklahoma District Court action and believe that the Debtor would have won that case had it proceeded and would be possibly seeking deposition and/or trial testimony.

II (3). Movant's believe that the Trustee should be prosecuting the district court action brought by the Debtor through Mrs. Blanchard, not rewarding the FLWC for engaging in the allegations already set forth within the Movants' Objections. This would be an added reason for the taking of Mrs. Blanchard's testimony as the Trustee is looking to dismiss what the Movants believe is a valid lawsuit and the issues thereon are on point as to the Trustee's proposed settlement. Only Mrs. Blanchard can speak to the issues and matters which she would be the one with the firsthand knowledge and participation.

II (4). The individual best suited to speak for the Debtor, is certainly not the Trustee who has taken the side of the FLWC against the Debtor as indicated by the terms of the proposed settlement. Cynthia Blanchard is the person believed to be with the most knowledgeable and was the one who filed or caused the filing of the lawsuit on behalf of the Debtor against the FLWC, with whom the Trustee wants to settle with as well as allow a company known as 20C Design to benefit off of the conspiracy and possession argued within the Movant's objections.

II (5). As the Movant's have alleged throughout these proceedings, including against the claim filed personally by Mrs. Blanchard, that Mrs. Blanchard is alleged to have been self-dealing, self-profiting, and engaged in improper disposal of Debtor's assets, amongst other things, the issues arising from and out of the FLWC's claim, the Trustee's Motion to Settle and the Movant's Objections all overlap.  Mrs. Blanchard is in the best position to talk about the alleged missing

property and its transference, monies allegedly made, the whereabouts of these missing art collectables, her dealings with this third party company 20C Designs who the Movants had placed on Notice through Evidence Preservation Letters prior to the end of the believed transactions, Mrs. Blanchard's receipt of an several evidence preservation letters on behalf of the Movants, and even the FLWC's allegations that the Debtor might have illegally moved at least $150,000 dollars of assets.

II (6). Bottom line is Mrs. Blanchard is a material witness and whether she wants to retain counsel or exercise a Constitutional Amendment challenge as to certain questions, that is her right, however, that does not provide legal justification to prevent a deposition. At this juncture, the undersigned attorney has not noticed her and does not even have the questions in mind as to what he would specifically ask.

III.   **ECF 278, September 4, 2025, Scheduling Order**:

1.      As a result of the Scheduling Hearing held on the Trustee's Objections to Movants' claims, the Court issued ECF 278.  The Court ruled, in part, that, "*THIS MATTER comes on for Scheduling Conference before the Court. The Court finds cause exists to establish a schedule regarding the Trustee's Objections to Proof of Claims…*".

2.      ECF 278 has allowed for discovery to be taken as to the Movants' claims.  Part of the discovery to be taken, as noted by Mrs. Blanchard, are depositions.  If and when it is decided that Mrs. Blanchard's deposition is warranted, the Movants shall serve notice unless ordered otherwise.

3.      Mrs. Blanchard, as president of the Debtors, the person who retained and hired the Movants, the person who the Movants answered to, and one of the people with the most

knowledge, is also a material witness as to the Movants' claims, making her testimony completely relevant.

IV.    **MRS. BLANCHARD'S RENEWED MOTIONS FOR PROTECTIVE ORDER ARE NOT RIPE**.

1.    At this juncture, the undersigned has not formulated what trial strategy or witnesses he will be calling for deposition, discovery or trial.  As Mrs. Blanchard is aware, just prior to the Debtors bankruptcy filing, the Movants were close to filing a Shareholder Derivative Action alleging intentional torts, and the Parties were in settlement discussions.  The artwork, also at issue involving third party companies such as 20C Design which is involved within the Trustee's Settlement terms with the FLWC were part of discussions that the Movants were having with the Debtor through its General Counsel.  Thus, when Mrs. Blanchard alleges that she has had prior proceedings with Mr. Brand, this intended Derivative Shareholder Lawsuit is assumed to be what she is referring to as there have been no actual prior proceedings and these discussions were 99% done not with Mrs. Blanchard but with her legal counsel, Paul Aubert.

2.    The Movants have not yet sent out discovery nor set depositions.  Mrs. Blanchard's attempted Conferral doesn't address a deposition as she was not served, but is a demand that the Movants serve her with Document Requests within the next two business days.

WHEREFORE, the Movants hereby pray that this Court grant the relief sought herein, including but not limited to, a complete Denial of Cynthia Blanchard's Motions (Renewed) for Protective Order (ECF 283 & 284), as well as any and all other relief deemed just and proper.

RESPECTFULLY SUBMITTED ON THIS 10TH day of September, 2025.


/s/ *Craig A. Brand, Esq.*

By: _____

    Craig Alan Brand, Esq.
    FBN: 896111
    Tel. (305) 878-1477
    6462 S. Jamaica Circle
    Englewood, Colorado 80111

**On behalf of and for:**
PICTORIA STUDIOS USA, INC. (Claim No. 14), and
TAKTIK ENTERPRISES, INC. (Claim No. 4).


## NOTICE OF OPPORTUNITY FOR HEARING

Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 7 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 7 day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f). *The moving party shall calculate the appropriate response time. If a response time is prescribed by applicable statute, rule, or order, the moving party shall add to the prescribed response time unless service is accomplished by hand delivery, the three (3) days required for mailing under Bankruptcy Rule 9006(f). If a response time is not prescribed by applicable statute, rule, or order, the response time shall be fourteen (7) days, which includes the three (3) days required for mailing under Bankruptcy Rule 9006(f).

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a true and correct copy of this foregoing Motion to Compel Trustee

for a Proper Accounting was ECF filed with the Clerk of Court on this 10th  day of September,

2025, as well as mailed by US first class mail to:

Cynthia Diane Blanchard, pro se
414 SE Washington Blvd. Ste. 205
Bartlesville, OK 74006
310-435-5707


/s/ *Craig A. Brand, Esq.*

By: _____
    Craig Alan Brand, Esq.
    FBN: 896111
    Tel. (305) 878-1477
    6462 S. Jamaica Circle
    Englewood, Colorado 80111

**On behalf of and for:**
PICTORIA STUDIOS USA, INC. (Claim No. 14), and
TAKTIK ENTERPRISES, INC. (Claim No. 4).