UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

In re:
GREEN COPPER HOLDINGS, LLC,    Case No. 25-10088-T
COPPER TREE, INC.,
INN AT PRICE TOWER, INC.,
   Substantively Consolidated,

Chapter 7

### REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Comes now Cynthia Diane Blanchard, pro se movant, and respectfully replies to the Objection filed by Craig A. Brand on September 10, 2025 (Docket files 289 & 290).

Mr. Brand's objection purportedly on behalf of other parties relies on false, defamatory, and malicious personal character attacks rather than addressing the merits of the Motion. Such filings only reinforce the need for protection and demonstrate the pattern of harassment the Motion seeks to prevent. The Trustee already has documentation in his possession that directly contradicts the affidavits previously filed in Mr. Brand's objection to my proof of claim (docket file 285), and in his reply to the Trustee's objection (docket file 287), underscoring his ongoing effort to inject false, irrelevant material intended only to harass.

Brand's objection also fails on its own terms. It substitutes innuendo for analysis, recasting my Motion as "avoidance" while offering no concrete need for my deposition. His positions are internally inconsistent: he at once urges that the Trustee should have prosecuted the original FLWC litigation (filed at the state level) because it would succeed, and in the same filing revives

FLWC easement/provenance false narratives and "missing artifacts" insinuations to justify burdensome discovery. Those positions cannot be reconciled.

Further, the Trustee and FLWC have already resolved their disputes by settlement and release, which narrows rather than expands the scope of discovery. The Court has already authorized a "free and clear" sale under §363 extinguishing any claimed encumbrances, confirming that the Conservancy has no provenance or control over the artifacts. Brand's repeated false references to "missing artifacts" are unsubstantiated rhetoric, not evidence, and serve only to create scandal and harassment. Such material is precisely what 11 U.S.C. §107(b)(2) and Rule 9018 permit the Court to strike or limit.

Pursuant to Fed. R. Bankr. P. 7026 (incorporating Fed. R. Civ. P. 26(c)), as applied in contested matters by Fed. R. Bankr. P. 9014(c), the Court may issue a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. The circumstances here satisfy that standard.

I stand by my Motion for Protective Order and respectfully request that the Court rule on the written submissions. In the alternative, should the Court determine that oral argument is required, I request to appear by telephone or other remote means to minimize the undue burden and harassment created by Mr. Brand's aggressive filings and tactics.

**WHEREFORE,** I respectfully request that the Court grant the Motion for Protective Order and provide such other relief as is just and proper.

Respectfully submitted this 15th day of September, 2025.

*Cynthia Diane Blanchard*

**Cynthia Diane Blanchard, Pro Se Movant**
414 SE Washington Blvd. Ste. 205.
Bartlesville Ok 74006
310-435-5707

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2025, I mailed a true and correct copy of the foregoing **Reply in Support of Motion for Protective Order**.via U.S. Mail, postage prepaid, to the following:

**Patrick J. Malloy III**
Chapter 7 Trustee
401 South Boston Avenue, Suite 500
Tulsa, OK 74103

**Karen Walsh**
Office of the United States Trustee
224 South Boulder Avenue, Suite 225
Tulsa, OK 74103

**Craig A. Brand, ESQ.**
Craig Brand Law Firm
11222 Oak Shore Lane
Clermont, FL. 34711


Dated: September 15, 2025

*/s/ Cynthia Diane Blanchard/*

**Cynthia Diane Blanchard, Pro Se Movant**
414 SE Washington Blvd. Ste. 205.
Bartlesville Ok 74006
310-435-5707