IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| THE INN AT PRICE TOWER INC. | ) | |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S MOTION TO SETTLE PROOF OF CLAIM NO. 13 FILED HEREIN BY ENTERPRISE GLOBAL LOGISTICS ("Enterprise") PURSUANT TO FED.R. BANK. P. 9019 AND FOR ORDER DENYING OBJECTION TO CLAIM (Doc. 258) AND NOTICE OF OPPORTUNITY FOR HEARING**

Comes now the Trustee and states:

1.  Enterprise filed the referenced Proof of Claim 13 for the sum of $65,100 based on a Promissory Note dated 11/17/2023 for $60,000 with a maturity date of 11/17/2024 plus "Pre-Maturity Interest" of 5% per annum or $3,000 and Post-Maturity Interest based on a penalty rate of interest of 10% or $2,100.

2.  An objection to the claim was filed herein by Pictoria Studios USA Inc. ("Pictoria") and Taktik Enterprises Inc. ("Taktik"). The objection appears to be based, in part, on the fact that the obligor was Copper Tree Inc. and that Copper Tree Inc. and Green Copper Holdings LLC were separate entities. The Trustee would point out that these entities were substantively consolidated by prior Order of this Court after Notice to all interested parties, including Pictoria and Taktik, without objection (Doc. No. 121). As a result, and for purposes of administering this estate, these entities are the same.

3.  Pictoria and Taktik additionally argue that Cynthia Blanchard ("Blanchard") had no authority to sign the note on behalf of Copper Tree Inc. The Trustee has determined that the note was not only signed by Blanchard as the Chief Operating Officer, but the indebtedness was approved by the Board of Directors consisting of Cynthia Blanchard and Paul Aubert.

4.  Finally, the Trustee has determined that loan proceeds were wired to the Debtor's account in November of 2023.

5.  The Trustee and Enterprise have negotiated an agreement whereby Enterprise would reduce the Post-Maturity Interest to 5% rather than the specified 10% and would have an allowed general unsecured claim against the estate for the sum of $60,000 plus interest at the rate of 5% per annum until the date of bankruptcy on 01/22/2025 or the sum of $64,050.

6.  The Trustee asserts that the proposed settlement is fair and equitable and in the best interests of the estate. The funds were in fact loaned to the Debtor and Blanchard had authority to sign the note. The proposed agreement additionally avoids unnecessary time and expense of litigating the claim. Settlements are favored in bankruptcy. *See Korngold v. Loyd (In re S. Med. Arts Cos. Inc.)* 343 B.R. 250, 255 (10th Cir. B.A.P. 2006). Courts in this District have repeatedly recognized the following four factors listed in *Kopp v. All Amer. Life Inc. Co. (In re Kopexa Realty Venture Co.)* 213 B.R. 1020 (10th Cir. B.A.P. 1997):

   a. probable success in underlying litigation on the merits;
   b. possible problems collecting judgment;
   c. the expense and complexity of the underlying litigation; and

    d. interests of creditors in deference to their reasonable views. See also *Liberty Bank F.S.B. v. D. J. Christies Inc.* 681 Fed. Appx. 664, 668 (10th Cir. 2017); *In re S. Med. Arts Cos Inc*. 343 B.R. at 256.

As applied to the instant case, the Trustee would assert that the likelihood of success lies with Enterprise and certainly the proposed agreement avoids unnecessary time and expense.

7. As noted, an objection to the claim was filed by Pictoria and Taktik. In the event the Court approves the proposed settlement, the Trustee intends to seek an order of the Court denying the Objection based on mootness pursuant to *Hamon v. DVR LLC (In re DVR LLC)* 606 B.R. 80 (D. Col. 2019).

8. The Trustee intends to seek an order of the Court:
    a. authorizing a general unsecured claim in favor of Enterprise for $64,050; and
    b. denying the Objection to the claim filed herein by Pictoria and Taktik.

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 24 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or**

**objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 24-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

Respectfully Submitted by:  /s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:  918-699-0345
Fax:  918-699-0325
*ATTORNEYS FOR TRUSTEE*