IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Green Copper Holdings, LLC ) | Case No. 25-10088-T |
| EIN No. xx-xxx9708 ) | Chapter 7 |
| ) | |
| Copper Tree, Inc. ) | Substantively Consolidated |
| EIN No. xx-xxx6608 ) | |
| ) | |
| The Inn at Price Tower, Inc. ) | |
| Debtors. ) | |

### CLAIMANT DONNA KEFFER'S RESPONSE AND OBJECTION TO PICTORIA STUDIOS USA, INC. AND TAKTIK ENTERPRISES, INC. OBJECTION TO CLAIM NO. 20 (Dkt. 251)

Claimant Donna Keffer ("Keffer") submits this response and objection to Pictoria Studios and Taktika Enterprises ("Objecting Parties") Objection to Claim No. 20 (Dkt. 251). In support of her Claim and as an objection to the Objecting Parties' requested relief, Keffer states as follows:

1. Keffer filed and subsequently amended her claim for wages and penalties which the Debtor failed to pay Keffer for services rendered. From September 1, 2023 to January 22, 2024, Wages Owed equal $56,842.98; Penalties owed equal $54,337.42; Total Wage Claim: $111,180.40

2. Keffer was an employee of the consolidated Debtor and her wages were not paid for the period of time and in the amount set forth in Claim 20-2. Under Oklahoma law, as an employee, Keffer is entitled to penalties in an amount equal to any unpaid wages. 40 O.S. § 165.3(B) (OSCN 2025). Wage Claimants under 40 O.S. § 165.3(B) (OSCN 2025) are entitled to Liquidated Damages (capped at 100% of unpaid wages) that accrue at 2% daily interest. Liquidated damages on Keffer unpaid wages earned between September 1, 2023 and November 30, 2024, reach the cap on January 20, 2024. The next three pay periods, December 15, 2024, December 30, 2024, and January 15, 2025, did not reach the liquidated

   damages cap as the filing of the bankruptcy petition (January 22, 2025). Those pay periods accrued penalties constituting of 76%, 46%, and 14% respectively of the unpaid wages due. See Claim 20-2.

3. The documents submitted with Claim No. 20 establish that Keffer was an employee and that the Debtor's attempt to change her classification from employee to contractor was ineffective by operation of law. For example, Keffer's duties did not substantially change after Debtor sought to reclassify Keffer as a contractor, after the misclassification Keffer continued to perform duties regularly performed by employees and her day-to-day activities were directed by the Debtor. OK Admin Code 380:30-1-2 ("Independent Contractor").

4. Keffer denies the Objecting Parties remaining allegations.

5. The Trustee filed his Motion to Settle Proof of Claim 20-2 (Dkt. 263) seeking Court approval to settle and compromise Claim 20-2.

Wherefore, Keffer requests that this Court enter an Order:

   a. Approving Keffer's Claim 20-2 as filed or in such amount as may be agreed to by Keffer and the Trustee, and approved by the Court.

   b. Alternatively, set a hearing to address the Objecting Parties' objection (Dkt. 251).

   c. Awarding Keffer attorney's fees and cost against the Objecting Parties.

>                          Respectfully submitted,
>
>                          */s/ Kevin P. Doyle*
>                          Kevin P. Doyle, OBA No. 13269
>                          Maxfield J. Malone, OBA No. 34598
>                          PRAY WALKER, P.C.
>                          21 N. Greenwood Ave., Suite 400
>                          Tulsa, OK 74120-1904
>                          Tel: (918) 581-5500
>                          Fax: (918) 581-5599
>                          kdoyle@praywalker.com

mmalone@praywalker.com

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on September 17, 2025, a true and correct copy of the foregoing pleading was served electronically on participants in the CM/ECF system according to local procedures.

*/s/ Kevin P. Doyle*