IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| Green Copper Holdings, LLC | ) Case No. 25-10088-T |
| EIN No. xx-xxx9708 | ) Chapter 7 |
| | ) |
| Copper Tree, Inc. | ) Substantively Consolidated |
| EIN No. xx-xxx6608 | ) |
| | ) |
| The Inn at Price Tower, Inc. | ) |
| Debtors. | ) |

**CLAIMANT MARK HASKELL'S RESPONSE AND OBJECTION TO PICTORIA STUDIOS USA, INC. AND TAKTIK ENTERPRISES, INC. OBJECTIONS TO CLAIM NOS. 21-2, 22-2, 23-2 (Dkt. 250, 254, and 256)**

Claimant Mark Haskell ("Haskell") submits this response and objection to Pictoria Studios and Taktika Enterprises ("Objecting Parties") Objection to Claim No. 21-2 (Dkt. 254), Objection to Claim No. 22-2 (Dkt. 256), and Objection to Claim 23-2 (Dkt. 250). In support of his Claims and as an objection to the Objecting Parties' requested relief, Haskell states as follows:

1. Haskell's Proof of Claim No. 21-2 in the amount of $163,000 is based upon Haskell's payment of a debt relative to a COVID-19 Economic Injury Disaster Loan ("EIDL") which was owed at the time of the sale of Price Tower assets to the Debtor. The EIDL was subject to a UCC lien in favor of the U.S. Small Business Administration which burdened the assets at the time of the sale to Debtor. Haskell advanced funds that were utilized to pay the lien and benefited the Debtor's estate. Haskell's payments constitute a valid general unsecured claim against this estate.

2. Haskell's Proof of Claim No. 22-2 in the amount of $176,107.55 is based upon a series of loans by Haskell to the Debtor. While Haskell agrees he entered into a Settlement and Release Agreement (April 6, 2024) pursuant to which Haskell agreed to reduce the Debtor's obligation on the loans to $96,107.55, Haskell is entitled to rescission of the Settlement and Release

Agreement based upon the Debtor's misrepresentations, duress, coercion, and lack of consideration supporting the agreement.

3. Haskell's Proof of Claim No. 23-2 in the amount of $576,489.00, represents amounts specifically assumed by the Debtor at time Debtor purchased the Price Tower assets from Price Tower Art Center (PTAC) (see sale documents between PTAC and Debtor attachment to Proof of Claim 23-2). The Debtor assumed this obligation as part of the sale transaction and the assumption is specifically referenced and evidenced by the sale documents. Haskell advanced the funds described in Proof of Claim 23-2 and denies any enforceable agreement to reduce this amount.

4. Haskell's contribution to the Debtor and entitlement to recovery are established by the document filed in support of the Proofs of Claim (21-2, 22-2, and 23-2) and will be further supported by testimony at a hearing on the objection.

5. Haskell denies the Objecting Parties remaining allegations.

6. On August 18, 2025, the Trustee filed his Motion to Settle Proofs of Claim 21-2, 22-2, and 23-2 (Dkt. 265).

Wherefore, Haskell requests that this Court enter an Order:

   a. Approving Haskell's Proofs of Claim 21-2, 22-2, and 23-2 as filed or in such amount as may be agreed to by Haskell and the Trustee, and approved by the Court.

   b. Alternatively, set a hearing to address the Objecting Parties' objections (Dkt. 250, 254, and 256).

   c. Awarding Haskell attorney's fees and cost against the Objecting Parties.

Respectfully submitted,

*/s/ Kevin P. Doyle*
Kevin P. Doyle, OBA No. 13269
Maxfield J. Malone, OBA No. 34598
PRAY WALKER, P.C.
21 N. Greenwood Ave., Suite 400
Tulsa, OK 74120-1904
Tel: (918) 581-5500
Fax: (918) 581-5599
kdoyle@praywalker.com
mmalone@praywalker.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 17, 2025, a true and correct copy of the foregoing pleading was served electronically on participants in the CM/ECF system according to local procedures.

*/s/ Kevin P. Doyle*