From: The Brand Law Firm, P.A. <craig@thebrandlawfirm.com>
Sent: Wednesday, September 17, 2025 2:27 PM
To: Mark Sanders <msanders@gablelaw.com>
Cc: Patrick Malloy <pjmiiim@sbcglobal.net>; Craig Brand <craig@thebrandlawfirm.com>
Subject: Re: Send data from MFP11860578 09/16/2025 15:09

External email – beware of links and attachments

Mark, the Trustee has a duty to provide and share information. You filed a motion for settlement surely you have support. If you are saying you dont have anything to supply to us to review then it ends the conversation but if you are saying that you are requiring me to go through formal proceedings to obtain what you must, then that is something altogether different and I feel as though myself and my clients are being mistreated.

- **Duty to Furnish Information**: 11 U.S.C. § 704(a)(7) requires providing information about the estate to parties in interest (e.g., disclosing inventory results or asset recovery efforts).

On Sep 17, 2025, at 12:28 PM, Mark Sanders <msanders@gablelaw.com> wrote:

Craig -

Pat is tied up with new debtor examinations this afternoon.

We are not going to respond informally to your request for information about the Conservancy's legal fee claim. In truth, we have no material information beyond what is laid out in our Motion to Settle. You have a different view, and you are free to argue that to the Court.

We also assume that you are pursuing, or have declined to pursue, the discovery upon the Conservancy (deposition(s)) that you outlined to the Judge during our telephonic status conference. Obviously, if and when you notice up a deposition we need to know about it.

Finally, I'm not sure what you mean when you say you are "still missing some responses". Again, as to all pending matters, we are not going to respond informally to any requests for discoverable facts, contentions, etc.

Regards,
Mark



Mark D.G. Sanders   | Shareholder | **GableGotwals**
(w) 918-706-2267   | (f) 918-595-4990   |
110 N. Elgin Ave., Ste. 200
Tulsa, OK 74120-1495 | USA | www.gablelaw.com

This message and any attachments are for the addressee only and may contain privileged or confidential information. If you have received this in error, please notify me immediately and permanently delete the message and any prints or other copies.

From: The Brand Law Firm, P.A. <Craig@thebrandlawfirm.com>
Sent: Wednesday, September 17, 2025 12:37 PM
To: Patrick Malloy <pjmiiim@sbcglobal.net>; Mark Sanders <msanders@gablelaw.com>
Cc: Craig Brand <craig@thebrandlawfirm.com>
Subject: Fwd: Send data from MFP11860578 09/16/2025 15:09

External email – beware of links and attachments

Morning Mark and Patrick,

From: The Brand Law Firm, P.A. craig@thebrandlawfirm.com
Subject: Re: Send data from MFP11860578 09/16/2025 15:09
Date: September 17, 2025 at 6:23 PM
To: Mark Sanders msanders@gablelaw.com
Cc: Patrick Malloy pjmiiim@sbcglobal.net, Craig Brand craig@thebrandlawfirm.com
Bcc: Dale Takio dtakio@taktikenterprises.com, Mike Moran mike@pictoriastudios.com



Patrick, Im not here to argue with you and at least now I understand you are not a trial lawyer. Evidence is evidence and the Trustee or yourself should provide it. We are not or should not be adversaries and these are not adversary cases as defined by Rule 7000. Im willing to work with you and even settle with you and be gone but you have to treat me like Im witnessing you have treated others.

Everything you said below as to the production of evidence is as you say, "patently false" and Im going to ask you in court to show me where you have provided that to me so I hope that you have a better answer then see ECF 156. You have to prove your case and you made the motion so your evidence must be in a file. Just send it as I would to you. This is not good faith litigation you are practicing but hide the flag. I guess on the 10th at the Motion to Compel hearing you can tell the Court all that you have provided me other than words.

As to me being the only objector, I have thought about that as Im not happy about it nor want to be in that position. Im in that position because as stated there are too many people here just trying to make a cash grab and for whatever reason I believe you are not seeing that or not wanting to see it. I dont know because of the transparency difficulties we are having. Im trying to open your eyes to this fact as there is limited monies and my clients are owed a lot. So if you keep settling and giving it all away then Im forced to protect the pie for those in the right; that is what defense lawyers do, protect the innocent. If you feel that any of my objections are incorrect then I've said it to you and Patrick before and I'll say it again, pick up the phone and call me. Explain to me why Im wrong. Show me the evidence you have that I might not have or maybe I'll come back to you with something I have that you should but dont. I am known to change my mind and am willing to accept the fact that I dont know everything and do not have everything and that is what discovery is for or an attorney on the other side that wants to help the cause and speed things along by simply putting his best foot forward.

You and Patrick have villainized me because Im trying to see the evidence and you say you have shown me but NOT showing in physicality. Again, attorney dicta is not evidence. Im not against you, but I dont want you giving money that should go to my clients and to proper shareholders all away to claimants that are not entitled. "we have no material information beyond what is laid out in our Motion to Settle." What does that mean? I read that to mean that you wrote a bunch of stuff down and that is that. That is not evidence and you have certainly not provided me with actual evidence. The By-laws support what I stated unless you can or have something that says my logic is incorrect. If you have such a cite, send it to me and lets see if what it says. If you are right we end that argument and done. If you are incorrect then you will either have to take my side or continue in the wrong.

As to Hassan, I have asked you to explain where I am wrong. You refuse. That's on you and shame on you to make me the bad guy when you dont want to show me how or where I am wrong, for which Im more than happy to listen.
PTAC, well, I think here you have it wrong and instead of you listening to me or wanting to be educated. So PTAC and Haskel will go to trial. They should now what the fall out will be better than me, but they are not my clients.

Before you accuse me of not trying to set up depositions you should rethink that contention as your comment is patently false. You further see all the discovery that is going out of my office so you know Im working.
If you object to my discovery then I guess that will be more work but we will ultimately get to the end and I dont believe the court will allow you to ambush me.

**Meet and Conferral**. There is a good chance Im going to move for an emergency continuance of this matter. Would you and Patrick like to discuss this issue tomorrow or would you just like me to represent that you oppose any continuance. Im available all day tomorrow and would gladly take your call.

Craig

> On Sep 17, 2025, at 5:34 PM, Mark Sanders <msanders@gablelaw.com> wrote:
>
> Craig -
>
> I don't think my message could have been clearer: "we have no material information beyond what is laid out in our Motion to Settle." If there is any doubt, the Trustee's Motion to settle re the Conservancy (Doc. No. 156) provided a detailed statement relative to the facts and circumstances that the Trustee asserts support the settlement. The Trustee additionally filed a response (Doc. No. 230) to your objection that provided even more detail and attached germane documents. Your implication that the Trustee has not provided all interested parties factual information and support for the proposed settlements is patently false.
>
> The same is true of the other pending settlements – e.g., with PTAC and Hassan. Both motions set forth detailed explanations regarding their bases. You have additionally been provided documents relevant to both matters.
>
> You are correct that the Bankruptcy Code and Rules provide ways for parties in interest to obtain information about estate administration. However, your myriad of objections have created "contested matters" and hence, the disclosure of information relative to those matters is now subject to applicable Rules of Procedure under the Bankruptcy Rule 7000 series--not 11 U.S.C. 704. That is why I took care to limit my response to you to "all pending matters". Simply put, your decision to attack all proposed settlements and prosecute other unfounded matters has, ironically, severely limited any rights you might have had under 11 U.S.C. 704 to obtain information.
>
> Accordingly, the exchange of information in our pending matters must proceed through formal discovery. Apropos of that, in the Conservancy claim matter, you advised the Court that you needed only to depose a representative of the Conservancy. In that regard we expect to be notified of the date and time of the examination if that is still your intent.
>
> Regards,
> Mark
>
>  **Mark D.G. Sanders** | Shareholder | **GableGotwals**
> (w) 918-706-2267 | (f) 918-595-4990 |
> 110 N. Elgin Ave., Ste. 200
> Tulsa, OK 74120-1495 | USA | www.gablelaw.com |
>
> This message and any attachments are for the addressee only and may contain privileged or confidential information. If you have received this in error, please notify me immediately and permanently delete the message and any prints or other copies.