IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **GREEN COPPER HOLDINGS, LLC** | ) | **CASE NO. 25-10088-T** |
| EIN # xx-xxx9708 | ) | **Chapter 7** |
| | ) | |
| **COPPER TREE, INC.** | ) | **Substantively Consolidated** |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| **THE INN AT PRICE TOWER INC.** | ) | |
| | ) | |
| **Debtors.** | ) | |

**TRUSTEE'S OBJECTION TO *MOVANT'S EXPEDITED OR EMERGENCY MOTION FOR CONTINUANCE OF THE OCTOBER 10, 2025 HEARING REGARDING ECF 156 & 156-1* ("Motion") (Doc. No. 307)**

Comes now the Trustee and states:

1. Pictoria Studios USA Inc. ("Pictoria") and Taktik Enterprises Inc. ("Taktik") filed the Motion seeking a continuance of the hearing presently set for October 10, 2025 at 10:00 a.m. to consider the objections filed by both Pictoria and Taktik to the Trustee's Motion to Settle Claims with the Frank Lloyd Wright Conservancy ("Conservancy").

2. The referenced hearing date and time was set by an order of this Court after a scheduling conference conducted on September 2, 2025. Counsel for Pictoria and Taktik appeared at the telephonic conference and specifically advised this Court that the only discovery he required was a deposition of a representative of the Conservancy. The Trustee has been advised that a date and time for this deposition has been agreed upon by both the Conservancy and counsel. At no time during that conference did counsel advise this Court that any additional discovery was required or that his schedule prevented a hearing on that date and time. Moreover, counsel did not voice any objection to the hearing date and time despite his upcoming business trip.

3. In part, Pictoria and Taktik argue in support of their motion that the Trustee has refused to provide documents. That statement is simply false. The original motion to settle provides a detailed analysis of the facts and circumstances which support the proposed settlement. In his response to the objection to settle, the Trustee provided additional facts and circumstances and supporting documents. Both the Trustee and the Conservancy have informally provided Pictoria and Taktik additional documents including copies of documents establishing 20C's payment for the transferred assets to the Debtor. Pictoria and Taktik have attached as exhibits to their motion to continue copies of certain email exchanges by and between the Trustee. To begin with, and as already stated, the Trustee has spelled out in detail the facts and circumstances which support the proposed settlement. Secondly, both the Trustee and the Conservancy have informally provided counsel supporting documents. Thirdly, what is clear from the Trustee's emails is that he does not intend to litigate the pending disputed matter in email exchanges. Finally, the Trustee likewise made it clear that the Rule 7000 series applied to discovery in contested matters and emails did not constitute acceptable discovery requests.

4. Pictoria and Taktik argue in part that:

> "In order for the Trustee to demonstrate that his contention of this Settlement being in the best interest of the estate is correct, he must prove that (1) the Conservancy even has a claim; (2) that the easement agreement applies to the debtors, (3) that the easement agreement gives the Conservancy the right to an award of attorney fees, (4) that the items the Trustee is seeking the conservancy to turn over to the new purchasers of the Price Tower i.e. Mcfarlin Group are not (a) stolen or ill gotten products belonging to the estate, and (2)(sic) who would be the owner of these items for if the easement is inapplicable then the items would have to be returned to either the Estate of the McFarlin Group. To do this, much of the District Court case needs to be argued herein and discovery is warranted and necessary."

Pictoria and Taktik then argue that based on this alleged burden facing the Trustee, additional discovery is required. The Trustee would first acknowledge that he is not sure what section (4) even means. The Trustee is not "seeking the conservancy" to do anything. More importantly, the entire paragraph is contrary to applicable law. As previously noted in the Trustee's motion to settle, courts consider the following factors when evaluating a proposed settlement:

a. probable success of the underlying litigation on the merits;

b. possible difficulty in collection of a judgment;

c. the complexity and expense of the litigation, and

d. interests of creditors in deference to their reasonable views. *See In re Kopexa Realty Venture Co.* 213 B.R. 1020, 1022 (10th Cir. BAP 1997); *In re Martin* 91 F.3d 389, 393 (3d Cir. 1996).

In the matter of *In re CS Mining LLC* 574 B.R. 259, 272 (Bankr. D. Utah 2017), the court stated:

> "This **Court is not required to hold a mini-trial** on the issues involved in the case being compromised. Rather, the obligation of the court is to canvass 'the issues and see whether the settlement falls below the lowest point in the range of reasonableness.' In re Dennett 449 B.R. 139, 144-45 (Bankr. D. Utah 2011)"

The Trustee is not required to "prove" any of the items specified by Pictoria and Taktik. Rather he is only required to establish the reasonableness of the settlement in the light of all the facts and circumstances including the complexity of the issues.

5. Counsel for Taktik and Pictoria complain about the work involved in additional objections they have filed to other pending motions of the Trustee to settle. This alleged burden was not discussed or raised at the scheduling conference. Secondly, Pictoria and Taktik took it upon themselves to object to every motion filed by the Trustee to date to settle claims against this

estate—settlements including the one with the Conservancy which, if allowed, will result in a reduction of claims against this estate of approximately $800,000; avoid months if not more of time and expense; and avoid unnecessary delay in distributing funds to creditors. The timing of the resolution of these matters must involve a balancing of the interests of all parties. Pictoria and Taktik's counsel's schedule should not be the sole determining factor.

6. Pictoria and Taktik filed objections to the motion to settle presumably in good faith and based on a good faith application of law and facts. The stated basis for the request to continue is contrary to applicable law and/or has no factual basis.

Wherefore the Trustee prays that the Motion be denied.

Respectfully Submitted by:

/s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:   918-699-0345
Fax:         918-699-0325
*ATTORNEYS FOR TRUSTEE*