Docusign Envelope ID: 56D5C389-1BAE-4B91-94F9-584ADC6B79FB

# EXHIBIT A

### SETTLEMENT AGREEMENT

**WHEREAS** Patrick J Malloy III ("Trustee") is the duly appointed Trustee in *In re Green Copper Holdings LLC, et al.* Case No. 25-10088-T (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Northern District of Oklahoma (the "Bankruptcy Court"); and

**WHEREAS** Pictoria Studios USA, Inc. ("Pictoria") and Taktik Enterprises, Inc.("Taktik") have filed proofs of claim in the Bankruptcy Case as follows:

a. Pictoria Claim No. 14 for the sum of $217,975.00;

b. Taktik Claim No. 4-3 for the sum of $513,918.65; and

**WHEREAS** Trustee, Pictoria and/or Taktik (occasionally referred to individually as a "Party", and collectively as "Parties") are parties to several pending contested matters as more fully described below; and

**WHEREAS** Trustee, Pictoria and Taktik have agreed to settle each and all of those contested matters, subject to Bankruptcy Court approval upon Notice and Opportunity.

**NOW THEREFORE**, in consideration of the Recitals, the mutual covenants contained herein, and other good and valuable consideration, the receipt, validity, sufficiency and adequacy of which is acknowledged by all Parties, the Parties agree as follows:

### I.   Pending Contested Matters Subject to this Settlement Agreement.

The following-described contested matters are within the scope of, and are subject to the terms of, this Settlement Agreement:

A. Trustee's Objection to Pictoria's Proof of Claim [Doc. No. 135];

B. Trustee's Objection to Taktik's Proof of Claim [Doc. No. 132];

C. *TRUSTEE'S NOTICE AND MOTION TO SETTLE DISPUTED MATTER AND NOTICE OF OPPORTUNITY FOR HEARING* [Doc. No. 156] -- which seeks an order approving settlement of claims related to the Frank Lloyd Wright Conservancy ("Conservancy") – and Pictoria's and Taktik's Objections thereto;

D. The Trustee's motion to settle the proof of claims filed herein by Dona Keffer ("Keffer") (Doc. No. 263) based on an agreed allowed general unsecured claim in Keffer's favor for $50,000, of which $15,150 would be entitled to priority treatment under the Bankruptcy Code – and Pictoria's and Taktik's Objections thereto;

E. The Trustee's motion to settle the proof of claim filed herein by Linda Jones ("Jones") [Doc. No. 264] based an agreed allowed general unsecured claim of $45,000, of which

Docusign Envelope ID: 56D5C389-1BAE-4B91-94F9-584ADC6B79FB

  $1,161.29 would be entitled to priority treatment under the Bankruptcy Code – and Pictoria's and Taktik's Objections thereto;

F. The Trustee's motion to settle Proofs of Claim filed herein by Mark Haskell ("Haskell") [Doc. No. 265] based on an agreed allowed general unsecured claim in Haskell's favor for the sum of $570,00 – and Pictoria's and Taktik's Objections thereto.

G. The Trustee's motion to settle the Proof of Claim filed herein by The Price Tower Arts Center ("PTAC") [Doc. No. 286] based on an agreed allowed general unsecured claim in favor of PTAC for the sum of $20,000.

H. Pictoria and Taktik's Objections to PTAC's Proof of Claim [Doc. No. 255].

I. The Trustee's motion to settle the Proof of Claim filed herein by Enterprise Global ("Enterprise") [Doc. No. 300] based on an agreed allowed general unsecured claim in favor of Enterprise for the sum of $ 64,050.

J. Pictoria and Taktik's objections to the Enterprise's Proof of Claim [Doc. No. 258].

K. Pictoria and Taktik's motion to compel the Trustee to undertake certain acts [Doc. No. 249], and the Trustee's Objection thereto [Doc. No 282].

(individually and/or collectively, the "Pending Matter(s)").

## II. <u>Agreement</u>

1. With regard to Pending Matters A. and B., the parties hereto agree that --

    a. Pictoria shall have an allowed unsecured claim in this Bankruptcy Case in the amount of $149,637.63.

    b. Taktik shall have an allowed unsecured claim in this Bankruptcy Case in the amount of $250,362.37.

    c. No portion of the referenced allowed claims shall be entitled to either secured status, or administrative or other priority treatment under the Bankruptcy Code Section 507(a).

2. With regard to Pending Matters C. – K., inclusive, within five (5) business days after the entry of an order approving this Settlement Agreement, Pictoria and Taktik shall withdraw all of their motions, objections, and other documents filed in connection with those Pending Matters, and shall otherwise cease participation in those Pending Matters. In the event Pictoria and Taktik fail to withdraw their motions, objections, and other documents, the Trustee may submit proposed orders to the Court denying any and all relief requested by such pleadings, motions or documents.

Docusign Envelope ID: 56D5C389-1BAE-4B91-94F9-584ADC6B79FB

3. Following the Bankruptcy Court's approval of this Settlement Agreement, the Trustee may submit for the Court's approval order(s) authorizing the various other settlements he has proposed pursuant to the terms stated in his subject motions. The Trustee acknowledges and agrees that the order approving the settlement proposed in Pending Matter C., above, shall clarify that any release of estate avoidance or other claims is limited to the transfer of Frank Lloyd Wright-designed artifacts and not Bruce Goff-designed items, *e.g.,* the so-called Shin'en Kan gates.

4. This Settlement Agreement does not limit Pictoria's and/or Taktik's right and ability to continue to prosecute matters that are not Pending Matters identified in this Settlement Agreement.

5. Pictoria and Taktik acknowledge and agree that proper and timely notice of all Pending Matters were provided to all necessary and interested parties.

6. Time being of the essence, the Trustee shall promptly file a Motion to Approve this Settlement Agreement pursuant to Fed. R. Bankr. P. 9019. Upon such filing, the Trustee shall file a Motion to Stay All Pending Matters pending consideration of the Motion to Approve this Settlement Agreement.

7. This Settlement Agreement and all terms and conditions stated herein are subject to Bankruptcy Court approval upon Notice and Opportunity.

8. The venue of any legal proceeding arising under this Settlement Agreement, or breach of or default hereunder, shall be the Bankruptcy Court.

9. Each party shall bear its own costs and attorney fees arising from or out of this Settlement Agreement and all implementing proceedings.

10. The Parties agree that all communications concerning this Agreement shall be made in writing, through their counsel, to the other parties' counsel, as follows:
    i. Trustee: Counsel of Record
    ii. Pictoria and Taktik: Craig A. Brand, Esq., The Brand Law Firm, P.A., 11222 Oakshore Lane, Clermont, Fl 34711, Telephone: (305) 878-1477, Email: Craig@thebrandlawfirm.com and craig@mystic.enterprises.com

11. The parties agree to cooperate fully, and execute any and all supplemental documents and take all additional actions within a timely manner which may be necessary or appropriate to give full force and effect to the terms and intent of this Settlement Agreement.

12. This Settlement Agreement may not be modified unless such modification is in writing and signed by the Party against whom enforcement is sought and such modification is approved by the Bankruptcy Court.

13. All Parties represent and acknowledge that they have read this Settlement Agreement and have executed same after conferring with counsel, and that they have not in any way relied on any promise or representation of any other Party or their counsel in making this

Settlement Agreement which is not embodied by this Settlement Agreement. The Parties agree that the Court shall construe this Settlement Agreement as if drafted by all the Parties, and not in favor of or against any of the Parties.

14. In the event that any action, including but not limited to litigation, is taken to enforce this Settlement Agreement, the prevailing party shall be entitled to its costs and reasonable attorney's fees.

15. This Settlement Agreement shall be signed by each Party through Docusign with an official digital recording and record. This Agreement may be signed in more than one counter-part, the totality of which shall be considered an original.

16. This Settlement Agreement shall be effective on the date on which it has been approved by the Bankruptcy Court.

**IN WITNESS WHEREOF**, the Parties have set their hands and seals on the dates stated below.

**Reviewed, Approved and Agreed to by:**

**Patrick J. Malloy, III, Trustee**

By: ___*Patrick J. Malloy, III. – Trustee*___   Date: __9/25/2025__
    Patrick J. Malloy

**Pictoria Studios USA, Inc.**

By: ___*Mike Moran*___   Date: __9/25/2025__
    Michael Moran, President

**Taktik Enterprises, Inc.**

By: ___*[signature]*___   Date: __9/25/2025__
    Dale Takio, President