IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **GREEN COPPER HOLDINGS, LLC** | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| **COPPER TREE, INC.** | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| **THE INN AT PRICE TOWER INC.** | ) | |
| | ) | |
| Debtors. | ) | |

### TRUSTEE'S SECOND MOTION FOR ORDER AUTHORIZING PAYMENT OF ATTORNEY FEES TO MALLOY LAW FIRM P.C. ("Malloy") AND NOTICE OF OPPORTUNITY FOR HEARING

Comes now the Trustee and states:

1. This Court previously authorized the employment of Malloy Law Firm P.C. ("Malloy") as counsel for the Trustee (Doc. No. 18).

2. The Trustee previously filed herein his initial motion to pay interim attorney fees to Malloy for the period 01/27/2025 through 05/21/2025 (Doc. No. 108). The motion requested authority to pay Malloy attorney fees totaling $56,735.00 and expenses of $997.43.

3. This motion seeks authority to pay Malloy attorney fees for the period May 22, 2025 through September 30, 2025 totaling $45,465.00 and expenses of $1,063.11.

4. Attached hereto as **Ex A** is an itemized statement of time expended and services provided. As noted in **Ex A**, the total fees prayed for are **$45,465.00.** Attached hereto as **Ex B** is an itemized statement of costs incurred.

5. The time expended and services provided as specified in **Ex A** can be summarized as follows:

    a. **Payment of Professional Fees to D.R. Payne and Associates ("Payne")**-- Payne was employed by the estate to assist the estate in identifying hundreds of potential bidders for the assets of this estate. The movant prepared pleadings related to securing an order of the Court authorizing payment of professional fees to Payne totaling **$7,314.65.**

    b. **Settlement of Proof of Claim Filed by Donna Keffer ("Keffer")**—Keffer was a former employee of the Debtor. She filed a proof of claim herein for the sum of **$111,180.40** which included claims for unpaid wages and certain penalties under applicable Oklahoma law. The movant reviewed relevant documents; researched applicable state laws; and conferred with former principals of the Debtor. The movant conferred with counsel for Keffer and entered into settlement discussions with counsel. This matter was settled subject to Court approval based on an allowed general unsecured claim for the sum of **$34,850** and an unsecured priority wage claim of **$15,150.** The movant prepared and filed appropriate pleadings seeking court approval for the agreement. If approved, the agreement represents a reduction in the original claim by approximately **$60,000**. After proper Notice and Opportunity, the only objections to the proposed settlement were filed herein by Pictoria Studios ("Pictoria") and Taktik Enterprises ("Taktik"). As a result of a global settlement agreement with Pictoria and Taktik, which is subject to approval by this Court, those objections will be withdrawn and appropriate orders will be submitted to the Court approving the proposed settlement.

    c. **Settlement of Proof of Claim Filed by Linda Jones ("Jones")**—Jones filed a proof of claim herein for the sum of $97,161.30 based on alleged unpaid wages and

penalties pursuant to applicable Oklahoma law. The movant reviewed relevant documents; negotiated with Jones' counsel; and eventually settled the claim on the basis of an allowed unsecured claim for Jones totaling **$45,000,** of which **$1,161.29** would be treated as a priority wage claim. The agreement resulted in a decrease of the original claim filed of approximately **$52,000.** The movant prepared and filed a motion seeking court approval of the proposed settlement. After Notice and Opportunity, the only objections to the proposed settlement were filed by Pictoria and Taktik Enterprises. As a result of a global settlement with Pictoria and Taktik, which is subject to approval by this Court, those objections will be withdrawn and an appropriate order will be submitted to the Court approving the proposed settlement.

   d. **Settlement of Claim Filed by Mark Haskell ("Haskell")**—Haskell filed three separate claims herein totaling **$915,596.83.** The movant reviewed relevant documents; conferred with former principals of the Debtor; and negotiated with counsel for Haskell. The parties entered into an agreement subject to approval by this Court based on a total allowed unsecured claim in favor of Haskell totaling **$570,000.** This agreement, if allowed, will result in a reduction in the claim of approximately **$345,000.** The movant prepared and filed a pleading seeking court approval for the agreement. After Notice and Opportunity for Hearing the only objection to the proposed settlement was filed herein by Pictoria and Taktik. As a result of a global settlement with Pictoria and Taktik, which is subject to approval by this Court, those objections will be withdrawn and an appropriate order approving the settlement will be submitted to the Court.

   e. **Settlement of Claim Filed by The Price Tower Arts Center ("PTAC")**—PTAC filed a claim for $183,000. However, $163,000 of the claim was duplicative of a

part of the claims filed by Haskell. The movant reviewed relevant documents and negotiated an agreement with counsel for PTAC subject to approval by this Court whereby PTAC would have an allowed general unsecured claim of $20,000. The movant prepared the motion to settle based on these terms. Prior to the filing of the motion, objections to the claim had been filed by Pictoria and Taktik. Based on a global settlement with Pictoria and Taktik, subject to this Court's approval, those objections will be withdrawn and an appropriate order approving the settlement will be submitted to the Court.

   f.  **Settlement of Enterprise Global Claim ("Enterprise")**—Enterprise filed a proof of claim for the sum of $65,100. The movant negotiated a reduction in this claim based on a waiver of penalty interest to the sum of $64,050. Thereafter, the movant prepared and filed a motion to approve the settlement. Pictoria and Taktik had already filed an objection to the claim. Based on a global settlement with Pictoria and Taktik, subject to approval by this Court, those objections will be withdrawn and an appropriate order approving the settlement will be submitted to the Court.

   g.  **Motion To Compel**—Pictoria and Taktik filed a motion to compel the Trustee to account for certain assets and/or take certain actions. The movant reviewed the motion; reviewed all relevant pleadings filed in the case; and drafted an objection to the motion. Based on a global settlement with Pictoria and Taktik, subject to approval by this Court, the motion to compel will be withdrawn.

   h.  **Motion to Settle With The Conservancy**—The movant negotiated an agreement with the Conservancy whereby the Conservancy will withdraw a claim against the estate totaling $170,000, the Trustee will dismiss all claims pending in a pre-bankruptcy law suit filed against the Conservancy by the Debtor, and release any avoidance claims

against either the Conservancy or 20C relative to certain Frank Lloyd Wright artifacts transferred by the Debtor to 20C prior to bankruptcy and purchased by the Conservancy after bankruptcy from 20C. The movant reviewed and approved all settlement documents and drafted the motion to settle. Pictoria and Taktik objected to the motion to settle. Based on a global settlement with Pictoria and Taktik, those objections will be withdrawn and an appropriate order will be submitted to the Court approving that settlement.

  i. **Objection to Claim of UBAC**—UBAC filed a proof of claim for $597,579. The movant reviewed the claim, prepared, and filed an objection to the claim. The objection was not responded to, and the movant prepared and secured an order denying the claim.

  j. **Objection to Claim of Ten-X**--Ten-X filed a claim herein based on an alleged entitlement to a percentage of any sums recovered from the sale of assets. The movant objected to the claim on the basis that Ten X's claim was based on pre-bankruptcy documents; was not enforceable post-bankruptcy; and was not entitled to any sums related to post bankruptcy sales of assets. Ten X did not respond to the objection and the movant secured an order denying the claim.

  k. **Objection to Proof of Claim Filed by Helms Enterprises ("Helms")**—The movant filed an objection to a proof of claim filed herein by Helms for the sum of **$89,018.06.** Helms failed to respond to the objection and the movant secured an order of the Court denying the claim.

  l. **Objections to Claims of Pictoria and Taktik and Global Settlement** — Pictoria filed a proof of claim herein for the sum of $217,975. Taktik filed a claim herein for the sum of $513,918.65. The movant reviewed the claims and related documents; conferred with former employees and management relative to the merits of the claims and

counsel for both Taktik and Pictoria. Written discovery was prepared and sent to both parties. Responses were reviewed and analyzed. The movant recently negotiated a global agreement with Pictoria and Taktik which provides, in part, for an agreed allowed general unsecured claim in favor of Pictoria and Taktik for a total of $400,000 to be allocated as they advise the Trustee. The agreement additionally provides that Pictoria and Taktik will withdraw all objections to the above-referenced motions to settle filed herein by the Trustee. Finally, Pictoria and Taktik will withdraw the above referenced motion to compel.

    m.    **Objections To Claims** –In addition to objections to the claims of Pictoria and Taktik, the movant filed objections to the claims of Cynthia Blanchard; Paul Aubert and Renee Nichols. The movant reviewed the claims filed and relevant documents and conferred with third parties relative to the claims. The movant prepared and submitted written discovery relative to the basis of the claims and requested supporting documents. Scheduling conferences relative to these objections have been conducted, scheduling orders have been entered, and the movant has issued written discovery to all three claimants. These matters are pending.

    n.    **Substantive Consolidation** –Prior to the time period covered by this motion, the movant had filed a motion to substantively consolidate Copper Tree Inc. During the period covered by this motion, the movant prepared and submitted an order granting such consolidation. In addition, the movant filed a motion to substantively consolidate The Inn At Price Tower ("The Inn"). That motion was based on a review of the facts and circumstances surrounding the management of this entity and the Debtor. Consolidation resulted in the recovery for the benefit of the estate of approximately

$120,000 and the ability of creditors of The Inn to participate in any distribution in these proceedings.

6. **The potential reduction in claims filed against the estate resulting from unopposed objections to claims filed by the Trustee and from a possible order approving the proposed settlement with Pictoria and Taktik is approximately $1,600,000**

7. The estate currently holds $1,307,373.93 from the sale of assets and recovery of refunds.

8. Malloy seeks an order in these proceedings authorizing payment of attorney fees in the amount of **$45,465.00** and expenses of **$1,168.11**. The fees and expenses prayed for are reasonable and necessary, and payment of such fees and expenses is in the best interests of the estate.

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 24 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 24-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

Respectfully Submitted by: /s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone: 918-699-0345
Fax: 918-699-0325
*ATTORNEYS FOR TRUSTEE*