FILED

2025 OCT -7 PM 1:41

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **GREEN COPPER HOLDINGS, LLC** | ) | **CASE NO. 25-10088-T** |
| EIN # xx-xxx9708 | ) | **Chapter 7** |
| | ) | |
| **COPPER TREE, INC.** | ) | **Substantively Consolidated** |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| Debtors. | ) | |

## RESPONSES TO TRUSTEE-OBJECTOR'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO CLAIMANT, PAUL AUBERT

Comes now the respondent, Aubert, and responds or answers, as applicable, as follows:

## ANSWERS TO REQUESTS FOR ADMISSIONS

**Answer to Request for Admission No. 1**:  Respondent admits that he has been unable to locate a signed copy of the Engagement Letter.  Respondent and Copper Tree came to a meeting of the minds on the terms included in the Engagement Letter, and therefore, the Engagement Letter sets forth the terms of an oral agreement between the parties, as evidenced by the receipt by Copper Tree of services provided by Aubert from prior to the formation of Copper Tree until the date of its bankruptcy proceeding before this court.

**Answer to Request for Admission No. 2**:  Aubert drafted the Engagement Letter and presented to Cynthia Blanchard, as the sole owner (at the time) of all of the equity interests of Copper Tree and the sole officer and director of Copper Tree.  Aubert agreed to the terms of the Engagement Letter on his behalf and on behalf of his sole practitioner law firm.  Cynthia Blanchard agreed to the terms of the Engagement Letter on behalf of Copper Tree.

**Answer to Request for Admission No. 3**:  Since neither Copper Tree nor the trustee has produced a signed copy of the Engagement Letter, the Engagement Letter must for purposes of this proceeding be treated as an oral agreement; therefore, notwithstanding the language contained in the Engagement Letter regarding amendments being in writing only, the oral agreement could indeed be amended by oral agreement.  In the alternative, the agreement to increase Aubert's compensation to $10,000 per month beginning in September 2023 was itself a separate oral agreement between the parties and did not require an amendment of the Engagement Letter.

**Answer to Request for Admission No. 4**:  Aubert asserts that the sale of the building and assets known as Price Tower generated capital greater than $1,000,000 and thus triggered the requirement to pay all amounts due under the Engagement Letter. In the alternative, the separate oral agreement described in No. 3 above had no such condition and thus should be paid in its entirety.

## INTERROGATORIES

**Interrogatory No. 1**: Aubert first became acquainted with Mrs. Blanchard in approximately 2015 during his attendance at a board meeting for Anthem Vault, Inc. As stated in his prior filing, Aubert served as outside counsel for that entity beginning in 2015.

**Interrogatory No. 2**:  Aubert first rendered services for Copper Tree in August 2022, prior to its formation.  Aubert formed the Company in August 2022.

**Interrogatory No. 3**: Aubert received 0.5% of the outstanding equity of Copper Tree upon its formation as founders' equity for assisting in the formation of the Company in September 2022, and received an additional 0.5% of the outstanding equity of Copper Tree in September 2023 when he offered to serve on the Board of Directors of Copper Tree in order to

2

assist the owner of approximately 90% of the shares of Copper Tree and the only other director, Mrs. Blanchard.

**Interrogatory No. 4**: Aubert has never been an officer of Copper Tree.

**Interrogatory No. 5**: Aubert was appointed as a director in September 2023 in order to assist Mrs. Blanchard, who at the time was the only director of Copper Tree.  He served in this role until its filing of the bankruptcy proceeding.

**Interrogatory No. 6**: The person that did indeed agree to both matters set forth in this Interrogatory was Mrs. Cynthia Blanchard, who at the time of each agreement, was the owner of approximately 90% of the outstanding equity of Copper Tree and was the sole officer and a director of Copper Tree.  She had both apparent and actual authority to bind Copper Tree.

**Interrogatory No. 7**: Aubert provided legal services on an as-needed and daily basis from August 2022 until the filing of the bankruptcy proceeding, and continued to assist the US Trustee with requests during the bankruptcy proceedings.  In addition to legal services, Aubert provided business advice during this entire term, including as a director of Copper Tree beginning in September 2023.

**Interrogatory No. 8**: Aubert provided a detailed invoice describing with particularity the legal services he provided to Copper Tree from August 2022 through the filing of the bankruptcy proceeding.  This included attending voluminous telephone conferences, conference calls, Zoom and similar online meetings, reviewing and drafting over one thousand e-mails and thousands of texts addressing the legal needs of Copper Tree every day of its existence.  Aubert drafted, negotiated or reviewed all of Copper Tree's agreements, correspondence, documents, etc.  Aubert was the sole legal representative involved in the transfer of the Price Tower and its

assets to Copper Tree's subsidiary, Green Copper Holdings, the same assets sold by the Trustee and being used to pay the creditors in this bankruptcy proceeding.

**Interrogatory No. 9**: Aubert detrimentally relied on the fact that the flat fee arrangement he agreed to with Copper Tree would be honored. As a result, he did not keep contemporaneous records. He was able to obtain his personal phone records for his cell phone which demonstrates a contemporaneous log of the telephone calls he participated in for the rendering of services for Copper Tree.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1**: Please refer to the responses in Nos. 2 through 6 below for the response to this No. 1.

**Request for Production No. 2**: None.

**Request for Production No. 3**: Please refer to the PDF documents included in the thumb drive under the folder titled "Phone Logs" which include Aubert's personal mobile phone logs for service from August 2022 to June 2025 showing that Aubert participated in telephone calls and conference calls on behalf of Copper Tree amounting to over 12,800 minutes.

**Request for Production No. 4**: Please refer to the documents included in the thumb drive under the folder titled "Work Product" for the documents available to Aubert that were produced or reviewed and revised by Aubert. Aubert is not able to attach his e-mails, but in response to this request, he would state that his e-mail folder for Copper Tree contains 1,729 e-mail messages, which includes many e-mails that include e-mail chains with many e-mails embedded therein. He is also not able to attach the voluminous text messages related thereto.

**Request for Production No. 5**: Please refer to the document included in the thumb drive under the folder titled "Invoices" for the invoices produced by Aubert for his response to the Trustee's objections to his claims.

**Request for Production No. 6**:  Same response as No. 5 above.

## PRAYER FOR RELIEF

1.  Aubert requests that the documents included in the thumb drive delivered with these responses be treated with confidentiality as they mostly contain documents and information subject to the attorney-client privilege existing between Aubert and Copper Tree.  The phone logs include all of Aubert's personal telephone information as well as all of his work information as Aubert used his personal telephone for all Copper Tree calls, another service for which he was not reimbursed.

2.  At this time, Aubert does not request a hearing but reserves his right to do so.

Respectfully submitted by:

Paul Aubert
24 Waterway, Suite 830
The Woodlands, Texas 77380
Telephone: (281) 719-5208
Fax: (832) 218-1171
*FILED PRO SE*