**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF OKLAHOMA**

In re:
**GREEN COPPER HOLDINGS, LLC**
**COPPER TREE, INC.**
**INN AT PRICE TOWER, INC.**
Substantively Consolidated, Case No. 25-10088-T



**RESPONSE TO OBJECTION TO CYNTHIA DIANE BLANCHARD PROOF OF CLAIM NO. 1 BY PICTORIA STUDIOS USA, INC. AND TAKTIK ENTERPRISES, INC.**

Comes now Cynthia Diane Blanchard, pro se claimant, and respectfully submits this Response to the Objection to Proof of Claim filed by Craig A. Brand on behalf of Pictoria Studios USA, Inc. and TakTik Enterprises, Inc. on September 8, 2025 (Docket. No. 285).

## I. BACKGROUND

I filed Proof of Claim No. 1 on February 28, 2025, and subsequently amended it on June 7, 2025. The claim arises from personal loans I made to the Debtor companies to sustain operations while the companies pursued additional financing and ultimately worked toward securing a new long-term steward. These loans are documented through bank records, QuickBooks Online ledgers, and supporting loan documentation. All of this evidence has been provided to the Chapter 7 Trustee, who has full access to the records and is aware of the basis and validity of the claim.

The Trustee has separately objected to my claim, and the Court has set a discovery deadline of November 7, 2025 for that objection. I have already served the Trustee with completed interrogatory responses and supporting documentation. I stand by the validity and basis of my

claim and will address the Trustee's objection issues through the proper discovery and objection process with the Trustee.

Mr. Brand's objection is duplicative, procedurally improper, and serves only to multiply proceedings. Rather than addressing the substance of my claim, his objection relies on false affidavits, irrelevant personal attacks, and misrepresentations unrelated to the actual loan transactions.

## II. FALSE AND CONTRADICTORY AFFIDAVITS (EXHIBIT A)

The affidavits submitted in support of Mr. Brand's objection are internally inconsistent, contradicted by contemporaneous documentary evidence, or irrelevant to the merits of my claim. They should carry no weight in evaluating the validity of the claim.

### A. Mr. Greenberg

Mr. Greenberg's affidavit mischaracterizes both his role and his knowledge during the relevant period. Contemporaneous emails from September 2023 — December 2023 directly contradict the positions he takes in his affidavit. Specifically, the record shows that he:

- **Disclaimed any formal role or authority**:
    - In September 2023, he wrote that he was "not an officer, director, employee and/or agent of Copper Tree on paper as of this writing," confirming that he held no formal position or decision-making authority; in the same correspondence, he also questioned and expressed doubt about the validity and reasonableness of Mr. Moran's and Mr. Takio's claims:

- o   In the same correspondence, he described their claims as excessive and difficult to reconcile.

- o   This demonstrates that he viewed their assertions with skepticism at the time—undermining his later alignment with them in his affidavit.

- **Disclaimed involvement and knowledge in December 2023 emails:**

    - o   At 12:59 p.m. and 5:44 p.m. on December 5, 2023 he described himself as "primarily a loan broker," stated that he had "no horse in this race," and clarified that he was "not negotiating or posturing" and should "leave that to decision makers."

    - o   He admitted that he "never saw the list from Cynthia and for that matter, did not even know one was sent."

Taken together, these statements show that Mr. Greenberg had no substantive involvement, no firsthand knowledge, and no decision-making authority regarding the matters at issue. They also establish that he viewed Mr. Takio's and Mr. Moran's claims with skepticism, in sharp contrast to his later affidavit submitted in support of their objection. His affidavit should therefore be given no weight, as it is inconsistent with his own contemporaneous statements and role.

**B. Mr. Castagna**

Mr. Castagna's affidavit contains numerous factual inaccuracies and embellished unsupported statements. He was candid about his declining health issues at the time, which may explain some

of these misstatements. Regardless of intent, they are materially false and unsupported by any evidence.

- Telegram Usage: Telegram was used at his request, not mine, and the exchanges reflect ordinary, mutual use of the platform.

- Misidentification of Christie's Representative: He misidentifies the Christie's representative, a basic factual error that undermines the reliability and credibility of his affidavit.

- False "Cut Out of Communications" Claim: His assertion that he was "cut out" of communications is demonstrably false. The correspondence record shows he was consistently included in relevant communications and copied on key exchanges throughout the period.

- False "Zoom Tour" Claim: His statement that I gave him a "Zoom tour" of my home is entirely false. He provides no documentation to support this claim because no such tour ever occurred.

- Fabricated "Warehouses" Claim: He references "warehouses," which did not exist. He provides no addresses, photographs, or documentation—because none exists.

- "Oprah Winfrey Desk Sale" Fabrication: He claims I told him I sold a Frank Lloyd Wright desk to Oprah Winfrey for $185,000. This is a complete fabrication. No such statement was made and no such sale occurred. There is no evidence to support this sensational claim, which involves a high-profile figure and a large dollar amount. This

statement goes beyond ordinary credibility problems — it reflects a level of embellishment that renders his affidavit wholly unreliable.

### C. Mr. Carstensen

Mr. Carstensen had no involvement with Copper Tree or its affiliates. His affidavit consists solely of:

- False and defamatory personal statements and embellished anecdotes that appear intended to support a false narrative through character assassination, rather than address the substance of my claim.

- No firsthand knowledge of any relevant transactions or company operations.

- Its inclusion is improper and harassing and should be awarded no weight whatsoever..

There is ample case law outlining the ramifications of fabricated or false affidavits. See, e.g., *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) (fabrication of evidence constitutes fraud on the court and warranted dismissal); *Bostic v. AT&T of the Virgin Islands*, 312 F. Supp. 2d 731, 735–36 (D.V.I. 2004) (attorney sanctioned under Rule 11 for submitting an affidavit containing "patently false statements" without reasonable inquiry).

I previously provided this evidence to the Trustee, but I am including it here to demonstrate the pattern of false submissions and harassment underlying Mr. Brand's objection. No financing was ever secured through the involvement of Mr. Greenberg or Mr. Castagna. The Trustee is aware of this material, and I am now presenting it directly to the Court. Supporting evidence is attached collectively as **Exhibit A**.

## III. ABUSE OF PROCESS

Mr. Brand's objection does not raise any legitimate dispute regarding the loan transactions supporting my claim. The underlying loan transactions are fully documented, and the Trustee does not dispute their validity. The Trustee has raised a single issue concerning their characterization, not their existence. Mr. Brand's objection, by contrast, is a collateral attack on my character rather than the substance of the claim.

While individual creditors may file objections, courts have made clear that such objections must present legitimate grounds and cannot be used to multiply proceedings or harass other parties. See *In re Thompson*, 965 F.2d 1136, 1147 (1st Cir. 1992) (bankruptcy courts have broad discretion to disallow duplicative pleadings); Fed. R. Bankr. P. 3007 (requiring that objections clearly state specific grounds and be pursued in good faith). Here, the Trustee has already raised the sole issue before the Court — the characterization of my loans. Mr. Brand's separate objection does not raise any new legal or factual grounds. Instead, it repeats the Trustee's objection while padding the record with personal attacks and misrepresentations. Such duplicative and inflammatory filings serve no legitimate purpose and unnecessarily burden these proceedings.

Additionally, Mr. Brand's objection relies on affidavits that are contradicted by evidence and contain inflammatory, false and irrelevant allegations, in violation of the standards set by Fed. R. Bankr. P. 9011(b)(3). Courts have made clear that the use of such tactics constitutes abuse of process. See *In re Hiller*, 179 B.R. 253, 261 (Bankr. D. Colo. 1994) (inflammatory and irrelevant allegations are improper); *In re Courtesy Inns, Ltd.*, 40 F.3d 1084, 1087 (10th Cir. 1994) (sanctions upheld for filings lacking factual and legal basis and filed for improper purposes).

Mr. Brand's conduct here is part of a broader pattern that has already been recognized by the Trustee. In a filing dated September 8, 2025, titled *Trustee's Objection to Motion to Compel (Docket no. 282)*, the Trustee explicitly described one of Mr. Brand's allegations as "utterly false" and further stated in the conclusion that the Motion "attempts either to raise issues that are already subject to a separate and pending disputed matter or have been resolved by final and non-appealable orders of this Court," underscoring its duplicative and baseless nature. (See *Trustee's Objection to Motion to Compel*, Case No. 25-10088-T, Docket No. 282, filed Sept. 8, 2025.)

This Court is already familiar with Mr. Brand's pattern of making unfounded and inflammatory assertions. His objection to my proof of claim is a continuation of that pattern and should be treated accordingly.

Finally, to the extent the Trustee raises a question about the characterization of the loans, that is a separate issue reserved for the Trustee's objection and discovery process. Recharacterization does not dispute whether the debt exists but addresses its legal classification. See *In re AutoStyle Plastics, Inc.*, 269 F.3d 726, 749 (6th Cir. 2001); *In re SubMicron Sys. Corp.*, 432 F.3d 448, 456 (3d Cir. 2006). Mr. Brand's objection goes well beyond that and constitutes an improper collateral attack intended to harass and disparage, rather than to assist the Court in resolving a genuine dispute.

## IV. CONCLUSION

For the reasons stated above:

- The Objection filed by Mr. Brand is duplicative of the Trustee's pending objection and is procedurally improper;

- The affidavits submitted in support are false, irrelevant, and harassing, and should carry no weight; and

- Mr. Brand's objection does not raise any legitimate dispute regarding the underlying loan transactions, which are fully documented and already in the Trustee's possession.

WHEREFORE, I respectfully request that the Court:

- Overrule the Objection filed by Mr. Brand;

- Proceed on the Trustee's objection in the ordinary course;

- Allow my claim as filed; and

- Grant such other and further relief as the Court deems just and proper, including consideration of appropriate remedies for Mr. Brand's repeated abuse of process and misrepresentations.

**Date: October 7, 2025**

Respectfully Submitted,

*/s/ Cynthia Diane Blanchard*

**Cynthia Diane Blanchard, pro se**
**414 SE Washington Blvd. Ste. 205**
**Bartlesville, OK 74006**
**310-435-5707**