

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF OKLAHOMA

In re:
GREEN COPPER HOLDINGS, LLC
COPPER TREE, INC.
INN AT PRICE TOWER, INC.
Substantively Consolidated, Case No. 25-10088-T

# MOTION FOR PROTECTIVE ORDER

**(Fed. R. Civ. P. 26(c); Fed. R. Bankr. P. 7026, 9014)**

Creditor Cynthia Diane Blanchard ("Movant"), appearing pro se, respectfully moves this Court for a protective order under Rule 26(c), made applicable by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, relieving her from any obligation to respond to any discovery propounded by attorney Craig A. Brand, including but not limited to interrogatories and requests for production served on September 16, 2025. Brand's discovery is duplicative of discovery already propounded by the Chapter 7 Trustee, harassing in scope, and beyond the proper role of a creditor.

## I. INTRODUCTION

Movant has fully responded to the Trustee's discovery in accordance with the Court's schedule. Brand's duplicative and overreaching discovery imposes undue burden and expense and serves no legitimate purpose. Moreover, Movant has already asked the Court to overrule Brand's underlying objection to her claim. Allowing Brand to pursue discovery now would waste estate resources and prejudice Movant. A protective order is warranted.

## II. BACKGROUND

1. On February 28, 2025, Movant filed Proofs of Claim (Claim Nos. 1-1 and 1-2). She later amended her claim on June 7, 2025 to consolidate and clarify the filing so that it would not be duplicative.

2. The Trustee timely objected, and on September 16, 2025, the Trustee served his interrogatories and requests on Movant pursuant to the Court's discovery schedule, which set November 7, 2025 as the close of discovery.

3. Movant has already answered the Trustee's interrogatories and produced extensive supporting documentation in compliance with that schedule.

4. On September 8, 2025—more than two months after the Trustee had filed and amended his objection to Movant's Proof of Claim— Mr. Brand filed an objection to Movant's Proof of Claim on behalf of Pictoria Studios USA, Inc. and TakTik Enterprises, Inc.

5. On September 16, 2025, the same day the Trustee sent his interrogatories and requests to movant, Mr. Brand served a separate set of interrogatories and requests for production on Movant on behalf of Pictoria Studios USA Inc. (Attached Exhibit B)

6. On October 7, 2025, Movant filed her Response to Mr. Brand's Objection to Proof of Claim, asking the Court to overrule Mr. Brand's objection as duplicative, procedurally improper, and harassing. That response is currently pending before the Court.

7. Despite this, Mr. Brand seeks to pursue parallel discovery covering the same subject matter already addressed through the Trustee's process, but also include irrelevant and invasive demands (e.g., requests for Movant's driver's license and passport).

8. On October 8, 2025, Movant notified Mr. Brand in writing that his discovery requests were duplicative, unnecessary, and harassing, and requested in good faith under Rule 26(c) that he withdraw them. (Exhibit A). Mr. Brand has not withdrawn the requests.

## III. LEGAL STANDARD

Rule 26(c) permits the Court, for good cause, to "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Protective orders may forbid discovery entirely or limit it to protect against abuse, including duplicative or harassing discovery.

## IV. ARGUMENT

**A. The Trustee Controls Discovery Regarding Claim Objections**

Under 11 U.S.C. § 704(a)(5), the Chapter 7 Trustee—not individual creditors—has the duty and authority to examine proofs of claim and object to improper claims. Individual creditors generally lack standing to object to claims or conduct related discovery unless the trustee refuses to act and the court grants derivative standing. *See, e.g.*, **In re Thompson**, 965 F.2d 1136, 1147 (1st Cir. 1992); **In re Manshul Constr. Corp.**, 223 B.R. 428, 431 (Bankr. S.D.N.Y. 1998); **In re Curry & Sorensen, Inc.**, 57 B.R. 824, 827 (9th Cir. B.A.P. 1986).

Movant has already fully responded to the Trustee's discovery. Mr. Brand has not sought nor obtained court authorization to conduct independent discovery regarding claim objections. His duplicative discovery usurps the Trustee's role and imposes unnecessary expense and delay on the estate. A protective order is warranted under Fed. R. Civ. P. 26(c) (incorporated by Fed. R. Bankr. P. 7026) to prevent unauthorized and burdensome discovery.

**B. The Discovery Is Duplicative, Harassing, and Overbroad**

Mr. Brand's interrogatories mirror the Trustee's requests but also include sweeping, irrelevant demands. These include invasive personal identification documents and broad "all documents supporting any contention" language. Such requests are the textbook definition of undue burden and harassment under Rule 26(c).

Moreover, in Movant's October 8, 2025 meet-and-confer email, she specifically requested that Mr. Brand withdraw his interrogatories on the grounds that they were duplicative, unnecessary, and procedurally improper. Mr. Brand's response (Exhibit A) ignored the threshold issue of his lack of standing, threatened sanctions, and demanded that Movant provide a question-by-question breakdown of duplicative items. This demand misses the point. Mr. Brand's discovery is procedurally improper in its entirety because he lacks court authorization to conduct discovery related to claim objections. Movant was not required to parse individual questions in response to an unauthorized discovery request. His threatening response further underscores the harassing nature of his tactics.

**C. Discovery by Mr. Brand Is Not Proportional to the Needs of the Case**

The issues in dispute are already being addressed in the Trustee's objection. Allowing Mr. Brand

to proceed with separate discovery would multiply proceedings, increase costs, and create unnecessary conflicts.

**D. The Protective Order Should Cover All of Mr. Brand's Discovery Efforts**

Given Mr. Brand's dual representation of Pictoria Studios USA, Inc. and TakTik Enterprises, Inc., and his pattern of duplicative and harassing tactics, the protective order should bar not only include the current discovery but any future discovery attempts by Mr. Brand on behalf of any party he represents, unless expressly authorized by the Court. This will prevent further attempts to circumvent the Trustee's discovery process.

## V. RELIEF REQUESTED

For the foregoing reasons, Movant respectfully requests that the Court enter an order providing that:

1. Movant is relieved of any obligation to respond to the interrogatories and requests for production served by Craig A. Brand on September 16, 2025; and

2. Movant is not required to respond to any current or future discovery requests propounded by Craig A. Brand, whether on behalf of Pictoria Studios USA, Inc., TakTik Enterprises, Inc., or any other party he represents, absent express leave of Court.

## VI. CERTIFICATION UNDER RULE 26(c)(1)

Movant certifies that on October 8, 2025, she conferred in good faith by email with Brand requesting that he withdraw his discovery requests. A true and correct copy of this

correspondence is attached as Exhibit A.

**Date: October 9, 2025**

Respectfully Submitted,

*Cynthia Diane Blanchard*

Cynthia Diane Blanchard, pro se
414 SE Washington Blvd. Ste. 205
Bartlesville, OK 74006
310-435-5707

## EXHIBITS

- **Exhibit A:** Rule 26(c) Good Faith Correspondence (Oct. 8, 2025)

- **Exhibit B:** Brand's Interrogatories and Requests for Production (Sept. 16, 2025)