UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| THE INN AT PRICE TOWER INC. | ) | |
|         Debtors. | ) | |
| | / | |

**CLAIMANT PICTORIA STUDIOS USA, INC., (Claim No. 14), RESPONSE TO ECF 338-MOTION FOR PROTECTIVE ORDER RE PROPOUNDED DISCOVERY & PRAYER FOR SANCTIONS**

COMES NOW **PICTORIA STUDIOS USA, INC., (CLAIM NO. 14)**, by and through their undersigned counsel and hereby files this Response to Cynthia Blanchards Motion for Protective Order, ECF 338, and Moves For Sanctions against Mrs. Blanchard, and as grounds thereof states as follows:

1.      *Case 25-10088-T Document 298 Filed in USBC ND/OK on 09/16/25:* Mrs. Blanchard was served with:

    A.    Interrogatories Nos. 1-8; and,

    B.    Requests for Production Nos. 1 – 17.

2.    As Mrs. Blanchard knows full well and even cited to, Discovery was permitted pursuant to a Status Conference held on September 2, 2025. *See Orders*, ECF 276 and ECF 278.

3.    Pictoria Studios is challenging Mrs. Blanchard's claim for a host of reasons, many differing and expanding upon the Trustee's limited but valid argument from where his Discovery arises from.  The Trustee has focused on the value of any monies allegedly provided to the Debtor by

Mrs. Blanchard, arguing that any monies placed are to be charged as legal consideration for her shares in the Debtor as no other proofs of legal consideration has been provided. As such Mrs. Blanchard's claims are not truly a legal claim for bankruptcy purposes, but that she would possibly have an unsecure interest subservient to any true bankruptcy claims.  Valid.

4.      Meanwhile, Pictoria Studios as well as other claimants are challenging the validity, authenticity, legality and lawfulness of Mrs. Blanchard's conduct, sources of money, truth and veracity of the expenditures, handling of the Debtor and the monies taken or used, the comingling of accounts and improper intermixing and comingling of monies, legitimacy of any actual expenses, legitimacy of transfers, legitimacy of monies taken or reimbursed, the entirety of any alleged loan, as well as payments to have been made for legal consideration for her shares and officer position within the Debtor disguised as a loan.  These "White Collar" markers each warrant considerable discovery, however, Pictoria Studios has shown by its limited first set of discovery to be very efficient and judicious. Pictoria's discovery follows its Objections to Mrs. Blanchard's Claim and <u>attaches affidavits in support</u> of the serious allegations against her.  *See*, ECF 285, 285(1-3).

5.      Mrs. Blanchard continues to allow herself to be guided by her ChatGPT lawyer.  She argues by use of adjectives, instead of fact and sound legal basis, that the undersigned is being mean because he has sent out discovery when so too did the Trustee. In essence, this is her argument comprising ECF 338!  While ChatGPT provided Mrs. Blanchard with buzz words, it did not provide a valid legal argument against the propounded discovery which she needs to answer and provide documentation in response.

6.      On October 8, 2025, Mrs. Blanchard sent the undersigned an email that stated in part "…Because the Trustee (cc'd) has already propounded discovery on my claim, I believe your

interrogatories are unnecessary and duplicative. In the interest of avoiding unnecessary burden and expense for all parties, I respectfully request that you withdraw them."

        A.    The undersigned responded to Mrs. Blanchard informing her that just because the Trustee sent out his discovery requests doesn't mean that I can't do the same.

        B.    The undersigned responded to Mrs. Blanchard stating that if she really believes there to be any overlap, creating "unnecessary and duplicative" the undersigned was open to discussion and would need to see the Trustee's specific discovery request to compare with what she was complaining of.

                1.    Mrs. Blanchard chose to take the tact that she would not show the undersigned any specifics, not answer or respond to discovery and that it was her opinion she was only bound to respond to the Trustee and no one else.

                2.    Mrs. Blanchard chose to write a motion using derogatory adjectives when referring to the undersigned or the propounded discovery as opposed to arguing facts.  She desperation would generally mean that she has no facts to pound, no legalities  or legalese to cite as controlling, just adjectives to tout.  This is bad-faith litigation and meant only to cause delays, prejudice, self-serving interests taken, and cause the responding party to incur needless fees.

7.    On October 9, 2025, Mrs. Blanchard filed her frivolous motion for Protective Order against Pictoria Studio's ability to propound discovery as opposed to arguing any factual based objections. See, Mrs. Blanchard's Motion ECF 338. Mrs. Blanchard claims that there was a "meet and

conferral" however, there was not. Mrs. Blanchard chose to make a demand from the undersigned to withdraw the propounded discovery and when the undersigned responded by stating 'lets see your factual contention(s)', her reply was not to resolve or talk "facts", but to file a frivolous motion. This is NOT a "Meet and Conferral". Pictoria Studios has incurred attorney fees due to Mrs. Blanchard's wrongful conduct, for which she was warned prior to her filing, and should be sanctioned.

8. It is par for the course, as evidenced by Mrs. Blanchard's prior conduct and the undersigned's dealings with her while she was operating the Debtor companies, that she continues to believe things are only as she sees them. <u>Not Once</u>, did she evidence any of Pictoria Studio's discovery allegedly overlapping with the Trustees. <u>Not Once</u> did she attempt to confer on any conflicting, duplicative or harassing alleged discovery. NO, SHE CHOSE TO BE THE JUDGE AND SELF DETERMINED THAT SHE WILL ONLY ANSWER THE TRUSTEE'S DISCOVERY. While attaching Pictoria's Discovery to her Motion as an exhibit, ECF 338-3, she <u>refused to attach</u> and highlight the Trustee's discovery and any numbers that would rise to the adjectives she used against the undersigned and the propounded discovery. Sanctions are warranted.

9. In truth, Mrs. Blanchard has again taken it upon herself to do for herself as she wants. Copper Tree, Inc and Green Copper Holdings wound up in bankruptcy because of this same conduct and many shareholders have already sounded the alarm that this bankruptcy proceedings was an escape from a derivative shareholder lawsuit that she knew was coming. Unlike the limited approach taken by the Trustee, the fact that Mrs. Blanchard had all of this money to allegedly loan or pay for her shares as consideration or had all of this very expensive art work to sell off, money

should not have been the cause of the bankruptcy filing as Mrs. Blanchard has evidenced there was available funds due from herself or from the sale of company assets.

10.     It is anticipated, should Mrs. Blanchard and Mr. Paul Aubert continue with their claims that this limited, first set of discovery will lead to an additional set, as well as depositions, which might then lend credence to other legal action.  Mrs. Blanchard's motion was filed as a delay tacit and sanctionable offense.

        WHEREFORE, the Movant hereby prays that this Honorable Court:

1.       Deny ECF 338,

2.      award Pictoria Studio's sanctions,

3.      Order Pictoria Studios First Set of Interrogatories and Requests for Production due within (7) days and that full and complete answers and responses be provided,

4.      extend the discovery cut off periods effecting Mrs. Blanchard and Mr. Aubert given these intentional delays, and,

5.      as well as any and all other relief deemed just and proper.

RESPECTFULLY SUBMITTED ON THIS 14TH day of October, 2025.

By: /s/ *Craig A. Brand, Esq.*
_____
Craig Alan Brand, Esq.
FBN: 896111
Tel. (305) 878-1477
6462 S. Jamaica Circle
Englewood, Colorado 80111

**On behalf of and for:**
PICTORIA STUDIOS USA, INC. (Claim No. 14)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this foregoing Response to ECF 338 was filed with the Clerk of Court on this 14th day of October, 2025, as well as mailed by US first class mail to:

    Cynthia Diane Blanchard, pro se
    414 SE Washington Blvd. Ste. 205
    Bartlesville, OK 74006
    310-435-5707


    /s/ *Craig A. Brand, Esq.*
By: _____
    Craig Alan Brand, Esq.
    FBN: 896111
    Tel. (305) 878-1477
    6462 S. Jamaica Circle
    Englewood, Colorado 80111

    **On behalf of and for:**
    PICTORIA STUDIOS USA, INC. (Claim No. 14)