**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA**



In re:
**GREEN COPPER HOLDINGS, LLC
COPPER TREE, INC.
INN AT PRICE TOWER, INC.**
Debtors.

Case No. 25-10088-T (Substantively Consolidated)
Chapter 7

# MOTION TO REVOKE PRO HAC VICE ADMISSION OF CRAIG BRAND

Creditor Cynthia Diane Blanchard, appearing pro se in her individual capacity ("Movant"), respectfully moves this Court to revoke the pro hac vice admission of attorney Craig Brand for repeated and continuing violations of the local counsel and court-authorization requirements of LCvR 83.3(a) and (b) of the United States District Court for the Northern District of Oklahoma, as incorporated by Local Bankruptcy Rule 9010-1(a), and for other misconduct inconsistent with the standards governing attorneys admitted pro hac vice.

Mr. Brand has never associated local counsel and has repeatedly filed pleadings, objections, and motions—including a procedurally improper sanctions motion—without required local counsel signatures or obtaining leave of Court to act on behalf of his clients. Mr. Brand has further listed his client's residential/business address as his own "Florida office" on his application. At no point has he sought or received court authorization to file objections against other creditors, to move for sanctions, or to otherwise act as lead counsel in this matter, despite these filings spanning several months.

These violations constitute good cause for immediate revocation under LCvR 83.3(b), which expressly authorizes revocation "at any time for good cause without the necessity of a hearing."

## I. FACTUAL BACKGROUND

On July 21, 2025, Mr. Brand filed a Motion for Admission Pro Hac Vice (Doc. 172), seeking permission to appear in this case (Exhibit A). His application did not identify or associate any local counsel as required by LCvR 83.3(a) and (b). The application listed 11222 Oakshore Lane, Clermont, Florida 34711 as Mr. Brand's "Florida office". This is not a law office of Mr. Brand. It is the personal and business address of his client, TakTik Enterprises, Inc., as shown on a W-9 signed by Dale D. Takio, TakTik's CEO. A copy of this W-9 is attached (Exhibit B). This is a documented fact, not "upon information and belief."

Since admission, Mr. Brand has consistently filed pleadings and appeared before this Court without associating local counsel. Notably, on October 14, 2025, he filed a "Sanctions" Motion directed at two creditors, including Movant, solely under his signature (Docket No. 340). No local counsel has entered an appearance on behalf of Mr. Brand or his clients, no filings have been co-signed by local counsel, and no local counsel has appeared with him in Court. At no time has Mr. Brand sought or obtained leave of Court to file pleadings, motions, or objections on behalf of his clients, or to otherwise act beyond the scope of his limited pro hac vice admission.

These violations are clear from the face of the docket and his filings.

## II. LEGAL STANDARD

### A. Local Rules

LCvR 83.3(a) requires that any attorney who is not a resident of Oklahoma and does not maintain an office in the state must associate with local counsel who maintains an office in Oklahoma and is admitted to practice before this Court.

LCvR 83.3(b) provides:

"Admission pro hac vice may be revoked by the Court at any time for good cause without the necessity of a hearing."

BLR 9010-1(a) provides:

"All attorneys appearing before this Court shall comply with the local rules of the United States District Court for the Northern District of Oklahoma, as supplemented by these Local Bankruptcy Rules."

Taken together, these provisions make the association of local counsel a mandatory condition of pro hac vice admission and expressly authorize revocation for noncompliance. In addition, pro hac vice admission does not authorize an attorney to file objections, sanctions motions, or other pleadings on behalf of clients without either associating local counsel or obtaining leave of Court. See LCvR 83.3(a)–(b); BLR 9010-1(a).

## B. Federal Authority

Federal courts, including bankruptcy courts, have broad discretion to revoke pro hac vice status for violations of local rules or misconduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); Fed. R. Bankr. P. 9010(a). The Tenth Circuit has confirmed that courts have "wide

latitude" to revoke such admission when attorney conduct undermines the administration of justice. *United States v. Collins*, 920 F.2d 619, 627 (10th Cir. 1990).

Courts consistently enforce local counsel rules. In *Ryan v. Astra Tech, Inc.*, 772 F.3d 50, 63 (1st Cir. 2014), the First Circuit affirmed revocation where an attorney's application omitted required local counsel information. In *In re Bundy*, 840 F.3d 1034, 1041–42 (9th Cir. 2016), the Ninth Circuit upheld revocation where local counsel requirements were not met and the application was misleading. *Lasar v. Ford Motor Co.*, 399 F.3d 1101 (9th Cir. 2005) upheld revocation for violations of court orders and litigation misconduct.

Courts place particular emphasis on compliance with local counsel requirements, because local counsel acts as the court's guarantor of compliance with local practice. Failure to meet these requirements defeats the basis on which pro hac vice admission is granted and constitutes independent good cause for revocation.

### III. ARGUMENT

**A. Mr. Brand's Violations of Local Counsel Rules Are Ongoing and Undisputed**

Mr. Brand has violated LCvR 83.3(a) from the date of his admission by failing to associate local counsel. He has compounded these violations by repeatedly filing pleadings without the required local counsel signature—including the October 14, 2025 "Sanctions" motion—and by appearing at hearings without local counsel present.

He also misstated his business address by listing his client's Florida residence as his "Florida office." See Ex. B. This is a straightforward misstatement on his application and further underscores the absence of any legitimate local counsel arrangement.

These are not technical defects. The local counsel rule is a fundamental condition of pro hac vice admission, designed to ensure accountability to the Court and compliance with local practice. Mr. Brand's disregard for this rule undermines the integrity of these proceedings and places unnecessary burdens on both the Court and other parties.

Under LCvR 83.3(b), good cause exists to revoke his admission, and no evidentiary hearing is required. The record is clear.

### B. Additional Misconduct Supports Revocation

In addition to his local counsel violations and false address representation, Mr. Brand has engaged in abusive and duplicative litigation conduct, including filing a procedurally improper sanctions motion against the movant creditor and submitting duplicative objections that mirror the Trustee's filings. The "sanctions" motion contained multiple misstatements of fact and unfounded accusations directed at a creditor in good standing, serving no legitimate purpose other than harassment. These actions, undertaken without leave of court or the association of local counsel, exemplify the very misconduct the local rules are designed to prevent.

This lack of authorization further underscores his improper participation in these proceedings. This type of conduct warranted revocation in *Collins* (10th Cir.), *Lasar*, and *Ryan*, and it further supports revocation here.

## IV. RELIEF REQUESTED

For the reasons set forth above, Movant respectfully requests that this Court:

1. Revoke Craig Brand's pro hac vice admission pursuant to LCvR 83.3(b), BLR 9010-1(a), and the Court's inherent authority;

2. Direct his clients to retain properly admitted local counsel for all future filings and appearances; and

3. Grant such other and further relief as the Court deems just and proper.

Movant rests on the docket and this filing, and respectfully submits that the Court may revoke pro hac vice status on the papers pursuant to LCvR 83.3(b), which expressly authorizes revocation without the necessity of a hearing, and Movant does not consent to or request oral argument.

**Date: October 20, 2025**

Respectfully submitted,

*/s/ Cynthia Diane Blanchard*

Cynthia Diane Blanchard, Pro Se Movant
414 SE Washington Blvd. Ste. 205.
Bartlesville Ok 74006
310-435-5707