UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | | |
| **GREEN COPPER HOLDINGS, LLC** ) | **CASE NO. 25-10088-T** |
| EIN # xx-xxx9708 ) | **Chapter 7** |
| ) | |
| **COPPER TREE, INC.** ) | **Substantively Consolidated** |
| EIN # xx-xxx6608 ) | |
| ) | |
| **THE INN AT PRICE TOWER INC.** ) | |
| Debtors. ) | |
| / | |

**ATTORNEY CRAIG BRAND'S RESPONSE IN OPPOSITION
TO CYNTHIA BLANCHARD'S MOTION TO REVOCATION (ECF 341)**

COMES NOW **ATTORNEY CRAIG BRAND** and hereby files this Response In Opposition to Cynthia Blanchard's Motion for Revocation of Pro Hac Vice admission, ECF 341, and as grounds thereof states as follows:

I. **CYNTHIA BLANCHARD'S MOTION**. Mrs. Blanchard seeks revocation of Mr. Brand's Admission to this Court citing as legal authority LCvR 83.3(a) and (b) of the U.S.D.C for the Northern District of Oklahoma, and attempting to incorporate this District Court Rule with Local Bankruptcy Rule 9010-1(a). Mrs. Blanchard's Revocation Motion misapplies rules, relies on speculative claims, and constitutes bad faith harassment meant as an attempt to circumvent Mr. Brand's client's discovery, the taking of her deposition and the possible adverse outcomes of her testimony and production of documents, as well as having to respond to Mr. Brand's clients' filings **ECF 340** (Response To ECF 338-Motion For Protective Order Re Propounded Discovery & Prayer For Sanctions) and **ECF 289** (Claimant Taktik Enterprises, Inc. Response/Objection To Motion For Protective Order ECF 283 & 284). A fair reading of Mrs. Blanchard's Motions and Responses are nothing short of an attack on the Undersigned Attorney, providing absolutely no

objective basis or support for any of her alleged "terms of art", nor do they address the fundamental issues which is the undersigned's clients ability to engage in the discovery process and her obligation to comply, as per the Local Rules, this Court's Order (ECF 278) and the FRCP.

II. **LBR VS. LCvR SUPERSESSION PER LBR 1001-1 AND 9010-1**.

1. Mrs. Blanchard has mis-read the Local Rules, or upon belief has not read but is writing and signing from information provided by her personal attorney, also a Claimant herein, Mr. Paul Aubert, Esq. (Claim No. 2). ECF 341, wrongfully attempts to commingle District Court Rules into the Local Bankruptcy Rules. LBR 9010-1 or LCvR 83.3(b) are not authority for this Honorable Court and are inapplicable to Mr. Brand's admission.

2. Mrs. Blanchard attempts to deny Mr. Brand's clients their claim rights, objection rights and discovery rights, as well as now within ECF 341 committed an egregious FRBP 9037 violation, as discussed herein below.

3. In fact, given the facts demonstrated and argument raised by Mr. Brand's clients' in ECF 289 and 340, her willful and wanton refusal to participate in the answering of discovery, having her deposition taken, and providing any documents in response to Requests for Production, in addition to Mrs. Blanchard's Motion, ECF 341, and her FRBP 9037 violation calls into question her fitness pro se.

III. **CLEAR READING OF THE RELEVANT RULES**:

1. <u>USDC Northern District Court of Oklahoma</u>:
   a. In spite of Mrs. Blanchard's cited authority, <u>from which she basis her entire motion on</u>, LCvR 83.3(a) and (b) of the U.S.D.C for the Northern District of Oklahoma <u>no</u>

<u>longer exists</u>.  This Rule has been replaced within the USDC Northern District Court of Oklahoma and now can be found at:  LGnR4-2 Admissions.

b. LGnR4-2 and LGnR4-3 Association of Local Counsel, are contained within the April 21, 2023 Local Rules governing the USDC Northern **District Court** of Oklahoma. [Emphasis Added].  This District Court rule has not been adopted by the Local Rules governing this Honorable Court.

c. The case law that Mrs. Blanchard also attempts to rely upon are distinguished below and are all District Court cases having no binding effect under the Local Rules.

2. <u>UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF OKLAHOMA, Updated March 21, 2025</u>, ("Local Rules"):

a. <u>The Local Rules governing the practice of this Bankruptcy Court</u> have a policy and practice procedure for the admission and allowances of Pro Hac Vice Admitted lawyers.  This provision can be found at: 9010-1(B), page 34.  This Rule states:

**B. Permission to Appear Pro Hac Vice.** An attorney who has been admitted to practice and remains in good standing before any other court of the United States, or before the highest court of any other State, and who is familiar with these Local Rules may practice before this Court by permission of and on such conditions as may be set by the Court. Permission to practice before the Court may be requested by filing a written motion in the main bankruptcy case (or by making an oral request during any proceeding before the Court, followed by a written motion) and paying the appropriate admission fee to the Clerk of the United States District Court for the Northern District of Oklahoma, 333 W. Fourth Street, Room 411, Tulsa, Oklahoma 74103. **An attorney so admitted shall file pleadings and documents electronically with the Court in compliance with these Local Rules and the ECF Administrative Guide**. Admission in a particular bankruptcy case shall also serve as admission in any and all adversary proceedings filed in the bankruptcy case. [Emphasis Added].

b. **RULE 1001-1. SCOPE OF RULES AND FORMS; DEFINITIONS.** Rule 1001-1, states in part:

c. **H. Definitions.**

      1. Bankruptcy Court Clerk. References to the "Clerk" in these rules shall mean the Court Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma.
      2. Bankruptcy Code. References to the "Code" in these rules shall mean the United States Bankruptcy Code.
      3. Bankruptcy Rules. References to "Bankruptcy Rules" in these rules shall mean the Federal Rules of Bankruptcy Procedure.
      4. Local Rules. References to "Local Rules" in these rules shall mean these Local Rules of the United States Bankruptcy Court for the Northern District of Oklahoma.
      5. District Court. References to "District Court" in these rules shall mean the United States District Court for the Northern District of Oklahoma.
      6. District Court Local Rules. References to "District Court Local Rules" in these rules shall mean the Local Civil Rules of the United States District Court for the Northern District of Oklahoma.

- [Emphasis by Highlight Added].

3. **<u>DISTINCTION BETWEEN DISTRICT COURT AND BANKRUPTCY COURT ARE SET FORTH</u>**.

    A.    9010-1(B), of the United States Bankruptcy Court Northern District Of Oklahoma, states that upon the admission of an attorney seeking to appear and granted the appearance Pro Hac Vice, that they are to be obligated to follow the "Local Rules and the ECF Administrative Guide".  (<u>See</u>, Rule 1001-1, 4. Local Rules. References to "Local Rules" in these rules shall mean these Local Rules of the United States Bankruptcy Court for the Northern District of Oklahoma.)

    B.    RULE 1001-1, of the <u>United States Bankruptcy Court Northern District Of Oklahoma, Updated March 21, 2025</u>, H (3-6), demonstrates a clear distinction between the governing rules in the Northern District Court vs. the Bankruptcy Court of the Northern District of Oklahoma.

    C.    RULE 1001-1, of the United States Bankruptcy Court Northern District of Oklahoma, Updated March 21, 2025, H(4), clearly illustrates that the referenced term "Local Rules" as used in 9010-1(B), shall mean the rules of the United States Bankruptcy Court Northern District of Oklahoma, Updated March 21, 2025.

D.     A PDF word search of the entire Local Rules does not mention "Local Counsel" once.

E.     <u>The Local Rules have NO Local Counsel requirement</u>.  The absence of local counsel from the Local Rules was noticed and relied upon by Mr. Brand while engaging within the Pro Hac Vice process.  Mr. Brand had read the Local Rules prior to the filing of his application process for Pro Hac Vice admission.  This absence of the mention of Local Counsel was furthered by:

      i. There is no requirement for local counsel to be part of or perform the submission of an applicant's application nor the attestation as to the applicants standing and practice ability as readily held in District Courts. During the submission process and acceptance within the ECF system, Mr. Brand had a conversation with the Clerk of Court who, did not give legal advice, but confirmed that Mr. Brand did not first need to be associated with any other attorney and that his submission of a Petition was stand-alone, meaning that it would not have to be connected with local counsel or submitted by them.  Mr. Brand was able to and told to do all the submissions himself which he did.

      ii. Page 36 of the Local Rules, "Signatures", has no commentary or application that anyone other than the appearing attorney sign.  Unlike the District Court which states that a local counsel must be the first signature on all pleadings; and,

      iii. The Local Rules do not have an Appearance Requirement for Local Counsel as written into many District Court Local Rules.

    F. **The USDC Northern District Court of Oklahoma Local Rules specifically state**:

1. **LGnR1-2 Rules of Procedure.**
   **(a)** The rules of procedure in any proceeding in this Court shall be as prescribed by the laws of the United States, the rules of the Supreme Court of the United States, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, any applicable rules of the United States Court of Appeals for the Tenth Circuit, and these local rules.
   **(b)** If there is no applicable rule of procedure, a judge may adopt rules of procedure governing any proceeding before that judge. Information regarding each judge's Individual Judicial Practices is available on the Court's website.
   **(c)** A judge has discretion in any civil or criminal case to waive, supplement, or modify any requirement of these local rules when the administration of justice requires.
   **(d)** ==These local rules do not apply in any case or proceeding which is pending in the Bankruptcy Court for the Northern District of Oklahoma.== [Emphasis added].
   **(e)** These local general, civil, and criminal rules shall be known, respectively, as:
   **(1)** the Local General Rules of the United States District Court for the Northern District of Oklahoma (cited as "LGnR-");
   **(2)** the Local Civil Rules of the United States District Court for the Northern District of Oklahoma (cited as "LCvR-"); and
   **(3)** the Local Criminal Rules of the United States District Court for the Northern District of Oklahoma (cited as "LCrR-").
   **[Emphasis added].**

2**.** At all times material hereto did Mr. Brand read and rely upon the plain meaning of the District Court Rules of the Northern District of Oklahoma prior to his submission of his application for Pro Hac Vice admission.

4. **BRAND'S APPLICATION FOR PRO HAC ADMISSION IS COMPLIANT**.

    A. Contrary to Mrs. Blanchard's assertions, there is nothing incorrect about Brand's Motion/Petition which Mrs. Blanchard attached to her motion at ECF 341-3, for Pro Hac Admission.

B. The Petition ECF 341-3, paragraph 4, correctly states that the undersigned is familiar with the Local Rules as required by 9010-1(B), page 34.

C. The Petition ECF 341-3, paragraph 5, correctly states that the Petition is accompanied with a required payment.

D. The Petition ECF 341-3, paragraphs 6-7, are in conformity with the ECF requirements.

5. **INTRODUCTION AND RELATED FACTS**:

A. The Court granted Brand's admission [Docket No. 182] on July 21, 2025, extending to all proceedings per LBR 9010-1(B). Important and reading ECF 182, it states as follows with no conditions, pre-conditions or referrals to any other Local Rules which need to be followed.

> **Docket Text:**
> ORDER GRANTING MOTION TO APPEAR PRO HAC VICE. This matter comes before the Court for consideration of the Motion for Craig Alan Brand to appear Pro Hac Vice as attorney for Craig A. Brand, Craig A. Brand and Adriana Soto, JTRWOS, Dale Takio a/k/a Dale Douglas Takio and Taktik Enterprises, Mike Moran a/k/a Michael J. Moran and Pictoria Studio USA Inc., Mystic Enterprises, Inc., and Erinne Moran. IT IS HEREBY ORDERED that Craig Alan Brand is admitted pro hac vice as attorney for Craig A. Brand, Craig A. Brand and Adriana Soto, JTRWOS, Dale Takio a/k/a Dale Douglas Takio and Taktik Enterprises, Mike Moran a/k/a Michael J. Moran and Pictoria Studio USA Inc, Mystic Enterprises, Inc., and Erinne Moran in this case. BY THE COURT: Chief Judge Paul R. Thomas. (text-only order) *This entry is the Official Order of the Court. No document is attached.* (related document(s): [172] Motion to Appear Pro Hac Vice) (CR)

B. Upon information and belief, at all times material hereto, all attorneys, Cynthia Blanchard (herself), the Court and the Trustee were aware that Mr. Brand did not have local counsel and was representing the best interests of his clients by himself.

C. At all times material hereto, the docket reflects that Mr. Brand solely signed the pleadings on behalf of his clients and that no other attorney sponsored his admission to this Honorable Court.

D. At all times material hereto, the Court has properly recognized Mr. Brand on behalf of his clients.

E.  As stated in the Trustee's September 29, 2025 Motion, ECF 324, the undersigned helped the Trustee come to a far-reaching resolution in this case, including but not limited to the undersigned's clients, representing:

a. the proposed settlement will result in a reduction of claims against this estate totaling approximately $960,000;

b. the proposed settlement will avoid six months to a year of claims litigation and likely more time related to any appeals;

c. the proposed settlement will avoid administrative costs incurred in resolving the Pending Matters of approximately $100,000 or more;

d. without admitting the merits of any of the pending claims, there are complex issues related to all of the Pending Matters;

e. witness testimony relative to all of the Pending Matters is conflicting, and most witnesses for or against the subject claims also assert competing claims against the estate; and

f. there are arguably controlling written documents that are subject to conflicting interpretations.

4. Settlements are favored in bankruptcy.

*[See, paragraphs 3 & 4, of **ECF 324**].

F.  Mr. Brand has worked long and hard on behalf of his clients and in helping move this case forward. ECF 324 is proof of that.  The Court Granted the Trustee's Motion to Stay acknowledging relevant recitations of ECF 324 in the Court's Order found at ECF 331.

G. The prejudice that Mrs. Blanchard is seeking is as far reaching as ECF 324 involves, effecting the case in its entirety as well as to the Undersigned's clients who cannot easily afford a different attorney of their choosing, and this case is now far along.

H. As to Mr. Brand's clients, Mr. Brand is the attorney most knowledgeable and best suited for this case. Mr. Brand has been living this case with his clients since the inception and formation of the Debtor entities, in fact before, when a plan to create these entities and to purchase the Price Tower was being born. Mr. Brand knows the property, first hand, knows the issues and documents associated with this case, knows the Blanchards' since approximately 2021, knows the witnesses, has obtained and filed supporting third party affidavits against Mrs. Blanchard in this case, has investigated the issues, and has access and knowledge that can cut through and sort out much of the noise and irrelevance that most lawyers need extensive time to sift and learn in representing clients in such matters, especially involving potentially multiple forums.

i. Mrs. Blanchard's Revocation Motion incorrectly alleges LCvR 83.3 violations (no local counsel), alleges a false Florida address, illegitimate W-9, and "abusive/duplicative" conduct—**but ignores** LBR 1001-1.A.1's supersession of conflicting rules making LBR 9010-1 controlling without the need of retaining additional local counsel. It should be noted that at no time does Mrs. Blanchard support and make specific reference to any abusive conduct or prejudicial duplicity. Mrs. Blanchard has generally referenced, no specifics, in her Motions for Protective Order that the act of discovery are "abusive". The Local Rules provide for as this Court in ECF 278, Ordered.

J. Further disturbing is the fact that Mrs. Blanchard, who has no idea about, never been to, never seen, Mr. Brand's Florida office or where it is situated or sits as a free standing entity, attempts to improperly make this address an issue. Not that it is relevant, but Mr. Brand's

Florida office conforms with Florida Bar Rules and is properly registered with the State of Florida. (See, Exhibits 1 (Secretary of State registration) and 2 (Florida Bar Certification and address display), attached hereto).

K.  Mrs. Blanchard furthermore filed and made public ECF 341-4, an Unredacted W9 belonging to Taktik Enterprises, Inc., an innocent party in Mrs. Blanchard's Motion against the undersigned, in complete violation of FRBP 9037 and the Local Rules for the Northern District Court of Oklahoma, REDACTION – PRIVACY 5005-1(F). (See Exhibit 3, attached hereto however, Mr. Brand has redacted this document not to repeat the same violation).

L.  <u>The Undersigned Respectfully Moves to Strike from Mrs. Blanchard's Motion and the docket and/or Seal Mrs. Blanchard's improper filing ECF 341-4 as it is a tax filing belonging to Taktik Enterprises, that she came into possession of under Confidentiality, and failed or refused to redact personal and confidential information contained on an IRS tax filing</u>. See, **In re Whitson, 572 B.R. 836 (Bankr. N.D. Ga. 2017)**: (Court seals unredacted pro se docs but warns of sanctions for FRBP 9037 non-compliance).

1.  Contained in **APPENDIX A CM/ECF ADMINISTRATIVE GUIDE OF POLICIES AND PROCEDURES, page 6, X. REDACTION:**

> **Tax Documents.** A CM/ECF User filing tax returns that are required to be filed pursuant to a request under 11 U.S.C. § 521(f) shall redact all personal data identifiers before filing the tax return. To file a tax return as a secure event (i.e., a document that cannot be viewed by the general public) as required by Local Rule 4002-1(C), the CM/ECF User shall choose "Miscellaneous/Other" on the Bankruptcy Events screen and choose "Tax Documents" as the document to be filed. The ECF System will automatically limit access to "Tax Documents" to the filer and the Court.

2.  Mrs. Blanchard is clearly in direct violation of the District and Bankruptcy Court's redaction rules evidencing a continued violation and ignorance of the rules and laws of Federal practice.

6. **MRS. BLANCHARD SHARES THE SAME DUTIES AND RESPONSIBILITIES TO KNOW THE LOCAL RULES AS MR. BRAND**.

    A.    Mrs. Blanchard' acts and violations should be unexcused by pro se status. Pro se litigants must know and follow court rules, including FRBP 9037 redaction and proper application of local rules like LBR 9010-1 (no local counsel required). McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se "must comply with relevant rules of procedural and substantive law"). Her unredacted W-9 exposes sensitive data, violating FRBP 9037(a); she should have known this from the rule's plain text and court guides. *In re Smith*, No. 15-00012, 2015 Bankr. LEXIS 456, at *5 (Bankr. D. Idaho Feb. 10, 2015) (sanctions for unredacted filings, no pro se exception); In re Smith, No. 15-00012, 2015 Bankr. LEXIS 456 (Bankr. D. Idaho Feb. 10, 2015): Sanctions for unredacted filings under FRBP 9037; pro se must comply with privacy rules.

    B.    Similarly, misapplying LCvR 83.3 or not even knowing that this rule had been changed, (ignoring LBR 9010-1) shows failure to research—accessible via the court's website. Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993) (pro se bound by rules; ignorance no excuse).

    C.    Court's have consistently upheld a pro se litigant's duty to be held accountable as an attorney appearing before the Court. *See*: McNeil v. United States, 508 U.S. 106 (1993): Supreme Court: "We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." (Applies to redaction/local rules duty.); Faretta v. California, 422 U.S. 806 (1975): Pro se assume full responsibility for compliance; no special treatment for rules ignorance; Malautea v. Suzuki Motor

Co., 987 F.2d 1536 (11th Cir. 1993): Pro se bound by procedural rules; failure to comply (e.g., discovery) leads to sanctions—no excuse.

    D.    Mrs. Blanchard's Motion concerns with Mr. Brand's Florida Office has no relevancy.

    i.  Mr. Brand produced a Certificate of Good Standing from the Florida Bar along with his Application for Pro Hac Vice Admission.

    ii.  Mr. Brand's registered address in this Court and within the ECF system is his Colorado office at: 6462 S. Jamaica Circle, Englewood, Colorado 80111. The only litigant, claimant or attorney in this case who incorrectly sends mail to the Florida office is Mrs. Blanchard. Mr. Brand's filings and registered address is Colorado after he obtained the ECF admission to this Court and the Clerk corrected by notification to Mr. Brand to use the address used to register ECF privileges, i.e., Colorado. Mrs. Blanchard's entire argument as to Florida is non-sensical and irrelevant.

    iii.  Attached hereto is the Secretary of State, Business Search Registration for The Brand Law Firm, P.A., in Florida.

    iv.  Attached hereto is an updated Certificate of Good Standing from the Florida Bar. Notice the address on file with the Florida Bar.

    v.  At all times material hereto, Mr. Brand's Florida office is following Forida Bar rules.

7. **MRS. BLANCHARD'S RELIANCE FAILS**.

    a.    LBR 9010-1: "An attorney... familiar with these Local Rules may practice before this Court by permission... Admission in a particular bankruptcy case shall also serve as admission in any and all adversary proceedings..."

    b.    The Local Rules, as established, <u>Do Not</u> require local counsel as represented by Mrs. Blanchard. LBR 9010-1(B) is distinguishable from District LCvR 83.3 (now LGnR4-2). LBR 1001-1.A.1 supersedes conflicts: "These rules govern... and shall supersede all local rules..."

> *RULE 1001-1. SCOPE OF RULES AND FORMS; DEFINITIONS*
> **A. Application**.
> 1. These rules govern all cases and proceedings pending before this Court on the effective date specified above and thereafter and shall supersede all local rules and standing orders pertaining to rules of procedure previously adopted and entered by the Court, unless such standing order is specifically incorporated herein.
> 2. These rules, the CM/ECF Administrative Guide of Policies and Procedures, and the Standing Orders, General Orders and Miscellaneous Orders entered by this Court shall govern all cases and proceedings before this Court.

    c.    Mrs. Blanchard's District Court district case law reliance also fails. For instance, in <u>Chambers v. NASCO</u>, 501 U.S. 32. In <u>Chambers</u>, <u>supra</u>, the court noted that the alleged sanctionable conduct was that Chambers had (1) attempted to deprive the court of jurisdiction by acts of fraud, nearly all of which were performed outside the confines of the court, (2) filed false and frivolous pleadings, and (3) "attempted, by other tactics of delay, oppression, harassment and massive expense to reduce [NASCO] to exhausted compliance." <u>Supra</u>.

    d.    In, <u>Ryan v. Astra Tech</u>, 772 F.3d 50, the district court granted discovery sanctions, concluding that Ryan did attempt to communicate surreptitiously with his client, that Ryan manufactured false evidence, and that Ryan lied to the court. The court fined Ryan and asked him to explain why his pro hac vice status for the plaintiff should not be revoked due to major breaches of the Massachusetts Rules of Professional Conduct;

  e. In, <u>Lasar v. Ford</u>, 399 F.3d 1101, the district court determined that Sutter deliberately violated two pretrial in limine orders.

  f. In, <u>Johnson v. Trueblood</u>, 629 F.2d 287 (3d Cir. 1980), the crucial question was what procedures should be used where a district court seeks to revoke an attorney's pro hac vice status. "As we have noted in the past, we have inherent supervisory power over the district courts to regulate certain procedural matters of significance." E. g., <u>United States v. Schiavo</u>, 504 F.2d 1 & n.7 (3d Cir.) (in banc), cert. denied, 419 U.S. 1096, 95 S. Ct. 690, 42 L. Ed. 2d 688 (1974). "Here, we believe that some type of notice and an opportunity to respond are necessary when a district court seeks to revoke an attorney's pro hac vice status." *Supra*, 302.

"Such procedures are desirable for two reasons. First, although at one time pro hac vice status was considered to be granted and held at the grace of the court, we believe that in this era of interstate practice of law, such a notion cannot be applied too literally or strictly. Second, some sort of procedural requirement serves a number of salutary purposes. It ensures that the attorney's reputation and livelihood are not unnecessarily damaged, protects the client's interest, and promotes more of an appearance of regularity in the court's processes." *Supra*, 302.

8. **ESTOPPEL**.

  a. At all times material hereto, Mrs. Blanchard knew that the undersigned was a licensed and practicing attorney outside the state of Oklahoma. Mrs. Blanchard has known Mr. Brand since approximately 2021. Mr. Brand's credentials and business addresses were always known to her.

  b. <u>Mrs. Blanchard did not object to Mr. Brand's application for Pro Hac Vice admission knowing that it was not tied with a sponsoring local attorney</u>.

c. Mrs. Blanchard has been the subject of direct challenges by Mr. Brand's clients, i.e., Taktik Enterprises, Inc and Pictoria Studios (herein referred to as "Clients"). Mr. Brand's Clients have filed objections to Mrs. Blanchard's claims alleging criminality and/or wrongful conduct. Mrs. Blanchard knows that Mr. Brand and his Clients sought to file a derivative lawsuit against her and the Debtors prior to this bankruptcy and served her with Evidence Preservation Notices amongst other writings. Mr. Brand's Clients have propounded written discovery onto Mrs. Blanchard who refuses to answer and respond and the time to do so has long expired. Mrs. Blanchard has filed two Motions for Protective Orders that are fully briefed. One such motion is to the taking of her deposition (ECF 279) and the other as to the propounded discovery, i.e., Interrogatories and Requests For Production (ECF 298). The Court in ECF 280 sui sponte Denied Mrs. Blanchard's first Motion for Protective Order without prejudice. Mrs. Blanchard's discovery answers and responses are long overdue and no objections were served. It is believed that Mrs. Blanchard is doing everything possible to attempt at avoiding the taking of her deposition and the answering of specific interrogatories and the production of documentation requested. It is believed that despite Mrs. Blanchard knowing that Mr. Brand, Esq., was not associated with local counsel, Mrs. Blanchard has been sending each of her filings to Mr. Brand's Florida office despite knowing that the Clerk of Court registered to this case Mr. Brand's Colorado address. Mrs. Blanchard's motives for her recent filing, the subject hereof, is highly suspect and given all that has transpired since July 21, 2025, her Motion is incredibly prejudicial to the Clients and defamatory to Mr. Brand. Wherefore, given the untimeliness of her motion and the fact that she consented, by not objecting to Mr. Brand's admission, this Motion ECF 341 should be time barred and denied based on Estoppel.

9. **REASONABLE RELIANCE AND GOOD-FAITH**.

    A.    For all the reasons stated herein above, the undersigned counsel reasonably believes that he has committed no wrong and that Mrs. Blanchard's Motion incorrectly is attempting to commingle two rules from different judicial systems that cannot be commingled. Had the undersigned had any knowledge that local counsel would have been needed or retained, it would have been done. As stated above, there has been a lot of information and acts that inure to the undersigned's belief and confirmation that the Local Rules do not require local counsel to sponsor a Pro Hac Vice admitted attorney in this Court.

    B.    No prejudice has occurred by the undersigned's representation. In fact, it is argued just the opposite. See, Trustee's Motion to Stay Pending Settlement Approval, ECF 324.

**REQUEST FOR HEARING SHOULD THE COURT DETERMINE A NEED:**

Craig A. Brand, ESQ. hereby requests a hearing on this matter at least 24 day's out or at a convenient time for the Court.

    WHEREFORE, the Movant hereby prays that this Honorable Court:

    1.    Deny ECF 341 in its entirety sui sponte or by way of holding a hearing.

    2.    Rule on the issue involving Mrs. Blanchard's filing of a confidential and unredacted IRS document belonging to Taktik Enterprises, Inc.

    3.    Find that Mrs. Blanchard is Estopped from the bringing of this Motion

    4.    Strike the unredacted filing from Mrs. Blanchard's Motion, not to be considered or viewed and sealed from public view. ECF 341-4.

    5.    Access, Mrs. Blanchard's conduct taken in this case. And,

    6.    Any and all other relief deemed just and proper.

RESPECTFULLY SUBMITTED ON THIS 24th day of October, 2025.

By: /s/ *Craig A. Brand, Esq.*
_____
  Craig Alan Brand, Esq.
  FBN: 896111
  Tel. (305) 878-1477
  6462 S. Jamaica Circle
  Englewood, Colorado 80111

  **On behalf of and for:**
  PICTORIA STUDIOS USA, INC. (Claim No. 14)
  TAKTIK ENTERPRISES, INC. (Claim No. 4)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this foregoing Response to ECF 338 was filed with the Clerk of Court on this 24th day of October, 2025, as well as mailed by US first class mail to:

> Cynthia Diane Blanchard, pro se
> 414 SE Washington Blvd. Ste. 205
> Bartlesville, OK 74006
> 310-435-5707

By: /s/ *Craig A. Brand, Esq.*
_____
  Craig Alan Brand, Esq.
  FBN: 896111
  Tel. (305) 878-1477
  6462 S. Jamaica Circle
  Englewood, Colorado 80111

  **On behalf of and for:**
  PICTORIA STUDIOS USA, INC. (Claim No. 14)
  TAKTIK ENTERPRISES, INC. (Claim No. 4)