UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| THE INN AT PRICE TOWER INC. | ) | |
| Debtors. | ) | |
| | / | |

**NOTICE OF SERVICE OF**

**CLAIMANT PICTORIA STUDIOS USA, INC. (Claim No. 14)**

**REQUESTS FOR PRODUCTION**

**TO CYNTHIA BLANCHARD (Claim 1, et.al.)**

Pursuant to Rule 34, Fed. R. Civ. P., Claimant **PICTORIA STUDIOS USA, INC. (Claim No. 4), (Herein after from time to time referred to as "Pictoria"),** by and through its undersigned counsel, herewith requests **CYNTHIA BLANCHARD** (Claimant No. 1), to produce the following documents to the undersigned counsel on or before thirty (30) days from the date set forth in the Certificate of Service below.

**DEFINITIONS**

1.      "Debtor" or Debtors" are: Copper Tree, Inc., Green Copper Holdings, LLC., and the Inn at Price Tower, as set forth within this cause of action for which the Mr. Malloy is the presiding Trustee of.

2.      Cynthia French Blanchard or Cynthia Diane Blanchard is the Claimant or "Blanchard".

3.       The term "person" means any person or entity, and includes individuals, corporations, limited liability companies, partnerships, associations, joint ventures, and other business enterprises, or legal entities and includes both the singular and plural.

4.      "Third Party" includes any person not a party to this action and/or counsel for a party to this action.

5.      The term "representative" refers to any employee, agent, attorney or accountant.

6.      "Business Entity" means a sole proprietorship, corporation, limited liability company, limited partnership, general partnership, association, joint venture, and any other business name through which business is conducted.

7.      The term "identify" means to state:

    (a)     in the case of a natural person, the person's name, business address, residence address, and residential telephone number, employer or identify the entity for whom the person serves as an independent contractor, and title or position;

    (b)     in the case of a person other than a natural person, its name, address, and telephone number and identify the natural person acting on its behalf;

    (c)     in the case of a communication or meeting, its date, type (e.g., telephone conversation, discussion, or meeting), the place where it occurred, the identity of the participants, and the subject matter; and

    (d)     in the case of a document, the title of the document, the author, the title or position of the author, the addressee(s), each recipient and copy recipient or blind-copy recipient, the type of document, the subject matter, the date of preparation, and Bates stamp numbers.

(e)     In the case of an electronic mail address ("email address"), the complete email address, the name and business and residence address of each person authorized to access, send and/or receive information utilizing the email address, the Universal Resource Locater ("URL") and Domain Name to which the email is attached, and the name of the registrar of the Domain Name.

(f)     In the case of a text messaging device, the country code, area code, city code and telephone number assigned to the text messaging device, the name and business and residence address of the person in whose name the telephone number is billed by the carrier, the carrier name, the manufacturer's name of the text messaging device, the name and business and residence address of the person who had custody of the text messaging device.

8.     The word "document" or "documents" includes, without limitation, the following items, whether printed, recorded, photographed filmed or reproduced by any other mechanical process, or written or produced by hand, and whether an original master, or copy, namely: Electronically Stored Information ("ESI")(described below); work sheets; agreements; books; records; opinions or report of consultant; bank statements; financial statements; check books; checks; cancelled checks; deposit slips; charge slips; stubs or registers; diaries; communications, including intra-company communications; correspondence; cablegrams; radiograms; telexes; e-mails; instant messages; short messaging service (SMS); Blackberry Messenger Messages (BBM); voicemails; statements posted on or the internet, memoranda, including intra-company memoranda; summaries; notes and records of telephone conversations, meetings and conferences; notes and records of personal conversations and interviews; ledgers, invoices; contracts; notices; drafts of any documents; marginal or other comments or notes appearing on any documents; business records; charts; plans; specifications; schedules; computer printouts; computer tapes; microfilms; microfiches; photographs; slides; negatives; motion pictures; video recordings; tape or other voice recordings and transcription thereof; and data compilations (including meta-data) from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form; and any other information containing paper, writing or physical thing including all underlying, supporting or preparatory material now in your possession, custody or control, or available to you, your counsel, accountants, agents, representatives or associates.  "Document" or "documents" specifically includes documents kept by individuals in their desks, at home or elsewhere.

9.     The word "document" or "documents" also includes, without limitation, the original and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether used or not.  If the original of any document is not in your possession, custody or control, a copy of that document should be produced.

10.     "Copy" when used in reference to a document means any color, or black or white facsimile reproduction of a document, regardless of whether the facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography or other means or process.

11.     The term "communication," "communications," or "communicate" means any writing, or oral conversation, including, but not limited to, telephone conversations and meetings, letters, e-mails, text messages, voice mails, telegraphic and telex communications, instant messages, and includes all information relating to all oral communications and "documents" (as hereinabove defined), whether or not any such document, or the information contained therein, was transmitted by its author to any other person.

12.     The term "including" means "including without limitation."

13.     The term "exchanged" and the term 'transfer" each mean delivering in any form whatsoever by the person or persons initiating the delivery to the person or persons receiving the delivery

14.     If not expressly stated, "control" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

15.     "Pertaining to," "pertains to" and "pertain to" means directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

16.     "Relating to," "relates to" and "related to" means, without limitation, comprising, concerning, containing, embodying, referring to, alluding to, responding to, about, regarding, explaining, discussing, showing, describing, studying, reflecting, analyzing or constituting. A communication or document "relating to" any given subject means any communication or document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

## **INSTRUCTIONS**

1.      Any word written in the singular herein shall be construed as plural or *vice versa* when necessary to facilitate the response to any request.

2.	The use of the present tense includes the past tense, and the use of the past tense includes the present tense, so as to be inclusive of any information that otherwise may be excluded from disclosure.

3.	With respect to each answer, document, or electronically stored information that you presently intend to refuse to identify or produce under a claim of privilege or other exemption from discovery, state the title and nature of the document, and furnish a list signed by the attorney of record giving the following information with respect to each answer, document, and electronically stored information withheld:

   a. The nature of the privilege claimed (including work product);
   b. If the privilege is being asserted in connection with a claim or defense governed by state law, the privilege rule being invoked;
   c. The date of the document, ESI, or oral communication, or if no date appears, the date on which the document was prepared;
   d. The type of document (*e.g.*, letter or memorandum);
   e. If electronically store information, the software application used to create it (*e.g.*, MS Word or MS Excel Spreadsheet);
   f. If a communication (*e.g.*, e-mail), the sender, recipient, subject matter, and date of the communication was made; and
   g. The general subject matter of the document, ESI, or communication.

4.	If a document identified in a response to a Request for Production once existed and has subsequently been lost, destroyed, or is otherwise unavailable for production, please state with respect to such document:

   a. The last known location of the document;
   b. The last date or time period the document was known to be in existence;
   c. The person who last had control or custody of the document;
   d. The circumstances under which the document was destroyed or otherwise rendered unavailable for production;
   e. Whether the document was stored under conditions of controlled access, and, if so, the names of all persons having access to the document;
   f. The person who requested or directed the destruction of the document; and
   g. The reasons for the request or direction resulting in the document becoming unavailable for production.
   5. Please also identify all persons capable of offering testimony on the subject matter or contents of the document destroyed or otherwise rendered unavailable for production.

**REQUESTS FOR PRODUCTION**

1. In Case 25-10088-T Claim 1-1 Filed 02/28/25, you filed a claim for $15,553.19. Please provide all supporting documentation which would substantiate this claim and value.
2. In Case 25-10088-T Claim 1-2 Filed 05/20/25 Main Document Pg 1 of 3, you filed a claim for 285107.88. Please provide all supporting documentation which would substantiate this claim and value.
3. Please provide documentation that you notified the existing shareholders of Copper Tree, Inc. that you were making personal loans to the company and provide documentation that the shareholders approved your making of loans.
4. Please provide documentation that you notified the existing shareholders of a loan agreement between yourself and Copper Tree, Inc. (See, Case 25-10088-T Claim 1-2 Part 2 Filed 05/20/25 Attachment 1 Pg 1 of 3). Please include the documentation that the shareholders approved your this loan agreement i.e, Case 25-10088-T Claim 1-2 Part 2 Filed 05/20/25 Attachment 1 Pg 1 of 3.
5. As to Requests No. 2, 3 above, please also provide the relevant board meeting and the board's approval of these personal loans and the loan agreement's approval. Please provide this documentation in native format.
6. On page 3 of 6 of Claim 1-1 Part 2, your Quick Books Entry Log shows in yellow highlight two transfers from the Debtor to yourself. The dates are: 03/28/2024 and 04/22/2024. Please provide in native format what documents you have which permitted you, authorized you, to transfer Debtor monies to yourself.
7. On page 6 of 6 of Claim 1-1 Part 2, your Quick Books Entry Log shows on 1/21/2025 a transfer from the Ron Brown Law. Please provide board and/or shareholder approvals for this loan.
8. In your filing: Case 25-10088-T Document 202 Filed in USBC ND/OK on 07/24/25 Page 16 of 27, pages 16-21 look a certain way, while pages 22-27 are completely different in form, scope, entries and appearance.   Please provide for each such entry the backup supporting document(s) along with an explanation to support or justify such an alleged loan.
9. In native format, provide ALL meeting minutes from the Copper Tree Inc Board or Shareholder Meeting Approvals for any and all loans the Debtor engaged in and any and all payments made in response to the loans.
10. In native format, provide ALL Board Member meeting minutes of Copper Tree from inception of the company through the date of dissolution.
11. Provide Notices of all Board Member meetings of Debtor.
12. Provide Notices of ALL Shareholder meetings of Debtor.

13. For each Interrogatory Answer related to Pictoria's first set of Interrogatories dated September 16, 2025, please provide whatever documents, data, digital information, financial information you relied upon or looked at in formulating your answer(s).
14. Please produce a copy of any and all invoices that Pictoria submitted that you believe should have been paid, and if all of them, just write "ALL" in response as opposed to having to produce documents.
15. Please produce every, as in all, documents, data (digital or otherwise), that you believe supports your contention and belief that Pictoria should not be paid for its services. [The term "supports" is meant as any justification, any reason – big or small.]
16. Produce every, as in all, documents, data (digital or otherwise), that you believe supports your contention and belief that Pictoria failed to perform its contractual duties or obligation in any manner, to any degree. [The term "supports" is meant as any justification, any reason – big or small.]
17. Please produce a copy of your current state issued driver's license showing your full name as well as a copy of your current or last used United States of America passport showing your full name. [You are permitted to redact the ID Nos.].

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this foregoing Requests for Production to Cynthia Blanchard was ECF filed with the Clerk of Court on this 16th day of September, 2025, emailed to Mrs. Blanchard at her email address used during these proceedings with the undersigned counsel: cdfblanchard@gmail.com , as well as mailed by US first class mail to:

Cynthia Diane Blanchard, pro se
414 SE Washington Blvd. Ste. 205
Bartlesville, OK 74006
310-435-5707

/s/ **Craig A. Brand, Esq.**

By: _____

Craig Alan Brand, Esq.
FBN: 896111
Tel. (305) 878-1477
6462 S. Jamaica Circle
Englewood, Colorado 80111

**On behalf of and for:**
PICTORIA STUDIOS USA, INC. (Claim No. 14), and
TAKTIK ENTERPRISES, INC. (Claim No. 4).