IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **GREEN COPPER HOLDINGS, LLC** ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 ) | Chapter 7 |
| ) | |
| **COPPER TREE, INC.** ) | Substantively Consolidated |
| EIN # xx-xxx6608 ) | |
| ) | |
| Debtors. ) | |

### AMENDMENT TO (i) CLAIM NO. 3-1 FILED IN COPPER TREE, INC., AND (ii) REMOVAL OF CLAIM NO. 2-1 FILED IN GREEN COPPER HOLDINGS, LLC BY PAUL AUBERT ("AUBERT")

Comes now the respondent, Aubert, and states:

1. As noted in his Response to Trustee's Objections, Aubert hereby disclaims Claim No. 2-1 as duplicative and hereby removes that Claim from consideration.

2. In reviewing the record after responding to Trustee's Interrogatories and Requests for Admissions and Production, Aubert has found nothing in the record to indicate the agreement by Copper Tree to the draft of Engagement Agreement. Therefore, Aubert hereby stipulates to the Trustee's objection that there is no written or oral agreement between himself and Copper Tree with the terms as set forth in the Engagement Agreement. To date, Trustee has provided no additional information indicating Copper Tree's contemporaneous oral or written acknowledgement of the Engagement Agreement.

3. Aubert hereby reaffirms his assertion that he is entitled to receive the value of his services under a theory of quantum meruit, in that Copper Tree received the value of those services

and has to date not paid anything to Aubert, even though he has provided services to the Company since August 2022.

4. After reviewing (i) the extensive phone logs demonstrating his direct telephone conferences and conference calls on behalf of Copper Tree since August 2022, and (ii) documents for which Aubert had primary responsibility on behalf of Copper Tree, Aubert believes he provided more hours of service than was indicated in his original invoice attached to his response to the Trustee's objection to his claim; however, Aubert is willing to stipulate that the hours of service reflected in such invoice are a fair representation of his hours of service provided to Copper Tree for purposes of this proceeding. This stipulation is contingent on Trustee's acceptance of such stipulation.

5. Aubert has also reviewed his hourly rate and has determined that $525 per hour is a more accurate hourly rate for an Oklahoma attorney with approximately 30 years of experience in corporate & securities and mergers & acquisitions (as Aubert demonstrated in his resume previously provided to this Court).

6. Finally, Aubert reaffirms his claim for $5,000 per month beginning October 1, 2023 (the first month after he was appointed director) and ending December 31, 2024 (the last full month prior to this bankruptcy proceeding being filed) under the oral agreement provided to him by Copper Tree in exchange for his agreement to serve on the Board of Directors of Copper Tree.

## PRAYER FOR RELIEF

7. The Claim for quantum meruit should be allowed in its entirety and reduced to the amount of $335,212.50 based on either quantum meruit or detrimental reliance principles and based on the total amount of hourly services of 638.5 hours billed at the reduced rate of $525.00 per hour. In addition, the claim for payment of the oral agreement for $5,000 per month for the fifteen months from October 1, 2023 to December 31, 2024 for director services should be allowed in its entirety for a total amount of $75,000.00 for a total claim of $410,212.50.

8. At this time, Aubert does not request a hearing but reserves his right to do so.

Respectfully submitted by:   _____
Paul Aubert
24 Waterway, Suite 830
The Woodlands, Texas 77380
Telephone: (281) 719-5208
Fax: (832) 218-1171
*FILED PRO SE*