IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| THE INN AT PRICE TOWER INC. | ) | |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S AMENDED MOTION TO SETTLE PROOF OF CLAIM 3-3 FILED HEREIN BY NOLA RENEE NICHOLS ("NICHOLS") PURSUANT TO FED. R BANK P. 9019 AND NOTICE OF OPPORTUNITY FOR HEARING**

COMES NOW Patrick J. Malloy, III, Trustee (the "Trustee"), and states:

1. Nichols filed herein Claim 3-1 for $396,975.00. Later, she amended that claim down to $246,975.00 (Claim No. 3-2). She then filed a second amended claim (Claim No. 3-3), asserting distributional priority for $15,150.00 of that sum. These claims shall be referred to, collectively, as "Nichols' Claim."

2. Nichols's Claim is based on "Unpaid Contract Services−Accounting/Bookkeeping" allegedly provided to the Debtors.

3. The Trustee has objected to the Nichols Claim (Doc. Nos. 133 and 171) ("Objection").

4. In his Objection, the Trustee asserted that Nichols was an "insider" of the Debtors within the meaning of 11 U.S.C. § 101(31)(B), and that as a result, her claim cannot exceed the "reasonable value" of her services within the meaning of 11 U.S.C. § 502(b)(4), regardless of any

agreement she may have had with the Debtors. Nichols denies that she was ever an "insider" of the Debtors.

5. The Trustee has also alleged, generally, that the documentation of Nichols' Claim does not support the amounts claimed. Specifically, the Trustee has noted that Nichols admittedly did not maintain contemporaneous records of the time she spent on accounting tasks for the Debtors. Ms. Nichols responds by stating that she worked under a salary arrangement of $8,000/month, and that she was not required to maintain contemporaneous time records.

6. The Trustee has engaged in discovery concerning the Nichols' Claim. He has received and analyzed Nichols' (i) responses to Interrogatories; (ii) answers to Requests for Admissions; and (iii) requested documents.

7. As a result of his review of discovery responses, and good faith negotiations with Nichols, the Trustee proposes to settle Nichols's claim on the following basis:

   a. Nichols will have an allowed unsecured claim for the sum of $110,000.00;
   b. $15,150 of the allowed unsecured claim shall be entitled to priority as a "wage claim" pursuant to 11 U.S.C. § 507(a)(4); and
   c. subject to the Court's approval, the Trustee will make an interim distribution of the aforementioned priority wage claim.

8. The Trustee asserts that the proposed settlement is fair and equitable and in the best interests of the estate. Settlements are favored in bankruptcy. *Korngold v. Loyd (In re S. Med. Arts Cos. Inc.)*, 343 B.R. 250, 255 (10th Circuit B.A.P. 2006). Courts in this District have repeatedly recognized the following four factors listed in *Kopp v. All Amer. Life Ins. Co. (In re Kopexa Realty Venture Co.)*, 213 B.R. 1020 (10th Cir. BAP 1997) for the following reasons:

> a. the probable success of the underlying litigation on the merits;
>
> b. possible problems in collecting judgment;
>
> c. the expense and complexity of the underlying litigation; and
>
> d. the interests of creditors in deference to their reasonable views. *See Liberty bank F.S.B. v. D.J. Christie Inc.*, 681 Fed. Appx 664, 668 (10th Cir. 2017); *In re S. Med Arts Co.s Inc.*, 343 B.R. at 256.

The principal factors justifying the proposed settlement are (i) the probability of success on the merits, and (ii) the time and expense of litigation.

First, there is no dispute that Nichols provided valuable accounting/bookkeeping services to the Debtors, and that she provided those services for approximately 22 months pre-petition. The only questions that might necessitate litigation are (i) whether Nichols was an "insider," (ii) the amount of services she provided, and (ii) the value of those services to the Debtor. The Trustee is confident, though not certain, that he will be able to establish that Nichols is an insider, and that the value of her services is substantially less than the roughly $8,000.00/month she has claimed. The allowed claim represents a fair compromise figure of $5,000/month.

Aside from the merits, the Trustee recognizes that the costs necessary to *possibly* achieve a more favorable result than the settlement would be substantial. The questions to be litigated are fact-intensive and will require additional discovery – at least four depositions – and an extensive presentation at hearing. The Trustee estimates total costs for full litigation of this matter to be approximately $15,000.  In addition, the litigation would further delay the administration of this estate and final distribution to general unsecured creditors.  Simply stated, the proposed settlement avoids unnecessary time and expense that would result in a reduced effective payout to creditors.

9. Weighing all relevant factors, the proposed settlement with Nichols is in the best interest of this bankruptcy estate. Accordingly, the Trustee intends to seek an order of the Court:

a. authorizing a general unsecured claim in favor of Nichols for the amount of $110,000.00;

b. designating $15,150 of the allowed claim as a priority wage claim pursuant to 11 U.S.C. § 507(a)(4); and

c. authorizing an interim distribution to Nichols of the allowed priority claim of $15,150.

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 24 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 24-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

Respectfully Submitted by:

/s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma 74103
Telephone:   918-699-0345
Fax:   918-699-0325
*ATTORNEYS FOR TRUSTEE*