**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

In re:
**GREEN COPPER HOLDINGS, LLC      Case No. 25-10088-T**
**COPPER TREE, INC.**
**INN AT PRICE TOWER, INC.,** Substantively Consolidated

**MOTION TO QUASH UNAUTHORIZED AND UNTIMELY**
**INTERROGATORIES SERVED BY ATTORNEY CRAIG BRAND ON BEHALF**
**OF TAKTIK ENTERPRISES, INC.**

Creditor Cynthia Diane Blanchard, appearing pro se, respectfully moves the Court to quash the
interrogatories served upon her by attorney Craig Brand on November 8, 2025 regarding her
Proof of Claim No. 1-2, and states:

## I. BACKGROUND

1.  On September 2, 2025, during the status conference, the Court stated that Ms. Blanchard
    could elect to rest on the docket regarding the Trustee's objection to her Proof of Claim
    No. 1-2.

2.  Ms. Blanchard elected that option and completed all required written discovery.

3.  This Court set November 7, 2025 as the discovery deadline in this contested matter.
    No party sought or obtained an extension.

4.  On November 8, 2025 — one day after the Court-ordered discovery cutoff — attorney
    Craig Brand served a series of interrogatories by email and mail.

5.   No order of this Court authorizes any discovery in this contested matter beyond what has

     already occurred.

     No order of this Court authorizes Mr. Brand to conduct discovery at all.

6.   A Protective Order (Dkt. 338) is pending before the Court regarding Mr. Brand's conduct

     and improper filings.

## II. GROUNDS FOR QUASHING THE INTERROGATORIES

### A. Interrogatories Are Not Permitted in Contested Matters Absent Court Order

Under Fed. R. Bankr. P. 9014(c), discovery in a contested matter is permitted only if the Court

directs.

Rule 7033 (governing interrogatories) does not automatically apply.   Here, the Court has not

authorized interrogatories.

Therefore, the interrogatories are procedurally improper and void.

### B. The Interrogatories Were Served *After* the Court-Ordered Discovery Deadline

The discovery deadline expired on November 7, 2025.

Mr. Brand's interrogatories were served on November 8, 2025, making them:

- untimely,

- unauthorized, and

- in violation of the Court's scheduling requirements.

**C. Mr. Brand Is Out of Compliance With Local Counsel Requirements**

Mr. Brand appears pro hac vice but has never obtained local counsel as required by Local Rule 83.3(a), nor has he complied with Local Rule 83.3(b) by seeking or obtaining leave of Court for any of the filings or discovery he has attempted to serve in this matter.

Because he has not complied with the Rule, he is not permitted to file, serve, or conduct discovery in this case.

His interrogatories therefore must be quashed on that basis alone.

**D. The Interrogatories Are Overly Broad and Unrelated to the Claim**

Even if they were procedurally proper (they are not), the interrogatories:

- seek extensive information wholly unrelated to Proof of Claim No. 1-2,

- are not narrowly tailored,

- constitute harassment, and

- impose an undue burden on a pro se creditor.

This is especially concerning given the pending Protective Order.

**III. REQUEST FOR RELIEF**

For all the reasons stated above, Ms. Blanchard respectfully requests that the Court enter an order:

1.  Quashing the interrogatories served by attorney Craig Brand on November 8, 2025;

2.  Prohibiting Mr. Brand from serving, filing, requesting, noticing, or initiating any further unauthorized discovery *or any hearing-related filings or requests*, including but not limited to interrogatories, subpoenas, requests for production, requests for admission, notices of hearing, requests for evidentiary hearings, or any other action directed at this creditor, unless expressly authorized in advance by Order of this Court.

3.  Clarifying that Ms. Blanchard is not required to respond to any discovery not authorized by the Court or served outside the discovery period; and

4.  Granting such further relief as the Court deems just and proper.

**Date: November 17, 2025**

Respectfully submitted,

Cynthia Diane Blanchard Pro Se Creditor
414 SE Washington Blvd. Ste. 205.
Bartlesville Ok, 74006.
PH:  310-435-5707

## CERTIFICATE OF SERVICE

I hereby certify that on  November 17, 2025 that I, Cynthia Diane Blanchard, mailed via certified mail a true and correct copy of the foregoing MOTION TO QUASH UNAUTHORIZED AND UNTIMELY INTERROGATORIES SERVED BY ATTORNEY CRAIG BRAND ON BEHALF OF TAKTIK ENTERPRISES, INC.  to the following:

**Patrick J. Malloy III**
Chapter 7 Trustee
401 South Boston Avenue, Suite 500
Tulsa, OK 74103

**Karen Walsh**
Office of the United States Trustee
224 South Boulder Avenue, Suite 225
Tulsa, OK 74103

**Craig Brand, ESQ**
11222 Oakshore Lane.
Clermont, FL. 34711

**Dated:  November 17, 2025**

*Cynthia Diane Blanchard*

**Cynthia Diane Blanchard, Pro Se Movant**
**414 SE Washington Blvd. Ste. 205.**
**Bartlesville Ok 74006**
**310-435-5707**