IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| THE INN AT PRICE TOWER INC. | ) | |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S MOTION TO SETTLE OBJECTION TO PROOF OF CLAIMS FILED HEREIN BY PAUL AUBERT ("AUBERT") PURSUANT TO FED. R BANK P. 9019; AND NOTICE OF OPPORTUNITY FOR HEARING**

COMES NOW Patrick J. Malloy, III, Trustee (the "Trustee") and states:

1. Aubert filed Claim 2-1 for $212,500.00 in the Green Copper Holdings, LLC case. The same day he also filed Claim No 3-1 in the Copper Tree, Inc. ("Copper Tree") case.[1] Later, he purported to amend his claims in the manner stated in Doc. No. 354. These filings shall be referred to, collectively, as the "Aubert Claim".

2. The Aubert Claim is based on the "[p]rovision of legal services and services as a director."[2]

3. The Trustee has objected to the Aubert Claim [Doc. No. 152] (the "Objection").

4. Aubert initially asserted that his claim for legal services was based upon the terms of a certain Retainer Agreement attached to his proofs of claim.

---

[1] These claims are substantially identical, and Aubert concedes that they are "the same claim".

[2] Aubert was a Director of Copper Tree; although he alleges to have provided legal services to all of the Debtor entities.

5. Aubert has asserted that his claim for director's fees is based on an oral agreement with the majority shareholder and sole Director of Copper Tree, Cynthia Blanchard.

6. In his Objection, the Trustee asserted, *inter alia*, (i) that the Retainer Agreement was unsigned by a Debtor, and thus unenforceable; (ii) that even if the Retainer Agreement was enforceable, the accrual and payment of fees to Aubert thereunder was contingent on the Debtor obtaining "financing" in an amount of at least $1 million, which it never did; and finally, (iii) that Aubert was an "insider" of the Debtors within the meaning of 11 U.S.C. § 101(31)(B), and as a result, his claim could not exceed the "reasonable value" of his services within the meaning of 11 U.S.C. § 502(b)(4), regardless of any agreement he may have had with the Debtors.

7. Aubert's initial response to the Objection asserted that although the Retainer Agreement was unsigned by the Debtor, it nonetheless represented the precise terms of an *oral* agreement between him and the Debtor (through Ms. Blanchard). In addition, he denied that his fees were contingent upon any event, but that even if they were, the *sale* of the Price Tower for $1.3 million during the pendency of this case constituted satisfaction of the "financing" requirement.

8. The Trustee has engaged in discovery concerning the Aubert Claim, having received and analyzed Aubert's (i) responses to Interrogatories; (ii) answers to Requests for Admissions; and (iii) requested documents.

9. Although Aubert did not maintain contemporaneous time records for his alleged services, his discovery responses included a *reconstructed* record and description of his alleged legal services by month in the relevant period (the "Reconstruction"). This Reconstruction produced a *quantum meruit* "claim" of $410,21.50, assuming an applicable billing rate of in excess of $525/hr.[3]

---

[3] Aubert practices law in Houston, Texas, and claims that his local rates there are the applicable rates for purposes of this matter.

10. In addition, in his purported Amendment of Claim, Aubert disclaims his previous assertion of the enforceability of the Retainer Agreement, and relies instead of principles of *quantum meruit*, and the related concept of "reasonable value" under 11 U.S.C. § 502(b)(4).

11. In response to Aubert's Reconstruction, the Trustee has pointed out that it (i) includes dates prior to the existence of the Debtors; (ii) includes dates in the post-bankruptcy petition period; (iii) utilizes an hourly rate that substantially exceeds the applicable rate for an attorney of equivalent experience in Bartesville, Oklahoma at the relevant times; and (iv) provides insufficient service detail for the Trustee or Court to determine the true value of the stated legal services.

12. The Trustee also maintains that Aubert's attempt to amend his claim is time-barred and otherwise legally deficient.

13. As a result of the foregoing, and good faith negotiations with Aubert, the Trustee proposes to settle Aubert's Claim on the following basis: <u>Aubert shall have an allowed unsecured claim without priority in the amount of $100,000.00</u>.

14. The Trustee asserts that the proposed settlement is fair and equitable and in the best interests of the estate. Settlements are favored in bankruptcy. *Korngold v. Loyd (In re S. Med. Arts Cos. Inc.)*, 343 B.R. 250, 255 (10th Circuit B.A.P. 2006). Courts in this District have repeatedly recognized the following four factors listed in *Kopp v. All Amer. Life Ins. Co. (In re Kopexa Realty Venture Co.)*, 213 B.R. 1020 (10th Cir. BAP 1997) for the following reasons:

    a. the probable success of the underlying litigation on the merits;

    b. possible problems in collecting judgment;

    c. the expense and complexity of the underlying litigation; and

    d. the interests of creditors in deference to their reasonable views. *See Liberty bank F.S.B. v. D.J. Christie Inc.*, 681 Fed. Appx 664, 668 (10th Cir. 2017); *In re S. Med Arts Co.s Inc.*, 343 B.R. at 256.

The principal factors justifying the proposed settlement with Aubert are (i) the probability of success on the merits, and (ii) the time and expense of litigation.

  First, there is no dispute that Aubert provided legal services to the Debtors over the entire period of their existence prior to commencing their bankruptcy cases. Nonetheless, the Trustee is relatively confident that, as a matter of law and undisputed fact, Aubert's claim will be governed by the terms of the Retainer Agreement, and found to be unenforceable due to the failure of its "financing" contingency.  However, if Aubert is permitted to disclaim the Retainer Agreement and rest on a theory of *quantum meruit*, then there will be a fair question for litigation as to the reasonable value of his services under 11 U.S.C. § 502(b)(4).

  Aside from the merits, the Trustee recognizes that the costs necessary to *possibly* achieve a more favorable result than the settlement would be substantial. There are novel legal issues involved, in addition to fact-intensive questions that will require additional discovery – including multiple depositions – and an extensive presentation at hearing. The Trustee estimates total costs for full litigation of this matter to be at least $20,000.  In addition, the litigation would further delay the administration of this estate and final distribution to general unsecured creditors.  Simply stated, the proposed settlement avoids unnecessary time and expense that would result in a reduced effective payout to creditors.

  15. Weighing all relevant factors, the proposed settlement with Aubert is in the best interest of this bankruptcy estate.  Accordingly, the Trustee intends to seek an order of the Court

authorizing a general unsecured claim without priority in favor of Aubert in the amount of $100,000.00.

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 24 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 24-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

Respectfully Submitted by:

/s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma 74103
Telephone:   918-699-0345
Fax:            918-699-0325
*ATTORNEYS FOR TRUSTEE*