UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| THE INN AT PRICE TOWER INC. | ) | |
|       Debtors. | ) | |
| | / | |

### CLAIMANT TAKTIK ENTERPRISES, INC. 'S RESPONSE TO BLANCHARD'S MOTION TO QUASH, ECF 368, AND CLAIMANT'S MOTION TO PERMIT THE PROPOUNDED NOVEMBER 10, 2025 REQUESTS FOR PRODUCTION (RFP)

COMES NOW **CLAIMANT TAKTIK ENTERPRISES, INC. (CLAIM NO. 4), (from time to time be referred to as "movant"),** by and through its undersigned counsel and hereby files this Response to ECF 368, and states:

1.    Mrs. Blanchard is correct in that discovery was propounded upon her however, with no prejudice inuring and for good cause.  The undersigned mistakenly mis-read the Court's Order, ECF 278, in that the Order, in part, stated, "… completion of discovery by November 10, 2025." The undersigned admittingly read the Order too fast, however, did serve Mrs. Blanchard with just (9) Requests for Production on November 10, 2025.  The Court's Order closed discovery on the 7th of November and Ordered a discovery report to be filed by November 10, 2025.

2.    Mrs. Blanchard is incorrect representing to the Court that Interrogatories and Requests for Production were served on her from Taktik Enterprises.  Only (9) simple RFP were served.

3.    Mrs. Blanchard within minutes of receiving the Requests for Production from Taktik Enterprises sent the undersigned an email that she would not be responding to the service as they

were untimely. The undersigned did not push on these Requests for Production any further, recognizing the mistake in reading ECF 278, and was going to bring the matter up at the next status conference, upon its scheduling seeking permission and having them deemed served on extension for good cause. Taktik Enterprises and Pictoria Studios requested a hearing on Mrs. Blanchard's open matters and filed a status report with the Court ECF 358.

4. Mrs. Blanchard's Motion, ECF 368, also misrepresents what the Court stated on September 2, 2025 during the status hearing. The Court never agreed to allow Mrs. Blanchard, as she represents to the Court, that she would be permitted to rest on her filings. During the hearing, Mrs. Blanchard made that request, however, the issue was never taken up and the fact that the Court Ordered for Discovery to proceed is evidence enough that she was going to endure discovery upon herself.

5. Additionally, Mrs. Blanchard continues to and knowingly and intentionally mail her pleadings or communications to Mr. Brand at an incorrect address. This act of maleficence needs to be corrected and she continues to be the only one doing so.

6. Mrs. Blanchard's Motion to Quash ECF 368, further grossly misrepresents to the Court what her Motion for Protective Order, ECF 338, is about. Fabricating arguments that do not exist are mis-statements to the Court.

7. The remainder of Mrs. Blanchard's Motion to Quash as it talks about discovery, is all false, irrelevant and not applicable. Mrs. Blanchard rambles on about Interrogatories and how they are over broad, not authorized, harassing, excessive, impede upon a pending motion for Protective Order, etc. All of this would be of possible relevance if true, but shamefully for Mrs. Blanchard, like all her other filings, they are all a knowing and gross misrepresentations made to the Court. Amazing how non-existent Interrogatories can be all those things she represents in her motion!

Taktik Enterprises on November 10, 2025, served Mrs. Blanchard with 9 Requests for Production, not interrogatories. Wherefore, again, proving Mrs. Blanchard's propensity of mis-stating facts, even to the Court. (See a copy of the Requests served upon Mrs. Blanchard on November 10, 2025, attached hereto as well as an email service which is by way of her response back. Notice the title within the email, as no Interrogatories are mentioned).

8. As Mrs. Blanchard's Motion to Quash requests only that the Interrogatories be quashed and no Interrogatories were served, her Motion should be Denied with no need for further argument.

9. Movants still have the following open matters for which a court hearing has been requested:

   A. Movant's ECF 285 (1-3), is an Objection to Mrs. Cynthia Blanchard's *Claims No. 1and 1-2.*

   B. Mrs. Blanchard also untimely filed a Motion for Protective Order as to the Movant's propounded Discovery, See, ECF 338. Movants filed a Response and request for hearing at ECF 340.

      1. Movant's are challenging Mrs. Blanchard's claim for a host of reasons, many differing and expanding upon the Trustee's limited but valid argument from where his Discovery arises from. The Trustee has focused on the value of any monies allegedly provided to the Debtor by Mrs. Blanchard, arguing that any monies placed are to be charged as legal consideration for her shares in the Debtor as no other proofs of legal consideration has been provided. As such Mrs. Blanchard's claims are not truly a legal claim for bankruptcy purposes, but that she would possibly have an unsecure interest subservient to any true bankruptcy claims.

2. Movants, additionally, are challenging the validity, authenticity, legality and lawfulness of Mrs. Blanchard's conduct, sources of money, truth and veracity of the expenditures, handling of the Debtor and the monies taken or used, the comingling of accounts and improper intermixing and comingling of monies, legitimacy of any actual expenses, legitimacy of transfers, legitimacy of monies taken or reimbursed, the entirety of any alleged loan, as well as payments to have been made for legal consideration for her shares and officer position within the Debtor disguised as a loan. These "White Collar" markers each warrant considerable discovery. The undersigned's client Pictoria Studios has shown by its limited first set of discovery to be very efficient and judicious. Pictoria's discovery follows its Objections to Mrs. Blanchard's Claim and <u>attaches affidavits in support</u> of the serious allegations against her. *See*, ECF 285, 285(1-3). Taktik Enterprises Requests for Production filed just 3 days after the mis-read cut off, have no prejudice to Mrs. Blanchard, and she has refused to provide answers or responses to earlier propounded discovery by Pictoria, and but for Mrs. Blanchard not timely answering and responding to the Pictoria discovery the issues raised within the Taktik's Requests, served November 10, 2025 would have been sooner thought of. The only parties to be prejudiced herein are the Movants Taktik and Pictoria while Mrs. Blanchard continues to play avoidance games not wanting to be under oath and answering questions that she knows the truth is out there to controvert any mis-steps.

C. Mrs. Blanchard has also filed ECF 279 which is her Motion for Protective Order From Being Deposed. Movants filed ECF 289 in Response as well as requested a hearing.

D. Pictoria filed ECF 346 (1-3) requesting a Hearing upon and complaining of Mrs. Blanchard's delay tactics, bad-faith conduct and obstruction of the discovery process for which the Court had already ordered to proceed.

WHEREFORE, the Movant hereby prays that this Honorable Court Deny Mrs. Blanchard's Motions, in whole, grant the Movant's motions and permit Taktik's Requests for Production as an extension of time allowance, attorney fees, as well as any and all other relief deemed just and proper.

RESPECTFULLY SUBMITTED ON THIS 26th day of November, 2025.

/s/ *Craig A. Brand, Esq.*
By: _____
Craig Alan Brand, Esq.
FBN: 896111
Tel. (305) 878-1477
6462 S. Jamaica Circle
Englewood, Colorado 80111
**On behalf of and for:** PICTORIA STUDIOS USA, INC. (Claim No. 14) and, TAKTIK ENTERPRISES (Claim 4)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this foregoing Response to ECF 368 was filed with the Clerk of Court on this 26th day of November, 2025. In addition, a copy was mailed by United States first class mail to the following recipient(s):

Cynthia Diane Blanchard, pro se
414 SE Washington Blvd. Ste. 205
Bartlesville, OK 74006
310-435-5707

/s/ *Craig A. Brand, Esq.*
By: _____
Craig Alan Brand, Esq.
FBN: 896111
Tel. (305) 878-1477

6462 S. Jamaica Circle
Englewood, Colorado 80111

**On behalf of and for:**
PICTORIA STUDIOS USA, INC. (Claim No. 14) and, TAKTIK ENTERPRISES (Claim 4)