IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| THE INN AT PRICE TOWER INC. | ) | |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S OBJECTION TO CLAIM 6-1 FILED HEREIN BY SCOTT R. HELTON LAW FIRM ("HELTON"); MOTION TO PAY SECURED CLAIM AND NOTICE OF OPPORTUNITY FOR HEARING**

Comes now the Trustee and states:

1. Helton filed the above-referenced claim as a secured claim for the sum of $16,878.49. The claim is based on unpaid legal services provided by Helton to the Debtor during the period 1/02/2025 through 01/21/2025.

2. The claim is allegedly secured by virtue of a real estate mortgage signed by the Debtor on 1/14/2025 granting a prior secured lien in favor of Helton relative to real property located at 510 Dewey Avenue, Bartlesville, Oklahoma 74003. This was property was sold previously by the Trustee free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363, including the lien of Helton with such lien, if any, to attach to the sale proceeds.

3. $4,018.75 of the sums due were incurred prior to 1/14/2025.

4. To the extent the mortgage purports to secure sums due and owing prior to 1/14/2025, the attachment of the mortgage to property of this estate constituted:

      a. the transfer of property of the estate;

      b. for or on account of an antecedent debt owed by the Debtor before such transfer was made;

      c. made while the Debtor was insolvent;

      d. made within 90 days before the filing of the petition herein;

      e. that enables Helton to receive more than it would receive in these proceedings had the transfer not been made and Helton received payment of such debt to the extent provided by the provisions of this title.

5. As a result of the allegations in section 4, the Trustee objects to the treatment of the claim as a secured claim for the total sum of $16,878.49.

6. The Trustee intends to seek an order of the Court:

      a. denying the claims as filed;

      b. allowing $4,018.75 of the claim as a general unsecured claim;

      c. allowing $12,859.74 of the claim as a secured claim;

      d. authorizing the Trustee to pay the secured claim in full.

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 33 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your**

**response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 33-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

Respectfully Submitted by:

/s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:     918-699-0345
Fax:                918-699-0325
*ATTORNEYS FOR TRUSTEE*