UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| THE INN AT PRICE TOWER INC. | ) | |
|       Debtors. | ) | |
| _____ / | | |

**CLAIMANT PICTORIA STUDIOS, TAKTIK ENTERPRISES & ATTORNEY CRAIG BRAND'S RESPONSE IN OPPOSITION TO CYNTHIA BLANCHARD'S MOTION TO VACATE (ECF 384) AND REQUEST THAT THE COURT INVOKE IT'S INHERENT SANCTION AUTHORITY**

COMES NOW **PICTORIA STUDIOS, TAKTIK ENTERPRISES & ATTORNEY CRAIG BRAND** and hereby files this Response In Opposition to Cynthia Blanchard's Motion To Vacate and Overturn, (filed as "ECF 384"), and Request that the Court Invoke its Inherent Sanction Authority, and as grounds thereof states as follows:

I.    **INHERENT POWER OF THE COURT TO ISSUE SANCTIONS**.

    1.    Federal Court's have the inherent power to issue sanctions or take appropriate actions when in the best interest of justice. *See*, Chambers v. NASCO, Inc., 501 U.S. 32, 46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), where the Defendant asks the court to sanction plaintiff under its "inherent power to impose sanctions for ... bad-faith conduct" and "litigation abuses[.]". Indeed, the Supreme Court recognizes this inherent authority "includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 137 S. Ct. 1178, 1186, 197 L.Ed.2d 585 (2017) (quoting Chambers, 501 U.S. at 44–45, 111 S.Ct. 2123).

2. One kind of "permissible sanction is an 'assessment of attorney's fees'" which is an order "instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." Goodyear Tire & Rubber Co., 137 S. Ct. at 1186 (quoting Chambers, 501 U.S. at 45, 111 S.Ct. 2123). But an order imposing attorney's fees in a civil case "must be compensatory rather than punitive in nature." *Id*.

3. A court may award attorney's fees to the prevailing party if the court finds that the other party asserted a claim that was frivolous, unreasonable, or groundless, or litigated an action in bad faith.

4. Here the Respondents would represent that Mrs. Blanchard's bad-faith litigation has caused substantial, unnecessary attorney's fees having to be generated, at the expense of the Estate by the Trustee. and by the Respondents through counsel.

5. In the United States Bankruptcy Court for the Northern District of Oklahoma, courts also possess inherent authority—rooted in 11 U.S.C. § 105(a) and federal common law principles—to impose sanctions, including awards of reasonable attorney's fees and costs to the prevailing party, for abusive, frivolous, unreasonable, groundless, or bad faith litigation conduct by any party, including pro se litigants. This authority supplements but is distinct from statutory or rule-based sanctions (e.g., FRBP 9011), allowing courts to deter misconduct that undermines the judicial process, even absent a specific rule violation. <u>Pro se status does not shield litigants from such sanctions; courts hold them to the same standards and may impose them upon a finding of objective unreasonableness or subjective bad faith, tailored to deter repetition without being punitive</u>. *See*, In re Wallace, 288 B.R. 139 (Bankr. N.D. Okla. 2002), In re Nichols, 221 B.R. 275 (Bankr. N.D. Okla. 1998), In re Ray (Ray v. University of Tulsa), 283 B.R. 70 (Bankr. N.D. Okla. 2002).

6.      Case law for the Northern District of Oklahoma Bankruptcy Court consistently recognizes and application of inherent powers to address pro se misconduct, with fee awards available to prevailing parties upon findings of frivolity or bad faith. For instance, while *Wallace* focused on non-monetary deterrence, it explicitly contemplates fee sanctions, aligning with broader Tenth Circuit precedent applying *Chambers* to bankruptcy contexts. *Id*.

II.     **CYNTHIA BLANCHARD, AS A PRO SE, MUST MEET THE SAME STANDARDS AS REPRESENTED PARTIES**.

9. The Blanchard's would like to garner the Court's sympathy by intentionally choosing to prosecute her claim pro se. Respondents believe this is a deliberate strategy rather than a financial necessity.

10.     The undersigned counsel, has first-hand knowledge and plenty of evidence, that Mrs. Blanchard uses Attorney Paul Aubert, also a claimant herein, as personal counsel as does her husband who is intertwined herein. Part of Mrs. Blanchard's 168 page motion and Exhibits (ECF 384, et.al.), attaches numerous emails copying Mr. Aubert, Esq. and Ron Brown, Esq., another lawyer for Cynthia Blanchard, on legal issues or matters being discussed herein this litigation. Thus, the ability to retain or possess counsel is not the issue for Mrs. Blanchard, but playing to the Court's sympathy as well as her on-line followers is the working strategy.

11. Mrs. Blanchard also claims to be the vast majority shareholder[1] of the two debtor entities whom both utilized an attorney to file their bankruptcies as well as Mr. Aubert, Esq., as supposed General Counsel[2].

12. Mrs. Blanchard would like the Court and public to believe her woe-me fictional tales, not only in her "made for Disney" fictional filings, but that she is forced to represent herself. However, out of the other side of her web of deceit and alleged intentional misrepresentations made to the Court and Trustee, Mrs. Blanchard claims to have "lent" the debtors in excess of a fungible amount exceeding $500,000. (*See*, Claims 1-1, 1-2).

13. A large sum of money that if true, any reasonable person would lawyer up and/or fight to the end utilizing discovery and depositions as tools of the trade. Yet, she treats this sum in excess of a half million dollars as insignificant, refusing to provide proof, engage in discovery, or defend it further (see ECF 202, 357).

14. Ms. Blanchard has been intentionally avoiding being placed under oath, where conflicting evidence could emerge. Upon being informed by third parties, the Blanchards now live or looking to live outside the U.S. If correct, this might be a motive why Mrs. Blanchard is trying so hard to cause discovery delays and not give sworn testimony.

15. Mrs. Blanchard knows what will happen when she is placed under oath, and faced with competing evidence, as she is doing everything possible, vis-a-vis engaging in bad-faith and filing frivolous motions so as to prevent her participation in discovery and transparency, as to her actions or inactions.

---

[1] Mrs. Blanchard's stock position is challenged as she never paid for the equity received despite the company's establishment being predicated on her capitalizing the company in equal consideration to the Respondents. Otherwise, the equity Mrs. Blanchard took should have been treasury stock to have been used to raise money for the debtor entities.

[2] It is alleged that despite Mr. Aubert supposedly being General Counsel for the debtor entities he was really acting within the interests and under the direction of Mrs. Blanchard in any capacity she asked and at the detriment of the shareholders; thus at the detriment of the debtor entities.

16.     In this court, pro se litigants like Ms. Blanchard, must follow the same procedural and substantive rules as those with lawyers, including the Federal Rules of Bankruptcy Procedure and local rules. Lack of legal training does not excuse mistakes, though judges may occasionally provide basic procedural guidance. See In re Wallace, 288 B.R. 139 (Bankr. N.D. Okla. 2002); In re Nichols, 221 B.R. 275 (Bankr. N.D. Okla. 1998); In re Ray (Ray v. University of Tulsa), 283 B.R. 70 (Bankr. N.D. Okla. 2002).

### III.    MS. BLANCHARD'S MOTION (ECF 384) CONSTITUTES FRAUD ON THE COURT AND A FURTHER EFFORT TO AVOID TESTIMONY UNDER OATH

17.     The Respondents are also claimants and shareholders of the Debtors.

18.     Prior to Mrs. Blanchard instructing her lawyers to place the Debtors' into bankruptcy, the Respondents placed the entities, Mrs. Blanchard and her attorney Paul Aubert, Esq., on legal notice with Evidence Preservation Letters and Notices of Intent to Initiate Litigation.[3]  Some of the claims the Respondents intended on prosecuting, of which Mrs. Blanchard is aware, included but not limited to claims for intentional wrongdoing that may have other implications and malpractice as to Claimant and personal counsel Paul Aubert.

19.     Mrs. Blanchard's ECF 384 is really a Hail Mary or last ditch effort to divert the Court from her refusals to:

       a.   Answer Interrogatories from Claimant Pictoria Studios;

       b.   Respond to Requests for Production from Claimant Pictoria Studios;

---

[3] Some of these Notices and Evidence Preservation Demands, for which the Respondents believe Mrs. Blanchard have been breached as per affidavits filed, have been attached as Exhibits to Respondent's claims, motions and responses to motions filed by Mrs. Blanchard.

    c.    Pictoria Studios Request for Hearing and Compel (ECF 346) Mrs. Blanchard to comply with Discovery and Deny her Motion for Protective Order as baseless;

    d.    Respond to Requests for Production by Taktik Enterprises;

    e.    Mrs. Blanchard has filed no less than 3 frivolous Motions for Protective Orders as to the taking of her deposition and engaging in the Respondent's Discovery. The Respondents have filed appropriate responses to each of these groundless, delay tactics and have requested a hearing be held to deny her motions;

    f.    Mrs. Blanchard refuses to be deposed and put under oath;

    g.    Mrs. Blanchard in her ECF 381 Motion, knowingly violated, continues to violate and fails to cure a material Confidentiality Filing obligation. Filed and made public ECF 341-4, an Unredacted W9 belonging to Taktik Enterprises, Inc., an innocent party in Mrs. Blanchard's Motion against the undersigned, in complete violation of FRBP 9037 and the Local Rules for the Northern District Court of Oklahoma, REDACTION – PRIVACY 5005-1(F). *See*, Brand's Response ECF 342.

    h.    Mrs. Blanchard had come into possession of Taktik's tax information under and pursuant to a Confidentiality Clause contained within its employment agreement and has now proven herself to be a danger to the public with her either ignorance to the law she is supposed to have become familiar with or her entitlement attitude towards this Court and these proceedings. *See*, In re Whitson, 572 B.R. 836 (Bankr. N.D. Ga. 2017): (Court seals unredacted pro se docs but warns of sanctions for FRBP 9037 non-compliance).

    i. Contained in APPENDIX A CM/ECF ADMINISTRATIVE GUIDE OF POLICIES AND PROCEDURES, page 6, X. REDACTION:

**Tax Documents.** A CM/ECF User filing tax returns that are required to be filed pursuant to a request under 11 U.S.C. § 521(f) shall redact all personal data identifiers before filing the tax return. To file a tax return as a secure event (i.e., a document that cannot be viewed by the general public) as required by Local Rule 4002-1(C), the CM/ECF User shall choose "Miscellaneous/Other" on the Bankruptcy Events screen and choose "Tax Documents" as the document to be filed. The ECF System will automatically limit access to "Tax Documents" to the filer and the Court.

20. Mrs. Blanchard is clearly in direct violation of the District and Bankruptcy Court's redaction rules evidencing a continued violation and ignorance of the rules and laws of Federal practice.

21. Mrs. Blanchard filed a completely frivolous Motion against the undersigned attorney (ECF 341), showing her ignorance and lack of due diligence towards the Federal Rules and Rules of this Court. The undersigned filed a Response (ECF 342) taking great care to educate Mrs. Blanchard so that we could dispense with the needlessness and the fact that she does not engage in proper Meet and Conferrals as required. However, despite the Response filed and served on her, ECF 342, Mrs. Blanchard improperly doubles down in her new and repetitive motion (ECF 384). Mrs. Blanchard can no longer claim ignorance as ECF 342 vitiates her claim that the undersigned was improperly admitted. Her current allegations are intentional deceptions, bad-faith tactics, and possibly aimed at her online audience based on related social media activity.

22. Given this conduct, the Respondents request that the Court revoke Ms. Blanchard's pro se status and require her to retain counsel. To prevent repetition, we also seek attorney fees, costs, and dismissal of her claims stemming from the disruption caused by her frivolous, intentional and on-going filings, including but not limited to her three frivolous Motions for Protective Orders and disturbing motions filed as "ECF 341 and 384".

23. As ECF 342, appropriately responds to the material aspects of Mrs. Blanchard's Motion (ECF 384), her motion should be Denied with Prejudice. In ECF 384, on the first page, she requests the following 3 prayers for relief:

   a. Unauthorized filings by noncompliant counsel in violation of Local Rule 83.3;

   b. The absence of statutorily required oversight due to the temporary furlough of the Office of the US Trustee, and

   c. Additional procedural irregularities that materially impacted Movant's rights as a creditor and the administration of this estate. Movant requests review and correction of orders entered during this defective period and preservation of remaining estate assets pending proper oversight and compliance.

24. Respondent's ECF 342 completely addresses and refutes Mrs. Blanchard's outrageous and frivolous allegations contained in her first and third (a)(c) prayers cited to above in paragraph 5, those prayers should be denied and sanctions awarded.

25. Respondents defer paragraph 5(b) to the Trustee.

26. Mrs. Blanchard has had every opportunity to timely object to everything she has claimed about, including the tax warrants she now brings into these procedures due to her failure to object to them as well. She is at fault for all done but blames all others.

27. She should be estopped from any late and last ditch efforts to object when she should have done so on a timely basis. She has shown no good cause and excusable neglect.

### IV. <u>CYNTHIA BLANCHARD'S OUTRAGEOUS AND FALSE ATTACK ON THE COURT, THE TRUSTEE, AND THE RESPONDENTS (*See*, ECF 384).</u>

28. As the saying goes, "Desperate Times call for Desperate Measures" (*See*, Hippocrates in his work Aphorisms).

29. ECF 384 is an abusive, frivolous, and bad-faith filing—a desperate attempt to shift blame from Ms. Blanchard to others.

30. ECF 384 is a mud slinger, a smoke screen, serving to help Mrs. Blanchard hide from as well as hide the truth which will deny her claims and possibly open up other legal theories.

31. Mrs. Blanchard, despite being placed on notice, continues to ignore the proper Meet and Conferral procedures as well as continuously and purposefully mails her Certificates of Service to the incorrect address for the undersigned. Again, contemptuous conduct as her actions are demonstrative of an individual believing she is above the law.

32. ECF 384 is convoluted and contemptuous and should be outright denied.

33. On December 3, 2025, a Court Ordered Hearing was scheduled. The Trustee and the Respondents were on the Court call. The Court requested, more than once, for participants to announce themselves. Mrs. Blanchard did not announce herself despite having ample opportunity. Nor did she call in to the Court's judicial assistant a head of the hearing. Reading ECF 384, Mrs. Blanchard admits in her Motion that she was on that call and listening, but did not announce herself. She now hypocritically claims due process violations.

34. Just touching upon some other highlighted areas of Mrs. Blanchard's Motion and further reasons for the Court to issue its inherent powers against Mrs. Blanchard, including the striking of her claim is as follows:

a. Mrs. Blanchard falsely claims that Taktik, Pictoria, FLWC, Haskell Keffer and Jones settlements should be reversed based on her unfounded suggestion that because some employees at the US Trustee's office were furloughed between October 1, and November 10, 2025, this limited furlough somehow effected the Court's job, performance and issuance of orders.

b. However, Mrs. Blanchard carefully leaves out that Taktik, Pictoria, FLWC, Haskell Keffer and Jones settlements were in advance of any furlough issues. In fact, Mrs. Blanchard fails to identify any furlough issues actually effecting this case.

c. Mrs. Blanchard's very own ECF 384-102 states that the United States Trustees Program (USTP) would be largely unaffected by the Government shutdown. The Court on its website states that the US Government's shut down will not effect this case or the Court's normal operations. Wherefore, Mrs. Blanchard's own exhibit undermines her own frivolous motion.

d. Even if the USTP had been shut down, which it had not, but if it had, Mrs. Blanchard fails to demonstrate how the Court's execution of any Order during this time would have been impacted by the USTP's furlough. The USTP has oversight on Trustees not Federal Judges.

35. **ND OK BK Court Website and/or vis-a-vis PACER**: Official **Phase 1** shut down notice from ND OK BK Court – October 1, 2025 to October 20, 2025 – "*A lapse in appropriations (aka "a shutdown") occurred for the federal government on October 1, 2025. However, the United States Bankruptcy for the Northern District of Oklahoma will remain open and all court hearings and operations will continue as scheduled.*"

a. Mrs. Blanchard's Motion argues that the Government shut down between October 1, 2025 and October 20, 2025 would have tainted and void all settlements and Court Orders.

      b.    However, not only does Mrs. Blanchard cite to ECF 384-102 and the rest of Exhibit 6, which proves her motion to be a farce but AT NO TIME DOES MRS. BLANCHARD OBJECT TO ANY OF THE ON-GOINGS IN THIS CASE AND **SHOULD BE JUDICIALLY ESTOPPED**.

      c.    She cites ECF 384-102 (and Exhibit 6), which disproves her motion, yet she never objected contemporaneously. She is judicially estopped from arguing this now, as it causes prejudice, delay, and damage through bad-faith tactics.

      d.    Ms. Blanchard does not believe her own claims: If the period was invalid, why did she file ECF 337 (October 7) and ECF 338 (October 9) without seeking to void them?

      e.    **MRS. BLANCHARD DOES NOT BELIEVE HER OWN MOTION**. Mrs. Blanchard knows that the Court and this case was in proper order, if not, Mrs. Blanchard would not have filed ECF 337 on October 7, 2025 and ECF 338 on October 9, 2025. While, Mrs. Blanchard in her current motion ECF 384 argues everything occurring from October 1 – October 20th should be voided, she conveniently leaves out the voidance of her own filings.

36.    **ND OK BK Court Website and/or vis-a-vis PACER**: Official **Phase 2** shutdown notice from ND OK BK Court – October 20, 2025 to November 12, 2025 - "*Your bankruptcy case will proceed as normal and you should continue to pay all required fees, meet deadlines, and attend hearings. Failure to do so may result in the dismissal of your case………. The Court may be operating at a reduced staffing level beginning October 20 but will continue to fulfill its constitutional duty of processing cases and holding hearings.*"

      a.    This was the message Mrs. Blanchard would have received during this time period whereby informing her that all was well and proceeding normally.

      b.      Yet, Mrs. Blanchard failed to make any objections to these proceedings or settlements and should be estopped from doing so.

      c.      Mrs. Blanchard knew that this Honorable Court was functioning properly and normally as on October 20, 2025 and November 7, 2025, <u>she filed two more documents</u>. See, ECF 341 & 357.

      d.      All along during the course of the closure period, which did not adversely affect this case, Mrs. Blanchard filed during this period 4 affirmative action pleadings.

      e.      The fact that Mrs. Blanchard filed her Exhibit 6, as a document relied upon, demonstrates that had she actually read the content of this Exhibit it goes against her motion. It should be assumed that Mrs. Blanchard did read Exhibit 6 and that is why not only she filed 4 affirmative action pleadings during that period, but that her Motion ECF 384 is knowingly and patently frivolous and meant for purposes of bad-faith litigation for which she should be held accountable.

**<u>REQUEST FOR HEARING SHOULD THE COURT DETERMINE A NEED:</u>**

Craig A. Brand, ESQ. hereby requests a hearing on or after January 27, 2026 due to International commitments.

      WHEREFORE, the Movant hereby prays that this Honorable Court:

      1.      Deny ECF 384 in its entirety sui sponte or by way of holding a hearing.

      2.      Revoke Mrs. Blanchard's rights to continue pro-se as her actions have proven disruptive, harassing, bad-faith litigation, in complete defiance of the rules of this Court and District, nothing more than delay tactics and smoke screens attempting to hide truths Mrs. Blanchard doesn't want to get on record.

3. Access, Mrs. Blanchard's conduct taken in this case and issue sanctions including but not limited to attorney fees in having to defend against her motions for Protective Orders, motion to revoke admission, and ECF 384.

4. Declare Mrs. Blanchard's late and prejudicial attempts at now objecting to matters long ago due to be denied on the basis of Estoppel. And,

5. Any and all other relief deemed just and proper.

RESPECTFULLY SUBMITTED ON THIS 15th day of December, 2025.

By: /s/ *Craig A. Brand, Esq.*
    Craig Alan Brand, Esq.
    FBN: 896111
    Tel. (305) 878-1477
    6462 S. Jamaica Circle
    Englewood, Colorado 80111

    **On behalf of and for:**
    PICTORIA STUDIOS USA, INC. (Claim No. 14)
    TAKTIK ENTERPRISES, INC. (Claim No. 4)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this foregoing Response to ECF 338 was filed with the Clerk of Court on this 15th day of December, 2025, as well as mailed by US first class mail to:

    Cynthia Diane Blanchard, pro se
    414 SE Washington Blvd. Ste. 205
    Bartlesville, OK 74006
    310-435-5707

By: /s/ *Craig A. Brand, Esq.*
    Craig Alan Brand, Esq.
    FBN: 896111
    Tel. (305) 878-1477
    6462 S. Jamaica Circle
    Englewood, Colorado 80111

    **On behalf of and for:**
    PICTORIA STUDIOS USA, INC. (Claim No. 14)
    TAKTIK ENTERPRISES, INC. (Claim No. 4)