## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **GREEN COPPER HOLDINGS, LLC** | ) | **CASE NO. 25-10088-T** |
| EIN # xx-xxx9708 | ) | **Chapter 7** |
| | ) | |
| **COPPER TREE, INC.** | ) | **Substantively Consolidated** |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| **THE INN AT PRICE TOWER INC.** | ) | |
| | ) | |
| Debtors. | ) | |

### TRUSTEE'S OBJECTION TO FED.R. BANKR. P. 9024 MOTION TO VACATE CERTAIN ORDERS ENTERED DURING PERIOD OF PROCEDURAL IRREGULARITIES, LACK OF REQUIRED OVERSIGHT, AND UNAUTHORIZED FILINGS AFFECTING CREDITORS RIGHTS ("Motion")

## I. INTRODUCTION

Pursuant to this Court's prior order (Doc. No. 345) ("Global Order"), a global settlement was approved which resolved 10 separate disputed matters, reduced claims against this estate by approximately $1 million and avoided a year or more of prolonged litigation and untold costs to administer this estate. Since the entry of that order, another separate order was entered approving the settlement of a disputed claim (Doc. No. 383). Finally, the Trustee filed yet another motion to settle a disputed claim that is pending which, if approved, will result in the resolution of all claims with the exception of one substantial claim-- the claim of Cynthia Blanchard ("Blanchard"). Blanchard is the owner of approximately 93% of the equity in the consolidated entities and controlled the operations of this Debtor during the years and months which led to the commencement of these proceedings. Upon resolution of that claim, the Trustee may proceed to finalize his proposed distribution to creditors and pay creditors—the ultimate goal of any Chapter 7 proceeding. Blanchard has now taken it upon herself to attempt to undo the Global

Order based on the application of Fed. R. Civ P. 60(b) as applied to bankruptcy pursuant to Fed. R. Bankr. P. 9024—despite the fact that Notice of the proposed settlement was provided to all necessary and interested parties, **including Blanchard, with no objections.** Her actions in this regard will unnecessarily delay the administration of the estate and add to the costs of administration—and her actions have been taken with no factual or legal basis of any kind.

She likewise seeks an order "suspending" the proceedings related to the Trustee's objection to her claim—again citing Rule 60(b) as somehow supportive of such a "suspension." The Trustee is unaware of any authority that would support a request to "suspend" a proceeding based on Rule 60(b). Secondly, the Motion fails to state any facts that would support suspension assuming there was some legal authority for such relief. The apparent basis of her motion is the Court's order setting of an evidentiary hearing relative to the Trustee's objection to her claim. Blanchard argues that she elected to "stand on the record" in support of her claim. Blanchard's decision in this regard does not bar the Trustee from having an evidentiary hearing on his objection—or call witnesses at the hearing to testify relative to the issues framed by the pleadings. Blanchard additionally complains about the Trustee's proposed calling of witness given the completion of discovery. The scheduling order entered in connection with the Trustee's objection to Blanchard's claim did not set a deadline for disclosing witnesses; Blanchard conducted no discovery of any kind, including the identity of possible witnesses; and the Trustee will fully comply with the requirements of Local Rule 9070-1 with respect to the submission of witness and exhibit lists prior to the hearing.

In support of her unfounded attempt to delay the administration of this estate, she asserts:

a. Statutory oversight was absent—This relates to the government shutdown and the alleged failure or inability of the U.S. Trustee's office to oversee the filings in this case, including presumably the Global Order. This assertion is utterly false. At no time during the shutdown did the U.S. Trustee's office abandon it duties under the Bankruptcy Code and it was, at all times, aware of the proposed settlements in this case.

b. Orders relied on unauthorized filings—The Global Order was entered based on a motion filed by the Trustee with full authority and pursuant to his statutory duties—and with Notice to all parties, including Blanchard;

c. Attorney participation was improper—The global settlement involved dozens of attorneys, including counsel for the Trustee, who acted professionally and ethically in negotiating an agreement that expedited the administration of this estate and reduced claims against this estate by approximately $1 million. Blanchard's unfounded assertion to the contrary is inexcusable. In part, she argues that the attorney for Taktik Enterpirses and Pictoria Studios, Craig Brand ("Brand") filed pleadings prior to the settlement agreement without authority and thus, somehow, the entire settlement process was tainted. In this regard, she argues that Brand was not properly admitted to practice before this Court pro hac vice. This Court entered its order approving Brand's motion to appear pro hac vice (Doc. No. 172) based on a motion filed by Brand that appears to have complied fully with Local Rule 9010-1. The principal requirement for admissions pro hac vice pursuant to the local rule is that Brand be admitted to "any other court of the United States, or before the highest court of any other State..." Brand's motion for pro hac vice included an assertion that satisfied this requirement. In support of her argument that

Brand was not properly admitted pro hac vice, she cites Local District Rule 83.3(a). The problem is the Local District Court rules do not apply to bankruptcy. LGnR1-2(d) states:

"These local rules do not apply in any case or proceeding which is pending in the Bankruptcy Court for the Northern District of Oklahoma."

Moreover, Local Rule 83.3 does not appear to apply even in District Court. LGnR1-2 entitled **Admissions** no longer contains a requirement that the attorney seeking admission pro hac vice associate with local counsel.

d.  A creditor's due process rights were compromised—Presumably Blanchard is referring to herself as the creditor whose due process rights have been violated. In fact, Blanchard, as well as all creditors of this estate, were provided full Notice of the proposed global settlement; the opportunity to object; and the opportunity for a hearing on the objection. With respect to the Trustee's objection to her claim, Blanchard was afforded the opportunity to conduct discovery relative to the Trustee's objection—and failed to do so. Blanchard has been afforded the opportunity of an evidentiary hearing and the opportunity to present evidence in support of her claim. The assertions of a denial of due process, as with the other assertions, are utterly false.

e.  Estate integrity was undermined—The only party undermining the integrity of these proceedings is Blanchard who has taken it upon herself to file pleadings that cite rules that do not exist and do not apply; falsely state that the U.S. Trustee's office abandoned its duties during the government shutdown; assert violations of due process when Blanchard was afforded every opportunity to object to the Global Order and failed to do so; and was provided ample time to conduct discovery relative to the Trustee's objection to her claim but failed to do so.

## II.  ARGUMENT

### 1.  Order Approving Global Settlement

### a.  The Motion For Rule 60(b) Relief Relative To The Global Order Was Not Made Within A Reasonable Time

A motion for relief under Rule 60(b) must be filed with a "reasonable time…" With respect to a determination of reasonable time, the court in *Saggiani v. Strong* 569 B.R. 807, 810 (D.C. Utah 2017) stated:

"…courts examine 'the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties'" (Citations Omitted).

With respect to the issue of *delay, Saggiani,* like the instant case, involved a Rule 60(b) motion for relief from an order approving a settlement. Both the Bankruptcy Court and the District Court concluded that the facts and circumstances and legal theory allegedly supporting the motion for relief were known by the moving party before the entry of the order approving settlement. In analyzing the facts of the instant case as they relate to the issue of delay, Notice of the proposed settlement and its terms and conditions were provided to all parties, including Blanchard, and Blanchard failed to file any objection prior to the date set for filing objections. Secondly, the order approving the settlement was entered on 10/28/2025. That order became a final and non-appealable order 15 days after the entry of the order. Thirdly, in the 60(b) motion, Blanchard largely complains about the merits of the claims of two of the settling parties—Taktik Enterprises Inc. ("Taktik") and Pictoria Strudios USA Inc. ("Pictoria"). The problem is Blanchard had full knowledge of all of the facts and circumstances related to the merits of their claims long before the motion to settle was even filed. Blanchard likewise complains about the conduct of counsel for Taktik and Pictoria, and raises issues relative to the order authorizing his pro hac vice admission to this Court. As

noted above, Blanchard's complaints about the pro hac vice admission of Brand have no factual or legal basis. Equally important, however, is the fact that Blanchard could have raised these complaints in a timely objection to the proposed settlement.

With respect to the *"interests of finality"* and "*prejudice to other parties,*" it would be a profound understatement to assert that all of the creditors in this case have an interest in finality. Bankruptcy proceedings in general have a heightened interest in finality and the timely distribution to creditors. It is likewise an understatement that all creditors—but most importantly the parties to the settlement—will be prejudiced by the delay that would follow undoing the settlement. As previously noted, there are 10 separate parties involved in the settlement. Absent the agreement, this Court and all of these parties would be required to litigate the subject disputed matters at substantial cost –and any distribution to creditors would be delayed for at least a year. Blanchard asserts in her motion that she only seeks to void the order to the extent the underlying settlement provides for allowed claims for Taktik and Pictoria. The Trustee is unaware of any authority that would allow 60(b) to be used to nullify only a portion of a global settlement. More importantly, and as is clear from the stated terms and conditions of the settlement, the various withdrawals of objections and the proposed allowed claims are inextricably intertwined. If the claims of Taktik and Pictoria are disallowed, the whole agreement fails.

To the extent the motion seeks Rule 60(b) relief from the order approving the global settlement, in whole or in part, it should be denied given Blanchard's prior knowledge of all of the facts and circumstances she now asserts constitute a basis for Rule 60(b); her failure to object to the motion to settle; this estate's interest in finality and the overwhelming prejudice to other parties if the requested relief is granted.

**b. The Motion For Relief From The Order Approving Settlement Based On Rule 60(b)(3) Should Be Denied For Failure To Show Fraud, Misrepresentation Or Misconduct**

In the opening paragraph of Blanchard's motion it is clear that the relief prayed for is based on Rule 60(b)(3), (4) and (6). Relief under 60(b)(3) is based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." To begin with, relief under Rule 60(b) in general is extraordinary and may only be granted in exceptional circumstances. *See Lebahn v. Owens, 813 F.3d 1300, 1306* (10th Cir. 2016). With respect to relief based on Rule 60(b)(3), Blanchard is required to "show clear and convincing proof of fraud, misrepresentation, or misconduct." *See Zurich N. Am v. Matrix Serv. Inc.* 426 F.3d 1281, 1289, 1290 (10th Cir. 2005). Blanchard is additionally required to show "the challenged behavior …substantially …interfered with her ability to fully and fairly…prepare for and proceed to trial." Blanchard's motion fails to show by clear and convincing evidence that the order approving the settlement was the product of fraud. To begin with, Blanchard's attacks are primarily based on the alleged misconduct of counsel for Taktik and Pictoria and/or the merits of the claims filed by Taktik and Pictoria. The Trustee filed the motion to settle and there are no allegations—nor could there be—that the Trustee somehow defrauded the Court and creditors. In addition, a dozen other attorneys and their parties were involved directly or indirectly in the ultimate terms and conditions of the agreement—and there are no allegations that they perpetrated fraud on the Court. With respect to Blanchard's complaint about the merits of the claims of Taktik and Pictoria, those allegations do not support a claim for relief under 60(b)(3). The Trustee himself objected to the merits of their claims—that is of course what settlements are about. The Trustee objected to their claims, conducted written discovery, and negotiated a settlement that reduced their

total claims by approximately $300,000.  Blanchard was afforded the opportunity to object to the merits of their claim for any number of reasons but failed to do so.

As noted above, Blanchard additionally complains that Brand was not properly admitted to practice before this Court. As already discussed, this argument has no legal or factual basis.

Finally, Blanchard has failed to show that somehow the alleged fraud prevented her from raising and litigating any complaint she had relative to the proposed settlement. Nothing prevented her from objecting to the proposed settlement on a timely basis and presenting any argument or legal theory that might have supported her objection. The motion for relief based on Rule 60(b)(3) must be denied.

### c.  The Motion For Relief From The Order Approving Settlement Based On Rule 60(b)(4) Must Be Denied

Pursuant to Rule 60(b)(4) a court may grant relief from an order that is "void." A judgment is void for Rule 60(b)(4) purposes if the rendering court lacked the power to enter it. *See Gscchwind v. Cessna Aircraft Co.* 232 F.3d 1342, 1346 (10th Cir. 2000). This occurs only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law.  *See United States v. Buck* 281 F. 3d 1336, 1344 (10th Cir. 2002). Blanchard's motion does not assert that this Court did not have jurisdiction to enter an order approving settlement of claims against the estate—nor would any such allegation have any legal basis. Resolution of claims against a bankruptcy estate are, in fact, core matter pursuant to 28 U.S.C. § 157. It likewise cannot be said that the entry of the order violated anyone's due process rights. The order was entered after Notice and Opportunity pursuant to Fed. R Bankr. P 2002 and 9019 to all necessary and interested

parties, including Blanchard, without objection from any party. Blanchard was afforded

every opportunity to be heard on the proposed settlement and chose not to object within the

time specified in the motion. The motion based on Rule 60(b)(4) must be denied.

### d. The Motion For Relief From The Order Approving Settlement Based on Rule 60(b)(6) Must Be Denied

Blanchard's motion additionally seeks relief from the order approving settlement

based on Rule 60(b)(6). A court may grant relief under 60(b)(6) for "any other reason that

justifies relief." This section has been described as a "grand reservoir of equitable power to

do justice in a particular case." *See Pierce v. Cook & Co. Inc.* 518 F.2d 720, 722 (10th Cir.

1975). Relief under this section is appropriate when circumstances are so "unusual or

compelling" that extraordinary relief is warranted or when it offends justice" to deny such

relief. *See Cashner v. Freedom Stores Inc.* 98 F.3d 772, 580 (10th Cir. 1996).  It is almost

impossible to discern from Blanchard's motion which particular facts she contends justify

relief under this section. At the bottom of page 13 of the motion Blanchard re-states her

reliance on 60(b)(3), (4) and (6). However, she misstates the language applicable to these

sections. Rule 60(b)(3) as stated above addresses "fraud or misrepresentation." There is no

language in section 3 that addresses merely "misconduct" or "procedural irregularity." Rule

60(b)(4) addresses primarily jurisdictional issues or due process but has nothing to do with

alleged "oversight." Blanchard concludes on page 14 with the assertions that:

"Courts grant relief when:

--statutory oversight was absent,

--orders relied on unauthorized filings,

--attorney participation was improper,

-- a creditor's due-process rights were compromised, or

--estate integrity was undermined."

To a large extent, these assertions have been addressed above. Aside from the fact the

motion for relief based on Rule 60(b) was untimely, the Trustee certainly had authority to file

the motion to settle; over a dozen attorneys participated in the settlement and had authority to

do so; and Blanchard was afforded due process to object to the motion and request a hearing.

However, the alleged absence of oversight does not appear to have anything to do with

60(b)(3) or (4).  If it somehow relates to 60(b)(6), the Trustee is unaware of any authority

that would support setting aside a bankruptcy court order approving a settlement based on a

furlough of U.S. Trustee's employees—and Blanchard cites no such authority. Moreover, the

furlough did not result in even a temporary cessation of U.S. Trustee duties. The Trustee

conferred with the U.S. Trustee's office on several occasions regarding the administration of

this estate during the shutdown, including the terms of the proposed settlement. This Court

can likely take judicial notice of the fact that throughout the government shutdown the U.S.

Trustee's office continued to fulfill its duties and responsibilities. Blanchard's allegations to

the contrary are simply false.

## 2.  Trustee's Objection To Blanchard Claim

On page 14 of the Motion section IV entitled *Orders for Which Relief is Requested*

Blanchard provides:

**"A. Claim Objection/Recharacterization Proceeding**
Movant seeks relief under Fed. R. Bankr. P. 9024 from the ongoing claim-objection process
because the administration of Movant's claim has been materially affected by the same
procedural defects described herein, including (1) unauthorized filings by Attorney Craig
Brand submitted in violation of Local Rule 83.3, (2) misrepresentations and falsehoods
contained in such filings, (3) the absence of US Trustee oversight during critical phases of

administration, and (4) prejudice arising from the unequal and irregular treatment Movant has received as a creditor."

To begin with, the Trustee is unaware of any authority that would support suspension of the claims objection process based on these allegations. Assuming arguendo 60(b) might he interpreted to apply the allegations do not support the relief requested.

a.  As related to the Trustee's objection to Blanchard's claim, Brand is not involved in the Trustee's objection; the Trustee's objection is not based on Brand's allegations; Brand's objection is being treated separately.

b.  As already established there is no District Court Rule 83.3; District Court Rules no longer require association with local counsel; District Court rules do not apply in Bankruptcy proceedings; the applicable local bankruptcy rules do not require such association; Brand was properly admitted to practice in this Court and was, thereafter authorized the file pleadings in this case.

c.   The US Trustee's office did not abandon its responsibilities during the shutdown and those responsibilities have little to do with the Trustee's objection to Blanchard's claim.

d.  Blanchard has been treated in the same manner as all creditors and, more importantly, has not alleged sufficient facts to the contrary. In the context of the Trustee's objection to her claim, she was afforded the opportunity to conduct discovery including seeking the identity of possible witnesses and failed to do so. In connection with the Global Order, she was afforded the opportunity to object to the proposed settlement and failed to do so.

Continuing on page 15, Blanchard asserts additional facts to support her request to suspend the Trustee's objection to her claim proceeding:

"The Court expressly instructed Movant during the September 2, 2025 status conference that she could 'rest on the docket' with respect to her claim. Movant relied on that instruction, completed written discovery by the November 7, 2025 deadline, and prepared for adjudication on the written record.

"Despite this, during the December 3, 2025 status hearing, the Trustee requested a late-stage evidentiary hearing and indicated he 'may have another witness.' This request was made after the close of discovery and after the Trustee represented that all other claims in the estate had been resolved. The expansion of the evidentiary record at this stage constitutes a further procedural irregularity and material prejudices Movant."

Blanchard is, of course, entitled to "rest on the docket." However, her decision in that regard does not bar the Trustee from having an evidentiary hearing on his objection to her claim—and nothing this Court ever said could be construed otherwise.  The Trustee did not request a "late stage evidentiary hearing." The setting of an evidentiary hearing at the status conference was totally consistent with the intent of the hearing—discovery had been completed and a hearing needed to be scheduled.   Secondly, it should be clarified that Blanchard did not conduct any discovery relative to the pending objection and did not request a list of witnesses. The Trustee fully intends to comply with applicable local rules for providing a witness and exhibit list prior to the evidentiary hearing. However, the "close of discovery" does not bar the Trustee from calling witnesses. There is nothing "procedurally irregular" about setting the objection for hearing or allowing the Trustee to call witnesses—including Blanchard—to testify regarding the issues framed by the pleadings.

On page 21 Blanchard specifically requests the relief she seeks:

"Movant further respectfully requests that no evidentiary hearing be held on Movant's claim—including the hearing currently set for January 12, 2025—because…"

Blanchard then reasserts most of the previous allegations, most importantly that there should be no evidentiary hearing and the Trustee should be prevented from calling witnesses on the basis that discovery had closed and no witnesses had been disclosed. The closing of discovery does not bar or prevent an evidentiary hearing; no deadline for identifying witnesses was ever set; Blanchard failed to conduct any discovery or seek the names of witnesses; the procedure involved in this objection is not irregular and is wholly consistent with all claims litigation. Blanchard's Motion to "suspend" the Trustee's objection to her claim should be denied.

**3. Status Conference And Oklahoma Tax Commission (OTC) Matters**

Blanchard includes in her Motion a complaint relative to the Trustee's failure to advise the Court at the status conference of an alleged conflict she had with the date and time of that conference. Blanchard likewise complains about a dispute she has with the OTC relative to claims asserted against her that relate to claims also asserted against one of the consolidated entities. It is the Trustee's position that neither of these matters has anything to do with the relief Blanchard now seeks and neither supports the relief requested. However, the Trustee will address both briefly. With respect to the status conference:

a. The Trustee did not interpret anything Blanchard advised him of as stating an absolute inability to appear on the status conference call or an intent not to appear at the status conference.

b. The Trustee does not represent Blanchard and owes no duty to Blanchard as a litigant—and is, in fact, prohibited from giving her advice.

c. Blanchard clearly knows how to file pleadings and should have requested a continuance if in fact a continuance was needed.

**d.** Blanchard was indeed on the call and inextricably refused to announce her presence.

With respect to the OTC, again the Trustee has no duty to Blanchard relative to her disputes with the OTC. The OTC filed a claim in these proceedings on the 28th day of August 2025 for the total sum of $10,590.53. At the time, the Trustee was engaged in 10 disputed matters including objecting to claims totaling in excess of $3 million. The Trustee chose to prioritize those matters and his efforts in that regard resulted in the Global Order which resolved all of those matters and resulted in the reduction of claims by approximately $1 million. Moreover, the Trustee has spent considerable time and effort conferring with the OTC relative to the basis and support for the claim; the sums due; and the rights of third party subrogee. The Trustee has no filed a motion on Notice and Opportunity to pay both the OTC and the subrogee.

## 4.  Fed. R. Bankr. 9011 Applies To Blanchard

Fed. R. Civ. P. 11 applied to bankruptcy by Fed. R. Bankr. P. 9011 applies to both attorneys and pro se litigants. Pro se litigants can be subject to Rule 11 sanctions. *See Ferris v. Amazon. Com Servs. LLC 778 F. Supp.3d 879* (N.D. Miss 2025). A court can "issue a show cause order specifically describing the conduct implicating the rule, followed by a reasonable opportunity for the party so advised to demonstrate how he has not violated the rule." *Hutchinson v. Pfeil* 208 F.3d 1180, 1184 (10th Cir. 2000).  Courts can consider a litigant's pro se status when determining whether to impose rule 11 sanctions but an objective reasonableness standard "applies whether the person against whom sanctions are sought is an attorney, a pro se litigant, or both." *See McCormick v. City of Lawrence*, 218 F.R.D. 687, 690 (D. Kan 2003) (citing *Wesley v. Don Stein Buick Inc.* 184 F.R.D. 376, 378

(D. Kan. 1998).  Blanchard filed the Motion seeking relief from the Global Order despite the

fact that:

a.   the order is a final and non-appealable;

b.   Blanchard was provided notice of the motion to settle and failed to object within the

time prescribed;

c.   all of the grounds now asserted for Rule 60(b) relief were well known to Blanchard at

the time the motion to settle was filed;

d.   the relief requested will cause the estate to incur extensive administrative costs and

delay;

e.   responding to the Motion alone is causing the estate to incur additional and

unnecessary administrative costs.

In support of the Motion Blanchard:

a.   cites local District Court rules that do not apply and ignores local Bankruptcy Rules

that do not support her claims;

b.   falsely asserts that the U.S. Trustee's office ceased to function during the government

shutdown;

c.   falsely asserts that her due process rights have been violated;

d.   falsely asserts there have been procedural irregularities;

e.   falsely asserts that pleadings were filed herein with no authority;

f.   falsely implies that the Trustee and all attorneys who participated in the Global

Settlement perpetrated defrauded this Court.

With respect to Blanchard's motion to suspend the claims objection process she relies on many

of the same unfounded allegations. By any reasonably objective standard Blanchard has violated

the letter and intent of Fed. R. Bankr. P. 9011. As a result the Trustee requests that the Court consider whatever action the Court deems appropriate under the circumstances.

## III. CONCLUSION

Blanchard's Motion for 60(b) relief with respect to both the Global Order and the claims objection process should be denied for the reasons stated herein. The Trustee would additionally request that the Court consider any additional actions based on Blanchard's blatant failure to comply with Fed. R. Bankr. P. 9011.

Respectfully Submitted by:

/s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:     918-699-0345
Fax:                918-699-0325
*ATTORNEYS FOR TRUSTEE*