IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

In re:
**Green Copper Holdings, LLC;**
**Copper Tree, Inc.; and**
**Inn at Price Tower, Inc.**
**Substantively Consolidated Debtors.**   Case No. 25-10088.   Chapter 7

## CLAIMANT'S MOTION TO STRIKE TRUSTEE'S LATE-FILED WITNESS LIST AND UNDISCLOSED EXHIBIT, AND OBJECTION TO EXPANSION OF THE RECORD

Cynthia Diane Blanchard ("Claimant"), appearing pro se, hereby moves the Court to strike the Trustee's late-filed Witness List and attempted introduction of an undisclosed exhibit filed and/or transmitted on January 9, 2026, and in support states as follows:

## I. INTRODUCTION

This matter is set for hearing on January 12, 2026 on the Trustee's objection to Claimant's proof of claim. Discovery has closed, briefing has been completed, and the matter is noticed for hearing on the existing record.

On January 9, 2026, one business day before the hearing, the Trustee filed and/or transmitted (i) a Witness List identifying witnesses not previously disclosed and (ii) an 'additional exhibit' that was not included in the Trustee's filed exhibit list and was not produced during discovery.

This late disclosure violates basic principles of notice, fairness, and due process, particularly where Claimant is proceeding pro se.

## II. FACTUAL BACKGROUND

The Trustee filed his objection to Claimant's proof of claim and supporting briefing in advance of the scheduled hearing.

Discovery has concluded, and no scheduling order or court directive authorizes the late supplementation of witnesses or exhibits on the eve of the hearing.

On January 9, 2026—only one business day before the scheduled hearing—the Trustee filed and/or transmitted a Witness List and an "additional exhibit" that had not been previously disclosed and were not produced during discovery.

The Trustee did not seek leave of Court to supplement his witness or exhibit disclosures and did not assert or demonstrate good cause for the late disclosure.

## III. ARGUMENT

**A. The Late-Filed Witness List and Exhibit Violate Fundamental Due Process**

A party may not introduce new witnesses or evidence on the eve of a hearing where the opposing party has had no meaningful opportunity to prepare, investigate, or respond. This is particularly true where the opposing party is **pro se** and where the late disclosure would effectively expand the scope of the noticed hearing.

Allowing the Trustee to proceed with undisclosed witnesses or exhibits would deprive Claimant of the ability to:

- Prepare cross-examination;

- Investigate or challenge the proffered evidence;

- Present rebuttal evidence; or

- Seek appropriate discovery.

### B. The Trustee Has Not Shown Good Cause for Late Disclosure

The Trustee has not moved for leave to supplement the record, nor has he articulated any justification for failing to disclose these witnesses or exhibits during discovery or in his filed exhibit list. Absent a showing of good cause, late-disclosed evidence should be excluded.

### C. The Trustee's Filing Improperly Expands the Scope of the Hearing

The January 12, 2026 hearing is on the Trustee's objection to Claimant's proof of claim—not a trial on newly introduced testimony or evidence. Permitting late-disclosed witnesses or exhibits would improperly transform a noticed claims hearing into a surprise evidentiary proceeding.

Such expansion would be fundamentally unfair and inconsistent with the orderly administration of claims objections.

## IV. RELIEF REQUESTED

WHEREFORE, Claimant respectfully requests that the Court:

1. Strike the Trustee's late-filed Witness List in its entirety;

2. Exclude any exhibits or evidence not timely disclosed or produced during discovery, including the Trustee's late-disclosed "additional exhibit";

3. Limit the January 12, 2026 hearing to the existing record and properly disclosed exhibits; and

4. Grant such other and further relief as the Court deems just and proper.

**Date:** January 9, 2026

Respectfully submitted,

*[signature]*

Cynthia Diane Blanchard, Pro Se Claimant
414 SE Washington Blvd., Suite 205
Bartlesville, OK 74006
Telephone: (310) 435-5707

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2026, a true and correct copy of the foregoing Claimant's Motion to Strike Trustee's Late-Filed Witness List and Undisclosed Exhibit, and Objection to Expansion of the Record was served by electronic filing via the Court's CM/ECF system, which provides notice to all counsel of record, including:

**Patrick J. Malloy III**
Attorney for Chapter 7 Trustee
Malloy Law Firm, P.C.
401 S. Boston Avenue, Suite 500
Tulsa, Oklahoma 74103

Respectfully submitted,

*/s/ Cynthia Diane Blanchard*

Cynthia Diane Blanchard, Pro Se Claimant
414 SE Washington Blvd., Suite 205
Bartlesville, OK 74006
Telephone: (310) 435-5707