IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **GREEN COPPER HOLDINGS, LLC** | ) | **CASE NO. 25-10088-T** |
| EIN # xx-xxx9708 | ) | **Chapter 7** |
| | ) | |
| **COPPER TREE, INC.** | ) | **Substantively Consolidated** |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| **THE INN AT PRICE TOWER INC.** | ) | |
| | ) | |
| **Debtors.** | ) | |

### TRUSTEE'S MOTION AND NOTICE TO PAY PRIORITY WAGE CLAIMS AND NOTICE OF OPPORTUNITY FOR HEARING

Comes now the Trustee and states:

1. The Court previously entered an order (Doc. No. 364) approving a proposed settlement of claims filed herein by Donna Keffer ("Keffer") based on the following terms:

    a. Keffer would have an allowed general unsecured claim of the sum of **$50,000**;

    b. $15,150 of this sum would constitute a priority wage claim pursuant to 11 U.S.C. § 507(a)(4).;

    c. subject to this Court's approval, the Trustee would **effect an interim distribution of the priority wage claim of $15,150.**

2. The Court additionally entered an order (Doc. No. 362) approving a proposed settlement of claims filed herein by Linda Jones ("Jones") based on the following terms and conditions:

    a. Jones would have an allowed general unsecured claim for the sum of **$45,000**;

    b. $1,161.29 of this sum would constitute a priority wage claim pursuant to 11 U.S.C. § 507(a)(4);

    c.   subject to this Court's approval, the Trustee would **effect an interim distribution of the priority wage claim of $1,161.29.**

3.   The Court additionally entered an order (Doc. No. 383) approving a proposed settlement of claims filed herein by Nola Renee Nichols ("Nichols") based on the following terms and conditions:

    a.   Nichols would have an allowed general unsecured claim for the sum of $110,000;

    b.   $15,150 of this sum would constitute a priority wage claim pursuant to 11 U.S.C. § 507(a)(4);

    c.   Subject to this Court's approval the Trustee **would effect an interim distribution of the priority wage claim of $15,150.**

4.   **Pursuant to these prior orders of the Court, the Trustee intends to seek an order of the Court effecting an interim distributions to Keffer of her allowed priority wage claim of $15,150; to Jones of her allowed priority wage claim of $1,161.29; and to Nichols of her allowed priority wage claim of $15,150.**

5.   Attached hereto as Exs A, B, and C are copies of the proposed payments subject to withholding taxes due and owing.

6.   The proposed payments are fair and equitable, have been authorized by prior orders of the Court, and given the present sums on deposit of $1,232,657.63, there are sufficient monies to pay the specified priority wage claims.

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the**

**effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 24 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 24-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

Respectfully Submitted by:

/s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:     918-699-0345
Fax:                918-699-0325
*ATTORNEYS FOR TRUSTEE*