UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>**GREEN COPPER HOLDINGS, LLC,**<br><br>Debtor,<br><br>**COPPER TREE, INC.**<br><br>Debtor,<br><br>**THE INN AT PRICE TOWER INC.**<br><br>Debtor. | Case No. 25-10088-T<br>Chapter 7<br><br>Substantively consolidated with<br>Case No. 25-10084-T |

Filed/Docketed
Jan 16, 2026

### ORDER SETTING EVIDENTIARY HEARING BY VIDEO CONFERENCE AND ESTABLISHING RELATED DEADLINES

THIS ORDER relates to 1) Renewed Motion for Protective Order filed by Cynthia Diane Blanchard ("Blanchard"), at Docket No. 284; Objection by Pictoria Studios USA Inc and Taktik Enterprises, Inc.; Reply by Blanchard; Request for Hearing filed by Pictoria Studios USA Inc and Taktik Enterprises, Inc.; 2) Motion for Protective Order filed by Blanchard, at Docket No. 338; Response by Pictoria Studios USA Inc and Taktik Enterprises, Inc.; Request for Hearing filed by Pictoria Studios USA Inc.; 3) Motion to Revoke Pro Hac Vice Admission of Craig Brand filed by Blanchard, at Docket No. 341; Response by Craig Brand; 4) Motion to Quash Unauthorized and Untimely Interrogatories Served by Attorney Craig Brand on Behalf of Taktik Enterprises, Inc filed by Blanchard at Docket No. 368; Response by Taktik Enterprises, Inc; 5) FED.R.BANKR.P.9024 Motion to Vacate Certain Orders Entered During Period of Procedural Irregularities, Lack of Required Oversight, and Unauthorized Filings Affecting Creditor Rights filed by Blanchard, at Docket No. 384; Response by Pictoria Studios, Taktik Enterprises and

Attorney Craig Brand; Objection by Trustee. The Court has determined that an evidentiary hearing is required. Being fully advised in the premises, the Court orders as follows:

IT IS HEREBY ORDERED that the evidentiary hearing previously scheduled for January 27, 2026, is hereby continued to **Tuesday, January 27, 2026, at 10:00 AM, Central Daylight Time**. The Court has allocated one-half day for the evidentiary hearing.

To expedite and facilitate the evidentiary hearing in this matter, the COURT FURTHER ORDERS as follows:

1. **SERVICE. The Court will give service of this Order through CM/ECF unless otherwise noted on the docket.** Additional notice need not be given to parties in interest who have received this notice electronically.

2. **VIDEO CONFERENCE.** The evidentiary hearing will take place by video conference using the services of Zoom Video Communications, Inc. ("Zoom"). Participants in the hearing will be connected with the courtroom using these technologies but will not be physically present in the courtroom. The Court will provide a password-protected link for the Zoom video conference to those approved persons who have submitted to the Court a notice of intent to participate in accordance with Paragraph 3 of this Order. All counsel and witnesses shall conduct a pre-hearing test of Zoom using the same equipment that they intend to use during the hearing. *See* Paragraph 8. Parties should refer to the Court's guidelines regarding Zoom Video Conferences, located at https://www.oknb.uscourts.gov/zoom-video-conferences.

3. **PRIOR NOTICE OF INTENT TO PARTICIPATE; LIMIT ON PARTICIPATION BY VIDEO; TELEPHONE PARTICIPATION. No later than Thursday, January 22, 2026**, any parties wishing to participate in the hearing shall provide to the courtroom deputy [Stephanie_Boatman@oknb.uscourts.gov] a complete list of all video conference participants, with the participants' email addresses and a telephone number, at which the

participant can be reached during the hearing in the event of an interruption in the audio or video feed. The parties are encouraged to limit video conference participation to those who are necessary to the presentation of this contested matter. If the number of persons wishing to participate in the video conference, in the Court's view, exceeds the number that would permit the efficient, stable, and reliable transmission of the evidentiary hearing by video conference, the Court may require that certain persons be permitted to participate in the evidentiary hearing only by telephone. The Court will provide to each person participating by telephone separate dial-in instructions, which may be used with any telephone equipment.

4. **PUBLIC ACCESS.** The evidentiary hearing scheduled by this Order is a public matter. The general public is invited to listen to the hearing by telephone. **No later than 12:00 PM, CDT, Friday, January 23. 2026**, any person wishing to listen to the hearing by telephone may contact Stephanie Boatman by electronic mail at Stephanie_Boatman@oknb.uscourts.gov to obtain dial-in instructions.

5. **ELECTRONIC SUBMISSION OF HEARING EXHIBITS AND WITNESS LISTS**. This Order supersedes Local Rule 9070-1. **No later than Thursday, January 22, 2026,** the parties **shall file with the Court** in the above captioned case: 1) a copy of each exhibit the parties may use at the hearing for any purposes, including for rebuttal or impeachment; and 2) a list of witnesses intended to be called at the hearing, including whether they will be designated as experts. Each parties' exhibits shall be named sequentially as follows, beginning with the number 1: e.g., PARTY_NAME_Ex_1, PARTY_NAME_Ex_2, PARTY_NAME_Ex_3, etc. The exhibit number should be visible at the bottom of each page of the exhibit. When an exhibit is comprised of multiple pages, each page shall be separately marked: e.g., PARTY_NAME_Ex_1-1, PARTY_NAME_Ex_1-2, etc. **Each party and witness participating in the hearing shall take the steps necessary to ensure that all electronic documents have been printed or are**

3

**otherwise readily available during the hearing.** The exhibits so filed shall constitute the official exhibits in this matter.

    6.    **WITNESS TESTIMONY.** Any witness called to testify at the hearing shall testify by contemporaneous transmission from a different location into the courtroom.

    a. All witnesses shall be placed under oath and their testimony shall have the same effect and be binding upon the witness in the same manner as if such witness was sworn and testified in open court.

    b. Each witness shall provide their testimony from a quiet room and must situate themselves in such a manner as to be able to both view the video feed and be seen by the Court.

    c. **While the witness is sworn and testifying:** (i) no person may be present in the room from which the witness is testifying; (ii) the witness may not have in the room any documents except the exhibits submitted by the parties pursuant to Paragraph 5 above [and any declaration submitted in lieu of direct testimony]; and (iii) the witness may not communicate with any other person regarding the subject of their testimony, by electronic means or otherwise. If the witness or their counsel seek to communicate with one another, either shall openly request a recess for such purpose. If such request is granted by the Court, the witness and their counsel may privately confer "offline," i.e., by telephonic means that are not transmitted to the other parties.

    d. It is counsel's and/or the parties' responsibility to ensure their witnesses possess complete copies of all marked exhibits for the Zoom video conference. **Exhibits will not be displayed during the hearing by the Court.**

  e. If a witness has documents, other than exhibits, in their possession and control during their testimony, counsel sponsoring the witness must provide a list of such documents to the Court and opposing counsel at the start of the hearing.

  f. If any party wishes to sequester a witness for any reason, they must inform the courtroom deputy at the technical pre-hearing conference (*See* Paragraph 8).

7. **COURTROOM FORMALITIES.** Although conducted using telephonic and videoconferencing technologies, the hearing constitutes a court proceeding. **No person shall record—from any location or by any means—the audio or video of the hearing.** The audio recording created and maintained by the Court shall constitute the official record of the hearing. Further, the formalities of a courtroom shall be observed. Counsel and witnesses shall dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court and its proceedings.

8. **TECHNICAL PRE-HEARING CONFERENCE.** **On Monday, January 26, 2026, at 1:30 PM, CDT**, the Court will separately hold a technical pre-hearing conference, for the purpose of testing both the telephonic and video conference technologies. **All parties and witnesses must participate in the technical pre-hearing conference.** All participants are admonished not to discuss the substance of the hearing at the technical pre-hearing conference, but instead limit their comments to the functionality of the technology and any procedural matters that relate to the technology. The Court will email each participant an invitation to the pre-hearing conference containing a link to the Zoomgov.com meeting. The email will contain a link for the video conference as well as a meeting number, meeting passcode, and security code. Parties are admonished not to share this information with non-participants to the conference. **The Court**

**strongly encourages all participants to read the Court's guidelines for Zoom video conferences on its website in advance of the hearing.** *See* Paragraph 2.

9. **CONTINUANCES.** The above-referenced hearing may be continued from time to time without further notice other than an announcement of the continued date at the originally scheduled time. Requests for continuance must comply with Bankr. N.D. Okla. Local Rule 9006-1(B).

DATED this 16th day of January, 2026.

BY THE COURT:

_____
PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY