UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Mar 02, 2026

IN RE:

GREEN COPPER HOLDINGS, LLC,

    Debtor,

COPPER TREE, INC.,

    Debtor,

THE INN AT PRICE TOWER INC.,

    Debtor.

Case No. 25-10088-T
Chapter 7

Substantively consolidated with
Case No. 25-10084-T

### ORDER TO SHOW CAUSE WHY DOCUMENTS SHOULD NOT BE STRICKEN FOR LACK OF STANDING

THIS MATTER comes before the Court pursuant to the 1) Objection to Payment to Barnes and Barnes Request for Evidentiary Hearing to Take Sworn Testimony under 30b(6) and Other Applicable Rules,[1] filed on February 20, 2026, by Michael Eric Nelson ("Nelson"); 2) Expanded, Supplemental, And Extraordinarily Dramatic Notice,[2] filed on February 20, 2026, by Nelson; 3) Notice of Exercise of First Amendment Rights - Right to Petition for Redress of Grievances,[3] filed on February 20, 2026, by Nelson (collectively, the "Nelson Filings"). For the reasons explained below, Nelson is ORDERED TO SHOW CAUSE why the United States Bankruptcy Court for the Northern District of Oklahoma should not strike the Nelson Filings for lack of standing. Nelson must file a written response to this Order to Show Cause, not to exceed five pages, by March 23, 2026.

---

[1] ECF No. 426.
[2] ECF No. 427.
[3] ECF No. 428.

## 1. Background

Proceeding without an attorney, Nelson appears to be lodging an objection to a fee application filed on behalf of a professional that has provided accounting services to the estate on behalf of the Trustee.[4] The Nelson Filings are rife with allegations of misconduct against numerous parties associated with this case. Beyond that broad outline, it is unclear what type of relief Nelson seeks.

## 2. Legal Standards

Federal courts, including bankruptcy courts, are courts of limited jurisdiction.[5] The judicial power of the United States must be exercised within the confines of "Cases" or "Controversies."[6] The Article III case-or-controversy limitation that constrains the jurisdiction of both district courts and bankruptcy courts limits the courts to adjudicating disputes between or among parties that have Article III standing.[7] In order to establish standing, a party must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[8] "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[9] An injury is "particularized" if it affects the plaintiff in a personal and individual way.[10] An injury is "concrete"

---

[4] ECF No. 426.
[5] *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), as revised (May 24, 2016).
[6] U.S. Constitution, Art. III § 2.
[7] *In re Pettine*, 655 B.R. 196, 210 (10th Cir. BAP 2023).
[8] *Spokeo*, 578 U.S. at 338 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).
[9] *Id*. at 339 (citing *Lujan*, 504 U.S. at 560).
[10] *Id.*

if it is real rather than abstract, although for the injury to be concrete it need not be tangible.[11] The party seeking to invoke federal jurisdiction bears the burden of establishing these elements.[12]

3. **Discussion**

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[13] The Court, however, cannot be a pro se litigant's advocate.[14] In the absence of constitutional standing, the Court does not have jurisdiction to reach the merits of any relief sought by Nelson. The Court can find no indication that Nelson is a creditor or other interest holder with any relationship to this case. For example, Nelson's name does not appear in the Debtor's Schedules or statements; nor does he appear to be a claimant in this case.

4. **Conclusion**

Because Nelson's standing is not apparent based on the record in this case, he will be given an opportunity to respond to this Order to Show Cause and allege facts that demonstrate he has standing to raise the matters set out in the Nelson Filings and to participate in this case. Nelson must file a written response to this Order to Show Cause by March 23, 2026. If no response is timely filed, or if the declaration does not show sufficient reason why Nelson has standing to participate in this case, the Court may strike the Nelson Filings or set the matters for further hearing.

IT IS THEREFORE ORDERED that **on or before March 23, 2026,** Michael Eric Nelson shall file a written response to this Order to Show Cause, not to exceed five pages, addressing his

---

[11] *Id.* at 340.
[12] *Id.* at 338.
[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[14] *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

standing to appear and be heard before this Court and why the Nelson Filings should not be stricken for lack of standing.

Dated this 2nd day of March, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY

8025.6