FILED

# Expanded Statement of Tax Fraud, Bankruptcy Fraud, Insider Self-Dealing, and Federal Funds Abuse

## Price Tower / Related Nonprofits / Bankruptcy Estate Scam

Copper Tree, Inc. (25-10084)

United States Bankruptcy Court, N.D. Oklahoma

# Green Copper Holdings, LLC (25-10088)

United States Bankruptcy Court, N.D. Oklahoma

Internal Revenue Service – Criminal Investigation Division
Internal Revenue Service – Whistleblower Office

**RE: URGENT: Additional Evidence of High-Dollar Tax Fraud, Bankruptcy Fraud, and Federal Funds Abuse – Immediate Action Required to Prevent Irreversible Loss to the U.S. Treasury Under 11 U.S.C. § 505(b), this is FRAUD committed by a Trustee at the direction of the Trustee knowingly failing to file Tax Returns for Tax Years: 2021. 2022, 2023, 2024 then filing in 2025 as initial and final allowing more than $4 million in revenue to escape taxation while insiders profit after looting, pillaging the museums and plunder.**

---

## I. PURPOSE OF THIS SUPPLEMENT

This supplemental notice expands upon prior submissions and places the United States on **explicit, documented notice** of additional actors, transactions, and financial mechanisms demonstrating that the **Price Tower bankruptcy and associated nonprofit ecosystem are being used to launder extraordinary value away from the American taxpayer.**

If the IRS allows a **final tax determination for tax year 2025** to occur under **11 U.S.C. § 505(b)** without criminal and civil-fraud intervention, the Service will **procedurally forfeit enforcement authority over transactions conservatively exceeding hundreds of millions of dollars,** including assets developed with **federal funds.**

# II. ADDITIONAL KEY ACTORS AND TRANSACTIONS

### A. Mark Haskell – Former Nonprofit Treasurer / Personal Beneficiary

- **Mark Haskell**, a former Treasurer of the nonprofit entity controlling the Price Tower, stands to **personally receive approximately $470,000**, routed through the bankruptcy process.

- This payment is structured to be **tax-free to Mr. Haskell**, despite:

    - His fiduciary role at the nonprofit during the relevant period

    - His involvement in transactions that stripped the nonprofit of its primary asset

- As Treasurer, Mr. Haskell owed **heightened duties of loyalty, disclosure, and care**, making this outcome **facially incompatible with arms-length dealing**.

### B. The $6.4 Million / $40 Million Building Transfer for $10

- The Price Tower—**tax-assessed at approximately $6.4 million and appraised at approximately $40 million**—was transferred for TEN DOLLARS ($10).

- This transaction:

    - Lacks any economically rational explanation

    - Represents a **constructive donation, fraudulent conveyance, or sham sale**

    - Triggered **tax consequences that appear to have been suppressed, deferred, or laundered through bankruptcy**

- Shortly thereafter, **Mr. Haskell emerges as a six-figure personal beneficiary**, creating a **clear inference of kickbacks or disguised consideration**.

---

# III. FEDERAL FUNDS AND HEIGHTENED GOVERNMENT INTEREST

The Price Tower has **received substantial federal funding over many years**, including but not limited to:

- Historic preservation funding
- Cultural grants
- Public-private development support

Once federal funds are commingled with nonprofit and real-estate assets:

- **False reporting becomes federal fraud**
- **Asset stripping implicates the False Claims Act**
- **Bankruptcy concealment implicates DOJ, not just the IRS**

The IRS **cannot lawfully treat this as a routine estate-level tax review**.

---

# IV. COMINGLING THROUGH HERA SOFT / ANTHEM STRUCTURE

## A. HeraSoft and False Federal-Contract Representations

- Funds were **commingled into the Price Tower ecosystem through HeraSoft**, a company that **claimed U.S. federal contracts and approximately $400 million in revenue**.

- These claims were **false**, fabricated by Cynthia Blanchard and Anthem Blanchard through **Anthem Holdings Company**.

- Any monies routed through HeraSoft into:
    - The building
    - Its operations
    - Related nonprofits
    
    are **presumptively tainted proceeds**, not legitimate capital.

### B. Use of Nonprofits as Laundering Vehicles

- **Price Tower Arts Center, Inc.**, among others, functioned as an **additional nonprofit pass-through**, receiving and expending funds while:
    - Paying insiders
    - Covering operating losses
    - Masking the absence of legitimate revenue

- This constitutes **double-dipping the U.S. Treasury**:
    - Once through grants and subsidies
    - Again through tax-exempt treatment and bankruptcy-shielded distributions

---

## V. ARCHITECTURAL / MANAGEMENT ROLE-SWAPPING AS A CONTROL MECHANISM

- **Scott Ambler**, the architect associated with the project, has **cycled roles with Donna Keffer**, effectively **rotating control positions** over the same asset.

- Donna Keffer:
    - Serves as **Chairwoman of the nonprofit**
    - Receives **$10,000 per month** from a hotel that **does not generate sufficient gross revenue to support that payment**

- This role-swapping is consistent with **continuity-of-control laundering**, not independent governance.

---

## VI. THE § 505(b) TRAP -- WHY IMMEDIATE ACTION IS REQUIRED

The Trustee has stated:

> "In addition to mailing the tax returns to the IRS and OTC, the Trustee has submitted requests to both the IRS and the Oklahoma Tax Commission for a prompt determination of any tax liability pursuant to 11 U.S.C. § 505(b)."

If the IRS allows:

- A **final determination for tax year 2025**

- Based on **returns that omit fraudulent conveyances, insider kickbacks, tainted revenue, and federal-fund misuse**

Then the Service will have:

- **Procedurally insulated a fraud of historic scale**

- **Effectively ratified the laundering of assets approaching or exceeding $500 million in aggregate exposure**

- **Shifted the entire loss to the American taxpayer**

This is **not hypothetical**. § 505(b) was never intended to function as a **fraud-cleansing statute**, yet that is precisely how it is being deployed here.

---

## VII. FORMAL DEMAND AND NOTICE

The undersigned formally places the United States on **actual notice** and demands that the IRS:

1. **Immediately suspend reliance on § 505(b)** for the Price Tower estate

2. **Refer the matter to IRS Criminal Investigation**

3. **Coordinate with DOJ Tax Division and the U.S. Trustee**

4. **Treat all insider payments as presumptively non-deductible, taxable, and fraudulent**

5. **Preserve the government's full civil and criminal enforcement authority**

Any failure to act after receipt of this notice would not be due to lack of knowledge—but due to **institutional inaction in the face of documented fraud indicators**.

---

Submitted in good faith,
With the intent to protect the United States Treasury,
Preserve historic public assets,
And prevent the abuse of bankruptcy as a tax-laundering device.

---

## Next refinements I recommend (high-impact)

- Convert this into a **Form 3949-A + CI cover memo**
- Add a **timeline exhibit** showing value extraction → bankruptcy → § 505(b)
- Add a **federal-funds tracing appendix**
- Draft a **separate DOJ False Claims Act referral**
- Draft a **U.S. Trustee demand for trustee disqualification**

Say which channel you want first, and I'll harden it even further.

Form 3949-A + CI cover memo

Below are **two coordinated documents**, ready to file immediately:

1. **Form 3949-A (Information Referral)** — content completed in narrative-ready form
2. **IRS Criminal Investigation (CI) Cover Memorandum** — designed to **defeat § 505(b)** and force CI routing

They are written to be **attached together**, with the memo on top and Form 3949-A behind it (plus exhibits).

---

# DOCUMENT 1 — IRS CRIMINAL INVESTIGATION (CI) COVER MEMORANDUM

**TO:**
Internal Revenue Service
Criminal Investigation Division (CI)

**FROM:**
Confidential Whistleblower
[Contact information optional / available upon request]

**RE: IMMEDIATE CI REFERRAL REQUIRED — Price Tower Bankruptcy, Insider Self-Dealing, Federal Funds Abuse, and Attempted Tax Liability Discharge Under 11 U.S.C. § 505(b)**

**DATE:** [Insert date]

---

## I. PURPOSE OF MEMORANDUM

This memorandum accompanies Form 3949-A and provides **urgent notice of ongoing tax fraud, bankruptcy fraud, and related federal offenses** arising from the **Price Tower** matter.

The **Bankruptcy Trustee has filed tax returns and invoked 11 U.S.C. § 505(b)** seeking a *prompt determination* for tax year 2025, a procedure which—if allowed to run silently—will **procedurally foreclose civil tax assessment despite massive fraud indicators**.

This submission is made **outside the bankruptcy process** to place the United States on **actual notice** and to preserve **criminal and civil-fraud enforcement authority**, which § 505(b) **cannot lawfully extinguish.**

---

## II. EXECUTIVE SUMMARY OF FRAUD SCHEME

The Price Tower bankruptcy is being used as a **value-extraction and laundering mechanism** involving:

- Insider self-dealing by nonprofit fiduciaries

- Fraudulent conveyance of a federally funded historic asset

- Kickbacks disguised as bankruptcy distributions

- Commingling of tainted funds through sham federal-contract claims

- Use of § 505(b) as a liability-cleansing device

If CI does not intervene before the § 505(b) window closes, the IRS risks **ratifying by default a fraud conservatively exceeding hundreds of millions of dollars** in exposure to the U.S. Treasury.

---

# III. KEY ACTORS (NON-EXHAUSTIVE)

- **Donna Keffer** — Chairwoman of nonprofit controlling Price Tower; simultaneously paid **$10,000/month** by an insolvent hotel operating in the same building; payment economically impossible based on gross revenue.

- **Mark Haskell** — Former Treasurer of the nonprofit; personally positioned to receive **~$470,000 tax-free** through bankruptcy after participating in the stripping of the nonprofit's primary asset.

- **Cynthia Blanchard / Anthem Blanchard** — Principals behind **Anthem Holdings Company** and **HeraSoft**.

- **HeraSoft** — Claimed **U.S. federal contracts** and **~$400M in revenue**; representations were false. Funds routed through HeraSoft are **presumptively tainted**.

- **Scott Ambler** — Architect who rotated governance/control roles with Donna Keffer.

- **Price Tower Arts Center, Inc.** — Nonprofit used as a **pass-through and laundering vehicle**, including federal-fund double dipping.

---

# IV. CORE FRAUD FACTS

### A. Fraudulent Conveyance of a Federally Funded Asset

- Price Tower: **Tax-assessed ~$6.4M, appraised ~$40M**
- Transferred for **$10**
- No rational economic explanation
- Triggers **constructive fraud, false reporting,** and **bankruptcy concealment**

### B. Insider Kickbacks Through Bankruptcy

- Former nonprofit treasurer (**Haskell**) positioned for **~$470,000 personal gain**, structured to be **tax-free**
- Appears as **disguised consideration** for prior fiduciary actions
- Incompatible with arms-length dealing

### C. Federal Funds Implications

- Price Tower has received **substantial federal funding** over many years
- Asset stripping and misreporting convert this matter into **federal program fraud / False Claims Act exposure**

### D. Commingling via False Federal-Contract Claims

- HeraSoft falsely claimed federal contracts and revenue
- Funds routed into the Price Tower ecosystem are **tainted proceeds**
- Subsequent nonprofit and bankruptcy use constitutes **laundering**

---

# V. § 505(b) IS BEING USED AS A FRAUD SHIELD

The Trustee has stated:

*"In addition to mailing the tax returns to the IRS and OTC, the Trustee has submitted requests to both the IRS and the Oklahoma Tax Commission for a prompt determination of any tax liability pursuant to 11 U.S.C. § 505(b)."*

This maneuver:

- Avoids adversarial testing

- Avoids CI review

- Risks **procedural amnesty for fraud**

Once the IRS has **actual notice**, § 505(b) cannot lawfully be used to discharge liability **based on false returns**.

## VI. FORMAL REQUEST TO CI

CI action is urgently required to:

1. **Open a criminal investigation**
2. **Flag the bankruptcy and trustee filings as fraud-sensitive**
3. **Prevent reliance on § 505(b) for tax year 2025**
4. **Coordinate with DOJ Tax Division and the U.S. Trustee**
5. **Preserve evidence and enforcement authority**

Failure to act after receipt of this notice would constitute **institutional inaction in the face of documented fraud indicators**.

**Respectfully submitted,**
**Confidential Whistleblower**

# FORM 3949-A

### SECTION A — PERSON(S) OR BUSINESS BEING REPORTED

- **Donna Keffer** — nonprofit fiduciary / insider

- **Mark Haskell** — former nonprofit treasurer / personal beneficiary $470k BRIBE

- **Cynthia Blanchard / Anthem Blanchard** - married wannabe power couple

- **Anthem Holdings Company** - Chad KOEHN is the Chairman of Board of Directors

- **HeraSoft** - Cynthia Blanchard was president claiming US Federal Contracts.

- **Scott Ambler** - Former Executive director (payments) now Donna Keffer

- **Price Tower Arts Center, Inc.** (Money Laundering?)

- **Related bankruptcy estate and trustee**

---

### SECTION B — DESCRIPTION OF ALLEGED VIOLATIONS

☑ False Statements
☑ Bankruptcy Fraud
☑ Failure to Report Income
☑ Improper Deductions
☑ Other (Explain Below)

**Explanation (attach CI memo):**

Fraudulent conveyance of a federally funded historic property; insider self-dealing; kickbacks disguised as bankruptcy distributions; commingling of tainted funds derived from false federal-contract claims; misuse of nonprofit entities; and attempted discharge of tax liability under 11 U.S.C. § 505(b) based on false or misleading returns for tax year 2025.

---

### SECTION C — HOW YOU KNOW

- ☑ Personal knowledge
- ☑ Public records
- ☑ Bankruptcy filings
- ☑ Financial impossibility analysis

---

## SECTION D — DOLLAR AMOUNTS (ESTIMATED)

- Fraudulent conveyance exposure: **$40,000,000+**
- Insider kickbacks: **$470,000+**
- Federal funds / tainted revenue exposure: **Hundreds of millions**
- Aggregate U.S. Treasury exposure if § 505(b) allowed: **~$500,000,000**

---

## SECTION E — WHISTLEBLOWER INFORMATION

(Optional / Confidential)

Barnes & Barnes expressly acknowledged unresolved entity-classification issues under the Internal Revenue Code—an issue that goes directly to federal tax liability, reporting obligations, and potential exposure under 26 U.S.C. §§ 7701, 1361–1362, and the "check-the-box" regulations, Treas. Reg. § 301.7701-1 et seq. The invoice further references the use of "strategy" to avoid or minimize tax exposure, language that, in the context of a Chapter 7 fiduciary administration, implicates the Trustee's statutory duties under 11 U.S.C. §§ 704(a)(1) and (a)(8) to faithfully administer estate property and file accurate tax returns. See *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985) (trustee assumes fiduciary responsibilities of debtor's management); *Mosser v. Darrow*, 341 U.S. 267 (1951) (trustee personally liable for willful or negligent breach of fiduciary duty).

This bankruptcy concerns a nationally recognized architectural landmark that functioned as a museum and repository of unique artwork, exhibits, and historically significant artifacts. The asset disposition at issue—reportedly conveyed for nominal consideration of Ten Dollars ($10.00)—raises serious valuation and tax consequences under 26 U.S.C. §§ 1001, 1011, and 1221–1222. Where property is transferred for consideration materially below fair market value, the Internal Revenue Service may recharacterize the transaction according to its substance rather than its form. See *Commissioner v. Court Holding Co.*, 324 U.S. 331 (1945); *Gregory v. Helvering*, 293 U.S. 465 (1935). Any amounts realized in excess of adjusted basis constitute capital gain—short-term or long-term depending upon the holding period—with attendant reporting obligations and potential penalties under 26 U.S.C. §§ 6651, 6662, and 7201 where underreporting or evasion is implicated.

Moreover, to the extent the property was previously held or operated by a § 501(c)(3) organization, transactions conferring excess economic benefit upon insiders may trigger intermediate sanctions under 26 U.S.C. § 4958, including excise taxes of 25% and, if uncorrected, an additional 200% penalty on the excess benefit. See also Treas. Reg. § 53.4958-1 et seq. Transfers of charitable assets to insiders for inadequate consideration may also constitute self-dealing under 26 U.S.C. § 4941 (if a private foundation context applies), further compounding federal tax exposure.

In light of the nominal purchase price and the alleged insider relationships, the Court should scrutinize whether the transaction reflects bona fide arm's-length consideration or constitutes a constructive distribution, fraudulent transfer (11 U.S.C. §§ 548, 544), or excess benefit transaction subject to federal excise penalties. See *In re Taneja*, 743 F.3d 423 (4th Cir. 2014) (trustee obligated to maximize value and avoid improvident transfers); *In re Roco Corp.*, 701 F.2d 978 (1st Cir. 1983) (substance of transaction governs over form in bankruptcy context).

Accordingly, any "strategy" designed to suppress, defer, or recharacterize taxable gain arising from the disposition of nationally significant assets must be examined under both the Bankruptcy Code's fiduciary standards and the Internal Revenue Code's anti-abuse doctrines, including substance-over-form, step-transaction, and economic-substance principles (26 U.S.C. § 7701(o)). The record, as presently described, presents material questions regarding capital-gain realization, insider benefit, fiduciary compliance, and exposure to substantial civil—and potentially criminal—tax penalties.

## The filings in this docket cite 117 opinions

- 10 filings make 10 references to Kopp v. All American Life Insurance (In Re Kopova Realty Venture Co.), 213 B.R. 1020 (10th Cir. BAP 1997)
  Bankruptcy Appellate Panel of the Tenth Circuit Nov. 12, 1997
- 8 filings make 16 references to Korngold v. Loyd (In Re Southern Medical Arts Companies), 343 B.R. 250 (10th Cir. BAP 2006)
  Bankruptcy Appellate Panel of the Tenth Circuit June 5, 2006
- 7 filings make 23 references to Banco Latino, S.A.C.A. v. Gomez Lopez, 53 F. Supp. 2d 1273 (S.D. Fla. 1999)
  District Court, S.D. Florida May 13, 1999
- 7 filings make 23 references to Telectron, Inc. v. Overhead Door Corp., 116 F.R.D. 107 (S.D. Fla. 1987)
  District Court, S.D. Florida June 4, 1987
- 7 filings make 13 references to Zubulake v. UBS Warburg LLC, 229 F.R.D. 422 (S.D.N.Y. 2004)
  District Court, S.D. New York July 20, 2004
- 7 filings make 11 references to Qantum Communications Corp. v. Star Broadcasting, Inc., 473 F. Supp. 2d 1249 (S.D. Fla. 2007)
  District Court, S.D. Florida Feb. 9, 2007
- 7 filings make 10 references to Thompson v. United States Department of Housing & Urban Development, 219 F.R.D. 93 (D. Maryland 2003)
  District Court, D. Maryland Dec. 12, 2003
- 7 filings make 9 references to Zubulake v. UBS Warburg LLC, 220 F.R.D. 212 (S.D.N.Y. 2003)
  District Court, S.D. New York Oct. 22, 2003
- 7 filings make 7 references to Liberty Bank, FSB v. D.J. Christie, Inc., 681 F. App'x 664 (10th Cir. 2017)
  Court of Appeals for the Tenth Circuit March 7, 2017
- 5 filings make 19 references to Chambers v. Nasco, Inc., 501 U.S. 32
  Supreme Court of the United States Aug. 2, 1991
- 5 filings make 6 references to Yang v. Archuleta, 525 F.3d 925 (10th Cir. 2008)
  Court of Appeals for the Tenth Circuit April 22, 2008
- 4 filings make 5 references to Ryan v. Astra Tech, Inc., 772 F.3d 50 (1st Cir. 2014)
  Court of Appeals for the First Circuit Nov. 14, 2014
- 3 filings make 11 references to Lujan v. Defenders of Wildlife, 504 U.S. 555
  Supreme Court of the United States June 12, 1992
- 3 filings make 6 references to McNeil v. United States, 508 U.S. 106
  Supreme Court of the United States May 17, 1993
- 3 filings make 5 references to In re Schwartz, 532 B.R. 710 (Bankr. N.D. Ill. 2015)
  United States Bankruptcy Court, N.D. Illinois Feb. 11, 2015
- 3 filings make 4 references to Spradlin ex rel. J.A.D. Coal Co. v. Whigley's 7-711, Inc. (In re Licking River Mining, LLC), 572 B.R. 830 (Bankr. E.D. Ky. 2017)
  United States Bankruptcy Court, E.D. Kentucky June 21, 2017
- 3 filings make 3 references to In Re Christina Thompson, Debtor, Sanford A. Kowal v. Charles M. Malkemus, 965 F.2d 1136 (1st Cir. 1992)
  Court of Appeals for the First Circuit April 20, 1992
- 3 filings make 3 references to In Re Ltd. Gaming of America, Inc., 228 B.R. 275 (Bankr. N.D. Okla 1998)
  United States Bankruptcy Court, N.D. Oklahoma Dec. 18, 1998
- 3 filings make 3 references to Holywell Corp. v. Bank of New York, 59 B.R. 340 (S.D. Fla. 1986)
  District Court, S.D. Florida March 20, 1986
- 3 filings make 3 references to Samuel Jackson v. Joseph Lightsey, 775 F.3d 170 (4th Cir. 2014)
  Court of Appeals for the Fourth Circuit Dec. 18, 2014
- 3 filings make 3 references to In re CS Mining, LLC, 574 B.R. 259 (Bankr. D. Utah 2017)
  United States Bankruptcy Court, D. Utah July 27, 2017
- 3 filings make 3 references to Wyeth Laboratories v. Reyes, 419 U.S. 1096
  Supreme Court of the United States Dec. 23, 1974
- 3 filings make 3 references to Faretta v. California, 422 U.S. 806
  Supreme Court of the United States June 30, 1975
- 2 filings make 8 references to Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101
  Supreme Court of the United States April 18, 2017
- 2 filings make 6 references to Ray v. University of Tulsa, Works & Lentz, Inc (In Re Ray), 283 B.R. 70 (Bankr. N.D. Okla 2002)
  United States Bankruptcy Court, N.D. Oklahoma Sept. 12, 2002
- 2 filings make 4 references to In Re Nichols, 221 B.R. 275 (Bankr. N.D. Okla 1998)
  United States Bankruptcy Court, N.D. Oklahoma May 28, 1998
- 2 filings make 4 references to In Re Wallace, 288 B.R. 139 (Bankr. N.D. Okla 2002)
  United States Bankruptcy Court, N.D. Oklahoma Dec. 31, 2002
- 2 filings make 3 references to United States v. White Mountain Apache Tribe, 537 U.S. 465
  Supreme Court of the United States March 4, 2003
- 2 filings make 2 references to Haines v. Kerner, 404 U.S. 519
  Supreme Court of the United States Feb. 22, 1972
- 2 filings make 2 references to Estelle v. Gamble, 429 U.S. 97
  Supreme Court of the United States Nov. 30, 1976
- 2 filings make 2 references to Erickson v. Pardus, 551 U.S. 89
  Supreme Court of the United States June 4, 2007
- 2 filings make 2 references to United States v. Roy W. Collins, 920 F.2d 619 (10th Cir. 1990)
  Court of Appeals for the Tenth Circuit Nov. 27, 1990
- 2 filings make 2 references to Steven Mark Lasar v. Ford Motor Company, and Lawrence Sutter, 399 F.3d 1101 (9th Cir. 2005)
  Court of Appeals for the Ninth Circuit March 3, 2005
- 2 filings make 2 references to McCord v. Agard (In Re Bean), 251 B.R. 196 (E.D.N.Y. 2000)
  District Court, E.D. New York July 18, 2000
- 2 filings make 2 references to In Re Manshul Construction Corp., 223 B.R. 428 (Bankr. S.D.N.Y. 1998)
  United States Bankruptcy Court, S.D. New York Aug. 5, 1998
- 2 filings make 2 references to Hansen v. Finn (In Re Curry & Sorensen, Inc.), 57 B.R. 824 (9th Cir. BAP 1986)
  United States Bankruptcy Appellate Panel for the Ninth Circuit Feb. 7, 1986
- 2 filings make 2 references to In Re England Motor Co., 426 B.R. 178 (Bankr. N.D. Miss. 2010)
  United States Bankruptcy Court, N.D. Mississippi Jan. 19, 2010
- 2 filings make 2 references to In Re Integrated Resources, Inc., 135 B.R. 746 (Bankr. S.D.N.Y. 1992)
  United States Bankruptcy Court, S.D. New York Jan. 12, 1992
- 2 filings make 2 references to In Re Twenver, Inc., 149 B.R. 954 (Bankr. D. Colo. 1992)
  United States Bankruptcy Court, D. Colorado Dec. 29, 1992
- 2 filings make 2 references to In Re Dennett, 449 B.R. 139 (Bankr. D. Utah 2011)
  United States Bankruptcy Court, D. Utah March 8, 2011
- 2 filings make 2 references to In re Sunland, Inc., 507 B.R. 753 (Bankr. D.N.M. 2014)
  United States Bankruptcy Court, D. New Mexico March 27, 2014
- 2 filings make 2 references to In re JW Resources, Inc., 536 B.R. 193 (Bankr. E.D. Ky 2015)
  United States Bankruptcy Court, E.D. Kentucky Aug. 21, 2015
- 2 filings make 2 references to Bundy v. United States District Court for the District of Nevada, 840 F.3d 1034 (9th Cir. 2016)
  Court of Appeals for the Ninth Circuit Oct. 20, 2016
- 1 filing makes 7 references to In Re Cold Harbor Associates, L.P., 204 B.R. 904 (Bankr. E.D. Va. 1997)
  United States Bankruptcy Court, E.D. Virginia Jan. 16, 1997
- 1 filing makes 4 references to Roth Steel Tube Company v. Commissioner of Internal Revenue, 800 F.2d 625 (6th Cir. 1986)
  Court of Appeals for the Sixth Circuit Sept. 10, 1986
- 1 filing makes 3 references to United States v. Morrison, 529 U.S. 598
  Supreme Court of the United States May 15, 2000
- 1 filing makes 3 references to Steel Co. v. Citizens for a Better Environment, 523 U.S. 83
  Supreme Court of the United States March 4, 1998
- 1 filing makes 2 references to Illinois Central Railroad v. Illinois, 146 U.S. 387
  Supreme Court of the United States Dec. 5, 1892
- 1 filing makes 2 references to Nixon v. Administrator of General Services, 433 U.S. 425
  Supreme Court of the United States June 28, 1977
- 1 filing makes 2 references to Tal v. Hogan, 453 F.3d 1244 (10th Cir. 2006)
  Court of Appeals for the Tenth Circuit June 29, 2006
- 1 filing makes 2 references to National Trust for Historic Preservation v. Blanck, 938 F. Supp. 908 (D.D.C. 1996)
  District Court, District of Columbia Sept. 13, 1996
- 1 filing makes 1 reference to Nashville, C. & St. L R Co. v. Wallace, 288 U.S. 249
  Supreme Court of the United States Feb. 6, 1933
- 1 filing makes 1 reference to Case v. Los Angeles Lumber Products Co., 308 U.S. 106
  Supreme Court of the United States Dec. 4, 1939
- 1 filing makes 1 reference to Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306
  Supreme Court of the United States June 5, 1950
- 1 filing makes 1 reference to Dewsnup v. Timm, 502 U.S. 410
  Supreme Court of the United States Jan. 15, 1992
- 1 filing makes 1 reference to United States v. Lopez, 514 U.S. 549
  Supreme Court of the United States April 26, 1995
- 1 filing makes 1 reference to City of Boerne v. Flores, 521 U.S. 507
  Supreme Court of the United States June 25, 1997
- 1 filing makes 1 reference to Sender v. Buchanan (In Re Hedged-Investments Associates, Inc.), 84 F.3d 1286 (10th Cir. 1996)
  Court of Appeals for the Tenth Circuit May 23, 1996

- 1 filing makes 1 reference to Hutchinson (Gordove) v. Pfeil, 208 F.2d 1180 (10th Cir. 2000)
  Court of Appeals for the Tenth Circuit April 4, 2000
- 1 filing makes 1 reference to Gschwind v. Cessna Aircraft Co., 232 F.3d 1342 (10th Cir. 2000)
  Court of Appeals for the Tenth Circuit Nov. 29, 2000
- 1 filing makes 1 reference to Harrison v. WAHATOYAS, L.L.C., 253 F.3d 552 (10th Cir. 2001)
  Court of Appeals for the Tenth Circuit June 14, 2001
- 1 filing makes 1 reference to United States v. Buck, 281 F.3d 1336 (10th Cir. 2002)
  Court of Appeals for the Tenth Circuit March 8, 2002
- 1 filing makes 1 reference to Zurich North America v. Matrix Service, Inc., 426 F.3d 1281 (10th Cir. 2005)
  Court of Appeals for the Tenth Circuit Oct. 18, 2005
- 1 filing makes 1 reference to Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970 (9th Cir. 2010)
  Court of Appeals for the Ninth Circuit Aug. 17, 2010
- 1 filing makes 1 reference to W. Lemonte Robison, Trustee of Beehive Security Thrift $ Loan v. Transamerica Insurance Co., and Firemans Fund Insurance Co., 388 F.2d 37 (10th Cir. 1966)
  Court of Appeals for the Tenth Circuit Oct. 28, 1966
- 1 filing makes 1 reference to Estate of Travis Mixon, Jr. v. United States, 464 F.2d 394 (5th Cir. 1972)
  Court of Appeals for the Fifth Circuit July 5, 1972
- 1 filing makes 1 reference to Claudette Pierce, as Surviving Widow of Teddy Joe Pierce, Deceased, for Herself and Letitia Pierce, Minor Child of Teddy Joe Pierce, Deceased v. Cook & Co., Inc., Stephen Ellenwood, a Minor Under the Age of 21 Years, Who Sues by Judson Ellenwood, as Next Friend v. Cook & Co., Inc., 518 F.2d 720 (10th Cir. 1975)
  Court of Appeals for the Tenth Circuit June 24, 1975
- 1 filing makes 1 reference to United States v. Patty McClain Joseph M. Rodriguez, Ada Eveleigh Simpson, William Clark Simpson and Mike Bradshaw, 545 F.2d 988 (5th Cir. 1977)
  Court of Appeals for the Fifth Circuit Jan. 24, 1977
- 1 filing makes 1 reference to In Re James A. Lane, Bankrupt. Frances B. Lane and James M. Gaines, as Trustee of the Bankrupt Estate of James A. Lane v. United States, 742 F.2d 1311 (11th Cir. 1984)
  Court of Appeals for the Eleventh Circuit Sept. 27, 1984
- 1 filing makes 1 reference to Salim Aouda v. Mobil Oil Corporation, 892 F.2d 1115 (1st Cir. 1989)
  Court of Appeals for the First Circuit Dec. 29, 1989
- 1 filing makes 1 reference to Fantasy, Inc. v. Fogerty, 984 F.2d 1524 (9th Cir. 1993)
  Court of Appeals for the Ninth Circuit Feb. 2, 1993
- 1 filing makes 1 reference to In the Matter of Esco Manufacturing Co., Debtor. Pension Benefit Guarantee Corp. v. Gregg Pritchard, Trustee in Bankruptcy for Esco Manufacturing, Co., 33 F.3d 509 (5th Cir. 1994)
  Court of Appeals for the Fifth Circuit Sept. 29, 1994
- 1 filing makes 1 reference to In Re Courtesy Inns, Ltd., Inc., Debtor. Randolph F. Jones v. Bank of Santa Fe, 40 F.3d 1084 (10th Cir. 1994)
  Court of Appeals for the Tenth Circuit Nov. 18, 1994
- 1 filing makes 1 reference to United States v. Kevin E. Taylor, 88 F.3d 768 (3d Cir. 1996)
  Court of Appeals for the Third Circuit Oct. 25, 1996
- 1 filing makes 1 reference to United Cancer Council, Inc. v. Commissioner of Internal Revenue, 165 F.3d 1173 (7th Cir. 1999)
  Court of Appeals for the Seventh Circuit Feb. 10, 1999
- 1 filing makes 1 reference to United States v. Frederick Schultz, 333 F.3d 393 (2d Cir. 2003)
  Court of Appeals for the Second Circuit June 25, 2003
- 1 filing makes 1 reference to National Audubon Society v. Superior Court, 13 Envtl. L. Rep. (Envtl. Law Inst.) 20272 (Cal. 1983)
  California Supreme Court Feb. 17, 1983
- 1 filing makes 1 reference to AFI Holding, Inc. v. Brown, 530 F.3d 832 (9th Cir. 2008)
  Court of Appeals for the Ninth Circuit June 17, 2008
- 1 filing makes 1 reference to Miller v. United States, 530 F. Supp. 611 (E.D. Pa. 1982)
  District Court, E.D. Pennsylvania Jan. 20, 1982
- 1 filing makes 1 reference to Bemis v. RMS LUSITANIA, 884 F. Supp. 1042 (E.D. Va. 1995)
  District Court, E.D. Virginia April 18, 1995
- 1 filing makes 1 reference to Moore & Co. v. T-A-L-L, Inc., 792 P.2d 794 (Colo. 1990)
  Supreme Court of Colorado May 29, 1990
- 1 filing makes 1 reference to Smith v. Van Gorkom, 488 A.2d 858 (Del. 1985)
  Supreme Court of Delaware March 14, 1985
- 1 filing makes 1 reference to In Re Sanders, 243 B.R. 326 (Bankr. N.D. Ohio 2000)
  United States Bankruptcy Court, N.D. Ohio Jan. 19, 2000
- 1 filing makes 1 reference to In Re Handy Andy Home Improvement Centers, Inc., 199 B.R. 376 (Bankr. N.D. Ill. 1996)
  United States Bankruptcy Court, N.D. Illinois Aug. 2, 1996
- 1 filing makes 1 reference to In Re Symington, 209 B.R. 678 (Bankr. D. Md. 1997)
  United States Bankruptcy Court, D. Maryland June 10, 1997
- 1 filing makes 1 reference to Selvenv v. Munday (In Re Kemmer), 265 B.R. 224 (Bankr. E.D. Cal. 2001)
  United States Bankruptcy Court, E.D. California June 8, 2001
- 1 filing makes 1 reference to In Re Vantage Petroleum Corp., 34 B.R. 650 (Bankr. E.D.N.Y. 1983)
  United States Bankruptcy Court, E.D. New York Nov. 23, 1983
- 1 filing makes 1 reference to Cuthill v. Greenmark, LLC (In Re World Vision Entertainment, Inc.), 275 B.R. 641 (Bankr. M.D. Fla. 2002)
  United States Bankruptcy Court, M.D. Florida March 29, 2002
- 1 filing makes 1 reference to Coleman Enterprises, Inc. v. QAI, Inc. (In Re Coleman Enterprises, Inc.), 275 B.R. 533 (8th Cir. BAP 2002)
  United States Bankruptcy Appellate Panel for the Eighth Circuit March 27, 2002
- 1 filing makes 1 reference to Farr v. Phase-I Molecular Toxicology, Inc. (In Re Phase-I Molecular Toxicology, Inc.), 287 B.R. 571 (Bankr. D.N.M. 2002)
  United States Bankruptcy Court, D. New Mexico Dec. 19, 2002
- 1 filing makes 1 reference to In Re the Drexel Burnham Lambert Group, Inc., 123 B.R. 702 (Bankr. S.D.N.Y. 1991)
  United States Bankruptcy Court, S.D. New York Jan. 17, 1991
- 1 filing makes 1 reference to Lu v. Liu (In Re Liu), 282 B.R. 904 (Bankr. C.D. Cal. 2002)
  United States Bankruptcy Court, C.D. California Sept. 5, 2002
- 1 filing makes 1 reference to Clark v. Hiller (In Re Hiller), 179 B.R. 253 (Bankr. D. Colo. 1994)
  United States Bankruptcy Court, D. Colorado Nov. 23, 1994
- 1 filing makes 1 reference to In Re Hermitage Inn, Inc., 66 B.R. 71 (Bankr. D. Colo. 1986)
  United States Bankruptcy Court, D. Colorado Oct. 20, 1986
- 1 filing makes 1 reference to In Re Table Talk, Inc., 51 B.R. 143 (Bankr. D. Mass. 1985)
  United States Bankruptcy Court, D. Massachusetts July 17, 1985
- 1 filing makes 1 reference to In Re Coleman Enterprises, Inc., 266 B.R. 423 (Bankr. D. Minn. 2001)
  United States Bankruptcy Court, D. Minnesota Sept. 5, 2001
- 1 filing makes 1 reference to MDM Salvage, Inc. v. Unidentified, Wrecked & Abandoned Sailing Vessel, 631 F. Supp. 308 (S.D. Fla. 1986)
  District Court, S.D. Florida March 24, 1986
- 1 filing makes 1 reference to In Re Milco, Inc., 44 B.R. 85 (Bankr. E.D. Wis. 1984)
  United States Bankruptcy Court, E.D. Wisconsin Sept. 25, 1984
- 1 filing makes 1 reference to In Re Villareal, 160 B.R. 786 (Bankr. W.D. Tex. 1993)
  United States Bankruptcy Court, W.D. Texas Sept. 30, 1993
- 1 filing makes 1 reference to A.P.S., Inc. v. Standard Motor Products, Inc., 295 B.R. 442 (D. Del. 2003)
  District Court, D. Delaware July 8, 2003
- 1 filing makes 1 reference to Revlon, Inc. v. MacAndrews & Forbes Holdings, Inc., 66 A.L.R. 4th 157 (Del. 1986)
  Supreme Court of Delaware March 13, 1986
- 1 filing makes 1 reference to San Carlos Apache Tribe v. United States, 272 F. Supp. 2d 860 (D. Ariz. 2003)
  District Court, D. Arizona July 9, 2003
- 1 filing makes 1 reference to Boston v. AT&T of the Virgin Islands, 312 F. Supp. 2d 731 (D.V.I. 2004)
  District Court, Virgin Islands March 15, 2004
- 1 filing makes 1 reference to Krilich v. Plencer, 713 N.E.2d 231 (Ill. App. Ct. 1999)
  Appellate Court of Illinois June 29, 1999
- 1 filing makes 1 reference to Lebahn v. Owens, 813 F.3d 1300 (10th Cir. 2016)
  Court of Appeals for the Tenth Circuit Feb. 19, 2016
- 1 filing makes 1 reference to Eric Belanger v. Commissioner, 2019 T.C. Memo. 1
  United States Tax Court Jan. 30, 2019
- 1 filing makes 1 reference to Estate of Atkinson v. Commissioner, 115 T.C. No. 3
  United States Tax Court July 26, 2000
- 1 filing makes 1 reference to McColley v. Bass (In re North American Dealer Group, Inc.), 34 B.R. 246 (E.D.N.Y. 1983)
  District Court, E.D. New York Oct. 24, 1983
- 1 filing makes 1 reference to Saggiani v. Strong, 569 B.R. 807 (D. Utah 2017)
  District Court, D. Utah March 17, 2017
- 1 filing makes 1 reference to In re AHF Development, Ltd., 462 B.R. 186 (Bankr. N.D. Tex. 2011)
  United States Bankruptcy Court, N.D. Texas Aug. 17, 2011
- 1 filing makes 1 reference to In re Garlock Sealing Technologies, LLC, 504 B.R. 71 (Bankr. W.D.N.C. 2014)
  United States Bankruptcy Court, W.D. North Carolina Jan. 10, 2014
- 1 filing makes 1 reference to In re Roman Catholic Church, 513 B.R. 761 (Bankr. D.N.M. 2014)
  United States Bankruptcy Court, D. New Mexico July 8, 2014
- 1 filing makes 1 reference to In re Kearney, 590 B.R. 913 (Bankr. D.N.M. 2018)
  United States Bankruptcy Court, D. New Mexico Sept. 14, 2018
- 1 filing makes 1 reference to Wesley v. Don Stein Buick, Inc., 184 F.R.D. 376 (D. Kan. 1998)
  District Court, D. Kansas Nov. 30, 1998
- 1 filing makes 1 reference to McCormick v. City of Lawrence, 218 F.R.D. 687 (D. Kan. 2003)
  District Court, D. Kansas Oct. 16, 2003
- 1 filing makes 1 reference to Wilson Employees' Representation Plan v. Wilson & Co., 51 F. Supp. 23 (S.D. Cal. 1943)
  District Court, S.D. California Nov. 24, 1943
- 1 filing makes 1 reference to Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194
  Supreme Court of the United States Jan. 12, 1993