IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREEN COPPER HOLDINGS, LLC | ) | CASE NO. 25-10088-T |
| EIN # xx-xxx9708 | ) | Chapter 7 |
| | ) | |
| COPPER TREE, INC. | ) | Substantively Consolidated |
| EIN # xx-xxx6608 | ) | |
| | ) | |
| THE INN AT PRICE TOWER INC. | ) | |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S OBJECTION TO *MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. BANKR. P. 9023* (Doc. 440) ("Motion")**

Comes now the Trustee and states:

1. The Motion was filed herein by Cynthia Blanchard ("Blanchard") and it seeks to alter or amend this Court's order sustaining the Trustee's objection to Blanchard's proof of claim filed herein (Doc. No. 433) and the related Memorandum Opinion entered the same date disallowing Blanchard's claim (Doc. 432).

2. In support of the Motion, Blanchard attaches numerous documents none of which constitute new evidence. All of the documents attached to the Motion and all of the arguments asserted in the Motion could have and should have been presented to this Court at the hearing previously scheduled to consider this matter.

3. Fed. R. Bankr. P. 9023 incorporates Fed. R. Civ P. 59(e) which permits the filing of motions to alter or amend judgments. However, Rule 59(e) may not be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to judgment. *Steele v Young* 11 F3d 1518, 1520 N 1. (10th Cir. 1993). *See also David v. Otero v. Nat'l Distrib. Co. Inc.*

627 F.Supp. 2d 1232, 1237 (D.N.M. 2009) ("Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'").

4. Blanchard has had a complete and full opportunity to appear in front of this Court; to provide sworn testimony; to authenticate and introduce whatever exhibits she deemed appropriate and relevant. For reasons known only to Blanchard she chose not to do that and refused to even appear at the evidentiary hearing scheduled to consider the Trustee's objection. Blanchard cannot now attempt to do what she should have and could have done previously in these proceedings.

5. The Trustee would additionally point out that, absent sworn testimony authenticating the documents, the documents Blanchard attached to the Motion are hearsay and should not be considered by this Court. *See IBP Inc. v. Mercantile Bank of Topeka* 6 F. Supp. 2d 1258, 1263 (D. Kan. 1998).

Wherefore, the Trustee prays for an order denying the Motion.

|  |  |
|---|---|
| Respectfully Submitted by: | /s/ Patrick J. Malloy III |
|  | Patrick J. Malloy III, OBA #5647 |
|  | MALLOY LAW FIRM, P.C. |
|  | 401 S. Boston Ave. Suite 500 |
|  | Tulsa, Oklahoma  74103 |
|  | Telephone:   918-699-0345 |
|  | Fax:              918-699-0325 |
|  | *ATTORNEYS FOR TRUSTEE* |