

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Mar 10, 2026

| | |
|---|---|
| IN RE: <br><br> **GREEN COPPER HOLDINGS, LLC,** <br><br> **Debtor,** <br><br> **COPPER TREE, INC.,** <br><br> **Debtor,** <br><br> **THE INN AT PRICE TOWER INC.,** <br><br> **Debtor.** | Case No. 25-10088-T <br> Chapter 7 <br><br> Substantively consolidated with <br> Case No. 25-10084-T |

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

THIS MATTER comes before the Court pursuant to the Motion to Alter or Amend Judgment Pursuant to Fed. R. Bankr. P. 9023 (the "Motion"),[1] filed by Cynthia Diane Blanchard ("Blanchard"); the Trustee's Objection (the "Objection"),[2] filed by Patrick J. Malloy ("Trustee"), the chapter 7 trustee appointed to administer this case; and the Reply,[3] filed by Blanchard. On February 27, 2026, after a hearing on the merits, the Court issued an Order Sustaining Objection and Disallowing Claims (the "Order"),[4] which disallowed a claim by Blanchard against the estate, and a Memorandum Opinion (the "Opinion"),[5] where the Court announced its reasoning for entry of the Order. In the Motion, Blanchard asks the Court to consider additional evidence and to alter or amend the Order to allow her claim. For the reasons stated herein, the Motion is denied.

---

[1] ECF No. 440.
[2] ECF No. 444.
[3] ECF No. 445.
[4] ECF No. 433.
[5] ECF No. 432. A Corrected Memorandum Opinion was subsequently filed at ECF No. 448. All further references to the "Opinion" will be to the Corrected Memorandum Opinion.

## Jurisdiction

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b).[6] Venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of the bankruptcy case is proper pursuant to 28 U.S.C. § 157(a). Matters concerning allowance or disallowance of claims against the estate are core proceedings under 28 U.S.C. § 157(b)(2)(B).

## Background

Green Copper Holdings, LLC and Copper Tree, Inc. each filed voluntary petitions for relief under chapter 7 of the United States Bankruptcy Code on January 22, 2025.[7] The cases were later substantively consolidated under Case No. 25-10088, along with an entity named The Inn at Price Tower Inc., a wholly owned subsidiary of Copper Tree (collectively referred to as the "Debtors").

Blanchard filed a claim in this case seeking $285,107.88 from the estate as an unsecured, non-priority claim (the "Blanchard Claim").[8] On November 7, 2025, Blanchard filed a Notice of Intent to Rest on the Docket for Claim 1-2 (the "Notice of Intent"),[9] in which she informed the Court of her "intent to rest on the docket as to all filings, pleadings, and motions relating to her Proof of Claim 1-2 and any associated matters in the above-captioned case."[10] She did not indicate a reason for her decision to rest on the written docket. On December 3, 2025, the Court held a telephonic status hearing (the "Status Hearing") regarding several matters before the Court, including an objection filed by Trustee to the Blanchard Claim and the Notice of Intent.[11]

---

[6] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.
[7] Case No. 25-10088-T and 25-10084-T, respectively. These background facts are taken from the Opinion. *See* ECF No. 448.
[8] *See* 25-10088 Claim No. 1-2.
[9] ECF No. 357.
[10] *Id.* at 1.
[11] ECF No. 367.

Blanchard did not make an appearance at the Status Hearing. One of the issues discussed at the Status Hearing was the setting of a hearing regarding allowance of the Blanchard Claim and the Trustee's objection thereto. That hearing was set for January 12, 2026 (the "Claim Hearing"). On the morning of the Claim Hearing, Blanchard filed a Notice of Non-Appearance and Continuing Objection (the "Notice of Non-Appearance").[12] In the Notice of Non-Appearance, Blanchard stated that "she will not appear at the hearing scheduled for January l2, 2026, due to safety concerns."[13] She did not elaborate on the nature of her concerns. Nor did Blanchard ask the Court to postpone or reschedule the hearing, or for any other accommodation. The Claim Hearing went forward as scheduled. Trustee presented evidence in support of his objection to the Blanchard Claim, and the Court took the matter under advisement. On February 27, 2026, the Court issued the Order and corresponding Opinion setting out its reasoning.[14]

To summarize, the Court sustained the Trustee's objection to the Blanchard Claim because Blanchard failed to meet her burden of persuasion under § 502(b)(1) to show she held an enforceable claim against the Debtors in a certain amount.[15] The Court found that the evidence submitted by Blanchard with her proof of claim, while sufficient to establish prima facie evidence of her claim, was not enough to overcome the evidence proffered by Trustee on the issue of whether Blanchard held an enforceable contract against the Debtors or the amount of her claim. Therefore, the Court ruled in favor of Trustee.

In the Motion, Blanchard now seeks to proffer additional evidence for the Court's consideration of her claim. She specifically states "she does not seek to relitigate issues previously

---

[12] ECF No. 404.
[13] *Id*. at 1.
[14] ECF Nos. 432, 433, & 448.
[15] ECF No. 448, at 13.

argued," but merely wishes to "provide[] supplemental documentary evidence that directly addresses the Court's stated concerns regarding evidentiary foundation and reconciliation of the claimed loan balance."[16] She provides no reason or justification for her delay in the submission of the additional evidence.

Upon receipt of the Objection, Blanchard filed a Reply, in which she attempts to "clarify" her reasons for failing to appear at the Claim Hearing.[17] She notes that "[p]rior to the hearing, Claimant filed notice of her intent to rest on the written record due to serious safety concerns."[18] The Court notes the word "serious" was not included in the Notice of Non-Appearance.[19] The Reply then outlines Blanchard's safety concerns in more detail. Blanchard states that she raised these concerns with Debtors' chapter 7 counsel, the United States Trustee, the case Trustee, and an attorney with the United States Attorney's Office. Beyond filing the Notice of Non-Appearance, Blanchard does not indicate that she ever raised these issues or made any actionable request for accommodation with this Court.

Regarding the submission of additional evidence attached to the Motion, Blanchard reiterates in her Reply that she is not attempting to present "new evidence," but she is "respon[ding] to the Court's Memorandum Opinion identifying deficiencies in the evidentiary record and provid[ing] documentation necessary for the Court to evaluate the claim on a complete record."[20]

---

[16] ECF No. 440, at 1.
[17] ECF No. 445.
[18] *Id*. at 1.
[19] ECF No. 404.
[20] ECF No. 445, at 2.

## Discussion

The Motion purports to seek relief under Federal Rule of Bankruptcy Procedure 9023. That Rule states

> (a) **Application of Civil Rule 59.** Except as this rule and Rule 3008 provide otherwise, Fed. R. Civ. P. 59 applies in a bankruptcy case.
> (b) **By Motion.** A motion for a new trial or to alter or amend a judgment must be filed within 14 days after the judgment is entered.[21]

Rule 3008 states

> A party in interest may move to reconsider an order allowing or disallowing a claim. After notice and a hearing, the court must issue an appropriate order.[22]

The Advisory Committee Notes to Rule 3008 make it clear that reconsideration of a claim that has been previously disallowed after objection is discretionary with the court.[23] The court may decline to reconsider an order of disallowance without notice to any adverse party and without affording any hearing to the movant.[24] The purpose of Rule 3008 is to implement § 502(j) of the Bankruptcy Code, which, in relevant part, states

> A claim that has been allowed or disallowed may be reconsidered *for cause*. A reconsidered claim may be allowed or disallowed according to the equities of the case.[25]

The party seeking reconsideration bears the burden of proving it is entitled to the relief sought.[26] Bankruptcy courts have interpreted reconsideration under § 502(j) to be a two-step process.[27] First,

---

[21] Rule 9023(a, b). Unless otherwise noted, all references to a "Rule" are to the Federal Rules of Bankruptcy Procedure.
[22] Rule 3008.
[23] Rule 3008 (1986 Advisory Committee Notes).
[24] *Id.*; *In re Egbune*, No. CO-16-006, 2016 WL 6996129, at *6 (10th Cir. BAP Nov. 30, 2016); *Orix Cap. Mkts., LLC v. Mondona Rafizadeh (In re Cyrus II P'ship)*, 358 B.R. 311, 316 (Bankr. S.D. Tex. 2007) (quoting *In re Colley*, 814 F.2d 1008, 1010 (5th Cir.1987)).
[25] § 502(j) (emphasis added).
[26] *In re Masterson*, 556 B.R. 391, 393 (Bankr. N.D. Ind. 2016).
[27] *In re Egbune*, 2016 WL 6996129, at *6; *In re Oliver*, No. 16-10808, 2018 WL 4440723, at *2 (Bankr. W.D. Okla. Sept. 14, 2018).

the bankruptcy court must decide whether "cause" has been shown.[28] Only if the court finds cause will it move to the next step, which is to determine whether the "equities of the case" dictate allowance or disallowance.[29] Absent a showing of cause, there is no basis to reconsider anything.[30]

Courts have interpreted Rule 9023(a) to incorporate the standards of Federal Rule of Civil Procedure 59(e) to motions under Rule 3008 when the motion is filed within the time to bring an appeal.[31] The Bankruptcy Court for the District of Kansas recently stated the standard of law for a motion to alter or amend pursuant to Rule 59(e) as follows:

> There is a strong public interest in protecting the finality of courts' decisions. *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). A Rule 59(e) motion is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* The Supreme Court has also said that a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (internal quotation marks omitted). "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). A "party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been set forth in the first instance or to rehash arguments previously considered and rejected by the court." *Pound v. Airosol Co., Inc.*, 368 F. Supp. 2d 1158 (D. Kan. 2004) (internal quotation marks omitted). In addition, a party cannot "dress up an argument that previously failed." *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1133 (D. Kan. 2005) (internal quotation marks omitted).[32]

The Court of Appeals for the Tenth Circuit has likewise found that a motion for reconsideration under Rule 59(e) "is appropriate where the court has misapprehended the facts, a party's position,

---

[28] *In re Egbune*, 2016 WL 6996129, at *6.
[29] *In re Masterson*, 556 B.R. at 393–94; *In re Morningstar*, 433 B.R. 714, 719 (Bankr. N.D. Ind. 2010).
[30] *In re Morningstar*, 433 B.R. at 717 ("Absent cause, a motion for reconsideration under § 502(j) should not be granted.").
[31] *In re Lane*, 374 B.R. 830, 839 n. 41 (Bankr. D. Kan. 2007); *In re John Q. Hammons Fall 2006, LLC*, 614 B.R. 371, 375-76 (Bankr. D. Kan. 2020).
[32] *In re John Q. Hammons*, 614 B.R. at 377 (footnotes incorporated as inline citations).

or the controlling law."[33] It is not appropriate—and an abuse of discretion—for a court "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[34] The Motion was filed three days after the Order and Opinion were filed, and thus will be considered under this standard.[35]

Prior to the Claim Hearing, Blanchard had every opportunity to participate in the claim litigation process. She never requested assistance or accommodation from this Court or raised any concerns related to scheduling, availability, safety, or otherwise. Proceeding pro se, Blanchard made the unilateral decision, which, as the Court noted in the Opinion, *was her right*, to "rest on the docket" and refrain from appearing at further court proceedings. The Notice of Non-Appearance, filed by Blanchard on the morning of the Claim Hearing, did not contain any request for relief or accommodation from the Court. In the absence of a request for relief by Blanchard, the Court proceeded to hold the duly noticed hearing, take the matter under advisement, and reach a decision on the merits before it.

In the Opinion, the Court described its reasoning for the ruling disallowing Blanchard's claim. It found Blanchard had not presented sufficient evidence to meet her burden of persuasion and overcome the Trustee's burden of production. The Order is an appealable judgment on the merits. While pointing to no legal error, the Motion offers newly submitted evidence, which Blanchard describes as "responsive" to "deficiencies in the evidentiary record" identified by the Court in the Opinion. To the extent the Opinion identified such deficiencies, the Court was merely

---

[33] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019).
[34] *Nelson*, 921 F.3d at 929; *Servants of Paraclete*, 204 F.3d at 1012.
[35] Motions for relief from a final judgment filed after the time for appeals has expired are considered under Rule 60(b). *See, e.g., In re John Q. Hammons*, 614 B.R. at 376 n.17.

making observations to explain its ultimate ruling, not inviting Blanchard to fill in the gaps with additional evidence.

Other than using the Motion as a vehicle to submit additional evidence to the Court, Blanchard has not pled any cause under § 502(j) why the Court should reopen the evidence and reconsider the disallowance of her claim. This is not a situation where the Court has "misapprehended the facts" before it. The Court made a reasoned judgment on the record before it. Nor has Blanchard shown (or even alleged) that the evidence attached to the Motion was unavailable prior to the Claim Hearing, or that she was not given a fair opportunity to participate in the Claim Hearing. While Blanchard states that she is not seeking to relitigate the issues decided in the Order and Opinion, it is clear that she is asking the Court to consider her newly submitted evidence and reverse its decision to disallow her claim. "To litigate a case or matter again or anew" is the literal definition of relitigation.[36] While a court has some discretion whether to grant a motion to reconsider a judgment, that discretion is not unlimited.[37] Given the importance of the finality of judgments in federal court, the Court finds that granting the Motion in these circumstances would be an abuse of its discretion. If Blanchard believes this Court "got it wrong" based on the evidence before it, her remedy lies in an appeal.

Accordingly,

IT IS THEREFORE ORDERED that the Motion to Alter or Amend Judgment Pursuant to Fed. R. Bankr. P. 9023, at ECF No. 440, filed by Cynthia Diane Blanchard, is hereby DENIED.

Dated this 10th day of March, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY

---

[36] "Relitigate" Merriam-Webster.com Legal Dictionary, Merriam-Webster, https://www.merriam-webster.com/legal/relitigate. Accessed 5 Mar. 2026.

[37] *Nelson*, 921 F.3d at 929 ("Given the strength of this interest in finality, we have restricted district courts' discretion when ruling on motions based on Rule 59(e).").