

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**IN RE:**
**GREEN COPPER HOLDINGS, LLC**
**COPPER TREE, INC.**
**THE INN AT PRICE TOWER, INC.**

Case No. 25-10088-T (Consolidated)
Chapter 7

**MOTION FOR STAY PENDING APPEAL WITHOUT BOND**

COMES NOW Cynthia Diane Blanchard, creditor and claimant appearing pro se, and

respectfully moves the Court for entry of an order staying distribution of estate funds pending

appeal and waiving any bond requirement, and states as follows:

**1. Background**

1.   On February 27, 2026, the Court entered an Order Sustaining Objection and Disallowing

Claims (ECF No. 433).

2.   On March 10, 2026, the Court entered an Order Denying Motion to Alter or Amend

Judgment (ECF No. 449).

3.   On March 10, 2026, Claimant filed a Notice of Appeal to the United States District Court

for the Northern District of Oklahoma.

4.   Claimant now respectfully seeks a stay pending appeal to preserve the status quo while

the appeal is considered.

## 2. Legal Standard

Courts generally consider four factors when determining whether a stay should issue:

(1) likelihood of success on appeal;

(2) risk of irreparable harm absent a stay;

(3) absence of substantial harm to other parties; and

(4) the public interest.

## 3. Irreparable Harm

If estate funds are distributed before the appeal is resolved, the appellate court may be unable to provide effective relief should the appeal succeed. Once funds are distributed to third parties, recovery from multiple creditors may become difficult or impracticable, potentially rendering the appeal moot. Accordingly, a stay is necessary to preserve the status quo while the appellate court reviews the matter.

## 4. Limited Scope of Requested Stay

Claimant does not seek to delay administration of the case unnecessarily but only to preserve the status quo while the appeal is resolved.

The requested stay is limited to preventing distribution of estate funds that could affect the appellate court's ability to provide meaningful relief.

## 5. Bond

Claimant respectfully requests that the Court waive any bond requirement. Claimant is proceeding pro se and does not have the financial ability to post a bond. Courts have discretion to

waive the bond requirement where circumstances warrant and where the stay is narrowly tailored to preserve the appellate process. In addition, the proceeds from the sale of the Debtors' primary asset are currently held by the Chapter 7 Trustee in the administration of the estate. Because the disputed funds remain in the custody of the Trustee and under the supervision of the Court, the estate is already protected against any risk of loss during the pendency of the appeal. Under these circumstances, requiring a supersedeas bond would not provide additional security and would effectively prevent a pro se claimant with limited financial resources from obtaining appellate review.

**WHEREFORE**

Claimant respectfully requests that the Court enter an order:

1.  staying distribution of estate funds pending resolution of the appeal; and

2.  waiving any bond requirement.

Date: March 11, 2026

Respectfully submitted,

Cynthia Diane Blanchard
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Phone: 310-435-5707
Creditor / Appellant
Pro Se

**CERTIFICATE OF SERVICE**

I, Cynthia Diane Blanchard, certify that on March 11, 2026, I filed the foregoing Motion for Stay Pending Appeal Without Bond with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma.

Notice of this filing will be provided to all registered participants through the Court's CM/ECF system.

Cynthia Diane Blanchard
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006
Phone: 310-435-5707
Creditor / Appellant
Pro Se