**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

Filed/Docketed
Mar 24, 2026

IN RE:

GREEN COPPER HOLDINGS, LLC,

Case No. 25-10088-T
Chapter 7

**Debtor,**

COPPER TREE, INC.,

Substantively consolidated with
Case No. 25-10084-T

**Debtor,**

THE INN AT PRICE TOWER INC.,

**Debtor.**

**ORDER STRIKING DOCUMENTS**
**FOR LACK OF STANDING**

THIS MATTER comes before the Court pursuant to the 1) Objection to Payment to Barnes and Barnes Request for Evidentiary Hearing to Take Sworn Testimony under 30b(6) and Other Applicable Rules,[1] filed on February 20, 2026, by Michael Eric Nelson ("Nelson"); 2) Expanded, Supplemental, And Extraordinarily Dramatic Notice,[2] filed on February 20, 2026, by Nelson; and 3) Notice of Exercise of First Amendment Rights - Right to Petition for Redress of Grievances,[3] filed on February 20, 2026, by Nelson (collectively, the "Nelson Filings").  On March 2, 2026, the Court issued an Order to Show Cause Why Documents Should Not be Stricken for Lack of Standing (the "Show Cause Order"). Upon consideration of the record, the applicable law, and the lack of response to the Show Cause Order, the Court hereby finds and orders as follows:

---

[1] ECF No. 426.
[2] ECF No. 427.
[3] ECF No. 428.

### I.        Jurisdiction

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409.  Reference to the Court of this bankruptcy case is proper pursuant to 28 U.S.C. § 157(a).  Matters concerning the administration of the estate are core proceedings as defined by 28 U.S.C. § 157(b)(2)(A).

### II.        Background

Proceeding without an attorney, Nelson appears to be lodging an objection to a fee application filed on behalf of a professional that has provided accounting services to the estate on behalf of the Trustee.[4] The Nelson Filings are rife with allegations of misconduct against numerous parties associated with this case.  Beyond that broad outline, it is unclear what type of relief Nelson seeks.

Pursuant to the Show Cause Order, Nelson was given an opportunity to address the concerns of the Court and to present facts to demonstrate that he has standing to raise the matters set out in the Nelson Filings and to appear and be heard in this case.  Notice was provided to Nelson at the address provided in the Nelson Filings.  The Show Cause Order informed Nelson that on or before March 23, 2026, he must file a written response addressing 1) his standing to appear and be heard before this Court, and 2) why the Nelson Filings should not be stricken.  As of the date of this Order, no response has been filed or received by the Clerk for filing.

---

[4] ECF No. 426.

### III.     Legal Standards

Federal courts, including bankruptcy courts, are courts of limited jurisdiction.[5]  The judicial power of the United States must be exercised within the confines of "Cases" or "Controversies."[6] The Article III case-or-controversy limitation that constrains the jurisdiction of both district courts and bankruptcy courts limits the courts to adjudicating disputes between or among parties that have Article III standing.[7] In order to establish standing, a party must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[8]  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[9] An injury is "particularized" if it affects the plaintiff in a personal and individual way.[10] An injury is "concrete" if it is real rather than abstract, although for the injury to be concrete it need not be tangible.[11]  The party seeking to invoke federal jurisdiction bears the burden of establishing these elements.[12]

### IV.     Discussion

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[13] The Court, however, cannot be a pro se litigant's advocate.[14]  In the absence of constitutional standing, the Court does not have jurisdiction

---

[5] *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), as revised (May 24, 2016).
[6] U.S. Constitution, Art. III § 2.
[7] *In re Pettine*, 655 B.R. 196, 210 (10th Cir. BAP 2023).
[8] *Spokeo*, 578 U.S. at 338 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).
[9] *Id*. at 339 (citing *Lujan*, 504 U.S. at 560).
[10] *Id.*
[11] *Id.* at 340.
[12] *Id.* at 338.
[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[14] *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

to reach the merits of any relief sought by Nelson. The Court can find no indication that Nelson is a creditor or other interest holder with any relationship to this case.  For example, Nelson's name does not appear in the Debtor's Schedules or statements; nor does he appear to be a claimant in this case.

Based on the above, the Court finds Nelson has failed to meet his burden to establish standing to raise the matters set out in the Nelson Filings and to participate in this case. Therefore, the Court finds that each of the Nelson Filings must be stricken from the Court docket in Case No. 25-10088.[15]

IT IS THEREFORE ORDERED that the 1) Objection to Payment to Barnes and Barnes Request for Evidentiary Hearing to Take Sworn Testimony under 30b(6) and Other Applicable Rules, *at Docket No. 426*; 2) Expanded, Supplemental, And Extraordinarily Dramatic Notice, *at Docket No. 427*; and 3) Notice of Exercise of First Amendment Rights - Right to Petition for Redress of Grievances, *at Docket No. 428*, all filed by Michael Eric Nelson, are STRICKEN from the Court docket in Case No. 25-10088 for lack of standing.

IT IS FURTHER ORDERED that the Clerk of Court shall direct a copy of this Order Striking Documents for Lack of Standing to Michael Eric Nelson at GENERAL DELIVERY, BOSTON, MA 02205-9999.  Such service shall be documented on the docket sheet maintained for this case in CM/ECF.

Dated this 24th day of March, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY

---

[15] The Show Cause Order provided notice to Nelson of this result. *See* ECF No. 436, at 3. The Court will not impose filing restrictions on Nelson at this time, but may consider such sanctions in the future if conditions warrant such action.