**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **GREEN COPPER HOLDINGS, LLC** | ) | **CASE NO. 25-10088-T** |
| **EIN # xx-xxx9708** | ) | **Chapter 7** |
| | ) | |
| **COPPER TREE, INC.** | ) | **Substantively Consolidated** |
| **EIN # xx-xxx6608** | ) | |
| | ) | |
| **THE INN AT PRICE TOWER INC.** | ) | |
| | ) | |
| **Debtors.** | ) | |

**TRUSTEE'S THIRD AND FINAL MOTION FOR ORDER AUTHORIZING PAYMENT OF ATTORNEY FEES TO MALLOY LAW FIRM P.C. ("Malloy") AND NOTICE OF OPPORTUNITY FOR HEARING**

Comes now the Trustee and states:

1.  This Court previously authorized the employment of Malloy Law Firm P.C. ("Malloy") as counsel for the Trustee (Doc. No. 18).

2.  The Trustee previously filed herein his initial motion to pay interim attorney fees to Malloy for the period 01/27/2025 through 05/21/2025 (Doc. No. 108).  The motion requested authority to pay Malloy attorney fees totaling $56,735.00 and expenses of $997.43.

3.  The Trustee previously filed herein his second motion to pay interim attorney fees to Malloy for the period 05/22/2025 through 09/30/2025 (Doc. No. 332).  The motion requested authority to pay Malloy attorney fees totaling $45,465.00 and expenses of $1,063.11.

4.  This motion seeks authority to pay Malloy attorney fees for the period October 1, 2025 through March 17, 2025 totaling $20,510.00 and expenses of $705.89.

5. Attached hereto as **Ex A** is an itemized statement of time expended and services provided. As noted in **Ex A**, the total fees prayed for are **$20,510.00.**  Attached hereto as **Ex B** is an itemized statement of costs incurred.

6. The time expended and services provided as specified in **Ex A** can be summarized as follows:

   a.   **Misc Claims Matters**: The movant prepared and submitted proposed orders approving various settlements of disputed claims. The movant additionally negotiated an agreement to pay the secured claim of the Oklahoma Tax Commission and a claim by Donna Keffer based on her payment of a portion of the OTC claim.  Movant participated in a Status Conference relative to all pending objections to claims and the status of discovery relative to those claims**.**

   b.   **Cynthia Blanchard's (Blanchard) Motion to Rescind All Settlement Orders:** The movant reviewed and objected to a motion filed by Blanchard to rescind all prior orders approving settlements. The motion was eventually denied.

   c.   **Payment of Professional Fees for Estate's Accountant—**The movant conferred with the estate's accountant relative to his time and services rendered in connection with preparation for the estate's final tax return. The movant prepared an appropriate motion seeking this Court's authority to pay professional fees due and owing the accountant.  Thereafter, the movant reviewed an objection to the motion for fees filed by a Mr. Nelson, whom the trustee has asserted has no standing to pursue the objection. The Trustee's motion to strike Nelson's objection and this court's order to show cause why Nelson has no standing are pending at this time.

d. **Objection to Claim of Cynthia Blanchard ("Blanchard"):** Most of the services provided and time expended during the relevant time period involved the movant's objection to the claim of Blanchard filed herein for approximately $280,000. The movant reviewed various discovery responses from Blanchard relative to the basis of her claim; prepared for the evidentiary hearing conducted in connection with this matter, including interviewing Donna Keffer who testified on behalf of the trustee; reviewed and prepared exhibits; researched and prepared a hearing brief; and attended the evidentiary hearing conducted relative to this matter. Thereafter, the movant reviewed this Court's Memorandum Opinion and Order granting the movant's objection to the claim and denying Blanchard's claim in its entirety. The movant has additionally reviewed all appellate pleadings filed in connection with that ruling, including a motion to stay and Blanchard's motion to alter the judgment or order. The movant prepared objections to both pleadings. The appeal is pending at this time. It should be noted that additional time and services will be provided in connection with this appeal. However, in the interest of finalizing a proposed Trustee's Final Report ("TFR"), no additional time will be billed to the estate for any future time and services.

7. The estate currently holds $1,196,008.67 from the sale of assets and recovery of refunds.

8. Malloy seeks an order in these proceedings authorizing payment of attorney fees in the amount of **$20,510.00** and expenses of **$705.89**. The fees and expenses prayed for are reasonable and necessary, and payment of such fees and expenses is in the best interests of the estate.

**NOTICE OF OPPORTUNITY FOR HEARING - Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the**

**effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 24 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 24-day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

Respectfully Submitted by:

/s/ Patrick J. Malloy III
Patrick J. Malloy III, OBA #5647
MALLOY LAW FIRM, P.C.
401 S. Boston Ave. Suite 500
Tulsa, Oklahoma  74103
Telephone:     918-699-0345
Fax:               918-699-0325
*ATTORNEYS FOR TRUSTEE*