**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **GREEN COPPER HOLDINGS, LLC** | ) | **CASE NO. 25-10088-T** |
| **EIN # xx-xxx9708** | ) | **Chapter 7** |
| | ) | |
| **COPPER TREE, INC.** | ) | **Substantively Consolidated** |
| **EIN # xx-xxx6608** | ) | |
| | ) | |
| **THE INN AT PRICE TOWER INC.** | ) | |
| | ) | |
| **Debtors.** | ) | |

**TRUSTEE'S MOTION TO STRIKE OR IN THE ALTERNATIVE TO DENY**
***CLAIMANT'S OBJECTION TO TRUSTEE'S FINAL REPORT (TFR) (Doc. No. 491)***

Comes now the Trustee and states:

1.     Cynthia Blanchard ("Blanchard") has filed herein an objection to the Trustee's recently filed TFR.

2.     This Court has previously determined that Blanchard has no claims against this estate. Blanchard has appealed that order to the United States District for the Northern District of Oklahoma. However, the District Court has recently denied Blanchard's motion to stay these proceedings pending her appeal. Attached as Ex **A** is a copy of the order denying a stay. A similar motion for stay filed in this Court is set for telephonic conference on April 7, 2026. As a result, these proceedings have not been stayed as of this date.

3.     Given the fact these proceedings have not been stayed, the Trustee has a duty to proceed as expeditiously as possible to distribute funds on hand to the allowed claimants.

4.      Blanchard's objection represents nothing more than a recitation of the alleged grounds that support her request for a stay. The Trustee has previously addressed those assertions by pointing out Blanchard has not and cannot establish probability of success on appeal; that given her inability to establish probability of success on appeal she cannot establish irreparable harm; and based on a balancing of respective harms the interests of the allowed claimants and the public interest far outweigh the alleged harm to Blanchard.  More importantly, what may be applicable to a motion to stay has nothing to do with a proposed distribution of funds absent a stay.

5.      Given the fact that Blanchard has no claims against this estate, she has no standing to object to the Trustee's TFR. A party who has no financial stake concerning the Court's approval of the Trustee's TFR lacks standing to object to the TFR. *See In re T.G. Morgan Inc.* 394 B.R. 478, 483 (8th Cir. BAP 2008) (determining that objectors had no standing to object to the trustee's final report or appeal from the Court's order approving it because they did not hold an allowed claim).

Wherefore the Trustee prays for an order striking Blanchard's objection to the TFR on the basis she has no standing or, in the alternative, denying the objection for the reasons stated herein.

Respectfully Submitted by:      /s/ Patrick J. Malloy III
                                 Patrick J. Malloy III, OBA #5647
                                 MALLOY LAW FIRM, P.C.
                                 401 S. Boston Ave. Suite 500
                                 Tulsa, Oklahoma  74103
                                 Telephone:     918-699-0345
                                 Fax:           918-699-0325
                                 *ATTORNEYS FOR TRUSTEE*