

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
In re:
**GREEN COPPER HOLDINGS, LLC, et al.,**
**Debtors.**
**Case No. 25-10088-T**
**(Chapter 7)**

**CLAIMANT'S RESPONSE TO TRUSTEE'S MOTION TO STRIKE OBJECTION TO**
**TRUSTEE'S FINAL REPORT (Doc. No. 492)**

Claimant Cynthia Diane Blanchard, appearing pro se, respectfully responds to the

Trustee's Motion to Strike (Doc. No. 492) and states as follows:

**I. INTRODUCTION**

The Trustee moves to strike Claimant's Objection to the Trustee's Final Report ("TFR")

(Doc. No. 491) on the ground that Claimant lacks standing because her claim was

previously disallowed. That disallowance order is **not final** — it is currently on appeal in

the United States District Court for the Northern District of Oklahoma (Case No. 4:26-

cv-00140-CVE). Claimant has also filed a Motion for Stay Pending Appeal (Doc. No.

457), which this Court has set for telephonic hearing on April 7, 2026.

Striking the TFR objection at this juncture would prematurely terminate Claimant's ability

to protect her appellate rights and would risk rendering the appeal effectively moot

through immediate distribution of estate funds.

**II. ARGUMENT**

**1. Claimant Retains a Sufficient Interest in the Estate's Administration Pending**

**Appeal.**

The Trustee relies on *In re T.G. Morgan Inc.*, 394 B.R. 478 (8th Cir. BAP 2008). That

decision is persuasive authority only and is distinguishable. Here, unlike in *T.G. Morgan*,

the disallowance order is actively on appeal and a stay motion is pending before this Court.

Where a claimant has timely appealed the disallowance of her claim, she retains a sufficient "person aggrieved" interest to be heard on matters that could impair the effectiveness of appellate relief. Courts in the Tenth Circuit and elsewhere recognize that a pending appeal preserves standing to object to actions that would moot the appeal. *See, e.g., In re Osborn*, 24 F.3d 1199, 1203–04 (10th Cir. 1994) (appeal not moot where effective relief remains available); *In re Chateaugay Corp.*, 10 F.3d 944, 952–53 (2d Cir. 1993) (distribution during appeal can render relief impossible). Accordingly, Claimant retains a colorable interest sufficient to be heard on the Trustee's Final Report while her appeal remains pending.

**2. Immediate Distribution Risks Irreparable Harm and Equitable Mootness.**

The Trustee acknowledges in his Motion (¶ 3) that he intends to distribute funds to allowed claimants as expeditiously as possible. Once those funds are disbursed to third parties, recovery becomes impracticable and the District Court's ability to grant effective relief on appeal is eliminated. This is the classic harm that triggers equitable-mootness concerns in bankruptcy appeals.

Even in the absence of a stay, this Court should not allow the Motion to Strike to shortcut the appellate process. The pending Motion for Stay Pending Appeal, set for hearing on April 7, 2026, is the proper procedural vehicle for addressing the timing of any distribution.

**3. Striking the Objection Is an Extraordinary Remedy Not Warranted Here.**

The Trustee seeks the extraordinary remedy of striking Claimant's objection in its entirety. Courts disfavor striking pleadings when a party has a colorable interest preserved by a pending appeal. Permitting the objection to remain preserves the status quo and the integrity of the appellate process without unnecessary delay, and avoids impairing the effectiveness of appellate review.

## III. CONCLUSION

For the foregoing reasons, Claimant respectfully requests that the Trustee's Motion to Strike (Doc. No. 492) be denied. Claimant further requests that the Court defer any ruling on the TFR or any distribution until after the April 7, 2026 telephonic hearing on the Motion for Stay Pending Appeal.

Date:  April 1, 2026

Respectfully submitted,

Cynthia Diane Blanchard, Pro Se
414 SE Washington Blvd., Suite 205
Bartlesville, OK 74006
Telephone: (310) 435-5707
Email: cynthiadblanchard@gmail.com

## CERTIFICATE OF SERVICE

I, Cynthia Diane Blanchard, appearing pro se, hereby certify that on this 1st day of April, 2026, a true and correct copy of the foregoing Claimant's Response to Trustee's Motion to Strike Objection to Trustee's Final Report (Doc. No. 492) was filed with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma.

I further certify that, pursuant to the Court's CM/ECF system, electronic service will be made upon all registered participants, including the Chapter 7 Trustee, Patrick J. Malloy III.

Cynthia Diane Blanchard, Pro Se
414 SE Washington Blvd., Suite 205
Bartlesville, OK 74006
Telephone: (310) 435-5707
Email: cynthiadblanchard@gmail.com