**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

IN RE:

**GREEN COPPER HOLDINGS, LLC,**

**Debtor,**

**COPPER TREE, INC.,**

**Debtor,**

**THE INN AT PRICE TOWER INC.,**

**Debtor.**

**Case No. 25-10088-T**
**Chapter 7**

**Substantively consolidated with**
**Case No. 25-10084-T**

Filed/Docketed
Apr 10, 2026

**ORDER DENYING MOTION FOR STAY**
**PENDING APPEAL WITHOUT BOND**

THIS MATTER comes before the Court pursuant to the Motion for Stay Pending Appeal Without Bond (the "Motion"),[1] filed by Cynthia Diane Blanchard ("Blanchard"); the Trustee's Objection,[2] filed by Patrick J. Malloy, III ("Trustee"), the chapter 7 trustee appointed in this case; the Trustee's Supplement to his Objection,[3] filed by Trustee; and the Claimant's Reply,[4] filed by Blanchard. On February 27, 2026, the Court entered a Memorandum Opinion[5] and Order Sustaining Objection and Disallowing Claims (the "Order Denying Blanchard Claim"),[6] which adjudicated all issues in the contested matter relating to Blanchard's claim against the estate. On March 10, 2026, the Court filed an Order Denying Motion to Alter or Amend Judgment[7] (together

---

[1] ECF No. 457.
[2] ECF. No. 465.
[3] ECF No. 472.
[4] ECF No. 474.
[5] ECF No. 448 (correction filed March 10, 2026).
[6] ECF No. 433.
[7] ECF No. 449.

with the Order Denying Blanchard Claim, the "Appealed Orders"). On March 10, 2026, Blanchard filed a Notice of Appeal of the Appealed Orders with an election that the matter be heard before the District Court for the Northern District of Oklahoma (the "Appeal").[8]  The Court held a telephonic hearing on the Motion on April 7, 2026 (the "April 7 Hearing"), after which the Court took the matter under advisement. This order is entered pursuant to Federal Rules of Bankruptcy Procedure 7052, 9014, and 8007.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.[9] Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). A motion for stay pending appeal of a bankruptcy judgment is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A).

## Background

In the Order Denying Blanchard Claim, the Court sustained an objection filed by Trustee to a claim against the Debtors' estate because Blanchard failed to meet her burden of persuasion under 11 U.S.C. § 502(b)(1) to show she held an enforceable claim against the Debtors in a certain amount. The Court found the evidence submitted by Blanchard with her proof of claim, while sufficient to establish prima facie evidence of her claim, was not enough to overcome the evidence proffered by Trustee on the issues of whether Blanchard held an enforceable contract against the Debtors or the amount of her claim.[10] Therefore, the Court ruled in favor of Trustee.

---

[8] ECF No. 452.

[9] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

[10] ECF No. 448, at 12-13.

In the Order Denying Motion to Alter or Amend Judgment, the Court declined to accept additional evidence submitted by Blanchard and to reconsider the Order Denying Blanchard Claim.  The Court found Blanchard had not pled any cause under § 502(j) that would warrant such relief.  After resolution of Blanchard's claim, Trustee informed the Court that the estate has been fully administered, all assets have been either sold or abandoned, and all other claims against the estate have been resolved.[11]  Trustee has now filed a final report, in which he accounts for estate assets and presents his proposed distribution of estate funds.[12]  In the Motion, Blanchard asks this Court to invoke a stay of the Trustee's right to administer and distribute estate funds for the benefit of creditors pending the outcome of the Appeal. At the April 7 Hearing, Blanchard orally amended her request to limit the stay to those funds sufficient to pay her claim, so that the remaining funds could be distributed by the Trustee.  Trustee objects, alleging that Blanchard has not met her burden to justify the application of a stay to the distribution of any estate funds.

### Analysis

The trial court has discretion whether to grant a stay pending appeal.[13] Courts consider the following when determining whether to grant a motion for stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest

---

[11] ECF No. 472.

[12] ECF No. 484.

[13] Fed. R. Bankr. P. 8007(a)(1)(A); *Nken v. Holder*, 556 U.S. 418, 427, 433 (2009) ("A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." (internal quotations and citations omitted)).

lies."[14] The first two elements are the most critical.[15] The moving party bears the burden of making a "strong showing" that it is *likely* to succeed on the merits of its claim, not just a "better than negligible" or "possibility" of success.[16] Likewise, a showing of irreparable harm must be that the harm is both irreparable and likely, not just a possibility.[17] Case law indicates that an irreparable injury "must be both certain and great, and that it must not be merely serious or substantial."[18] "The harm must be concrete, and it must pose such a significant risk that it cannot be undone or corrected by future money damages."[19]

### 1. *Likelihood of success on the merits*

A party seeking a stay pending appeal must show that it is likely to succeed on the merits of its claim.[20] More than a mere possibility of relief is required.[21]  Beyond various references to procedural due process and substantive error, Blanchard has not demonstrated any likelihood that she will prevail on the merits of her appeal.  Each of Blanchard's arguments have been previously

---

[14] *Nken*, 556 U.S. at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). *See also Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001); *Lang v. Lang (In re Lang)*, 305 B.R. 905, 911 (10th Cir. BAP 2004); *In re Roman Catholic Church of Archdiocese of Santa Fe*, 18-13027, 2021 WL 408971, at *2 (Bankr. D.N.M. Feb. 4, 2021).

[15] *Nken*, 556 U.S. at 434; *Pueblo of Pojoaque v. State*, 233 F. Supp. 3d 1021, 1113 (D.N.M. 2017).

[16] *Nken*, 556 U.S. at 434; *Pueblo of Pojoaque*, 233 F. Supp. 3d at 1113; *Brent Elec. Co. v. Int'l Bhd. of Elec. Workers Local Union No. 584*, 4:21-CV-00246, 2024 WL 66039, at *2–3 (N.D. Okla. Jan. 5, 2024) (citing *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016)), *aff'd*, 110 F.4th 1196 (10th Cir. 2024).

[17] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("'possibility' standard is too lenient.").

[18] *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1262–63 (10th Cir. 2004) (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001)).

[19] *Brent Elec. Co.*, 2024 WL 66039, at *3.

[20] *See Diné*, 839 F.3d  at 1282 (citing *Winter*, 555 U.S. at 24) (defining the success on the merits prong as "likely to succeed").

[21] *Nken*, 556 U.S. at 434.

rejected by this Court.[22] This attempt to re-hash previously rejected arguments does not demonstrate a likelihood of success on the merits.  Blanchard does not cite any statute, rules, or case law to suggest that Trustee or the Court did not fully comply with the applicable rules and procedures for litigating and adjudicating a contested matter before this Court.  Blanchard has not made any new argument that suggests she has a strong likelihood of success on the merits of her claim.

   2.   *Irreparable harm*

Blanchard claims she will suffer irreparable harm if the stay is not granted. She argues that if Trustee is allowed to distribute the estate's assets to creditors, her appeal will be rendered equitably moot. Although the Tenth Circuit has not ruled on the issue, a majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm.[23] Even where courts recognize mootness by itself may constitute irreparable injury, those courts also require a showing of likelihood of success on the merits of the appeal in order to find that a stay is warranted.[24]  In the absence of any showing of likelihood of success on the merits, the Court cannot find Blanchard has met her burden to show irreparable harm.[25]

---

[22] *See e.g.*, Order Denying Motion to Strike, ECF No. 403 (denying motion to strike evidence and witness list that were properly submitted pursuant to Bankr. N.D. Okla. LR 9070-1 prior to the January 12, 2026, hearing); Motion to Alter or Amend Judgment, ECF No. 449 (denying motion to reopen or accept additional evidence and reconsider claim).

[23] *In re Abengoa Bioenergy Biomass of Kan., LLC*, 589 B.R. 731 (D. Kan. 2018); *In re River Canyon Real Est. Invs., LLC*, No. 12-20763, 2013 WL 4792277, at *5 (Bankr. D. Colo. Aug. 7, 2013); *In re Sunflower Racing, Inc.*, 225 B.R. 225 (D. Kan. 1998) (collecting cases).

[24] *In re River Canyon*, 2013 WL 4792277, at *5.

[25] *Pueblo of Pojoaque*, 233 F. Supp. 3d at 1114–15 ("Thus, an applicant for a stay pending appeal 'must meet a heavy burden of showing not only that the judgment of the lower court was erroneous on the merits, but also that the applicant will suffer irreparable injury if the judgment is not stayed pending his appeal.'" (quoting *Nken*, 556 U.S. at 439 (Kennedy, J., concurring))).

## Conclusion

Given that the Court finds Blanchard has not shown she can prevail on the first two elements to establish a stay pending appeal, it need not consider the remaining prongs.[26] The Court concludes Blanchard has failed to meet her burden to justify the granting of a stay pending appeal in this case. To the extent Blanchard seeks waiver of a bond pursuant to Federal Rule of Bankruptcy Procedure 8007(c), the Court cannot find that any bond requirement has been ordered in this case.

Accordingly,

IT IS HEREBY ORDERED that the Motion for Stay Pending Appeal Without Bond filed by Cynthia Diane Blanchard, at ECF No. 457, is DENIED.

Dated this 10th day of April, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY

---

[26] *Brent Elec. Co.*, 2024 WL 66039, at *6 (inquiry of final two factors unnecessary where movant failed to carry its burden demonstrating likely success on the merits and irreparable harm) (citing *Nken*, 556 U.S. at 435).