

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

Filed/Docketed
Apr 27, 2026

IN RE:

**GREEN COPPER HOLDINGS, LLC,**

      **Debtor,**

**COPPER TREE, INC.,**

      **Debtor,**

**THE INN AT PRICE TOWER INC.,**

      **Debtor.**

**Case No. 25-10088-T
Chapter 7**

**Substantively consolidated with
Case No. 25-10084-T**

**ORDER OVERRULING CLAIMANT'S OBJECTION
TO TRUSTEE'S FINAL REPORT AND
DENYING TRUSTEE'S MOTION TO STRIKE OBJECTION**

THIS MATTER comes before the Court pursuant to Claimant's Objection to Trustee's Final Report ("the "Objection"),[1] filed by Cynthia Diane Blanchard ("Blanchard"); the Trustee's Motion to Strike or in the Alternative to Deny Claimant's Objection to Trustee's Final Report (the "Motion to Strike"),[2] filed by Patrick J. Malloy ("Trustee"), the chapter 7 trustee appointed to administer this case; and the Response,[3] filed by Blanchard.

**Jurisdiction**

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b).[4] Venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of the bankruptcy case is

---

[1] ECF No. 491.

[2] ECF No. 492.

[3] ECF No. 493.

[4] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

proper pursuant to 28 U.S.C. § 157(a). Matters concerning administration of the estate are core proceedings under 28 U.S.C. § 157(b)(2)(A).

### Background

On February 27, 2026, this Court entered a Memorandum Opinion[5] and Order disallowing Blanchard's claim against the assets of the estate (the "Order Disallowing Claim").[6]  On March 10, 2026, the Court filed an Order denying Blanchard's motion to reconsider or amend the Order Disallowing Claim.[7]  Blanchard appealed both Orders with an election that the matters be heard before the District Court for the Northern District of Oklahoma (the "Appeal").[8]  On March 20, 2026, the District Court denied an emergency motion by Blanchard to stay the bankruptcy proceedings pending the resolution of the Appeal.[9]  On April 10, 2026, this Court denied a similar motion.[10]

### Analysis

Among the duties of a trustee in a chapter 7 case is to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest[.]"[11]  Before a trustee can close an estate with assets available for distribution, they must "make a final report and file a final account of the administration of the estate with the court and with the United States trustee[.]"[12]  Here, Trustee

---

[5] ECF No. 448 (correction filed March 10, 2026)
[6] ECF No. 433.
[7] ECF No. 449.
[8] *Blanchard v. Malloy (In re Green Copper Holdings, LLC)*, Case No. 26-00140 (N.D. Okla.).
[9] *See* ECF No. 492-1.
[10] ECF No. 495.
[11] § 704(a)(1).
[12] § 704(a)(9).

has filed a Final Report (the "TFR") in compliance with those duties.[13]  In the Objection, Blanchard asks the Court to defer approval of the TFR and stay Trustee's distribution of estate assets pending the resolution of the Appeal.

### A.  Standing of Blanchard to object to the TFR

The Court has an independent duty to address standing necessary to its jurisdiction.[14] Blanchard must have both Article III and prudential standing to object to the TFR.[15] Constitutional, or "Article III" standing embodies the concept of "case or controversy," and requires that a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[16] Blanchard, who seeks to halt distribution of estate assets pending appeal of her disallowed claim, meets this definition.  Prudential standing requires that a particular litigant has a right to be heard on a particular matter.[17] Blanchard, in objecting to the TFR, is asserting her own rights and not those of a third party.  Although her claim was disallowed by this Court, she retains an interest in the distribution of estate assets pending the outcome of the Appeal. At least one court has questioned whether the Bankruptcy Code provides a statutory basis for any party in interest to

---

[13] ECF No. 484.

[14] *Carolina Cas. Ins. Co. v. Pinnacol Assur.*, 425 F.3d 921, 926 (10th Cir. 2005) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96-97 n.2 (1998)).

[15] *Thomas v. Fed. Nat'l Mortg. Ass'n (In re Thomas)*, 469 B.R. 915, 921 (10th Cir. BAP 2012), *aff'd*, 573 F. App'x 753 (10th Cir. 2014).

[16] *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014); *Pettine v. Direct Biologics, LLC (In re Pettine)*, 655 B.R. 196, 213 (10th Cir. BAP 2023) (citing *Lee v. McCardle (In re Peeples)*, 880 F.3d 1207, 1212 (10th Cir. 2018)).

[17] *In re Riddle*, 671 B.R. 758, 764 (Bankr. D.N.M. 2025) ("Because the Tenth Circuit has abandoned the nomenclature of 'statutory standing' to refer to non-Article III/non-prudential limits on the right to assert a claim under a federal statute, this Court will do likewise. Instead, in the context of a bankruptcy case, the Court will refer to that standing concept as the 'Right to be Heard.'"); *In re Pettine*, 655 B.R. at 215 ("Prudential standing requires that a party asserts its own rights and interests and cannot rest its claim to relief on the rights and interests of third parties.").

object to a final report filed by a chapter 7 trustee.[18]  But assuming (without deciding) that a garden variety creditor would have standing to file such an objection, Blanchard retains that right until her appellate rights as a claimant have been finally exhausted.[19] Therefore, the Court finds Blanchard has both Article III and prudential standing to file the Objection.

Trustee asks the Court to strike the Objection, claiming that Blanchard does not have standing to object to the TFR. In support of the Motion to Strike, Trustee cites a single case, *In re T.G. Morgan Inc.,* decided by the Bankruptcy Appellate Panel for the Eighth Circuit.[20]  In *T.G. Morgan*, the appellate court agreed with the bankruptcy court that the individuals filing objections to the trustee's final account lacked standing to object to the account "because none of them [held] an allowed claim in this case and, thus, would not benefit from modifications to the Trustee's final account or from a reduction or elimination of awards of compensation."[21] None of the objecting parties in *T.G. Morgan* held a claim that had been disallowed, nor was such disallowance the subject of a pending appeal. The Court finds reference to *T.G. Morgan* to be inapposite. Trustee cites no authority that a creditor loses standing as a party in interest in a bankruptcy case before the disallowance of its claim becomes final *and* the claim is no longer subject to further appeal.

---

[18] *In re Cap. Cont. Co.*, 924 F.3d 890, 895 (6th Cir. 2019) ("For one thing, we have not located a specific statutory provision (apart from the non-substantive rule) indicating that a 'party in interest' (or anyone else) may object to final reports in Chapter 7 cases.").

[19] *See e.g., In re Moye*, No. 07-37364, 2012 WL 3217595 (Bankr. S.D. Tex. Aug. 7, 2012) (creditor whose claim had been disallowed did not have standing to object to an application for compensation where the creditor's appeal regarding the disallowed claim had been dismissed, was final, and no longer appealable); *Crawford v. Riley (In re Wolverine, Proctor & Schwartz, LLC)*, 436 B.R. 253, 261 (D. Mass. 2010) (finding judgments disallowing creditor's claims were not yet fully final and avenues of appeal remained open, court determined creditor had not lost standing to object to and appeal settlement by trustee).

[20] *Blodgett v. Stoebner (In re T.G. Morgan, Inc.)*, 394 B.R. 478 (8th Cir. BAP 2008), *aff'd*, 343 F. App'x 171 (8th Cir. 2009).

[21] *Id*. at 483.

Based on Blanchard's standing, the Court will not strike the Objection, but will consider same on its merits.

### B.  Blanchard's Objection to the TFR

Blanchard bases the Objection on four grounds: 1) the TFR is premature; 2) the Trustee's certification related to the TFR is "inaccurate"; 3) approval of the TFR would render her appeal equitably moot; and 4) the order disallowing her claim is currently under appellate review.[22]  The Court finds no merit in any of Blanchard's arguments and will overrule the Objection.

First, the Court finds the TFR is not premature, given the Trustee's duty to "close such estate as expeditiously as is compatible with the best interests of parties in interest."[23]  The estate has been fully administered, all assets have been either sold or abandoned, and all other claims against the estate have been resolved.[24]  In accordance with his duty under § 704(a)(9), the Trustee has filed the TFR.  Despite requests to both this Court and the District Court, there has been no order to stay further proceedings in this case.  Given the lack of a stay, it would be a dereliction of Trustee's duty under § 704(a)(1) to fail to diligently pursue steps to finalize administration of the estate.

Second, the Court finds no material inaccuracies in the TFR.  Blanchard complains that the statement: "All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved[,]" which Trustee certified under penalty of perjury, is inaccurate because her claim remains the subject of the Appeal.[25]  Blanchard

---

[22] *See* ECF No. 491.

[23] § 704(a)(1); *In re DVR, LLC*, 582 B.R. 507, 516 (Bankr. D. Colo. 2018), *aff'd,* 606 B.R. 80 (D. Colo. 2019) ("In a chapter 7 case where the goal is liquidation, the trustee must collect and reduce property of the estate to money and close the estate as expeditiously as is in the best interests of parties in interest.").

[24] ECF No. 472, at 1.

[25] ECF No. 491, at 1.

misunderstands the effect of the Court's Order Disallowing Claim.  The Order Disallowing Claim is considered final for purposes of this proceeding, which is what gave the District Court jurisdiction to hear its appeal.[26]  Both this Court and the District Court denied Blanchard's request to impose a stay on these proceedings pending the resolution of the Appeal, finding that she had not met her burden for such an extraordinary remedy.[27]  In the absence of a stay, Trustee is required by his duty under § 704(a)(1) to bring this case to an expeditious conclusion.  As far as Trustee and this Court are concerned, Blanchard's claim has been resolved, unless and until an appellate tribunal says otherwise.[28] Therefore, the Court cannot find any inaccurate statement in the TFR that would justify a delay of these proceedings.

Third, Blanchard argues that approval of the TFR would render her appeal moot and cause her irreparable harm. These appear to be the same arguments raised in Blanchard's motions to stay these proceedings filed in this Court and the District Court. Both courts considered and rejected Blanchard's arguments as a basis for postponing the Trustee's administration and closing of this case. Those findings are now law of the case. Finding no new arguments or evidence in favor of staying these proceedings pending the completion of the Appeal, the Court cannot find Blanchard has stated adequate grounds to deny approval of the TFR.

Lastly, Blanchard again raises pendency of the Appeal as grounds to deny approval of the TFR. Her arguments mirror those raised in the Appeal and its related motions (alleged procedural irregularities, her status as a pro se litigant, etc.).  As noted above, each of these arguments has

---

[26] 28 U.S.C. §§ 157(b)(1), 158(a)(1).

[27] ECF Nos. 495, 492-1.

[28] *N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 85–86 (1982) ("[T]he bankruptcy courts issue final judgments, which are binding and enforceable even in the absence of an appeal."), *superseded by statute*, Bankruptcy Amendments and Federal Judgeship Act of 1984 Pub. L. No. 98–353, 98 Stat. 333, *as recognized in Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015); *Stern v. Marshall*, 564 U.S. 462, 486-87 (2011) (same).

been considered and rejected by this Court and the District Court.  Blanchard cites no authority that pendency of an appeal of her claim, without more, is grounds to prevent the Trustee from concluding his administration of the estate.

In sum, while the Court finds Blanchard has standing to raise her concerns regarding the TFR, it finds no merit in her argument that the Court should act to delay Trustee's administration of the estate. The Objection must be denied.

Accordingly,

IT IS THEREFORE ORDERED that Trustee's Motion to Strike or in the Alternative to Deny Claimant's Objection to Trustee's Final Report, *at ECF No. 492*, filed by Patrick J. Malloy, is hereby DENIED IN PART and GRANTED IN PART.

IT IS FURTHER ORDERED that Claimant's Objection to Trustee's Final Report, *at ECF No. 491*, filed by Cynthia Diane Blanchard, is hereby OVERRULED.

Dated this 27th day of April, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY